# ☰ CADENCE
**B A N K**

Account Number:      ■2557
Capture Date:        September 15, 2020
Item Number:         40400000002579
Posted Date:         September 15, 2020
Posted Item Number:  259082852
Amount:              164.93
Record Type:         Foreign Item (Not On Us)





**VITOL EXHIBIT**

**80.1**

Adv. No.: 21-06006 8/30/2022

CADENCE_0000061



| | |
|---|---|
| Account Number: | ■2557 |
| Capture Date: | September 15, 2020 |
| Item Number: | 40400000002580 |
| Posted Date: | September 15, 2020 |
| Posted Item Number: | 259082853 |
| Amount: | 353.23 |
| Record Type: | Foreign Item (Not On Us) |

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER AND ORIGINAL DOCUMENT SECURITY SCREEN ON BACK WITH PADLOCK SECURITY ICON.

**REPRO-LON TEXAS**
203 REPRO DR.
BURNET, TX 78611

**FIRST STATE BANK BURNET**
136 E. Washington
Burnet, TX 78611
88-0738/1149

**040898**

07/31/20

PAY TO THE
ORDER OF    Hallie G Brass                                    $    353.23

**Three Hundred Fifty-Three And 23/100 Dollars***********************************    DOLLARS

Hallie G Brass

Houston, TX 77019

MEMO                                              _Adam W Mattox_
                                          AUTHORIZED SIGNATURE          MP

⑈040898⑈ ⑆114907387⑇ ■2557⑈

Hallie Brass

40400000002580 - 091520 >062206295< 0447 Cadence

003383



**CADENCE**

**BANK**

Account Number: ████7001
Capture Date: September 15, 2020
Item Number: 40400000002581
Posted Date: September 15, 2020
Posted Item Number: 259082854
Amount: 1,118.01
Record Type: Foreign Item (Not On Us)

---

WARNING - THIS CHECK IS PROTECTED BY SPECIAL SECURITY GUARD FEATURES

**IBERIABANK**

**Cashier's Check**

**874310**

Date: 9/15/20

HALLIE G BRASS

Branch: 0300

REMITTER

**PAY** EXACTLY **1,118 AND 01/100 DOLLARS $1,118.01
**TO THE**
**ORDER OF** HALLIE G BRASS

WARNING - THIS CHECK IS PROTECTED BY SPECIAL SECURITY GUARD FEATURES

⑈000087⑃310⑈ ⑆265270413⑆ ████7001⑈

---

**ENDORSE HERE**

X _Hallie Brass_

**DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE**
RESERVED FOR FINANCIAL INSTITUTION USE

** FEDERAL RESERVE BOARD OF GOVERNORS REG. C C

0000002581 - 091520   >062206295< {0447 Cadence

003384

CADENCE_0000063



# CADENCE
**B A N K**

Account Number: ▓▓▓▓5961
Capture Date: August 04, 2020
Item Number: 5250000095566
Posted Date: August 04, 2020
Posted Item Number: 217022269
Amount: 1,145.55
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056

---

**GULF COAST ASPHALT COMPANY, LLC**
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

0101

DATE 7/29/20          61-629/622

PAY TO THE
ORDER OF  River Oaks Country Club          $ 1,145.55

One Thousand One Hundred Forty Five 55/100          **DOLLARS**

# ≡ CADENCE
**B A N K**

CADENCE BANK, N.A.
1-800-636-7622

FOR  Dues   #1947

⑈062206295⑈ ▓▓▓▓ 5961⑈' 0101





CADENCE_0000139



**CADENCE**

**BANK**

Account Number: ████5961
Capture Date: September 04, 2020
Item Number: 5250001344535
Posted Date: September 04, 2020
Posted Item Number: 248002940
Amount: 1,093.19
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

0104

DATE 8/30/20

61-629/622

PAY TO THE ORDER OF River Oaks Country Club $ 1093.19

One Thousand and Ninty Three 19/00 DOLLARS

CADENCE BANK, N.A.
1-800-636-7622

**BANK**

FOR Member # 1947

⑆062206295⑆ ████596⑈⑈ 0104



Seq: 1
Dep: 000008
>████3336<
████6985<
Date: 09/04/20

CADENCE_0000140

# CADENCE
**BANK**

Account Number: ████5961
Capture Date: September 11, 2020
Item Number: 5250001579604
Posted Date: September 11, 2020
Posted Item Number: 255007565
Amount: 95,243.91
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056

---

GULF COAST ASPHALT COMPANY, LLC                                          0104
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056                          DATE 9/7/20          61-629/622

PAY TO THE
ORDER OF    Sclitter  Hicks                    $ 95,243.91

Ninety Five Thousand Two Hundred Forty Three ___ DOLLARS

# CADENCE
**BANK**     CADENCE BANK, N.A.
             1-800-636-7622

FOR  Leser

⑈062206295⑈ ████ 5961⑈  0104





# CADENCE
**B A N K**

| | |
|---|---|
| Account Number: | ███████5961 |
| Capture Date: | September 14, 2020 |
| Item Number: | 5250001631905 |
| Posted Date: | September 14, 2020 |
| Posted Item Number: | 258010009 |
| Amount: | 294.60 |
| Record Type: | Debit |

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



1003

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD
SUITE 2400
HOUSTON, TX 77056

CADENCE BANK, N.A.
61-629/622

09.08.2020

PAY TO THE ORDER OF  Pioneer Contract Services   $ 294 60/xx

two hundred ninety four + 60/xx                            DOLLARS

Invoice #s 102364, 102795,
MEMO 103179, 103531, 103858

AUTHORIZED SIGNATURE

⑆001003⑆ ⑈062206295⑈ ███5961⑆

116650021  116650023  20200911>545401750
ABT 133 9 011-ABTHempstead

PIONEER CONTRACT SERVICES, INC.

003388

# CADENCE
**B A N K**

Account Number: ▮▮▮▮5961
Capture Date: September 14, 2020
Item Number: 5250001699357
Posted Date: September 14, 2020
Posted Item Number: 258106059
Amount: 346.40
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



003389

CADENCE_0000144

Current Date: January 10, 2022

# CADENCE
## BANK

Account Number: ████5961
Capture Date: September 16, 2020
Item Number: 5250001781806
Posted Date: September 16, 2020
Posted Item Number: 260012305
Amount: 640.00
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056





CADENCE_0000145



# CADENCE
**BANK**

| | |
|---|---|
| Account Number: | ████ 5961 |
| Capture Date: | September 16, 2020 |
| Item Number: | 5250001781807 |
| Posted Date: | September 16, 2020 |
| Posted Item Number: | 260012306 |
| Amount: | 432.41 |
| Record Type: | Debit |

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD
SUITE 2400
HOUSTON, TX 77056

CADENCE BANK, N.A.
61-829/622

1005

09.08.2020

PAY TO THE ORDER OF CT Corp

four hundred thirty two + 41/xx

$ 432 41/xx

DOLLARS

Inv # 20549212 - RI
MEMO Trifinity - Registered Agent

AUTHORIZED SIGNATURE

⑆00 1005⑆ ⑈06 2 206 295⑈ ████ 596 1⑆



CADENCE_0000146



# CADENCE
## BANK

Account Number: ████5961
Capture Date: September 17, 2020
Item Number: 5250001865617
Posted Date: September 17, 2020
Posted Item Number: 261064045
Amount: 1,125.00
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



CADENCE_0000147



**CADENCE**

**BANK**

| | |
|---|---|
| Account Number: | 5961 |
| Capture Date: | October 06, 2020 |
| Item Number: | 5250002596316 |
| Posted Date: | October 06, 2020 |
| Posted Item Number: | 280004368 |
| Amount: | 1,611.64 |
| Record Type: | Debit |

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



CADENCE_0000149



# CADENCE
**BANK**

| | |
|---|---|
| Account Number: | 5961 |
| Capture Date: | October 19, 2020 |
| Item Number: | 5250003074572 |
| Posted Date: | October 19, 2020 |
| Posted Item Number: | 293030232 |
| Amount: | 421.13 |
| Record Type: | Debit |

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD
SUITE 2400
HOUSTON, TX 77056

CADENCE BANK, N.A.
61-629/622

1029

10. 13. 2020

PAY TO THE ORDER OF   George Edgar                    $ 421.13

Your hundred twenty one + 13/100                      DOLLARS

MEMO   Reimbursement                          AUTHORIZED SIGNATURE

⑆001029⑆ ⑆062206295⑆            5961⑈



003394

CADENCE_0000150

# CADENCE

**B A N K**

Account Number: 5961
Capture Date: October 22, 2020
Item Number: 5250003260072
Posted Date: October 22, 2020
Posted Item Number: 296017731
Amount: 41.64
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056





# CADENCE
**B A N K**

Account Number: ▮▮▮▮5961
Capture Date: November 02, 2020
Item Number: 5250003633060
Posted Date: November 02, 2020
Posted Item Number: 307029318
Amount: 157.00
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD
SUITE 2400
HOUSTON, TX 77056

CADENCE BANK, N.A.
61-629/622

1031

10.28.2020

PAY TO THE ORDER OF Georgia Edgar

$ 157⁰⁰

one hundred fifty seven & ⁰⁰/₁₀₀ ——————— DOLLARS

MEMO Reimb
Pinks Pizza

AUTHORIZED SIGNATURE

⑆001031⑆ ⑈062206295⑈ 5961⑈



CADENCE_0000152

003396



Account Number: ████5961
Capture Date: November 04, 2020
Item Number: 5250003761673
Posted Date: November 04, 2020
Posted Item Number: 309007955
Amount: 9.96
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX  77056

---

1033

**GULF COAST ASPHALT COMPANY, LLC**
1990 POST OAK BLVD
SUITE 2400
HOUSTON, TX 77056

CADENCE BANK, N.A.
61-629/622

10.29.2020

PAY TO THE ORDER OF  A T & T Teleconference Services          $ 9 96/

nine + 96/100                                                 DOLLARS

MEMO  Acct ID  5279235l-00001

AUTHORIZED SIGNATURE

⑈001033⑈ ⑈062206295⑈        5961⑈

---

CADENCE_0000153

003397



# CADENCE

**B A N K**

| | |
|---|---|
| Account Number: | 5961 |
| Capture Date: | November 05, 2020 |
| Item Number: | 5250003851389 |
| Posted Date: | November 05, 2020 |
| Posted Item Number: | 310070764 |
| Amount: | 153.00 |
| Record Type: | Debit |

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



CADENCE_0000154



# CADENCE

**B A N K**

Account Number: ⬛⬛⬛⬛5961
Capture Date: November 24, 2020
Item Number: 5250004588311
Posted Date: November 24, 2020
Posted Item Number: 329036391
Amount: 4,515.49
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX  77056



CADENCE_0000155



# CADENCE
**B A N K**

| | |
|---|---|
| Account Number: | 5961 |
| Capture Date: | December 02, 2020 |
| Item Number: | 5250004873361 |
| Posted Date: | December 02, 2020 |
| Posted Item Number: | 337023996 |
| Amount: | 3,205.91 |
| Record Type: | Debit |

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX  77056





CADENCE_0000158



# CADENCE
**B A N K**

| | |
|---|---|
| Account Number: | ▮▮▮▮5961 |
| Capture Date: | December 04, 2020 |
| Item Number: | 5250004958708 |
| Posted Date: | December 04, 2020 |
| Posted Item Number: | 339005406 |
| Amount: | 51.00 |
| Record Type: | Debit |

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX  77056



CADENCE_0000159



# ≡ CADENCE
## BANK

Account Number: ████5961
Capture Date: December 10, 2020
Item Number: 5250005197475
Posted Date: December 10, 2020
Posted Item Number: 345003522
Amount: 10,000.00
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



CADENCE_0000160



## CADENCE
### BANK

| | |
|---|---|
| Account Number: | 5961 |
| Capture Date: | December 18, 2020 |
| Item Number: | 5250005607276 |
| Posted Date: | December 18, 2020 |
| Posted Item Number: | 353007556 |
| Amount: | 46.75 |
| Record Type: | Debit |

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056



20201217008961653321340

20201217008961653321340

003403

# CADENCE

**B A N K**

Account Number: ████5961
Capture Date: January 06, 2021
Item Number: 5250006417113
Posted Date: January 06, 2021
Posted Item Number: 6024904
Amount: 136.95
Record Type: Debit

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON, TX 77056





CADENCE_0000162



Account Number: ████8398
Capture Date: June 16, 2020
Item Number: 9999001097436
Posted Date: June 16, 2020
Posted Item Number: 57020215
Amount: 1,614.59
Record Type: Foreign Item (Not On Us)





CADENCE_0000164



| | |
|---|---|
| Account Number: | 0008 |
| Capture Date: | June 16, 2020 |
| Item Number: | 9999001097437 |
| Posted Date: | June 16, 2020 |
| Posted Item Number: | 57020220 |
| Amount: | 15,423.97 |
| Record Type: | Foreign Item (Not On Us) |



△ DOCUMENT CONTAINS 2 COLOR BACKGROUND, INVISIBLE FLUORESCENT FIBERS, TONER GRIP, AND WATERMARK PAPER - HOLD TO LIGHT TO VIEW △

216229

## VERITEX·
COMMUNITY BANK

REMITTER: GULF COAST ASPHALT COMPANY LLC    DATE   6/08/20
1900 POST OAK BLVD STE 2400

PAY TO THE ORDER OF    GULF COAST ASPHALT COMPANY LLC

EXACTLY **15,423 AND 97/100 DOLLARS    $    $15,423.97

## CASHIER'S CHECK

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED BEFORE ANY
CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE
EVENT IT IS LOST, MISPLACED, OR STOLEN.

AUTHORIZED SIGNATURE

⑈"0000216229"⑈ ⑆113024164⑆ 0008⑈"



57020220 06/16/2020 Cadence 5084201443<

003406



**CADENCE**

**BANK**

Account Number: 0008
Capture Date: June 16, 2020
Item Number: 9999001097438
Posted Date: June 16, 2020
Posted Item Number: 57020225
Amount: 1,451.24
Record Type: Foreign Item (Not On Us)



216211

VERITEX
COMMUNITY BANK

REMITTER: GULF COAST ASPHALT COMPANY LLC       DATE   6/08/20
1900 POST OAK BLVD STE 2400

PAY TO THE
ORDER OF        GULF COAST ASPHALT COMPANY LLC

EXACTLY **1,451 AND 24/100 DOLLARS        $        $1,451.24

**CASHIER'S CHECK**

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED BEFORE ANY
CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE
EVENT IT IS LOST, MISPLACED, OR STOLEN.

AUTHORIZED SIGNATURE

⑈0000216211⑈ ⑆113024164⑆        0008⑈



CADENCE_0000166



Account Number:    5390
Capture Date:    June 25, 2020
Item Number:    9999001625010
Posted Date:    June 25, 2020
Posted Item Number:    56510070
Amount:    28,759.85
Record Type:    Foreign Item (Not On Us)



CADENCE_0000168



Account Number: ████00058
Capture Date: June 25, 2020
Item Number: 9999001625011
Posted Date: June 25, 2020
Posted Item Number: 56510075
Amount: 12.20
Record Type: Foreign Item (Not On Us)





56510075 06/25/2020 Cadence >084201443<

003409



**Account Number:** ▮▮▮▮8398
**Capture Date:** August 11, 2020
**Item Number:** 40800000000699
**Posted Date:** August 11, 2020
**Posted Item Number:** 224079198
**Amount:** 1,614.59
**Record Type:** Foreign Item (Not On Us)





CADENCE_0000171



**B A N K**

Statement Date: 10/31/20

Account: ████65961
Contact: SUSAN LAWRENCE
Phone: ████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

```
------------ ACCOUNT ANALYSIS STATEMENT ----------
 FOR THE PERIOD 10/01/20 THROUGH 10/31/20

 ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                      50,703.60
  Less Average Daily Float                           0.00
Average Daily Collected Balance                 50,703.60
Balance To Support Services.................    50,703.60
```

```
 --- ACCOUNT POSITION FOR THE PERIOD -------    FEE BASIS    BALANCE BASIS
 Earnings Credit ( 0.0000 %)                       0.00         50,703.60
 Current Period Analyzed Charges                 107.50             0.00
 Analyzed Charges Due after Credit               107.50
 TOTAL FEES DEBITED TO YOUR ACCOUNT -->          107.50

  Balance available to support other services                       0.00
```

```
------------------------< SERVICE CHARGE DETAIL >----------------------------
                                             UNIT      SERVICE
SERVICES RENDERED IN PERIOD.....   VOLUME    PRICE      CHARGE           BALANCE
Depository Services
Ignite for Business Items              4    .0000        0.00                 0
Checks / Debits                        3    .0000        0.00                 0
 Subtotal Depository Services                            0.00                 0
ACH Services
ACH - Debits Received                  1    .0000        0.00                 0
 Subtotal ACH Services                                   0.00                 0
Wire Transfers
Wire Email Notification                6   1.5000        9.00                 0
Wire - Monthly Maintenance             1  15.0000       15.00                 0
Wire - Incoming - Domestic             1   8.5000        8.50                 0
Wire - Outgoing Domestic               5  15.0000       75.00                 0
 Subtotal Wire Transfers                               107.50                 0
 ------------------------------------       ----------   ------------
     Total Activity Charges................            107.50
     Total Charges Listed Before Credit....            107.50

       Analyzed charge subtotal...........            107.50
```

003411

CADENCE_0000177

Statement Date: 10/31/20
Page  2

```
Account:          [REDACTED]5961
Contact: SUSAN LAWRENCE
Phone:   [REDACTED]
```

```
GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056
```

$0.00 in collected balance will offset $1.00 of charges.

CADENCE_0000178


**B A N K**

Statement Date: 10/31/20

Account: ███████5961
Contact: SUSAN LAWRENCE
Phone: ███████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

```
------------ ACCOUNT ANALYSIS STATEMENT ----------
 FOR THE PERIOD 10/01/20 THROUGH 10/31/20

 ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                      50,703.60
  Less Average Daily Float                           0.00
Average Daily Collected Balance                 50,703.60
Balance To Support Services.................    50,703.60
```

```
 --- ACCOUNT POSITION FOR THE PERIOD -------    FEE BASIS    BALANCE BASIS
 Earnings Credit ( 0.0000 %)                        0.00        50,703.60
 Current Period Analyzed Charges                  107.50             0.00
 Analyzed Charges Due after Credit                107.50
 TOTAL FEES DEBITED TO YOUR ACCOUNT -->           107.50

 Balance available to support other services                        0.00
```

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Ignite for Business Items | 4 | .0000 | 0.00 | 0 |
| Checks / Debits | 3 | .0000 | 0.00 | 0 |
| Subtotal Depository Services | | | 0.00 | 0 |
| ACH Services | | | | |
| ACH - Debits Received | 1 | .0000 | 0.00 | 0 |
| Subtotal ACH Services | | | 0.00 | 0 |
| Wire Transfers | | | | |
| Wire Email Notification | 6 | 1.5000 | 9.00 | 0 |
| Wire - Monthly Maintenance | 1 | 15.0000 | 15.00 | 0 |
| Wire - Incoming - Domestic | 1 | 8.5000 | 8.50 | 0 |
| Wire - Outgoing Domestic | 5 | 15.0000 | 75.00 | 0 |
| Subtotal Wire Transfers | | | 107.50 | 0 |

```
     ------------------------------------       -----------  -----------
        Total Activity Charges................        107.50
        Total Charges Listed Before Credit....        107.50

         Analyzed charge subtotal............          107.50
```

003413

CADENCE_0000179

Statement Date: 10/31/20
Page   2

Account:          ▉▉▉▉▉5961
Contact: SUSAN LAWRENCE
Phone:   ▉▉▉▉▉▉▉▉

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

$0.00 in collected balance will offset $1.00 of charges.

003414

CADENCE_0000180



**BANK**

Statement Date: 11/30/20

Account: ▆▆▆▆5961
Contact: SUSAN LAWRENCE
Phone: ▆▆▆▆▆▆▆▆▆

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

We are pleased to support Go Green initiatives by
transitioning to paperless statements, effective with
January 2021 Account Analysis (AA) statements. The printing
of trial AA statements will be discontinued.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 11/01/20 THROUGH 11/30/20

---------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                    59,609.97
 Less Average Daily Float                          0.00
Average Daily Collected Balance               59,609.97
Balance To Support Services.................   59,609.97

--- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS   BALANCE BASIS
Earnings Credit ( 0.0000 %)                      0.00        59,609.97
Current Period Analyzed Charges                144.00             0.00
Analyzed Charges Due after Credit              144.00
TOTAL FEES DEBITED TO YOUR ACCOUNT -->         144.00

Balance available to support other services                    0.00

------------------------< SERVICE CHARGE DETAIL >-------------------------
                                            UNIT      SERVICE
SERVICES RENDERED IN PERIOD.....   VOLUME   PRICE     CHARGE      BALANCE
Depository Services
Account Maintenance                    1  10.0000     10.00           0
Ignite for Business Items             12   .0000       0.00           0
Checks / Debits                        6   .0000       0.00           0
 Subtotal Depository Services                         10.00           0
ACH Services
ACH - Debits Received                  6   .0000       0.00           0
 Subtotal ACH Services                                 0.00           0
Wire Transfers
Wire Email Notification                8  1.5000      12.00           0
Wire - Monthly Maintenance             1 15.0000      15.00           0
Wire - Incoming - Domestic             2  8.5000      17.00           0
Wire - Outgoing Domestic               6 15.0000      90.00           0
 Subtotal Wire Transfers                             134.00           0

003415

CADENCE_0000181

Statement Date: 11/30/20
Page   2

Account:        ████5961
Contact: SUSAN LAWRENCE
Phone:   ████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

```
-------------------------------------          ----------    ------------
Total Activity Charges................          144.00
Total Charges Listed Before Credit....          144.00

   Analyzed charge subtotal...........          144.00


       $0.00 in collected balance will offset $1.00 of charges.
```



**B A N K**

Statement Date: 11/30/20

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: ████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

We are pleased to support Go Green initiatives by
transitioning to paperless statements, effective with
January 2021 Account Analysis (AA) statements. The printing
of trial AA statements will be discontinued.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 11/01/20 THROUGH 11/30/20

---------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                    59,609.97
  Less Average Daily Float                         0.00
Average Daily Collected Balance               59,609.97
Balance To Support Services.................   59,609.97

--- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS     BALANCE BASIS
Earnings Credit ( 0.0000 %)                       0.00         59,609.97
Current Period Analyzed Charges                 144.00             0.00
Analyzed Charges Due after Credit               144.00
TOTAL FEES DEBITED TO YOUR ACCOUNT -->          144.00

Balance available to support other services                        0.00

------------------------< SERVICE CHARGE DETAIL >--------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Ignite for Business Items | 12 | .0000 | 0.00 | 0 |
| Checks / Debits | 6 | .0000 | 0.00 | 0 |
| Subtotal Depository Services | | | 10.00 | 0 |
| ACH Services | | | | |
| ACH - Debits Received | 6 | .0000 | 0.00 | 0 |
| Subtotal ACH Services | | | 0.00 | 0 |
| Wire Transfers | | | | |
| Wire Email Notification | 8 | 1.5000 | 12.00 | 0 |
| Wire - Monthly Maintenance | 1 | 15.0000 | 15.00 | 0 |
| Wire - Incoming - Domestic | 2 | 8.5000 | 17.00 | 0 |
| Wire - Outgoing Domestic | 6 | 15.0000 | 90.00 | 0 |
| Subtotal Wire Transfers | | | 134.00 | 0 |

003417

CADENCE_0000183

Statement Date: 11/30/20
Page  2

Account:           5961
Contact: SUSAN LAWRENCE
Phone: 7

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

```
-------------------------------------      ----------      ------------
Total Activity Charges................         144.00
Total Charges Listed Before Credit....         144.00

   Analyzed charge subtotal...........         144.00


      $0.00 in collected balance will offset $1.00 of charges.
```

003418

CADENCE_0000184


**B A N K**

Statement Date: 12/31/20

Account: ▮▮▮▮5961
Contact: SUSAN LAWRENCE
Phone: ▮▮▮▮▮▮▮

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

We are pleased to support Go Green initiatives by
transitioning to paperless statements, effective with
January 2021 Account Analysis (AA) statements. The printing
of trial AA statements will be discontinued.

```
------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 12/01/20 THROUGH 12/31/20
```

```
----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                    7,886.14
  Less Average Daily Float                        0.00
Average Daily Collected Balance               7,886.14
Balance To Support Services.................   7,886.14
```

| --- ACCOUNT POSITION FOR THE PERIOD ------- | FEE BASIS | BALANCE BASIS |
|---|---|---|
| Earnings Credit ( 0.0000 %) | 0.00 | 7,886.14 |
| Current Period Analyzed Charges | 84.00 | 0.00 |
| Analyzed Charges Due after Credit | 84.00 | |
| TOTAL FEES DEBITED TO YOUR ACCOUNT --> | 84.00 | |

```
 Balance available to support other services                     0.00
```

```
------------------------< SERVICE CHARGE DETAIL >--------------------------
```

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Ignite for Business Items | 8 | .0000 | 0.00 | 0 |
| Checks / Debits | 4 | .0000 | 0.00 | 0 |
| Subtotal Depository Services | | | 10.00 | 0 |
| ACH Services | | | | |
| ACH - Debits Received | 4 | .0000 | 0.00 | 0 |
| Subtotal ACH Services | | | 0.00 | 0 |
| Wire Transfers | | | | |
| Wire Email Notification | 3 | 1.5000 | 4.50 | 0 |
| Wire - Monthly Maintenance | 1 | 15.0000 | 15.00 | 0 |
| Wire - Outgoing - PC Initiated | 2 | 8.0000 | 16.00 | 0 |
| Wire - Incoming - Domestic | 1 | 8.5000 | 8.50 | 0 |
| Wire - Outgoing Domestic | 2 | 15.0000 | 30.00 | 0 |

003419

CADENCE_0000185

Statement Date: 12/31/20
Page  2

Account:          ████5961
Contact: SUSAN LAWRENCE
Phone: ████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Subtotal Wire Transfers | | | 74.00 | 0 |
| ------------------------------------ | | | ----------- | ------------ |
| Total Activity Charges................ | | | 84.00 | |
| Total Charges Listed Before Credit.... | | | 84.00 | |
| Analyzed charge subtotal........... | | | 84.00 | |

$0.00 in collected balance will offset $1.00 of charges.

003420

CADENCE_0000186


**B A N K**

Statement Date: 12/31/20

Account: ███████5961
Contact: SUSAN LAWRENCE
Phone: ███████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

We are pleased to support Go Green initiatives by
transitioning to paperless statements, effective with
January 2021 Account Analysis (AA) statements. The printing
of trial AA statements will be discontinued.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 12/01/20 THROUGH 12/31/20

----------< BALANCE COMPUTATION FOR THE PERIOD >----------

| | |
|---|---:|
| Average Daily Book Balance | 7,886.14 |
| Less Average Daily Float | 0.00 |
| Average Daily Collected Balance | 7,886.14 |
| Balance To Support Services................. | 7,886.14 |

--- ACCOUNT POSITION FOR THE PERIOD -------

| | FEE BASIS | BALANCE BASIS |
|---|---:|---:|
| Earnings Credit ( 0.0000 %) | 0.00 | 7,886.14 |
| Current Period Analyzed Charges | 84.00 | 0.00 |
| Analyzed Charges Due after Credit | 84.00 | |
| TOTAL FEES DEBITED TO YOUR ACCOUNT --> | 84.00 | |

Balance available to support other services                     0.00

------------------------< SERVICE CHARGE DETAIL >--------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---:|---:|---:|---:|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Ignite for Business Items | 8 | .0000 | 0.00 | 0 |
| Checks / Debits | 4 | .0000 | 0.00 | 0 |
| Subtotal Depository Services | | | 10.00 | 0 |
| ACH Services | | | | |
| ACH - Debits Received | 4 | .0000 | 0.00 | 0 |
| Subtotal ACH Services | | | 0.00 | 0 |
| Wire Transfers | | | | |
| Wire Email Notification | 3 | 1.5000 | 4.50 | 0 |
| Wire - Monthly Maintenance | 1 | 15.0000 | 15.00 | 0 |
| Wire - Outgoing - PC Initiated | 2 | 8.0000 | 16.00 | 0 |
| Wire - Incoming - Domestic | 1 | 8.5000 | 8.50 | 0 |
| Wire - Outgoing Domestic | 2 | 15.0000 | 30.00 | 0 |

003421

CADENCE_0000187

Statement Date: 12/31/20
Page  2

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: █████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Subtotal Wire Transfers | | | 74.00 | 0 |
| ------------------------------------ | | | ----------- | ------------ |
| Total Activity Charges................ | | | 84.00 | |
| Total Charges Listed Before Credit.... | | | 84.00 | |
| Analyzed charge subtotal........... | | | 84.00 | |

$0.00 in collected balance will offset $1.00 of charges.

003422

CADENCE_0000188

```
                                          Statement Date: 06/30/20

                                          Account:        ████5961
                                          Contact: SUSAN LAWRENCE
                                          Phone:  ████████
```

```
            GULF COAST ASPHALT COMPANY, LLC
            1990 POST OAK BLVD SUITE 2400
            HOUSTON TX 77056
```

```
      Effective June 1st, the standard ECR will move from 75 bps
      to 50bps. Clients who currently receive the standard rate
      will automatically receive the new ECR (some exceptions
      apply).

     ----------- ACCOUNT ANALYSIS STATEMENT ----------
     FOR THE PERIOD 06/01/20 THROUGH 06/30/20

       ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
     Average Daily Book Balance                   36,254.51
       Less Average Daily Float                    3,150.79
     Average Daily Collected Balance              33,103.72
     Balance To Support Services.................  33,103.72


       --- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS    BALANCE BASIS
       Earnings Credit ( 0.0000 %)                      0.00        33,103.72
       Current Period Analyzed Charges                157.00            0.00
       Analyzed Charges Due after Credit              157.00
       TOTAL FEES DEBITED TO YOUR ACCOUNT -->         157.00

       Balance available to support other services                    0.00

     ------------------------< SERVICE CHARGE DETAIL >---------------------------
                                              UNIT      SERVICE
     SERVICES RENDERED IN PERIOD.....   VOLUME  PRICE     CHARGE         BALANCE
     Depository Services
     Ignite for Business Items            11    .0000       0.00             0
     Credits / Deposits                    2    .0000       0.00             0
     Items Deposited - Other               5    .0000       0.00             0
       Subtotal Depository Services                         0.00             0
     ACH Services
     ACH - Credits Received                1    .0000       0.00             0
     ACH - Debits Received                 3    .0000       0.00             0
       Subtotal ACH Services                                0.00             0
     Wire Transfers
     Wire Email Notification               9   1.5000      13.50             0
     Wire - Incoming - Domestic            1   8.5000       8.50             0
     Wire - Outgoing Domestic              9  15.0000     135.00             0
       Subtotal Wire Transfers                            157.00             0
```

CADENCE_0000189

Statement Date: 06/30/20

Account:  ████████5961
Contact: SUSAN LAWRENCE
Phone:  ████████████

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

```
-------------------------------------    ----------    ------------
Total Activity Charges................        157.00
Total Charges Listed Before Credit....        157.00

   Analyzed charge subtotal...........        157.00
```

       $0.00 in collected balance will offset $1.00 of charges.

003424

CADENCE_0000190

# ☰ CADENCE
**B A N K**

Statement Date: 07/31/20

Account: ▆▆▆▆5961
Contact: SUSAN LAWRENCE
Phone: ▆▆▆▆▆▆▆▆

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 07/01/20 THROUGH 07/31/20

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
```
Average Daily Book Balance                    26,309.75
  Less Average Daily Float                         0.00
Average Daily Collected Balance               26,309.75
Balance To Support Services.................   26,309.75
```

```
--- ACCOUNT POSITION FOR THE PERIOD -------    FEE BASIS     BALANCE BASIS
Earnings Credit ( 0.0000 %)                       0.00         26,309.75
Current Period Analyzed Charges                  76.00             0.00
Analyzed Charges Due after Credit                76.00
TOTAL FEES DEBITED TO YOUR ACCOUNT -->           76.00

 Balance available to support other services                       0.00
```

------------------------< SERVICE CHARGE DETAIL >----------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Ignite for Business Items | 2 | .0000 | 0.00 | 0 |
| Checks / Debits | 1 | .0000 | 0.00 | 0 |
|  Subtotal Depository Services | | | 0.00 | 0 |
| ACH Services | | | | |
| ACH - Debits Received | 1 | .0000 | 0.00 | 0 |
|  Subtotal ACH Services | | | 0.00 | 0 |
| Wire Transfers | | | | |
| Wire Email Notification | 5 | 1.5000 | 7.50 | 0 |
| Wire - Incoming - Domestic | 1 | 8.5000 | 8.50 | 0 |
| Wire - Outgoing Domestic | 4 | 15.0000 | 60.00 | 0 |
|  Subtotal Wire Transfers | | | 76.00 | 0 |

```
--------------------------------------   -----------  ------------
       Total Activity Charges...............         76.00
       Total Charges Listed Before Credit....        76.00

         Analyzed charge subtotal...........         76.00
```

$0.00 in collected balance will offset $1.00 of charges.

003425

CADENCE_0000191


**B A N K**

Statement Date: 08/31/20

Account: ▉5961
Contact: SUSAN LAWRENCE
Phone: 7▉

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

```
     ------------ ACCOUNT ANALYSIS STATEMENT ----------
     FOR THE PERIOD 08/01/20 THROUGH 08/31/20

     ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
   Average Daily Book Balance                   8,613.30
     Less Average Daily Float                       0.00
   Average Daily Collected Balance              8,613.30
   Balance To Support Services.................  8,613.30
```

```
   --- ACCOUNT POSITION FOR THE PERIOD -------    FEE BASIS    BALANCE BASIS
   Earnings Credit ( 0.0000 %)                      0.00        8,613.30
   Current Period Analyzed Charges                117.50            0.00
   Analyzed Charges Due after Credit              117.50
   TOTAL FEES DEBITED TO YOUR ACCOUNT -->         117.50

   Balance available to support other services                     0.00
```

```
------------------------< SERVICE CHARGE DETAIL >---------------------------
                                           UNIT      SERVICE
SERVICES RENDERED IN PERIOD.....    VOLUME  PRICE     CHARGE        BALANCE
Depository Services
Account Maintenance                   1   10.0000     10.00              0
Ignite for Business Items             4    .0000       0.00              0
Checks / Debits                       1    .0000       0.00              0
Credits / Deposits                    1    .0000       0.00              0
Items Deposited - Other               1    .0000       0.00              0
  Subtotal Depository Services                        10.00              0
ACH Services
ACH - Debits Received                 1    .0000       0.00              0
  Subtotal ACH Services                               0.00               0
Wire Transfers
Wire Email Notification               6   1.5000       9.00              0
Wire - Monthly Maintenance            1  15.0000      15.00              0
Wire - Incoming - Domestic            1   8.5000       8.50              0
Wire - Outgoing Domestic              5  15.0000      75.00              0
  Subtotal Wire Transfers                            107.50              0
  ------------------------------------     -----------    ------------
     Total Activity Charges................             117.50
     Total Charges Listed Before Credit....             117.50
```

003426

CADENCE_0000192

Statement Date: 08/31/20
Page  2

Account:          5961
Contact: SUSAN LAWRENCE
Phone:

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

----------------------------------------       ----------    ------------
  Analyzed charge subtotal...........          117.50

     $0.00 in collected balance will offset $1.00 of charges.

003427

CADENCE_0000193


**B A N K**

Statement Date: 08/31/20

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: ████████

```
            GULF COAST ASPHALT COMPANY, LLC
            1990 POST OAK BLVD SUITE 2400
            HOUSTON TX 77056



    ------------ ACCOUNT ANALYSIS STATEMENT ----------
    FOR THE PERIOD 08/01/20 THROUGH 08/31/20

    ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                     8,613.30
  Less Average Daily Float                         0.00
Average Daily Collected Balance                8,613.30
Balance To Support Services.................    8,613.30


    --- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS    BALANCE BASIS
    Earnings Credit ( 0.0000 %)                      0.00        8,613.30
    Current Period Analyzed Charges                117.50            0.00
    Analyzed Charges Due after Credit              117.50
    TOTAL FEES DEBITED TO YOUR ACCOUNT -->         117.50

    Balance available to support other services                      0.00
```

```
------------------------< SERVICE CHARGE DETAIL >---------------------------
                                          UNIT       SERVICE
SERVICES RENDERED IN PERIOD.....  VOLUME  PRICE       CHARGE          BALANCE
Depository Services
Account Maintenance                   1  10.0000       10.00                0
Ignite for Business Items             4    .0000        0.00                0
Checks / Debits                       1    .0000        0.00                0
Credits / Deposits                    1    .0000        0.00                0
Items Deposited - Other               1    .0000        0.00                0
 Subtotal Depository Services                          10.00                0
ACH Services
ACH - Debits Received                 1    .0000        0.00                0
 Subtotal ACH Services                                  0.00                0
Wire Transfers
Wire Email Notification               6   1.5000        9.00                0
Wire - Monthly Maintenance            1  15.0000       15.00                0
Wire - Incoming - Domestic            1   8.5000        8.50                0
Wire - Outgoing Domestic              5  15.0000       75.00                0
 Subtotal Wire Transfers                              107.50                0
 --------------------------------------    ----------  ------------
    Total Activity Charges................               117.50
    Total Charges Listed Before Credit....               117.50
```

003428

CADENCE_0000194

Statement Date: 08/31/20
Page   2

Account:          5961
Contact: SUSAN LAWRENCE
Phone:

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

---------------------------------------        ----------       ------------
  Analyzed charge subtotal...........            117.50

       $0.00 in collected balance will offset $1.00 of charges.



**BANK**

Statement Date: 09/30/20

Account: ▮▮▮▮▮5961
Contact: SUSAN LAWRENCE
Phone: ▮▮▮▮▮▮▮▮

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

```
------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 09/01/20 THROUGH 09/30/20

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                        29,576.01
  Less Average Daily Float                              0.00
Average Daily Collected Balance                   29,576.01
Balance To Support Services.................       29,576.01
```

```
--- ACCOUNT POSITION FOR THE PERIOD -------    FEE BASIS    BALANCE BASIS
Earnings Credit ( 0.0000 %)                        0.00        29,576.01
Current Period Analyzed Charges                  147.50             0.00
Analyzed Charges Due after Credit                147.50
TOTAL FEES DEBITED TO YOUR ACCOUNT -->           147.50

 Balance available to support other services                       0.00
```

------------------------< SERVICE CHARGE DETAIL >---------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Ignite for Business Items | 15 | .0000 | 0.00 | 0 |
| Checks / Debits | 8 | .0000 | 0.00 | 0 |
|  Subtotal Depository Services | | | 10.00 | 0 |
| ACH Services | | | | |
| ACH - Debits Received | 7 | .0000 | 0.00 | 0 |
|  Subtotal ACH Services | | | 0.00 | 0 |
| Wire Transfers | | | | |
| Wire Email Notification | 9 | 1.5000 | 13.50 | 0 |
| Wire - Monthly Maintenance | 1 | 15.0000 | 15.00 | 0 |
| Wire - Incoming - Domestic | 4 | 8.5000 | 34.00 | 0 |
| Wire - Outgoing Domestic | 5 | 15.0000 | 75.00 | 0 |
|  Subtotal Wire Transfers | | | 137.50 | 0 |

```
------------------------------------    -----------    -----------
    Total Activity Charges...............           147.50
    Total Charges Listed Before Credit....          147.50

      Analyzed charge subtotal...........           147.50
```

003430

CADENCE_0000196

Statement Date: 09/30/20
Page 2

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: ████████

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

$0.00 in collected balance will offset $1.00 of charges.

CADENCE_0000197



**BANK**

Statement Date: 09/30/20

Account:          5961
Contact: SUSAN LAWRENCE
Phone: 7

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

```
------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 09/01/20 THROUGH 09/30/20

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                   29,576.01
  Less Average Daily Float                        0.00
Average Daily Collected Balance              29,576.01
Balance To Support Services.................  29,576.01
```

```
--- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS     BALANCE BASIS
Earnings Credit ( 0.0000 %)                      0.00        29,576.01
Current Period Analyzed Charges                147.50             0.00
Analyzed Charges Due after Credit              147.50
TOTAL FEES DEBITED TO YOUR ACCOUNT -->         147.50

 Balance available to support other services                     0.00
```

```
------------------------< SERVICE CHARGE DETAIL >----------------------------
                                         UNIT      SERVICE
SERVICES RENDERED IN PERIOD.....  VOLUME  PRICE     CHARGE              BALANCE
Depository Services
Account Maintenance                   1 10.0000     10.00                    0
Ignite for Business Items            15  .0000       0.00                    0
Checks / Debits                       8  .0000       0.00                    0
 Subtotal Depository Services                       10.00                    0
ACH Services
ACH - Debits Received                 7  .0000       0.00                    0
 Subtotal ACH Services                               0.00                    0
Wire Transfers
Wire Email Notification               9  1.5000     13.50                    0
Wire - Monthly Maintenance            1 15.0000     15.00                    0
Wire - Incoming - Domestic            4  8.5000     34.00                    0
Wire - Outgoing Domestic              5 15.0000     75.00                    0
 Subtotal Wire Transfers                           137.50                    0
 ------------------------------------          -----------       -----------
     Total Activity Charges................        147.50
     Total Charges Listed Before Credit....        147.50

       Analyzed charge subtotal...........        147.50
```

003432

Statement Date: 09/30/20
Page 2

Account: █████5961
Contact: SUSAN LAWRENCE
Phone: ██████████

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

$0.00 in collected balance will offset $1.00 of charges.

003433

CADENCE_0000199

≡ **CADENCE**
 B A N K

```
        GULF COAST ASPHALT COMPANY, LLC                        10/31/20
        5161 SAN FELIPE STREET SUITE 320-122
        HOUSTON TX  77056


                                                          █████5961


        3                                                  CYCLE-031
   *** CHECKING *** IGNITE FOR BUSINESS
   ACCOUNT NUMBER     ██████5961
   PREVIOUS STATEMENT BALANCE AS OF 09/30/20 ......................    49,074.47
      PLUS      1  DEPOSITS AND OTHER CREDITS ...................     90,000.00
      LESS     10  CHECKS AND OTHER DEBITS .....................    131,545.01
   CURRENT STATEMENT BALANCE AS OF 10/31/20 ......................     7,529.46
   NUMBER OF DAYS IN THIS STATEMENT PERIOD    31
```

--------------------------------------------------------------------------------

```
   *** CHECK TRANSACTIONS ***
      SERIAL   DATE        AMOUNT      SERIAL   DATE       AMOUNT
      1028    10/06      1,611.64      1030    10/22        41.64
      1029    10/19        421.13
```

--------------------------------------------------------------------------------

```
   *** CHECKING ACCOUNT TRANSACTIONS ***
   DATE      DESCRIPTION                 DEBITS          CREDITS
   10/02 AC-ONPAY INC     -PayrollFee      60.00
         28446 Gulf Coast Asphalt Com
   10/06 INCOMING WIRE TRANSFER;2020100                 90,000.00
         6F2QCZ00C001639
   10/06 OUTGOING WIRE TRANSFER;2020100  34,382.72
         6MMQFMPAY000154
   10/08 OUTGOING WIRE TRANSFER;2020100  10,000.00
         8MMQFMPAY000583
   10/15 ACCOUNT ANALISIS FEE              147.50
   10/19 OUTGOING WIRE TRANSFER;2020101  22,630.00
         9MMQFMPAY000098
   10/19 OUTGOING WIRE TRANSFER;2020101  26,855.93
         9MMQFMPAY000099
   10/19 OUTGOING WIRE TRANSFER;2020101  35,394.45
         9MMQFMPAY000426
```

--------------------------------------------------------------------------------

```
   *** BALANCE BY DATE ***
   09/30   49,074.47  10/02    49,014.47  10/06   103,020.11  10/08   93,020.11
   10/15   92,872.61  10/19     7,571.10  10/22     7,529.46
```



VITOL EXHIBIT

**80.2**

Adv. No.: 21-06006 8/30/2022

Account:   ******5961

Page:       2



1028   10/06/2020   $1,611.64

1029   10/19/2020   $421.13

1030   10/22/2020   $41.64

003435

CADENCE_0000201

# ☰ CADENCE
### B A N K

GULF COAST ASPHALT COMPANY, LLC                                       11/30/20
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX  77056

███████5961

6                                                                    CYCLE-031

\*\*\* CHECKING \*\*\* IGNITE FOR BUSINESS
ACCOUNT NUMBER  ███████5961
PREVIOUS STATEMENT BALANCE AS OF 10/31/20 ........................   7,529.46
    PLUS      2  DEPOSITS AND OTHER CREDITS ...................   140,000.00
    LESS     25  CHECKS AND OTHER DEBITS .....................   126,162.31
CURRENT STATEMENT BALANCE AS OF 11/30/20 ........................    21,367.15
NUMBER OF DAYS IN THIS STATEMENT PERIOD    30

--------------------------------------------------------------------------------
\*\*\* CHECK TRANSACTIONS \*\*\*

| SERIAL | DATE | AMOUNT | SERIAL | DATE | AMOUNT |
|--------|------|--------|--------|------|--------|
| 1031 | 11/02 | 157.00 | 1034 | 11/24 | 4,515.49 |
| 1032 | 11/05 | 153.00 | 6995601* | 11/30 | 2,000.00 |
| 1033 | 11/04 | 9.96 | 6999301* | 11/30 | 9,000.00 |

--------------------------------------------------------------------------------
\*\*\* CHECKING ACCOUNT TRANSACTIONS \*\*\*

| DATE | DESCRIPTION | DEBITS | CREDITS |
|------|-------------|--------|---------|
| 11/02 | AC-BCBS OF AL      -PREM | 11,717.21 | |
| | PMT7823999 ARTHUR BRASS | | |
| 11/03 | OVERDRAFT FEE | 72.00 | |
| 11/03 | AC-FEDERAL EXPRESS - | 37.83 | |
| | DEBITEPA96618223 | | |
| 11/03 | AC-ONPAY INC       -PayrollFee | 60.00 | |
| | 28446 Gulf Coast Asphalt Com | | |
| 11/04 | INCOMING WIRE TRANSFER;2020110 | | 70,000.00 |
| | 4F2QCZ00C001450 | | |
| 11/04 | OVERDRAFT FEE | 72.00 | |
| 11/04 | CKCD DEBIT 6611 11/04 10:53 | 194.72 | |
| | ADOBE ACROPRO  408-536-6000 CA | | |
| 11/05 | AC-HOUSTON OAKS COU-00004844 | 6,000.00 | |
| | Gulf Coast Asphalt Com | | |
| 11/06 | INCOMING WIRE TRANSFER;2020110 | | 70,000.00 |
| | 6F2QCZ00C002052 | | |
| 11/09 | OUTGOING WIRE TRANSFER;2020110 | 10,000.00 | |
| | 9MMQFMPAY000405 | | |
| 11/09 | CKCD DEBIT 6611 11/06 22:57 | 30.87 | |
| | TASTE SICHUAN BISTR HOUSTON TX | | |
| 11/12 | OUTGOING WIRE TRANSFER;2020111 | 5,000.00 | |
| | 2MMQFMPAY000448 | | |
| 11/12 | OUTGOING WIRE TRANSFER;2020111 | 20,000.00 | |
| | 2MMQFMPAY000447 | | |
| 11/12 | CKCD DEBIT 6611 11/11 03:27 | 26.00 | |
| | ALICE BLUE HOUSTON TX | | |
| 11/12 | CKCD DEBIT 6611 11/12 09:49 | 126.00 | |
| | TST* HANDO HOUSTON TX | | |
| 11/16 | OUTGOING WIRE TRANSFER;2020111 | 10,000.00 | |
| | 6MMQFMPAY000308 | | |
| 11/16 | OUTGOING WIRE TRANSFER;2020111 | 10,000.00 | |
| | 6MMQFMPAY000309 | | |
| 11/16 | OUTGOING WIRE TRANSFER;2020111 | 34,382.72 | |
| | 6MMQFMPAY000310 | | |
| 11/16 | ACCOUNT ANALYSIS FEE | 107.50 | |
| 11/27 | AC-AMEX EPAYMENT    -ACH | .01 | |
| | PMTM8436 Arthur Brass | | |
| 11/30 | AC-AMEX EPAYMENT    -ACH | 2,500.00 | |
| | PMTM3090 Arthur Brass | | |

003436

CADENCE_0000202

```
        GULF COAST ASPHALT COMPANY, LLC                        11/30/20
        5161 SAN FELIPE STREET SUITE 320-122
        HOUSTON TX  77056
```

███5961

        6                                                      CYCLE-031

--------------------------------------------------------------------------------
   *** BALANCE BY DATE ***
   10/31    7,529.46  11/02      4,344.75- 11/03      4,514.58- 11/04     65,208.74
   11/05   59,055.74  11/06    129,055.74  11/09    119,024.87  11/12     93,872.87
   11/16   39,382.65  11/24     34,867.16  11/27     34,867.15  11/30     21,367.15

003437

CADENCE_0000203



1031   11/02/2020   $157.00



1032   11/05/2020   $153.00



1033   11/04/2020   $9.96



1034   11/24/2020   $4,515.49



Date-Time: 2020-11-30 09:40:21
ITM ID: 1151
Transaction Sequence: 6995601
Account Number: 65961
Branch: 1151 San Felipe
Teller: tinequa.cooper
Tran Desc: Checking Withdrawal

$2,000.00

006995601 082206295   5961 91

6995601   11/30/2020   $2,000.00

Date-Time: 2020-11-30 16:29:08
ITM ID: 1151
Transaction Sequence: 6999301
Account Number: 5961
Branch: 1151 San Felipe
Teller: rachael.lindsey
Tran Desc: Checking Withdrawal

$9,000.00

006999301 082206295   5961 91

6999301   11/30/2020   $9,000.00

# ☰ CADENCE
**B A N K**

GULF COAST ASPHALT COMPANY, LLC                                    12/31/20
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX  77056

████5961

    4                                                        CYCLE-031
*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER ████5961
PREVIOUS STATEMENT BALANCE AS OF 11/30/20 ........................   21,367.15
   PLUS        1  DEPOSITS AND OTHER CREDITS ...................   70,000.00
   LESS       26  CHECKS AND OTHER DEBITS .....................  101,531.57
CURRENT STATEMENT BALANCE AS OF 12/31/20 ........................   10,164.42-
NUMBER OF DAYS IN THIS STATEMENT PERIOD   31

------------------------------------------------------------------------

*** CHECK TRANSACTIONS ***

| SERIAL | DATE  | AMOUNT    | SERIAL | DATE  | AMOUNT |
|--------|-------|-----------|--------|-------|--------|
| 103    | 12/10 | 10,000.00 | 1036   | 12/18 | 46.75  |
| 1035*  | 12/02 | 3,205.91  | 1037   | 12/04 | 51.00  |

------------------------------------------------------------------------

*** CHECKING ACCOUNT TRANSACTIONS ***

| DATE  | DESCRIPTION | DEBITS | CREDITS |
|-------|-------------|--------|---------|
| 12/01 | AC-BCBS OF AL     -PREM<br>PMT07823999 ARTHUR BRASS | 9,226.10 | |
| 12/02 | AC-ONPAY INC      -PayrollFee<br>28446 Gulf Coast Asphalt Com | 60.00 | |
| 12/04 | OUTGOING WIRE TRANSFER;2020120<br>4MMQFMPAY000125 | 5,000.00 | |
| 12/04 | CKCD DEBIT 6611 12/04 16:38<br>SQ *CAFE DELI AT 3  HOUSTON TX | 13.82 | |
| 12/07 | POS DEBIT  6611 12/05 18:21<br>COSTCO WHSE #1018 HOUSTON TX | 3.78 | |
| 12/07 | POS DEBIT  6611 12/04 22:07<br>OMO SUPER K 0029 HOUSTON TX | 53.01 | |
| 12/07 | POS DEBIT  6611 12/05 18:20<br>COSTCO WHSE #1018 HOUSTON TX | 573.72 | |
| 12/07 | EPAY DEBIT 6611 12/07 20:32<br>PAYPAL *jbrass Visa Direct CA | 1,029.30 | |
| 12/08 | CKCD DEBIT 6611 12/07 03:33<br>HAI CANG HARBOR SEA HOUSTON TX | 927.00 | |
| 12/09 | CKCD DEBIT 6611 12/08 22:30<br>SHIPT* SHIPT  WWW.SHIPT.COM AL | 13.50 | |
| 12/09 | CKCD DEBIT 6611 12/08 22:30<br>SHIPT* SHIPT  WWW.SHIPT.COM AL | 13.50 | |
| 12/09 | CKCD DEBIT 6611 12/08 22:30<br>SHIPT* ORDER WWW.SHIPT.COM AL | 86.67 | |
| 12/10 | CKCD DEBIT 6611 12/09 01:08<br>VISTAPR*VistaPr 866-8936743 MA | 59.98 | |
| 12/11 | OVERDRAFT FEE | 36.00 | |
| 12/15 | ACCOUNT ANALYSIS FEE | 144.00 | |
| 12/18 | INCOMING WIRE TRANSFER;2020121<br>8F2QCZ00C002880 | | 70,000.00 |
| 12/21 | OUTGOING WIRE TRANSFER;2020122<br>1MMQFMPAY000750 | 34,382.72 | |
| 12/21 | AC-AMEX EPAYMENT    -ACH<br>PMTM1830 Arthur Brass | 7,300.00 | |
| 12/21 | EPAY DEBIT 6611 12/19 01:47<br>PAYPAL *sbrass Visa Direct CA | 1,029.30 | |
| 12/23 | OUTGOING WIRE TRANSFER;2020122<br>3MMQFMPAY000795 | 4,500.00 | |
| 12/23 | EPAY DEBIT 6611 12/23 20:31<br>PAYPAL *jbrass Visa Direct CA | 2,058.30 | |
| 12/28 | OUTGOING WIRE TRANSFER;2020122<br>8MMQFMPAY000155 | 10,000.00 | |

003439

CADENCE_0000205

```
        GULF COAST ASPHALT COMPANY, LLC                              12/31/20
        5161 SAN FELIPE STREET SUITE 320-122
        HOUSTON TX  77056
```

▇▇▇5961

        4                                                          CYCLE-031

--------------------------------------------------------------------------------
```
*** CHECKING ACCOUNT TRANSACTIONS ***
  DATE          DESCRIPTION                    DEBITS           CREDITS
12/31 AC-BCBS OF AL     -PREM              11,717.21
      PMT07823999 ARTHUR BRASS
```

--------------------------------------------------------------------------------
```
*** BALANCE BY DATE ***
11/30     21,367.15  12/01      12,141.05  12/02      8,875.14  12/04      3,810.32
12/07      2,150.51  12/08       1,223.51  12/09      1,109.84  12/10      8,950.14-
12/11      8,986.14- 12/15       9,130.14- 12/18     60,823.11  12/21     18,111.09
12/23     11,552.79  12/28       1,552.79  12/31     10,164.42-
```

003440

CADENCE_0000206



103   12/10/2020   $10,000.00



1035   12/02/2020   $3,205.91



1036   12/18/2020   $46.75



1037   12/04/2020   $51.00


**CADENCE**
B A N K

06/30/20

▬▬▬5961

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056-3847

CYCLE-031

*** CHECKING *** IGNITE FOR BUSINESS
PREVIOUS STATEMENT BALANCE AS OF 06/15/20 ........................ .00
　　PLUS　　　4　DEPOSITS AND OTHER CREDITS ..................... 197,262.35
　　LESS　　　12　CHECKS AND OTHER DEBITS ....................... 144,630.73
CURRENT STATEMENT BALANCE AS OF 06/30/20 ........................ 52,631.62
NUMBER OF DAYS IN THIS STATEMENT PERIOD　　15
-------------------- *** CHECKING ACCOUNT TRANSACTIONS *** -----------------------

| DATE | DESCRIPTION | DEBITS | CREDITS |
|------|-------------|--------|---------|
| 06/16 | DEPOSIT | | 18,489.80 |
| 06/17 | OUTGOING WIRE TRANSFER;2020061 7MMQFMPAY000136 | 8,000.00 | |
| 06/18 | AC-Payroll Center  -Payroll1284 46 Gulf Coast Asphalt Com | | .50 |
| 06/18 | AC-Payroll Center  -Payroll1284 46 Gulf Coast Asphalt Com | .15 | |
| 06/18 | AC-Payroll Center  -Payroll1284 46 Gulf Coast Asphalt Com | .35 | |
| 06/22 | OUTGOING WIRE TRANSFER;2020062 2MMQFMPAY000316 | 5,000.00 | |
| 06/24 | INCOMING WIRE TRANSFER;2020062 4F2QCZ00C001647 | | 150,000.00 |
| 06/24 | OUTGOING WIRE TRANSFER;2020062 4MMQFMPAY000493 | 6,395.00 | |
| 06/24 | OUTGOING WIRE TRANSFER;2020062 4MMQFMPAY000499 | 16,926.00 | |
| 06/24 | OUTGOING WIRE TRANSFER;2020062 4MMQFMPAY000494 | 17,676.00 | |
| 06/24 | OUTGOING WIRE TRANSFER;2020062 4MMQFMPAY000496 | 43,736.57 | |
| 06/25 | DEPOSIT | | 28,772.05 |
| 06/25 | OUTGOING WIRE TRANSFER;2020062 5MMQFMPAY000257 | 10,000.00 | |
| 06/25 | OUTGOING WIRE TRANSFER;2020062 5MMQFMPAY000256 | 10,000.00 | |
| 06/25 | OUTGOING WIRE TRANSFER;2020062 5MMQFMPAY000254 | 11,826.00 | |
| 06/30 | AC-BCBS OF AL    -PREM PMT07823999 ARTHUR BRASS | 15,070.66 | |

----------------------------------------------------------------------------------
*** BALANCE BY DATE ***
06/15　　　 .00　06/16　　　18,489.80　06/17　　　10,489.80　06/22　　　5,489.80
06/24　　70,756.23　06/25　　　67,702.28　06/30　　　52,631.62

003442

CADENCE_0000208



Account:          5961
Page:        2



06/16/2020   $18,489.80



06/25/2020   $28,772.05

003443

CADENCE_0000209



07/31/20

███5961

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX  77056-3847

CYCLE-031

```
                                          *** CHECKING *** IGNITE FOR BUSINESS
PREVIOUS STATEMENT BALANCE AS OF 06/30/20 ........................    52,631.62
    PLUS     1  DEPOSITS AND OTHER CREDITS ....................   100,000.00
    LESS     8  CHECKS AND OTHER DEBITS ......................   141,964.23
CURRENT STATEMENT BALANCE AS OF 07/31/20 ........................    10,667.39
NUMBER OF DAYS IN THIS STATEMENT PERIOD    31
----------------------- *** CHECK TRANSACTIONS *** ---------------------------
    SERIAL   DATE         AMOUNT         SERIAL    DATE         AMOUNT
    6447571  07/30     2,000.00
------------------------------------------------------------------------------
*** CHECKING ACCOUNT TRANSACTIONS ***
 DATE        DESCRIPTION                   DEBITS         CREDITS
07/02  OUTGOING WIRE TRANSFER;2020070     7,000.00
       2MMQFMPAY000547
07/02  OUTGOING WIRE TRANSFER;2020070    43,736.57
       2MMQFMPAY000549
07/09  INCOMING WIRE TRANSFER;2020070                    100,000.00
       9F2QCZ00C001339
07/10  OUTGOING WIRE TRANSFER;2020071    67,000.00
       0MMQFMPAY000189
07/15  ACCOUNT ANALYSIS FEE                 157.00
07/22  OUTGOING WIRE TRANSFER;2020072     5,000.00
       2MMQFMPAY000381
07/23  WITHDRAWAL                          2,000.00
07/29  AC-BCBS OF AL     -PREM            15,070.66
       PMT07823999 ARTHUR BRASS
------------------------------------------------------------------------------
*** BALANCE BY DATE ***
06/30     52,631.62  07/02     1,895.05  07/09    101,895.05  07/10     34,895.05
07/15     34,738.05  07/22    29,738.05  07/23     27,738.05  07/29     12,667.39
07/30     10,667.39
------------------------------------------------------------------------------
```

003444

CADENCE_0000210



Date-Time: 2020-07-30 16:29:30
ITM ID: 1151
Transaction Sequence: 6447571          $2,000.00
Account Number: ██████ 5961
Branch: 1151 San Felipe
Teller: tinequa.cooper
Tran Desc: Checking Withdrawal

006447571  062206296  ████ 5961  91

07/30/2020  6447571  $2,000.00

003445

CADENCE_0000211

# ☰ CADENCE
### B A N K

```
GULF COAST ASPHALT COMPANY, LLC                           08/31/20
1990 POST OAK BLVD SUITE 2400
HOUSTON TX  77056

                                                        ████5961

        2                                             CYCLE-031
*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER      ████5961
PREVIOUS STATEMENT BALANCE AS OF 07/31/20 .......................    10,667.39
    PLUS      2  DEPOSITS AND OTHER CREDITS ...................    101,614.59
    LESS      8  CHECKS AND OTHER DEBITS .....................    110,898.77
CURRENT STATEMENT BALANCE AS OF 08/31/20 .......................     1,383.21
NUMBER OF DAYS IN THIS STATEMENT PERIOD    31
```

---

```
*** CHECK TRANSACTIONS ***
     SERIAL   DATE        AMOUNT          SERIAL   DATE          AMOUNT
      101   08/04      1,145.55
```

---

```
*** CHECKING ACCOUNT TRANSACTIONS ***
 DATE            DESCRIPTION              DEBITS            CREDITS
08/03 OUTGOING WIRE TRANSFER;2020080    5,000.00
      3MMQFMPAY000299
08/04 AC-ONPAY INC      -PayrollFee         64.00
      28446 Gulf Coast Asphalt Com
08/06 OUTGOING WIRE TRANSFER;2020080    3,500.00
      6MMQFMPAY000464
08/11 INCOMING WIRE TRANSFER;2020081                    100,000.00
      1F2QCZ00C001257
08/11 DEPOSIT                                             1,614.59
08/11 OUTGOING WIRE TRANSFER;2020081   20,000.00
      1MMQFMPAY000379
08/13 OUTGOING WIRE TRANSFER;2020081   79,192.37
      3MMQFMPAY000682
08/17 ACCOUNT ANALYSIS FEE                 76.00
08/31 OUTGOING WIRE TRANSFER;2020083    1,920.85
      1MMQFMPAY000202
```

---

```
*** BALANCE BY DATE ***
07/31   10,667.39  08/03    5,667.39  08/04    4,457.84  08/06      957.84
08/11   82,572.43  08/13    3,380.06  08/17    3,304.06  08/31    1,383.21
```

003446

CADENCE_0000212



08/11/2020   $1,614.59

101   08/04/2020   $1,145.55

003447

CADENCE_0000213

# ☰ CADENCE
### B A N K

GULF COAST ASPHALT COMPANY, LLC                      09/30/20
1990 POST OAK BLVD SUITE 2400
HOUSTON TX  77056

█████5961

9                                                  CYCLE-031
*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER    █████5961
PREVIOUS STATEMENT BALANCE AS OF 08/31/20 ........................    1,383.21
    PLUS      4  DEPOSITS AND OTHER CREDITS ...................   380,000.00
    LESS     25  CHECKS AND OTHER DEBITS .....................   332,308.74
CURRENT STATEMENT BALANCE AS OF 09/30/20 ........................   49,074.47
NUMBER OF DAYS IN THIS STATEMENT PERIOD    30

---

*** CHECK TRANSACTIONS ***

| SERIAL | DATE | AMOUNT | SERIAL | DATE | AMOUNT |
|--------|------|--------|--------|------|--------|
| 104 | 09/04 | 1,093.19 | 1004 | 09/17 | 1,125.00 |
| 104 | 09/11 | 95,243.91 | 1005 | 09/16 | 432.41 |
| 1002* | 09/14 | 346.40 | 1027* | 09/16 | 640.00 |
| 1003 | 09/14 | 294.60 | 6719161* | 09/25 | 2,000.00 |

---

*** CHECKING ACCOUNT TRANSACTIONS ***

| DATE | DESCRIPTION | DEBITS | CREDITS |
|------|-------------|--------|---------|
| 09/01 | INCOMING WIRE TRANSFER;2020090 1B1QGC01C014722 | | 25,000.00 |
| 09/02 | INCOMING WIRE TRANSFER;2020090 2F2QCZ00C002739 | | 90,000.00 |
| 09/02 | OUTGOING WIRE TRANSFER;2020090 2MMQFMPAY000107 | 3,000.00 | |
| 09/02 | AC-ONPAY INC       -PayrollFee 28446 Gulf Coast Asphalt Com | 36.00 | |
| 09/02 | AC-BCBS OF AL      -PREM PMT07823999 ARTHUR BRASS | 15,070.66 | |
| 09/03 | OUTGOING WIRE TRANSFER;2020090 3MMQFMPAY000602 | 30,000.00 | |
| 09/04 | AC-Payroll Center  -PayrollTS2 8446 Gulf Coast Asphalt Com | 8,541.30 | |
| 09/04 | AC-Payroll Center  -PayrollDDS 28446 Gulf Coast Asphalt Com | 25,841.42 | |
| 09/04 | WITHDRAWAL | 1,000.00 | |
| 09/11 | AC-WEBFILE TAX PYMT-DD902/3793 5277 33311/12345/EDI/XML - | 52.00 | |
| 09/11 | AC-FEDERAL EXPRESS - DEBITEPA95567617 | 231.62 | |
| 09/14 | INCOMING WIRE TRANSFER;2020091 4B1QGC05C014906 | | 65,000.00 |
| 09/14 | OVERDRAFT FEE | 36.00 | |
| 09/15 | ACCOUNT ANALYSIS FEE | 117.50 | |
| 09/17 | OVERDRAFT FEE | 36.00 | |
| 09/18 | OVERDRAFT FEE | 36.00 | |
| 09/22 | INCOMING WIRE TRANSFER;2020092 2F2QCZ00C001374 | | 200,000.00 |
| 09/23 | OUTGOING WIRE TRANSFER;2020092 3MMQFMPAY000093 | 62,277.25 | |
| 09/23 | OUTGOING WIRE TRANSFER;2020092 3MMQFMPAY000415 | 68,765.44 | |
| 09/25 | OUTGOING WIRE TRANSFER;2020092 5MMQFMPAY000745 | 5,000.00 | |
| 09/29 | AC-BCBS OF AL      -PREM PMT07823999 ARTHUR BRASS | 11,092.04 | |

003448

CADENCE_0000214

```
          GULF COAST ASPHALT COMPANY, LLC                      09/30/20
          1990 POST OAK BLVD SUITE 2400
          HOUSTON TX  77056

                                                        ▬▬▬5961

    9                                                   CYCLE-031
--------------------------------------------------------------------------------
    *** BALANCE BY DATE ***
08/31      1,383.21  09/01      26,383.21  09/02      98,276.55  09/03      68,276.55
09/04     31,800.64  09/11      63,726.89- 09/14         596.11  09/15         478.61
09/16        593.80- 09/17       1,754.80- 09/18       1,790.80- 09/22     198,209.20
09/23     67,166.51  09/25      60,166.51  09/29      49,074.47
```

003449

CADENCE_0000215



1   09/04/2020   $1,000.00



1005   09/16/2020   $432.41



104   09/04/2020   $1,093.19



1027   09/16/2020   $640.00



104   09/11/2020   $95,243.91

Date-Time: 2020-09-25 13:31:49
ITM ID: 1151
Transaction Sequence: 6719161          $2,000.00
Account Number: ▓▓▓5961
Branch: 1151 San Felipe
Teller: rachael.jordan
Tran Desc: Checking Withdrawal

006719161 062206295 ▓▓▓5961 91

6719161   09/25/2020   $2,000.00



1002   09/14/2020   $346.40



1003   09/14/2020   $294.60



1004   09/17/2020   $1,125.00

003450

CADENCE_0000216



**B A N K**

Statement Date: 01/31/21

Account: ██████5961
Contact: SUSAN LAWRENCE
Phone: ██████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

We are pleased to support Go Green initiatives by
transitioning to paperless statements, effective with
January 2021 Account Analysis (AA) statements. The printing
of trial AA statements will be discontinued.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 01/01/21 THROUGH 01/31/21

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                      (1,715.56)
 Less Average Daily Float                            0.00
Average Daily Collected Balance                 (1,715.56)
Balance To Support Services.................     (1,715.56)

--- ACCOUNT POSITION FOR THE PERIOD -------    FEE BASIS    BALANCE BASIS
Earnings Credit ( 0.0000 %)                        0.00      (1,715.56)
 Current Period Analyzed Charges                  44.50           0.00
 Analyzed Charges Due after Credit                44.50
 TOTAL FEES DEBITED TO YOUR ACCOUNT -->           44.50

-------------------------< SERVICE CHARGE DETAIL >----------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Ignite for Business Items | 2 | .0000 | 0.00 | 0 |
| Checks / Debits | 1 | .0000 | 0.00 | 0 |
| Subtotal Depository Services | | | 10.00 | 0 |
| ACH Services | | | | |
| ACH - Debits Received | 1 | .0000 | 0.00 | 0 |
| Subtotal ACH Services | | | 0.00 | 0 |
| Wire Transfers | | | | |
| Wire Email Notification | 2 | 1.5000 | 3.00 | 0 |
| Wire - Monthly Maintenance | 1 | 15.0000 | 15.00 | 0 |
| Wire - Outgoing - PC Initiated | 1 | 8.0000 | 8.00 | 0 |
| Wire - Incoming - Domestic | 1 | 8.5000 | 8.50 | 0 |
| Subtotal Wire Transfers | | | 34.50 | 0 |

003451

CADENCE_0000217

```
                                         Statement Date: 01/31/21
                                              Page  2

                                   Account:         ▮▮▮5961
                                   Contact: SUSAN LAWRENCE
                                   Phone:  ▮▮▮▮▮▮▮
```

```
           GULF COAST ASPHALT COMPANY, LLC
           5161 SAN FELIPE STREET SUITE 320-122
           HOUSTON TX 77056
```

```
-------------------------------------      ----------     ------------
Total Activity Charges................         44.50
Total Charges Listed Before Credit....         44.50

  Analyzed charge subtotal...........           44.50


     $0.00 in collected balance will offset $1.00 of charges.
```

003452

CADENCE_0000218



**≡ CADENCE**
**BANK**

Statement Date: 01/31/21

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: ██████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

We are pleased to support Go Green initiatives by
transitioning to paperless statements, effective with
January 2021 Account Analysis (AA) statements. The printing
of trial AA statements will be discontinued.

```
------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 01/01/21 THROUGH 01/31/21

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                    (1,715.56)
 Less Average Daily Float                          0.00
Average Daily Collected Balance               (1,715.56)
Balance To Support Services.................   (1,715.56)
```

```
--- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS    BALANCE BASIS
Earnings Credit ( 0.0000 %)                     0.00       (1,715.56)
 Current Period Analyzed Charges               44.50            0.00
Analyzed Charges Due after Credit              44.50
TOTAL FEES DEBITED TO YOUR ACCOUNT -->         44.50
```

```
------------------------< SERVICE CHARGE DETAIL >---------------------------
                                          UNIT     SERVICE
SERVICES RENDERED IN PERIOD.....   VOLUME  PRICE    CHARGE           BALANCE
Depository Services
Account Maintenance                   1  10.0000    10.00                 0
Ignite for Business Items             2   .0000      0.00                 0
Checks / Debits                       1   .0000      0.00                 0
 Subtotal Depository Services                       10.00                 0
ACH Services
ACH - Debits Received                 1   .0000      0.00                 0
 Subtotal ACH Services                               0.00                 0
Wire Transfers
Wire Email Notification               2   1.5000     3.00                 0
Wire - Monthly Maintenance            1  15.0000    15.00                 0
Wire - Outgoing - PC Initiated        1   8.0000     8.00                 0
Wire - Incoming - Domestic            1   8.5000     8.50                 0
 Subtotal Wire Transfers                            34.50                 0
```

003453

CADENCE_0000219

Statement Date: 01/31/21
Page  2

Account:          ████5961
Contact: SUSAN LAWRENCE
Phone:   ████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

```
--------------------------------------      ----------    ------------
Total Activity Charges................             44.50
Total Charges Listed Before Credit....             44.50

  Analyzed charge subtotal...........              44.50


      $0.00 in collected balance will offset $1.00 of charges.
```

CADENCE_0000220



**B A N K**

Statement Date: 05/31/21

Account: ████████5961
Contact: SUSAN LAWRENCE
Phone: ████████

```
                        GULF COAST ASPHALT COMPANY, LLC
                        5161 SAN FELIPE STREET SUITE 320-122
                        HOUSTON TX 77056




     ------------ ACCOUNT ANALYSIS STATEMENT ----------
     FOR THE PERIOD 05/01/21 THROUGH 05/31/21

      ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
    Average Daily Book Balance                       2,408.39
      Less Average Daily Float                           0.00
    Average Daily Collected Balance                  2,408.39
    Balance To Support Services.................     2,408.39


     --- ACCOUNT POSITION FOR THE PERIOD -------     FEE BASIS      BALANCE BASIS
    Earnings Credit ( 0.0000 %)                        0.00           2,408.39
    Current Period Analyzed Charges                   10.00               0.00
    Analyzed Charges Due after Credit                 10.00
    TOTAL FEES DEBITED TO YOUR ACCOUNT -->            10.00

     Balance available to support other services                        0.00

    ------------------------< SERVICE CHARGE DETAIL >---------------------------
                                             UNIT       SERVICE
    SERVICES RENDERED IN PERIOD.....  VOLUME  PRICE      CHARGE            BALANCE
    Depository Services
    Account Maintenance                 1  10.0000        10.00                 0
     Subtotal Depository Services                         10.00                 0
     --------------------------------------          -----------     -----------
        Total Activity Charges................             10.00
        Total Charges Listed Before Credit....            10.00

          Analyzed charge subtotal...........              10.00


          $0.00 in collected balance will offset $1.00 of charges.
```

003455

CADENCE_0000221


**B A N K**

Statement Date: 05/31/21

Account: ▮▮▮▮▮5961
Contact: SUSAN LAWRENCE
Phone: ▮▮▮▮▮▮▮▮

```
                    GULF COAST ASPHALT COMPANY, LLC
                    5161 SAN FELIPE STREET SUITE 320-122
                    HOUSTON TX 77056




     ------------ ACCOUNT ANALYSIS STATEMENT ----------
     FOR THE PERIOD 05/01/21 THROUGH 05/31/21

     ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
   Average Daily Book Balance                    2,408.39
     Less Average Daily Float                        0.00
   Average Daily Collected Balance               2,408.39
   Balance To Support Services.................  2,408.39


     --- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS      BALANCE BASIS
     Earnings Credit ( 0.0000 %)                     0.00           2,408.39
     Current Period Analyzed Charges                10.00               0.00
     Analyzed Charges Due after Credit              10.00
     TOTAL FEES DEBITED TO YOUR ACCOUNT -->         10.00

     Balance available to support other services                      0.00

   ------------------------< SERVICE CHARGE DETAIL >----------------------------
                                            UNIT      SERVICE
   SERVICES RENDERED IN PERIOD.....   VOLUME  PRICE    CHARGE          BALANCE
   Depository Services
   Account Maintenance                  1  10.0000     10.00                0
     Subtotal Depository Services                      10.00                0
   --------------------------------------       ----------   -----------
         Total Activity Charges................           10.00
         Total Charges Listed Before Credit....          10.00

            Analyzed charge subtotal...........          10.00


         $0.00 in collected balance will offset $1.00 of charges.
```

003456

CADENCE_0000222



**B A N K**

Statement Date: 06/30/21

Account: ▮▮▮▮5961
Contact: SUSAN LAWRENCE
Phone: ▮▮▮▮▮▮▮

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

Account Analysis clients will see an increase in the Deposit
Assessment rate on their August AA statements (September
15th debit). The rate will be adjusted from 0.1100 to
0.1250. FIG and contractual clients are excluded.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 06/01/21 THROUGH 06/30/21

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                        2,403.06
 Less Average Daily Float                             0.00
Average Daily Collected Balance                   2,403.06
Balance To Support Services.................      2,403.06

| --- ACCOUNT POSITION FOR THE PERIOD ------- | FEE BASIS | BALANCE BASIS |
|---|---|---|
| Earnings Credit ( 0.0000 %) | 0.00 | 2,403.06 |
| Current Period Analyzed Charges | 10.00 | 0.00 |
| Analyzed Charges Due after Credit | 10.00 | |
| TOTAL FEES DEBITED TO YOUR ACCOUNT --> | 10.00 | |

Balance available to support other services                      0.00

------------------------< SERVICE CHARGE DETAIL >-------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Subtotal Depository Services | | | 10.00 | 0 |
| Total Activity Charges................ | | | 10.00 | |
| Total Charges Listed Before Credit.... | | | 10.00 | |
| Analyzed charge subtotal........... | | | 10.00 | |

$0.00 in collected balance will offset $1.00 of charges.

003457

CADENCE_0000223



**BANK**

Statement Date: 06/30/21

Account: ▮▮▮▮5961
Contact: SUSAN LAWRENCE
Phone: ▮▮▮▮▮▮▮▮

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

Account Analysis clients will see an increase in the Deposit
Assessment rate on their August AA statements (Sept 15th
debit). The rate will be adjusted from 0.1100 to 0.1250. FIG
and contractual clients are excluded.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 06/01/21 THROUGH 06/30/21

---------< BALANCE COMPUTATION FOR THE PERIOD >----------
```
Average Daily Book Balance                    2,403.06
  Less Average Daily Float                        0.00
Average Daily Collected Balance               2,403.06
Balance To Support Services.................   2,403.06
```

```
--- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS    BALANCE BASIS
Earnings Credit ( 0.0000 %)                     0.00         2,403.06
Current Period Analyzed Charges                10.00             0.00
Analyzed Charges Due after Credit              10.00
TOTAL FEES DEBITED TO YOUR ACCOUNT -->         10.00

 Balance available to support other services                    0.00
```

------------------------< SERVICE CHARGE DETAIL >---------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Subtotal Depository Services | | | 10.00 | 0 |

```
    -------------------------------------  -----------  -----------
        Total Activity Charges.................       10.00
        Total Charges Listed Before Credit....       10.00

          Analyzed charge subtotal...........         10.00
```

$0.00 in collected balance will offset $1.00 of charges.

003458

CADENCE_0000224



**B A N K**

Statement Date: 07/31/21

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: ████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

Account Analysis clients will see an increase in the Deposit
Assessment rate on their August AA statements (Sept 15th
debit). The rate will be adjusted from 0.1100 to 0.1250. FIG
and contractual clients are excluded.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 07/01/21 THROUGH 07/31/21

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                      2,390.91
  Less Average Daily Float                          0.00
Average Daily Collected Balance                 2,390.91
Balance To Support Services.................    2,390.91

--- ACCOUNT POSITION FOR THE PERIOD -------    FEE BASIS      BALANCE BASIS
Earnings Credit ( 0.0000 %)                       0.00           2,390.91
Current Period Analyzed Charges                  10.00               0.00
Analyzed Charges Due after Credit                10.00
TOTAL FEES DEBITED TO YOUR ACCOUNT -->           10.00

 Balance available to support other services                        0.00

------------------------< SERVICE CHARGE DETAIL >--------------------------
                                         UNIT      SERVICE
SERVICES RENDERED IN PERIOD.....  VOLUME  PRICE     CHARGE          BALANCE
Depository Services
Account Maintenance                  1  10.0000      10.00                0
 Subtotal Depository Services                        10.00                0
 -------------------------------------            ----------    -----------
    Total Activity Charges................           10.00
    Total Charges Listed Before Credit....           10.00

      Analyzed charge subtotal...........            10.00

      $0.00 in collected balance will offset $1.00 of charges.

003459

CADENCE_0000225



**B A N K**

Statement Date: 07/31/21

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: ████████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

Account Analysis clients will see an increase in the Deposit
Assessment rate on their August AA statements (Sept 15th
debit). The rate will be adjusted from 0.1100 to 0.1250. FIG
and contractual clients are excluded.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 07/01/21 THROUGH 07/31/21

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
| | |
|---|---:|
| Average Daily Book Balance | 2,390.91 |
| Less Average Daily Float | 0.00 |
| Average Daily Collected Balance | 2,390.91 |
| Balance To Support Services.................. | 2,390.91 |

--- ACCOUNT POSITION FOR THE PERIOD -------

| | FEE BASIS | BALANCE BASIS |
|---|---:|---:|
| Earnings Credit ( 0.0000 %) | 0.00 | 2,390.91 |
| Current Period Analyzed Charges | 10.00 | 0.00 |
| Analyzed Charges Due after Credit | 10.00 | |
| TOTAL FEES DEBITED TO YOUR ACCOUNT --> | 10.00 | |

Balance available to support other services                    0.00

------------------------< SERVICE CHARGE DETAIL >---------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---:|---:|---:|---:|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Subtotal Depository Services | | | 10.00 | 0 |

| | |
|---|---:|
| Total Activity Charges................ | 10.00 |
| Total Charges Listed Before Credit.... | 10.00 |
| Analyzed charge subtotal............ | 10.00 |

$0.00 in collected balance will offset $1.00 of charges.

003460

CADENCE_0000226


**BANK**

Statement Date: 08/31/21

Account: ▓▓▓▓5961
Contact: SUSAN LAWRENCE
Phone: ▓▓▓▓▓▓▓

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

Account Analysis clients will see an increase in the Deposit
Assessment rate on their August AA statements (Sept 15th
debit). The rate will be adjusted from 0.1100 to 0.1250. FIG
and contractual clients are excluded.

------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 08/01/21 THROUGH 08/31/21

---------< BALANCE COMPUTATION FOR THE PERIOD >----------
```
Average Daily Book Balance                      2,379.29
 Less Average Daily Float                           0.00
Average Daily Collected Balance                 2,379.29
Balance To Support Services.................     2,379.29
```

```
--- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS    BALANCE BASIS
Earnings Credit ( 0.0000 %)                      0.00        2,379.29
Current Period Analyzed Charges                 10.00            0.00
Analyzed Charges Due after Credit               10.00
TOTAL FEES DEBITED TO YOUR ACCOUNT -->          10.00

Balance available to support other services                     0.00
```

------------------------< SERVICE CHARGE DETAIL >--------------------------

| SERVICES RENDERED IN PERIOD..... | VOLUME | UNIT PRICE | SERVICE CHARGE | BALANCE |
|---|---|---|---|---|
| Depository Services | | | | |
| Account Maintenance | 1 | 10.0000 | 10.00 | 0 |
| Subtotal Depository Services | | | 10.00 | 0 |

```
       -------------------------------------   -----------   -----------
       Total Activity Charges................      10.00
       Total Charges Listed Before Credit....      10.00

          Analyzed charge subtotal...........      10.00
```

$0.00 in collected balance will offset $1.00 of charges.

003461

CADENCE_0000227



**B A N K**

Statement Date: 08/31/21

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: ████████

```
                GULF COAST ASPHALT COMPANY, LLC
                5161 SAN FELIPE STREET SUITE 320-122
                HOUSTON TX 77056
```

```
            Account Analysis clients will see an increase in the Deposit
            Assessment rate on their August AA statements (Sept 15th
            debit). The rate will be adjusted from 0.1100 to 0.1250. FIG
            and contractual clients are excluded.
```

```
      ------------ ACCOUNT ANALYSIS STATEMENT ----------
   FOR THE PERIOD 08/01/21 THROUGH 08/31/21

      ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
   Average Daily Book Balance                        2,379.29
    Less Average Daily Float                             0.00
   Average Daily Collected Balance                   2,379.29
   Balance To Support Services.................      2,379.29
```

```
      --- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS    BALANCE BASIS
   Earnings Credit ( 0.0000 %)                         0.00        2,379.29
   Current Period Analyzed Charges                    10.00            0.00
   Analyzed Charges Due after Credit                  10.00
   TOTAL FEES DEBITED TO YOUR ACCOUNT -->             10.00

    Balance available to support other services                       0.00
```

```
   ------------------------< SERVICE CHARGE DETAIL >----------------------------
                                            UNIT      SERVICE
   SERVICES RENDERED IN PERIOD.....   VOLUME  PRICE     CHARGE           BALANCE
   Depository Services
   Account Maintenance                   1  10.0000     10.00                 0
    Subtotal Depository Services                        10.00                 0
      -------------------------------------     -----------   -----------
         Total Activity Charges................         10.00
         Total Charges Listed Before Credit....         10.00

         Analyzed charge subtotal...........             10.00
```

```
         $0.00 in collected balance will offset $1.00 of charges.
```

003462

CADENCE_0000228


**BANK**

Statement Date: 09/30/21

Account: ████5961
Contact: SUSAN LAWRENCE
Phone: ███████

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

```
------------ ACCOUNT ANALYSIS STATEMENT ----------
 FOR THE PERIOD 09/01/21 THROUGH 09/30/21

 ----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                    2,367.06
  Less Average Daily Float                        0.00
Average Daily Collected Balance               2,367.06
Balance To Support Services.................  2,367.06


 --- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS    BALANCE BASIS
Earnings Credit ( 0.0000 %)                       0.00        2,367.06
Current Period Analyzed Charges                  10.00            0.00
Analyzed Charges Due after Credit                10.00
TOTAL FEES DEBITED TO YOUR ACCOUNT -->           10.00

 Balance available to support other services                     0.00
```

```
------------------------< SERVICE CHARGE DETAIL >--------------------------
                                          UNIT      SERVICE
SERVICES RENDERED IN PERIOD.....  VOLUME  PRICE      CHARGE         BALANCE
Depository Services
Account Maintenance                  1  10.0000       10.00               0
 Subtotal Depository Services                         10.00               0
 ------------------------------------         ----------    ------------
     Total Activity Charges...............            10.00
     Total Charges Listed Before Credit....           10.00

        Analyzed charge subtotal...........           10.00
```

        $0.00 in collected balance will offset $1.00 of charges.

003463

CADENCE_0000229



**☰ CADENCE**

**B A N K**

Statement Date: 09/30/21

Account: ⬛⬛⬛5961
Contact: SUSAN LAWRENCE
Phone: ⬛⬛⬛⬛⬛⬛

GULF COAST ASPHALT COMPANY, LLC
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX 77056

```
------------ ACCOUNT ANALYSIS STATEMENT ----------
FOR THE PERIOD 09/01/21 THROUGH 09/30/21

----------< BALANCE COMPUTATION FOR THE PERIOD >----------
Average Daily Book Balance                      2,367.06
  Less Average Daily Float                          0.00
Average Daily Collected Balance                 2,367.06
Balance To Support Services.................    2,367.06


--- ACCOUNT POSITION FOR THE PERIOD -------   FEE BASIS    BALANCE BASIS
Earnings Credit ( 0.0000 %)                      0.00         2,367.06
Current Period Analyzed Charges                 10.00             0.00
Analyzed Charges Due after Credit               10.00
TOTAL FEES DEBITED TO YOUR ACCOUNT -->          10.00

 Balance available to support other services                    0.00

------------------------< SERVICE CHARGE DETAIL >--------------------------
                                         UNIT      SERVICE
SERVICES RENDERED IN PERIOD.....  VOLUME PRICE     CHARGE            BALANCE
Depository Services
Account Maintenance                 1  10.0000      10.00                 0
 Subtotal Depository Services                       10.00                 0
--------------------------------------        -----------    -----------
      Total Activity Charges...............         10.00
      Total Charges Listed Before Credit....        10.00

        Analyzed charge subtotal...........         10.00


      $0.00 in collected balance will offset $1.00 of charges.
```

003464

CADENCE_0000230

# ☰ CADENCE

**B A N K**

GULF COAST ASPHALT COMPANY, LLC                          01/31/21
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX  77056

█████65961

1                                                        CYCLE-031
*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER      █████5961
PREVIOUS STATEMENT BALANCE AS OF 12/31/20 ........................   10,164.42-
    PLUS      1  DEPOSITS AND OTHER CREDITS ...................   50,000.00
    LESS      7  CHECKS AND OTHER DEBITS .....................   37,466.69
CURRENT STATEMENT BALANCE AS OF 01/31/21 ........................    2,368.89
NUMBER OF DAYS IN THIS STATEMENT PERIOD    31

--------------------------------------------------------------------------------
*** CHECK TRANSACTIONS ***

| SERIAL | DATE  | AMOUNT | SERIAL | DATE | AMOUNT |
|--------|-------|--------|--------|------|--------|
| 1038   | 01/06 | 136.95 |        |      |        |

--------------------------------------------------------------------------------
*** CHECKING ACCOUNT TRANSACTIONS ***

| DATE  | DESCRIPTION                         | DEBITS    | CREDITS   |
|-------|-------------------------------------|-----------|-----------|
| 01/04 | OVERDRAFT FEE                       | 36.00     |           |
| 01/05 | AC-ONPAY INC       -PayrollFee      | 60.00     |           |
|       | 28446 Gulf Coast Asphalt Com        |           |           |
| 01/06 | OVERDRAFT FEE                       | 36.00     |           |
| 01/07 | OVERDRAFT FEE                       | 36.00     |           |
| 01/11 | INCOMING WIRE TRANSFER;2021011      |           | 50,000.00 |
|       | 1K4QLE01C000485                     |           |           |
| 01/11 | OUTGOING WIRE TRANSFER;2021011      | 37,077.74 |           |
|       | 1MMQFMPAY000447                     |           |           |
| 01/15 | ACCOUNT ANALYSIS FEE                | 84.00     |           |

--------------------------------------------------------------------------------
*** BALANCE BY DATE ***

| 12/31 | 10,164.42- | 01/04 | 10,200.42- | 01/05 | 10,260.42- | 01/06 | 10,433.37- |
|-------|------------|-------|------------|-------|------------|-------|------------|
| 01/07 | 10,469.37- | 01/11 | 2,452.89   | 01/15 | 2,368.89   |       |            |

003465

CADENCE_0000231

1038   01/06/2021   $136.95

CADENCE_0000232

# ☰ CADENCE
### B A N K

GULF COAST ASPHALT COMPANY, LLC                                        02/28/21
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX  77056

████ 5961

CYCLE-031

*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER     ████ 5961
PREVIOUS STATEMENT BALANCE AS OF 01/31/21 ........................     2,368.89
   PLUS      1  DEPOSITS AND OTHER CREDITS ...................          84.00
   LESS      1  CHECKS AND OTHER DEBITS .....................           44.50
CURRENT STATEMENT BALANCE AS OF 02/28/21 ........................     2,408.39
NUMBER OF DAYS IN THIS STATEMENT PERIOD    28

--------------------------------------------------------------------------------
*** CHECKING ACCOUNT TRANSACTIONS ***

| DATE | DESCRIPTION | DEBITS | CREDITS |
|------|-------------|--------|---------|
| 02/12 | Account Analysis Fee Refund | | 84.00 |
| 02/16 | ACCOUNT ANALYSIS FEE | 44.50 | |

--------------------------------------------------------------------------------
*** BALANCE BY DATE ***

| 01/31 | 2,368.89 | 02/12 | 2,452.89 | 02/16 | 2,408.39 |
|-------|----------|-------|----------|-------|----------|

# ☰ CADENCE
### B A N K

```
   GULF COAST ASPHALT COMPANY, LLC                      03/31/21
   5161 SAN FELIPE STREET SUITE 320-122
   HOUSTON TX  77056

                                                          ███5961

                                                      CYCLE-031
*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER      ████5961
PREVIOUS STATEMENT BALANCE AS OF 02/28/21 .......................    2,408.39
   PLUS     0  DEPOSITS AND OTHER CREDITS ...................          .00
   LESS     0  CHECKS AND OTHER DEBITS .....................           .00
CURRENT STATEMENT BALANCE AS OF 03/31/21 .......................    2,408.39
NUMBER OF DAYS IN THIS STATEMENT PERIOD    31
-------------------------------------------------------------------------------
 *** BALANCE BY DATE ***
02/28    2,408.39
```

003468

CADENCE_0000234

# ☰ CADENCE
**B A N K**

```
    GULF COAST ASPHALT COMPANY, LLC                        04/30/21
    5161 SAN FELIPE STREET SUITE 320-122
    HOUSTON TX  77056


                                                           ████5961


                                                     CYCLE-031
  *** CHECKING *** IGNITE FOR BUSINESS
  ACCOUNT NUMBER       ████5961
  PREVIOUS STATEMENT BALANCE AS OF 03/31/21 .......................    2,408.39
     PLUS       0  DEPOSITS AND OTHER CREDITS ...................          .00
     LESS       0  CHECKS AND OTHER DEBITS .....................          .00
  CURRENT STATEMENT BALANCE AS OF 04/30/21 .......................    2,408.39
  NUMBER OF DAYS IN THIS STATEMENT PERIOD    30

--------------------------------------------------------------------------------
  *** BALANCE BY DATE ***
  03/31    2,408.39
```

003469

CADENCE_0000235

# ☰ CADENCE
### B A N K

```
    GULF COAST ASPHALT COMPANY, LLC                              05/31/21
    5161 SAN FELIPE STREET SUITE 320-122
    HOUSTON TX  77056

                                                              ███ 5961

                                                          CYCLE-031
  *** CHECKING *** IGNITE FOR BUSINESS
  ACCOUNT NUMBER        ███ 5961
  PREVIOUS STATEMENT BALANCE AS OF 04/30/21 ........................   2,408.39
     PLUS      0  DEPOSITS AND OTHER CREDITS ...................           .00
     LESS      0  CHECKS AND OTHER DEBITS .....................            .00
  CURRENT STATEMENT BALANCE AS OF 05/31/21 ........................   2,408.39
  NUMBER OF DAYS IN THIS STATEMENT PERIOD    31

--------------------------------------------------------------------------------
   *** BALANCE BY DATE ***
  04/30    2,408.39
```

# ☰ CADENCE
### B A N K

```
GULF COAST ASPHALT COMPANY, LLC                          06/30/21
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX  77056

                                                        ████5961


                                                  CYCLE-031
*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER      ████5961
PREVIOUS STATEMENT BALANCE AS OF 05/31/21 .......................   2,408.39
   PLUS     0  DEPOSITS AND OTHER CREDITS ...................         .00
   LESS     1  CHECKS AND OTHER DEBITS .....................       10.00
CURRENT STATEMENT BALANCE AS OF 06/30/21 .......................   2,398.39
NUMBER OF DAYS IN THIS STATEMENT PERIOD    30
-----------------------------------------------------------------------------
*** CHECKING ACCOUNT TRANSACTIONS ***
  DATE        DESCRIPTION                    DEBITS          CREDITS
06/15 ACCOUNT ANALYSIS FEE                   10.00
-----------------------------------------------------------------------------
*** BALANCE BY DATE ***
05/31    2,408.39  06/15     2,398.39
```

CADENCE_0000237

# ☰ CADENCE
### B A N K

```
GULF COAST ASPHALT COMPANY, LLC                          07/31/21
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX  77056

                                                    ████5961

                                                    CYCLE-031
*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER       ████5961
PREVIOUS STATEMENT BALANCE AS OF 06/30/21 ........................   2,398.39
   PLUS      0  DEPOSITS AND OTHER CREDITS ...................         .00
   LESS      2  CHECKS AND OTHER DEBITS .....................       12.00
CURRENT STATEMENT BALANCE AS OF 07/31/21 ........................   2,386.39
NUMBER OF DAYS IN THIS STATEMENT PERIOD    31
------------------------------------------------------------------------------
*** CHECKING ACCOUNT TRANSACTIONS ***
 DATE        DESCRIPTION                     DEBITS          CREDITS
07/01 PAPER STATEMENT FEE                     2.00
07/15 ACCOUNT ANALYSIS FEE                   10.00
------------------------------------------------------------------------------
*** BALANCE BY DATE ***
06/30    2,398.39  07/01     2,396.39  07/15     2,386.39
```

003472

# ☰ CADENCE
### B A N K

```
GULF COAST ASPHALT COMPANY, LLC                          08/31/21
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX  77056
```

██████5961

CYCLE-031

```
*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER     ██████5961
PREVIOUS STATEMENT BALANCE AS OF 07/31/21 ........................   2,386.39
   PLUS      0  DEPOSITS AND OTHER CREDITS ...................         .00
   LESS      2  CHECKS AND OTHER DEBITS .....................       12.00
CURRENT STATEMENT BALANCE AS OF 08/31/21 ........................   2,374.39
NUMBER OF DAYS IN THIS STATEMENT PERIOD    31
```

---

```
*** CHECKING ACCOUNT TRANSACTIONS ***
  DATE         DESCRIPTION                  DEBITS           CREDITS
08/02 PAPER STATEMENT FEE                    2.00
08/16 ACCOUNT ANALYSIS FEE                  10.00
```

---

```
*** BALANCE BY DATE ***
07/31    2,386.39  08/02    2,384.39  08/16    2,374.39
```

003473

# ☰ CADENCE

### B A N K

GULF COAST ASPHALT COMPANY, LLC                          09/30/21
5161 SAN FELIPE STREET SUITE 320-122
HOUSTON TX  77056

███5961

CYCLE-031

*** CHECKING *** IGNITE FOR BUSINESS
ACCOUNT NUMBER    ████5961
PREVIOUS STATEMENT BALANCE AS OF 08/31/21 ........................    2,374.39
    PLUS      0  DEPOSITS AND OTHER CREDITS ...................         .00
    LESS      2  CHECKS AND OTHER DEBITS .....................       12.00
CURRENT STATEMENT BALANCE AS OF 09/30/21 ........................    2,362.39
NUMBER OF DAYS IN THIS STATEMENT PERIOD    30

--------------------------------------------------------------------------------
*** CHECKING ACCOUNT TRANSACTIONS ***
  DATE        DESCRIPTION                       DEBITS          CREDITS
09/01 PAPER STATEMENT FEE                        2.00
09/15 ACCOUNT ANALYSIS FEE                      10.00

--------------------------------------------------------------------------------
*** BALANCE BY DATE ***
08/31    2,374.39  09/01    2,372.39  09/15    2,362.39

003474

Gulf Coast Asphalt Company
Consolidated Balance Sheet
January 31, 2017

| | Gulf Coast Asphalt Co | GCAC Holdings LLC | Gulf Crude Gathering | AG Bullet | Eliminate | Consolidated |
|---|---|---|---|---|---|---|
| **Assets** | | | | | | |
| **Current Assets** | | | | | | |
| Cash | 33,947 | 3,436 | 211 | 5 | | 37,599 |
| Accounts Receivable Trade | 3,364,970 | | | 3,365 | | 3,368,335 |
| Accounts Receivable Trade Accrued | | | | | | 0 |
| Accounts Receivable Other | | | | | | 0 |
| Accounts Receivable Employees | 428,921 | | | | | 428,921 |
| Accounts Receivable Trifinery Inc | 10,856 | | | | | 10,856 |
| Accrued Interest Receivable | 34,734 | | | | | 34,734 |
| Due From Shareholders | 708,390 | | | | | 708,390 |
| Prepaid | 10,307 | | | | | 10,307 |
| Total Current Assets | 4,592,125 | 3,436 | 211 | 3,370 | | 4,599,142 |
| | | | | | | |
| **Property Plant and Equipment** | 0 | | | | | 0 |
| Accumulated Depreciation | | | | | | 0 |
| Net Property Plant & Equipment | 0 | 0 | | | | 0 |
| | | | | | | |
| **Other Assets** | | | | | | |
| Deposits & Bonds | 112,000 | | | | | 112,000 |
| Investments in Arc Terminals | 930,726 | | | | | 930,726 |
| Investments/Loan GCAC Holdings | 4,187,189 | | | | 4,187,189 | 0 |
| Investment Gulf Coast Crude | 2,108,804 | | | | 2,108,804 | 0 |
| Investment AJ Bullet | 37,831 | | | | 37,831 | 0 |
| Goodwill | 350,000 | | | | | 350,000 |
| Total Other Assets | 7,726,550 | 0 | | | 6,333,824 | 1,392,726 |
| | | | | | | |
| **Total Assets** | 12,318,675 | 3,436 | 211 | 3,370 | 6,333,824 | 5,991,868 |
| | | | | | | |
| **Liabilities and Equity** | | | | | | |
| **Current Liabilities** | | | | | | |
| Accounts Payable Trade | 4,687,581 | | 79,310 | | | 4,766,891 |
| Accounts Payable Accrued | | | 1,000,000 | | | 1,000,000 |
| Accounts Payable Interest | | | | | | 0 |
| Iberia Bank Line of Credit | | | | | | 0 |
| Prepaid Sales | | | 1,547,409 | | | 1,547,409 |
| Accounts Payable Product | | | | | | 0 |
| Total Current Liabilities | 4,687,581 | 0 | 2,626,719 | 0 | | 7,314,300 |
| | | | | | | |
| **Long Term Debt** | | | | | | |
| Member Shareholder Loan | 240,000 | 4,187,189 | 2,108,804 | 37,831 | 6,333,824 | 240,000 |
| Total Long Term Debt | 240,000 | 4,187,189 | 2,108,804 | 37,831 | 6,333,824 | 240,000 |
| | | | | | | |
| **Total Liabilities** | 4,927,581 | 4,187,189 | 4,735,523 | 37,831 | 6,333,824 | 7,554,300 |
| | | | | | | |
| **Members' Equity** | | | | | | |
| Retained Earnings | 8,605,845 | -4,183,753 | -4,735,312 | -30,792 | | |

VITOL EXHIBIT

81-174

Adv. No.: 21-06006 8/30/2022

exhibitsticker.com

| | | | | | |
|---|---|---|---|---|---|
| Net Income | -1,214,751 | | | -3,669 | | -1,218,420 |
| Distributions | | | | | | 0 |
| Total Members' Equity | 7,391,094 | -4,183,753 | -4,735,312 | -34,461 | | -1,562,432 |
| **Total Liabilities & Equity** | 12,318,675 | 3,436 | 211 | 3,370 | 6,333,824 | 5,991,868 |

Gulf Coast Asphalt Company
Consolidated Balance Sheet
February 28, 2017

| | Gulf Coast Asphalt Co | GCAC Holdings LLC | Gulf Crude Gathering | AG Bullet | Eliminate | Consolidated |
|---|---|---|---|---|---|---|
| **Assets** | | | | | | |
| **Current Assets** | | | | | | |
| Cash | 327,731 | | 211 | 5 | | 327,947 |
| Accounts Receivable Trade | 1,541,163 | | | 3,365 | | 1,544,528 |
| Accounts Receivable Trade Accrued | | | | | | 0 |
| Accounts Receivable Other | | | | | | 0 |
| Accounts Receivable Employees | 429,454 | | | | | 429,454 |
| Accounts Receivable Trifinery Inc | -54,144 | | | | | -54,144 |
| Accrued Interest Receivable | 17,367 | | | | | 17,367 |
| Due From Shareholders | 408,390 | | | | | 408,390 |
| Prepaid | 14,952 | | | | | 14,952 |
| Total Current Assets | 2,684,913 | 0 | 211 | 3,370 | | 2,688,494 |
| | | | | | | |
| **Property Plant and Equipment** | 0 | | | | | 0 |
| Accumulated Depreciation | | | | | | 0 |
| Net Property Plant & Equipment | 0 | 0 | | | | 0 |
| | | | | | | |
| **Other Assets** | | | | | | |
| Deposits & Bonds | 112,000 | | | | | 112,000 |
| Investments in Arc Terminals | 930,726 | | | | | 930,726 |
| Investments/Loan GCAC Holdings | 4,183,753 | | | | 4,187,189 | -3,436 |
| Investment Gulf Coast Crude | 2,109,878 | | | | 2,108,804 | 1,074 |
| Investment AJ Bullet | 37,831 | | | | | 37,831 |
| Goodwill | 350,000 | | | | | 350,000 |
| Total Other Assets | 7,724,188 | 0 | | | 6,295,993 | 1,428,195 |
| | | | | | | |
| **Total Assets** | 10,409,101 | 0 | 211 | 3,370 | 6,295,993 | 4,116,689 |
| | | | | | | |
| **Liabilities and Equity** | | | | | | |
| **Current Liabilities** | | | | | | |
| Accounts Payable Trade | 3,047,760 | | 79,310 | | | 3,127,070 |
| Accounts Payable Accrued | 164,505 | | 1,000,000 | | | 1,164,505 |
| Accounts Payable Interest | | | | | | 0 |
| Iberia Bank Line of Credit | | | | | | 0 |
| Prepaid Sales | | | 1,547,409 | | | 1,547,409 |
| Accounts Payable Product | | | | | | 0 |
| Total Current Liabilities | 3,212,265 | 0 | 2,626,719 | 0 | | 5,838,984 |
| | | | | | | |
| **Long Term Debt** | | | | | | |
| Member Shareholder Loan | 240,000 | 4,183,753 | 2,109,878 | 37,831 | | 6,571,462 |
| Total Long Term Debt | 240,000 | 4,183,753 | 2,109,878 | 37,831 | 0 | 6,571,462 |
| | | | | | | |
| **Total Liabilities** | 3,452,265 | 4,183,753 | 4,736,597 | 37,831 | 0 | 12,410,446 |
| | | | | | | |
| **Members' Equity** | | | | | | |
| Retained Earnings | 8,605,845 | -4,183,753 | -4,735,311 | -30,792 | | -344,011 |
| Net Income | -1,649,009 | | -1,075 | -3,669 | | -1,653,753 |
| Distributions | | | | | | 0 |
| Total Members' Equity | 6,956,836 | -4,183,753 | -4,736,386 | -34,461 | | -1,997,764 |
| | | | | | | |
| **Total Liabilities & Equity** | 10,409,101 | 0 | 211 | 3,370 | 0 | 10,412,682 |

Gulf Coast Asphalt Company
Consolidated Balance Sheet
March 31, 2017

| | Gulf Coast Asphalt Co | GCAC Holdings LLC | Gulf Crude Gathering | AG Bullet | Eliminate | Consolidated |
|---|---|---|---|---|---|---|
| **Assets** | | | | | | |
| **Current Assets** | | | | | | |
| Cash | 342,059 | | 211 | 5 | | 342,275 |
| Accounts Receivable Trade | 787,138 | | | 3,365 | | 790,503 |
| Accounts Receivable Trade Accrued | | | | | | 0 |
| Accounts Receivable Other | | | | | | 0 |
| Accounts Receivable Employees | 439,726 | | | | | 439,726 |
| Accounts Receivable Trifinery Inc | -54,144 | | | | | -54,144 |
| Accrued Interest Receivable | 26,050 | | | | | 26,050 |
| Due From Shareholders | 86,697 | | | | | 86,697 |
| Prepaid | 11,569 | | | | | 11,569 |
| Total Current Assets | 1,639,095 | 0 | 211 | 3,370 | | 1,642,676 |
| | | | | | | |
| **Property Plant and Equipment** | 0 | | | | | 0 |
| Accumulated Depreciation | | | | | | 0 |
| Net Property Plant & Equipment | 0 | 0 | | | | 0 |
| | | | | | | |
| **Other Assets** | | | | | | |
| Deposits & Bonds | 112,000 | | | | | 112,000 |
| Investments in Arc Terminals | 930,726 | | | | | 930,726 |
| Investments/Loan GCAC Holdings | 4,183,753 | | | | 4,183,753 | 0 |
| Investment Gulf Coast Crude | 2,109,878 | | | | 2,109,878 | 0 |
| Investment AJ Bullet | 37,831 | | | | 37,831 | 0 |
| Goodwill | 350,000 | | | | | 350,000 |
| Total Other Assets | 7,724,188 | 0 | | | 6,331,462 | 1,392,726 |
| | | | | | | |
| **Total Assets** | 9,363,283 | 0 | 211 | 3,370 | 6,331,462 | 3,035,402 |
| | | | | | | |
| **Liabilities and Equity** | | | | | | |
| **Current Liabilities** | | | | | | |
| Accounts Payable Trade | 2,332,548 | | 79,310 | 745 | | 2,412,603 |
| Accounts Payable Accrued | 234,531 | | 1,000,000 | | | 1,234,531 |
| Accounts Payable Interest | | | | | | 0 |
| Iberia Bank Line of Credit | | | | | | 0 |
| Prepaid Sales | | | 1,547,409 | | | 1,547,409 |
| Accounts Payable Product | | | | | | 0 |
| Total Current Liabilities | 2,567,079 | 0 | 2,626,719 | 745 | | 5,194,543 |
| | | | | | | |
| **Long Term Debt** | | | | | | |
| Member Shareholder Loan | 240,000 | 4,183,753 | 2,109,878 | 37,831 | 6,331,462 | 240,000 |
| Total Long Term Debt | 240,000 | 4,183,753 | 2,109,878 | 37,831 | 6,331,462 | 240,000 |
| | | | | | | |
| **Total Liabilities** | 2,807,079 | 4,183,753 | 4,736,597 | 38,576 | 6,331,462 | 5,434,543 |
| | | | | | | |
| **Members' Equity** | | | | | | |
| Retained Earnings | 8,605,845 | -4,183,753 | -4,735,311 | -30,792 | | -344,011 |
| Net Income | -2,049,641 | | -1,075 | -4,414 | | -2,055,130 |
| Distributions | | | | | | 0 |
| Total Members' Equity | 6,556,204 | -4,183,753 | -4,736,386 | -35,206 | | -2,399,141 |
| | | | | | | |
| **Total Liabilities & Equity** | 9,363,283 | 0 | 211 | 3,370 | 6,331,462 | 3,035,402 |

003478

Gulf Coast Asphalt Company
Consolidated Balance Sheet
April 30, 2017

| | Gulf Coast Asphalt Co | GCAC Holdings LLC | Gulf Crude Gathering | AG Bullet | Eliminate | Consolidated |
|---|---|---|---|---|---|---|
| **Assets** | | | | | | |
| **Current Assets** | | | | | | |
| Cash | 47,307 | | 211 | 5 | | 47,523 |
| Accounts Receivable Trade | 1,216,279 | | | 3,365 | | 1,219,644 |
| Accounts Receivable Trade Accrued | | | | | | 0 |
| Accounts Receivable Other | | | | | | 0 |
| Accounts Receivable Employees | 429,758 | | | | | 429,758 |
| Accounts Receivable Trifinery Inc | -54,144 | | | | | -54,144 |
| Accrued Interest Receivable | 34,733 | | | | | 34,733 |
| Due From Shareholders | 86,696 | | | | | 86,696 |
| Prepaid | 7,969 | | | | | 7,969 |
| Total Current Assets | 1,768,598 | 0 | 211 | 3,370 | | 1,772,179 |
| | | | | | | |
| **Property Plant and Equipment** | 0 | | | | | 0 |
| Accumulated Depreciation | | | | | | 0 |
| Net Property Plant & Equipment | 0 | 0 | | | | 0 |
| | | | | | | |
| **Other Assets** | | | | | | |
| Deposits & Bonds | 112,000 | | | | | 112,000 |
| Investments in Arc Terminals | 930,726 | | | | | 930,726 |
| Investments/Loan GCAC Holdings | 4,183,753 | | | | 4,183,753 | 0 |
| Investment Gulf Coast Crude | 2,109,878 | | | | 2,109,878 | 0 |
| Investment AJ Bullet | 37,831 | | | | 37,831 | 0 |
| Goodwill | 350,000 | | | | | 350,000 |
| Total Other Assets | 7,724,188 | 0 | | | 6,331,462 | 1,392,726 |
| | | | | | | |
| **Total Assets** | 9,492,786 | 0 | 211 | 3,370 | 6,331,462 | 3,164,905 |
| | | | | | | |
| **Liabilities and Equity** | | | | | | |
| **Current Liabilities** | | | | | | |
| Accounts Payable Trade | 2,159,294 | | 79,310 | 745 | | 2,239,349 |
| Accounts Payable Accrued | 487,603 | | 1,000,000 | | | 1,487,603 |
| Accounts Payable Interest | | | | | | 0 |
| Deferred Credit | 210,685 | | | | | 210,685 |
| Prepaid Sales | | | 1,547,409 | | | 1,547,409 |
| Accounts Payable Product | | | | | | 0 |
| Total Current Liabilities | 2,857,582 | 0 | 2,626,719 | 745 | | 5,485,046 |
| | | | | | | |
| **Long Term Debt** | | | | | | |
| Member Shareholder Loan | 564,332 | 4,183,753 | 2,109,878 | 37,831 | 6,331,462 | 564,332 |
| Total Long Term Debt | 564,332 | 4,183,753 | 2,109,878 | 37,831 | 6,331,462 | 564,332 |
| | | | | | | |
| **Total Liabilities** | 3,421,914 | 4,183,753 | 4,736,597 | 38,576 | 6,331,462 | 6,049,378 |
| | | | | | | |
| **Members' Equity** | | | | | | |
| Retained Earnings | 8,605,845 | -4,183,753 | -4,735,311 | -30,792 | | -344,011 |
| Net Income | -2,534,973 | | -1,075 | -4,414 | | -2,540,462 |
| Distributions | | | | | | 0 |
| Total Members' Equity | 6,070,872 | -4,183,753 | -4,736,386 | -35,206 | | -2,884,473 |
| | | | | | | |
| **Total Liabilities & Equity** | 9,492,786 | 0 | 211 | 3,370 | 6,331,462 | 3,164,905 |

Gulf Coast Asphalt Company
Consolidated Balance Sheet
May 31, 2017

| | Gulf Coast Asphalt Co | GCAC Holdings LLC | Gulf Crude Gathering | AG Bullet | Eliminate | Consolidated |
|---|---|---|---|---|---|---|
| **Assets** | | | | | | |
| **Current Assets** | | | | | | |
| Cash | 252,006 | | 211 | 5 | | 252,222 |
| Accounts Receivable Trade | 904,548 | | | 3,365 | | 907,913 |
| Accounts Receivable Trade Accrued | | | | | | 0 |
| Accounts Receivable Other | | | | | | 0 |
| Accounts Receivable Employees | 429,915 | | | | | 429,915 |
| Accounts Receivable Trifinery Inc | -54,144 | | | | | -54,144 |
| Accrued Interest Receivable | 43,417 | | | | | 43,417 |
| Due From Shareholders | 86,696 | | | | | 86,696 |
| Prepaid | 8,688 | | | | | 8,688 |
| Total Current Assets | 1,671,126 | 0 | 211 | 3,370 | | 1,674,707 |
| | | | | | | |
| **Property Plant and Equipment** | 0 | | | | | 0 |
| Accumulated Depreciation | | | | | | 0 |
| Net Property Plant & Equipment | 0 | 0 | | | | 0 |
| | | | | | | |
| **Other Assets** | | | | | | |
| Deposits & Bonds | 112,000 | | | | | 112,000 |
| Investments in Arc Terminals | 930,726 | | | | | 930,726 |
| Investments/Loan GCAC Holdings | 4,183,753 | | | | 4,183,753 | 0 |
| Investment Gulf Coast Crude | 2,109,878 | | | | 2,109,878 | 0 |
| Investment AJ Bullet | 37,831 | | | | 37,831 | 0 |
| Goodwill | 350,000 | | | | | 350,000 |
| Total Other Assets | 7,724,188 | 0 | | | 6,331,462 | 1,392,726 |
| | | | | | | |
| **Total Assets** | 9,395,314 | 0 | 211 | 3,370 | 6,331,462 | 3,067,433 |
| | | | | | | |
| **Liabilities and Equity** | | | | | | |
| **Current Liabilities** | | | | | | |
| Accounts Payable Trade | 2,635,520 | | 79,310 | 745 | | 2,715,575 |
| Accounts Payable Accrued | 166,991 | | 1,000,000 | | | 1,166,991 |
| Accounts Payable Interest | | | | | | 0 |
| Deferred Credit | 210,685 | | | | | 210,685 |
| Prepaid Sales | | | 1,547,409 | | | 1,547,409 |
| Accounts Payable Product | | | | | | 0 |
| Total Current Liabilities | 3,013,196 | 0 | 2,626,719 | 745 | | 5,640,660 |
| | | | | | | |
| **Long Term Debt** | | | | | | |
| Member Shareholder Loan | 814,332 | 4,183,753 | 2,109,878 | 37,831 | 6,331,462 | 814,332 |
| Total Long Term Debt | 814,332 | 4,183,753 | 2,109,878 | 37,831 | 6,331,462 | 814,332 |
| | | | | | | |
| **Total Liabilities** | 3,827,528 | 4,183,753 | 4,736,597 | 38,576 | 6,331,462 | 6,454,992 |
| | | | | | | |
| **Members' Equity** | | | | | | |
| Retained Earnings | 8,605,845 | -4,183,753 | -4,735,311 | -30,792 | | -344,011 |
| Net Income | -3,038,059 | | -1,075 | -4,414 | | -3,043,548 |
| Distributions | | | | | | 0 |
| Total Members' Equity | 5,567,786 | -4,183,753 | -4,736,386 | -35,206 | | -3,387,559 |
| | | | | | | |
| **Total Liabilities & Equity** | 9,395,314 | 0 | 211 | 3,370 | 6,331,462 | 3,067,433 |

Gulf Coast Asphalt Company
Consolidated Balance Sheet
June 30, 2017

| | Gulf Coast Asphalt Co | GCAC Holdings LLC | Gulf Crude Gathering | AG Bullet | Eliminate | Consolidated |
|---|---|---|---|---|---|---|
| **Assets** | | | | | | |
| **Current Assets** | | | | | | |
| Cash | -79,975 | | 17,838 | 5 | | -62,132 |
| Accounts Receivable Trade | 1,233,304 | | | 6,036 | | 1,239,340 |
| Accounts Receivable Trade Accrued | 246,940 | | | | | 246,940 |
| Accounts Receivable Other | | | | | | 0 |
| Accounts Receivable Employees | 429,915 | | | | | 429,915 |
| Accounts Receivable Trifinery Inc | -54,144 | | | | | -54,144 |
| Accrued Interest Receivable | 52,100 | | | | | 52,100 |
| Due From Shareholders | 86,696 | | | | | 86,696 |
| Prepaid | 7,698 | | | | | 7,698 |
| Total Current Assets | 1,922,534 | 0 | 17,838 | 6,041 | | 1,946,413 |
| | | | | | | |
| **Property Plant and Equipment** | 0 | | | | | 0 |
| Accumulated Depreciation | | | | | | 0 |
| Net Property Plant & Equipment | 0 | 0 | | | | 0 |
| | | | | | | |
| **Other Assets** | | | | | | |
| Deposits & Bonds | 112,000 | | | | | 112,000 |
| Investments in Arc Terminals | 930,726 | | | | | 930,726 |
| Investments/Loan GCAC Holdings | 4,183,753 | | | | 4,183,753 | 0 |
| Investment Gulf Coast Crude | 2,430,117 | | | | 2,430,117 | 0 |
| Investment AJ Bullet | 37,831 | | | | 37,831 | 0 |
| Goodwill | 350,000 | | | | | 350,000 |
| Total Other Assets | 8,044,427 | 0 | | | 6,651,701 | 1,392,726 |
| | | | | | | |
| **Total Assets** | 9,966,961 | 0 | 17,838 | 6,041 | 6,651,701 | 3,339,139 |
| | | | | | | |
| **Liabilities and Equity** | | | | | | |
| **Current Liabilities** | | | | | | |
| Accounts Payable Trade | 2,898,804 | | 341,055 | 1,573 | | 3,241,432 |
| Accounts Payable Accrued | 258,190 | | 699,659 | | | 957,849 |
| Accounts Payable Interest | | | | | | 0 |
| Deferred Credit | 210,685 | | | | | 210,685 |
| Prepaid Sales | | | 1,547,409 | | | 1,547,409 |
| Accounts Payable Product | | | | | | 0 |
| Total Current Liabilities | 3,367,679 | 0 | 2,588,123 | 1,573 | | 5,957,375 |
| | | | | | | |
| **Long Term Debt** | | | | | | |
| Member Shareholder Loan | 1,039,332 | 4,183,753 | 2,430,117 | 37,831 | 6,651,701 | 1,039,332 |
| Total Long Term Debt | 1,039,332 | 4,183,753 | 2,430,117 | 37,831 | 6,651,701 | 1,039,332 |
| | | | | | | |
| **Total Liabilities** | 4,407,011 | 4,183,753 | 5,018,240 | 39,404 | 6,651,701 | 6,996,707 |
| | | | | | | |
| **Members' Equity** | | | | | | |
| Retained Earnings | 8,605,845 | -4,183,753 | -4,735,311 | -30,792 | | -344,011 |
| Net Income | -3,045,895 | | -265,091 | -2,571 | | -3,313,557 |
| Distributions | | | | | | 0 |
| Total Members' Equity | 5,559,950 | -4,183,753 | -5,000,402 | -33,363 | | -3,657,568 |
| | | | | | | |
| **Total Liabilities & Equity** | 9,966,961 | 0 | 17,838 | 6,041 | 6,651,701 | 3,339,139 |

003481

Gulf Coast Asphalt Company
Consolidated Balance Sheet
December 31, 2017

| | Gulf Coast Asphalt Co | GCAC Holdings LLC | Gulf Crude Gathering | AG Bullet | Eliminate | Consolidated |
|---|---|---|---|---|---|---|
| **Assets** | | | | | | |
| **Current Assets** | | | | | | |
| Cash | 4,623,136 | | 168 | 5 | | 4,623,309 |
| Accounts Receivable Trade | 712,898 | | | 6,331 | | 719,229 |
| Accounts Receivable Trade Accrued | 7,855,784 | | | | | 7,855,784 |
| Accounts Receivable Other | | | | | | 0 |
| Accounts Receivable Employees | 392,946 | | | | | 392,946 |
| Accounts Receivable Trifinery Inc | -54,144 | | | | | -54,144 |
| Accrued Interest Receivable | | | | | | 0 |
| Due From Shareholders | 2,998,569 | | | | | 2,998,569 |
| Prepaid | 6,995 | | | | | 6,995 |
| Total Current Assets | 16,536,184 | 0 | 168 | 6,336 | | 16,542,688 |
| | | | | | | |
| **Property Plant and Equipment** | 0 | | | | | 0 |
| Accumulated Depreciation | | | | | | 0 |
| Net Property Plant & Equipment | 0 | 0 | | | | 0 |
| | | | | | | |
| **Other Assets** | | | | | | |
| Deposits & Bonds | 32,000 | | | | | 32,000 |
| Investments in Arc Terminals | | | | | | 0 |
| Investments/Loan GCAC Holdings | 4,183,753 | | | | | 4,183,753 |
| Investment Gulf Coast Crude | 2,437,087 | | | | | 2,437,087 |
| Investment AJ Bullet | 39,347 | | | | | 39,347 |
| Deferred Debit | | | | | | 0 |
| Goodwill | 300,000 | | | | | 300,000 |
| Total Other Assets | 6,992,187 | 0 | | | 0 | 6,992,187 |
| | | | | | | |
| **Total Assets** | 23,528,371 | 0 | 168 | 6,336 | 0 | 23,534,875 |
| | | | | | | |
| **Liabilities and Equity** | | | | | | |
| **Current Liabilities** | | | | | | |
| Accounts Payable Trade | 1,479,963 | | 342,315 | 745 | | 1,823,023 |
| Accounts Payable Accrued | 8,934,401 | | 699,659 | | | 9,634,060 |
| Accounts Payable Contingent Liability | 14,866,973 | | | | | 14,866,973 |
| Deferred Credit | | | | | | |
| Prepaid Sales | | | 1,547,409 | | | 1,547,409 |
| Accounts Payable Product | | | | | | 0 |
| Total Current Liabilities | 25,281,337 | 0 | 2,589,383 | 745 | | 27,871,465 |
| | | | | | | |
| **Long Term Debt** | | | | | | |
| Member Shareholder Loan | 240,000 | 4,183,753 | 2,437,087 | 39,347 | | 6,900,187 |
| Total Long Term Debt | 240,000 | 4,183,753 | 2,437,087 | 39,347 | 0 | 6,900,187 |
| | | | | | | |
| **Total Liabilities** | 25,521,337 | 4,183,753 | 5,026,470 | 40,092 | 0 | 34,771,652 |
| | | | | | | |
| **Members' Equity** | | | | | | |
| Retained Earnings | 8,605,845 | -4,183,753 | -4,735,311 | -30,792 | | -344,011 |
| Net Income | -10,598,811 | | -290,991 | -2,964 | | -10,892,766 |
| Distributions | | | | | | 0 |
| Total Members' Equity | -1,992,966 | -4,183,753 | -5,026,302 | -33,756 | | -11,236,777 |
| | | | | | | |
| **Total Liabilities & Equity** | 23,528,371 | 0 | 168 | 6,336 | 0 | 23,534,875 |

Gulf Coast Asphalt Company
Consolidated Balance Sheet
December 31, 2018

| | Gulf Coast Asphalt Co | GCAC Holdings LLC | Gulf Crude Gathering | AG Bullet | Eliminate | Consolidated |
|---|---|---|---|---|---|---|
| **Assets** | | | | | | |
| **Current Assets** | | | | | | |
| Cash | 133,804 | | 168 | 6,041 | | 140,013 |
| Accounts Receivable Trade | 1,302,806 | | | | | 1,302,806 |
| Accounts Receivable Trade Accrued | 500,000 | | | | | 500,000 |
| Accounts Receivable Employees | 328,546 | | | | | 328,546 |
| Accounts Receivable Trifinery Inc | 87,641 | | | | | 87,641 |
| Due From Shareholders | 6,246,338 | | | | | 6,246,338 |
| Prepaid | 29,142 | | | | | 29,142 |
| Total Current Assets | 8,628,277 | 0 | 168 | 6,041 | | 8,634,486 |
| | | | | | | |
| **Property Plant and Equipment** | 0 | | | | | 0 |
| Accumulated Depreciation | | | | | | 0 |
| Net Property Plant & Equipment | 0 | 0 | | | | 0 |
| | | | | | | |
| **Other Assets** | | | | | | |
| Deposits & Bonds | 107,000 | | | | | 107,000 |
| Due from Hermosa Energy | 60 | | | | | 60 |
| Investments/Loan GCAC Holdings | 4,183,753 | | | | 4,183,753 | 0 |
| Investment Gulf Coast Crude | 2,437,087 | | | | 2,437,087 | 0 |
| Investment AJ Bullet | 58,973 | | | | 58,973 | 0 |
| Deferred Debit | | | | | | 0 |
| Goodwill | 250,000 | | | | | 250,000 |
| Total Other Assets | 7,036,873 | 0 | | | 6,679,813 | 357,060 |
| | | | | | | |
| **Total Assets** | 15,665,150 | 0 | 168 | 6,041 | 6,679,813 | 8,991,546 |
| | | | | | | |
| **Liabilities and Equity** | | | | | | |
| **Current Liabilities** | | | | | | |
| Accounts Payable Trade | 2,085,541 | | 342,315 | | | 2,427,856 |
| Accounts Payable Accrued | 605,296 | | 699,659 | | | 1,304,955 |
| Accounts Payable Contingent Liability | 14,866,973 | | | | | 14,866,973 |
| Deferred Credit | | | | | | 0 |
| Prepaid Sales | | | 1,547,409 | | | 1,547,409 |
| Accounts Payable Product | | | | | | 0 |
| Total Current Liabilities | 17,557,810 | 0 | 2,589,383 | 0 | | 20,147,193 |
| | | | | | | |
| **Long Term Debt** | | | | | | |
| Member Shareholder Loan | 240,000 | 4,183,753 | 2,437,087 | 58,973 | 6,679,813 | 240,000 |
| Total Long Term Debt | 240,000 | 4,183,753 | 2,437,087 | 58,973 | 6,679,813 | 240,000 |
| | | | | | | |
| **Total Liabilities** | 17,797,810 | 4,183,753 | 5,026,470 | 58,973 | 6,679,813 | 20,387,193 |
| | | | | | | |
| **Members' Equity** | | | | | | |
| Retained Earnings | -1,992,966 | -4,183,753 | -5,026,302 | -33,755 | | -11,236,776 |
| Net Income | -139,694 | | | -19,177 | | -158,871 |
| Distributions | | | | | | 0 |
| Total Members' Equity | -2,132,660 | -4,183,753 | -5,026,302 | -52,932 | | -11,395,647 |
| | | | | | | |
| **Total Liabilities & Equity** | 15,665,150 | 0 | 168 | 6,041 | 6,679,813 | 8,991,546 |



VITOL EXHIBIT

81-181

Adv. No.: 21-06006 8/30/2022

Gulf Coast Asphalt Company
Consolidated Income Statement
2018

| | GCAC | GCAC Holdings | GCAC Crude Gathering | AG Bullet | Total |
|---|---|---|---|---|---|
| **Revenues** | | | | | |
| Trading Sales | 16,211,190 | | | | 16,211,190 |
| Joint Venture Profits | 2,949,787 | | | | 2,949,787 |
| Asphalt Truck Rack | 10,841,125 | | | | 10,841,125 |
| Interest Income | | | | | 0 |
| Gain on Sale of Asset | | | | | 0 |
| Misc Income | 500,000 | | | | 500,000 |
| Net Revenues | 30,502,102 | | | | 30,502,102 |
| | | | | | |
| **Cost of Sales** | | | | | |
| Freight Expense Ship/Barge | 1,217,924 | | | | 1,217,924 |
| Freight Expense Trucks | | | | | 0 |
| Purchases Trading & Blending | 12,562,836 | | | | 12,562,836 |
| Purchase Polymers | 51,743 | | | | 51,743 |
| Purchases Asphalts | 10,717,671 | | | | 10,717,671 |
| Purchases VTB'S | | | | | 0 |
| Total Cost of Sales | 24,550,174 | | | | 24,550,174 |
| | | | | | |
| Gross Profit | 5,951,928 | | | | 5,951,928 |
| | | | | | |
| **Operating Expenses** | | | | | |
| Insurance - Other | 78,651 | | | | 78,651 |
| Dock Watch | 13,106 | | | | 13,106 |
| Inspection /Analysis Expense Mobile | 21,243 | | | | 21,243 |
| Inspection /Analysis Expense Corpus | 28,276 | | | | 28,276 |
| Lab Expense | 26,988 | | | | 26,988 |
| Natural Gas | 2,598 | | | | 2,598 |
| Tank Expense Mobile | 649,537 | | | | 649,537 |
| Tank Expense Corpus | | | | | 0 |
| Take or Pay Corpus | | | | | 0 |
| Total Operating Expenses | 820,399 | | | | 820,399 |
| | | | | | |
| **General & Administrative Expenses** | | | | | |
| Salaries and Wages | 2,641,805 | | | | 2,641,805 |
| Salaries Bonuses | 505,507 | | | | 505,507 |
| 401K Company Contribution | 67,138 | | | | 67,138 |
| Payroll Taxes | 125,208 | | | | 125,208 |
| Insurance - Health G&A | 334,671 | | | | 334,671 |
| Insurance-Group Term Life | 24,019 | | | | 24,019 |
| Insurance Other | | | | 6,973 | 6,973 |
| Auto Expense | 58,164 | | | 12,949 | 71,113 |
| Business Promotion | 47,041 | | | | 47,041 |
| Bad Debt | | | | | |
| Bank Fees | 8,982 | | | | 8,982 |
| Commissions | | | | | |
| Depreciation | | | | | |

VITOL EXHIBIT

81-190

Adv. No.: 21-06006 8/30/2022

| | | | | |
|---|---|---|---|---|
| Donations | 8,024 | | | 8,024 |
| Dues & Subscriptions | 65,338 | | | 65,338 |
| Goodwill Amortization | 50,000 | | | 50,000 |
| Interest Expense | 1,323 | | | 1,323 |
| Licenses, Fees & Permits | 1,595 | | | 1,595 |
| Office Supplies and Expense | 33,889 | | | 33,889 |
| Computer Expense | 7,454 | | | 7,454 |
| Postage | 57 | | | 57 |
| Professional Services | 681,129 | | | 681,129 |
| Outside Services | 7,412 | | | 7,412 |
| Rental | 201,989 | | | 201,989 |
| Sundry | 15,582 | | | 15,582 |
| Taxes Other | 4,418 | | -745 | 3,673 |
| Telephone | 26,940 | | | 26,940 |
| Travel & Lodging | 255,240 | | | 255,240 |
| Meals & Entertainment | 98,298 | | | 98,298 |
| Total General & Administrative Expenses | 5,271,223 | | 19,177 | 5,290,400 |

**Other Income (Expense)**

| | | | | |
|---|---|---|---|---|
| Prior Year Adjustment | | | | |
| Unrealized Gain(Loss) on Asset | | | | |
| Total Other Income (Expense) | 0 | | | 0 |
| | | | | |
| Income Before Taxes | -139,694 | 0 | 0 | -19,177 | -158,871 |

003485

S-17-5120CV-C

CAUSE NO. _____

| | | |
|---|---|---|
| **SUPERIOR CRUDE GATHERING, INC.,** Plaintiff, | § § § | **IN THE DISTRICT COURT** San Patricio County - 343rd District Court |
| **vs.** | § § | _____JUDICIAL DISTRICT |
| **GULF COAST CRUDE GATHERING & MARKETING, LLC, GULF COAST ASPHALT COMPANY, LLC and ARTHUR J. BRASS,** Defendants. | § § § § § | **SAN PATRICIO COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SUPERIOR CRUDE GATHERING, INC, Plaintiff and complains of GULF COAST CRUDE GATHERING & MARKETING, LLC, GULF COAST ASPHALT COMPANY, LLC and ARTHUR J. BRASS in his individual capacity, Defendants, and for cause of action would show the Court the following:

**I.**

<u>**DISCOVERY CONTROL PLAN**</u>

Plaintiff intends to conduct a level 2 Discovery Control Plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

**II.**

<u>**PARTIES**</u>

SUPERIOR CRUDE GATHERING, INC. (hereinafter "SUPERIOR"), is a Texas corporation with its primary place of business located at 600 Leopard Street, Suite 2100E, Corpus Christi, Texas 78401

1



Filed 2/10/2017 3:50:05 PM
Laura M. Miller
District Clerk
San Patricio County, Texas

003486

Defendant, GULF COAST CRUDE GATHERING & MARKETING, LLC (hereinafter "GULF COAST CRUDE"), is a Texas limited liability company.   The Managing Member of GULF COAST CRUDE is GULF COAST ASPHALT COMPANY, LLC (hereinafter "GULF COAST ASPHALT") which is an Alabama limited liability company licensed to do business in the State of Texas.   Both GULF COAST CRUDE and GULF COAST ASPHALT can be served with citation through their registered agent, James David Hubenak, at 11 Greenway Plaza, Suite 2950, Houston, Texas 77046 or wherever he may be found.

Defendant, ARTHUR J. BRASS (hereinafter "BRASS"), is a Texas resident who may be served at 11 Greenway Plaza, Suite 2950, Houston, Texas 77046 or wherever he may be found.

### III.
### VENUE

Venue is proper in San Patricio County, Texas, where the property sold and delivered pursuant to the transactions which are the subject of this lawsuit was located.

### IV.
### PREREQUISITES MET

All statutory, administrative and common law prerequisites for the initiation and prosecution of claims asserted by Plaintiff, SUPERIOR, have been fully met and complied with by SUPERIOR.   All conditions precedent have been performed or have occurred to entitle Plaintiff to judgment against Defendants as herein requested.

### V.
### RELEVANT FACTS

At all times relevant to the transactions described below, Plaintiff, SUPERIOR, and Defendant, GULF COAST CRUDE, shared a crude oil tank farm located in Ingleside, San Patricio County, Texas (the "Ingleside Facility").   In connection with their cooperative use of this facility,

2

003487

Plaintiff, SUPERIOR, and Defendant, GULF COAST CRUDE, entered into the following transactions:

Transaction 1:  On December 19, 2014, Plaintiff, SUPERIOR, transferred to Defendant, GULF COAST CRUDE, the sum of $3,100,000.00 by bank wire transfer.  These monies represented a short term loan in connection with a buy/sell transfer of crude oil.

Transaction 2:  On January 21, 2015, Defendant, GULF COAST CRUDE, transferred to Plaintiff, SUPERIOR, the sum of $2,700,000.00 by bank wire transfer in partial repayment of the original loan.

Transaction 3:  Also on January 21, 2015, Plaintiff, SUPERIOR, transferred to Defendant, GULF COAST CRUDE, the additional sum of $1,000,000.00 by bank wire transfer.  These monies represented an additional loan in connection with a buy/sell transfer of crude oil.

Transaction 4:  On January 23, 2015, Plaintiff, SUPERIOR, transferred to Defendant, GULF COAST CRUDE, the additional sum of $2,550,000.00 by bank wire transfer.  These monies represented yet another loan in connection with another buy/sell transfer of crude oil.

Transaction 5:  On February 20, 2015, Defendant, GULF COAST CRUDE, transferred to Plaintiff, SUPERIOR, the sum of $480,211.64 by bank wire transfer to reduce the balance of the several loans from SUPERIOR.

Transaction 6:  Also on February 20, 2015, Defendant, GULF COAST CRUDE, transferred to Plaintiff, SUPERIOR, the additional sum of $550,000.00 by bank wire transfer to further reduce the balance of the several loans from SUPERIOR.

Transaction 7:  On April 6, 2015, a third party, Crest, paid to Plaintiff, SUPERIOR, the sum of $188,745.84 relating to the delivery by Defendant, GULF COAST CRUDE, of crude oil to Crest's barge.

Transaction 8:  In September of 2015, Plaintiff, SUPERIOR, obtained the permission of Defendant, GULF COAST CRUDE, to sell 26,000 barrels of crude oil owned by said Defendant and stored at the Ingleside Facility.   The proceeds from this sale totaled $1,201,200.00 which was credited by Plaintiff, SUPERIOR, to reduce the loan balance.

As of the date of the filing of this petition, all sums due and payable by Defendant, GULF COAST CRUDE, have not been received by Plaintiff, SUPERIOR.  Allowing for all lawful setoffs and credits, the amount which is due and owing from Defendant, GULF COAST CRUDE

003488

totals $1,831,799.67. An accounting of the method used to calculate the amount due has been submitted to the Defendants, GULF COAST CRUDE and BRASS and said accounting has not been challenged by said Defendants. As a result of the foregoing, Plaintiff, SUPERIOR, contends it is entitled to recovery for breach of contract, quantum meruit, fraud, and misrepresentation.

## VI.
## BREACH OF ORAL CONTRACT

Plaintiff incorporates all of the factual allegations of the preceding paragraphs for this cause of action. Without waiving any of the foregoing, Plaintiff now brings this action to recover against Defendant, GULF COAST CRUDE for its breach of an oral contract.

Plaintiff and Defendant GULF COAST CRUDE never entered into a formal contract but rather Jeff Kirby, the president of Plaintiff SUPERIOR met with Defendant, ARTHUR J. BRASS President of Defendant, GULF COAST ASPHALT which is the managing member of GULF COAST CRUDE and agreed to certain terms.

The breach of this oral contract resulted in Plaintiff incurring economic damages resulting from the breach of contract as detailed above. As a direct and *proximate* result of the Defendants' conduct, the Plaintiff has been damaged in excess of the minimum jurisdictional limits of this Court, for which it now sues.

## VII.
## QUANTUM MERUIT CAUSE OF ACTION

Alternatively, Plaintiff alleges that it provided the cash funding to Defendants for the purchase/sell transactions. The Defendants accepted, used and enjoyed these funds with actual or constructive knowledge that Plaintiff expected Defendants to pay these funds back to Plaintiff. Plaintiff is entitled to recover these funds.

Attempts were made to collect the sums due from GULF COAST CRUDE and ARTHUR

003489

J. BRASS. As of the date of the filing of this petition, Defendants GULF COAST CRUDE and/or ARTHUR J. BRASS have failed to pay Plaintiff, SUPERIOR, for the funds advanced.   Plaintiff SUPERIOR made several demands for repayment of this loan through e-mail and by a letter from its attorney.

## VIII.
## FRAUD

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action and would further show that the actions of Defendants, Defendant GULF COAST CRUDE and ARTHUR J. BRASS as described above constitute actual fraud. This fraud was perpetrated on Plaintiff through the misrepresentations and false statements of Defendant ARTHUR J. BRASS who schemed to obtain these monies from Plaintiff knowing that his statements were false. Plaintiff would show that actual fraud requires the following:

1    that a material representation was made;

2    that it was false;

3    that when the speaker made it, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;

4    that the speaker made it with the intent that it should be acted upon by the parties;

5    that the party acted in reliance upon it; and,

6    that the Plaintiff thereby suffered injury.

Plaintiff would show that the actions of Defendants, GULF COAST CRUDE and ARTHUR J. BRASS constitute actual fraud in that Plaintiff, SUPERIOR CRUDE GATHERING, INC., submitted requests for repayment and failed to receive repayment for the funds advanced by the Plaintiff. The Defendants failed to make full or even partial repayment of the funds advanced which has caused damages to the Plaintiff in amounts in excess of the minimum jurisdictional limits of this Court.

003490

## IX.
## ATTORNEY FEES

Plaintiff re-alleges and incorporates herein by reference, as though set forth in their entirety, the allegations contained above.

As a result of the refusal and failure of Defendants to resolve this claim, Plaintiff has been required to retain legal counsel to institute and prosecute this action. By reason of the facts shown above, Plaintiff is entitled to recover its reasonable costs and attorneys' fees against the Defendants in an amount of at least $5,000.00 as of the date of the filing of this Petition.

Additionally, Plaintiff prays for recovery of reasonable and necessary attorneys' fees for all post trial work in this case, including but not limited to, Motion for New Trial and hearing thereof, appeals to any Courts of Appeal, appeals to the Supreme Court of Texas, argument before the Supreme Court of Texas and post judgment collection of any judgment rendered in Plaintiffs favor.

## X.
## DAMAGES

Plaintiff sues for the economic and actual damages as a result of the actions and/or omissions of the Defendants described in paragraphs IV. through VII. above. As a result of the actions by the Defendants. Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff would pray that citation be issued and served upon Defendants and that upon final hearing and trial, the Plaintiff be granted relief requested herein including:

1. Actual damages in excess of the minimum jurisdictional limits of this Court;
2. Exemplary damages if Plaintiff's relief is based, in whole or in part, upon the allegations of fraud as plead in Article VII above.

6

003491

3. Pre-judgment interest as allowed by law;
4. Reasonable attorney fees as proven before the Court;  -
5. Post-judgment interest as allowed by law; and
6. Such other and farther relief to winch this Plaintiff may be justly entitled.


Respectfully submitted.


James S. Vreeland
State Bar # 20625200
P.O. Box 2603
Corpus Christi, Texas 78403-2603
(361) 548-6790
Fax: (361) 882-1808
e-mail: jim@jsvreelandlaw.com

ATTORNEY FOR PLAINTIFF
SUPERIOR CRUDE GATHERING, INC.

7

9/12/2019 12:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36752553
By: Lisa Thomas
Filed: 9/12/2019 12:23 PM

CAUSE NO. 2018-31578

| | |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC | IN THE DISTRICT COURT OF |
| *Plaintiff* | |
| *v.* | HARRIS COUNTY, TEXAS |
| VITOL INC., | |
| *Defendant* | 295TH JUDICIAL DISTRICT |

## COUNTERCLAIMANT AND THIRD-PARTY PLAINTIFF VITOL INC.'S SECOND AMENDED COUNTERCLAIMS, THIRD-PARTY PETITION, AND APPLICATION FOR INJUNCTIVE RELIEF

Counterclaimant and third-party plaintiff Vitol Inc. ("**Vitol**") files these Second Amended Counterclaim and Third-Party Petition against plaintiff and Counter-Defendant Gulf Coast Asphalt Company, LLC ("**GCAC**") and third-party defendants Arthur J. Brass ("**Brass**") and Trifinery, Inc. ("**Trifinery**") (Brass and Trifinery collectively "**Third-Party Defendants**").

### RELIEF

1.     Counterclaimant and third-party plaintiff Vitol seeks monetary relief over $1,000,000 and non-monetary relief. Tex. R. Civ. P. 47(c)(5).

### PARTIES

2.     Vitol is a Delaware corporation with its principal place of business at 2925 Richmond Avenue, Houston, Texas 77098 and has already entered an appearance.

3.     GCAC is an Alabama corporation with its principal place of business at 1990 Post Oak Blvd., Suite 2400, Houston, Texas 77056 and has already entered an appearance.

4.     Brass is an individual residing at 2508 Pelham Drive, Houston, Texas 77019. He may be served at his residence or wherever he may be found.

Certified Document Number: 87099595 - Page 1 of 13



VITOL EXHIBIT

86

Adv. No.: 21-06006 8/30/2022

5.      Trifinery is a Texas corporation with the same principle place of business as GCAC at 1990 Post Oak Blvd., Suite 2400, Houston, Texas 77056. Trifinery may be served through its registered agent, Joseph Mattingly Jr., at 1990 Post Oak Blvd., Suite 2400, Houston, Texas 77056.

## JURISDICTION

6.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

7.      Venue is proper in Harris County because the facts giving rise to Vitol's causes of action occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). Additionally, GCAC and Trifinery's respective principal offices are in Harris County, and Brass resides in Harris County. *Id*. § 15.002(a)(2) and (3).

## SUMMARY OF RELIEF REQUESTED

### A.  Factual Background

8.      Beginning in 2017, Vitol provided millions of dollars in bridge financing, product, and hedging services to GCAC based on GCAC and Brass's representations and requests. In exchange for the bridge financing and hedging services, Brass/GCAC represented and promised that Vitol would be repaid the amounts loaned with interest.

9.      GCAC is owned 50% / 50% by two members: Trifinery and Joyce Brass, Brass's mother. Brass is the President of GCAC. Trifinery is a holding company solely owned by Brass, who is its only officer. At all relevant times, Brass exercised and still exercises complete control over GCAC and Trifinery. A former Brass associate recently raised the alarm and alerted Vitol that Brass has been using his entities to perpetrate a fraud in which Brass has illegitimately

Certified Document Number: 87099595 - Page 2 of 13

siphoned money held by his entities for his personal use. On information and belief, funds provided by or owed to Vitol have been misappropriated by Brass through his entities.

10.     Although GCAC/Brass made a few payments to Vitol in late 2017 and early 2018 pursuant to the financing arrangement and as an inducement to obtain more funds from Vitol, GCAC/Brass subsequently failed and refused to repay approximately $9 million in bridge financing and $6 million in hedging costs despite repeated demands from Vitol. The debt remains due and interest continues to accrue. During the period of time in which Brass pretended to discuss his debt with Vitol, on information and belief, Brass fraudulently transferred money from GCAC to himself, using GCAC as his own personal checkbook. This despite the fact that the money held by GCAC had been provided by Vitol and/or was owed to Vitol.

11.     GCAC, Brass, and their associates made material misrepresentations to induce Vitol to provide these millions of dollars in bridge financing, product, and hedging services. According to a former Brass associate, Brass siphoned funds from GCAC for no legitimate business purpose. On information and belief, this money was used by Brass to fund his lavish lifestyle. GCAC and Brass either knew GCAC would be unable to repay and/or had no intention to repay. The statements made to Vitol were false when made or were made recklessly without knowledge of their truth and Vitol relied on such statements to its detriment.

12.     Upon information and belief, GCAC has failed to repay Vitol because of a lack of financial resources and inability to pay its debts and obligations. Vitol's recent investigations have similarly indicated Counter-Defendant and Third-Party Defendants are insolvent or are likely to become insolvent because they are not paying their debts when due. Vitol has learned through its investigation that Vitol is not the only party aggrieved by Counter-Defendant and Third-Party Defendants' inability to pay debts timely.

Certified Document Number: 87099595 - Page 3 of 13

13.     Upon information and belief: (i) Brass has been using GCAC and Trifinery as alter egos for his own illegitimate and fraudulent purposes; (ii) GCAC, Brass, and associated entities and individuals have comingled funds and have ignored corporate distinctions; (iii) at Brass's direction through his role as President, beneficial owner, and de facto member of GCAC, GCAC has been utilized to funnel significant funds to Brass and/or and other insiders/related entities with intent to hinder, delay, or defraud GCAC's creditors, including Vitol; and (iv) the funds Brass misappropriated are traceable to transactions financed by Vitol and were used by Brass for his own direct and personal benefit and to shield GCAC's assets from collection.

**B.  Breach of Contract**

14.     Vitol incorporates by reference the factual statements set forth above.

15.     GCAC and Vitol had an agreement by which Vitol provided bridge financing, product, and hedging services to GCAC that GCAC was obligated to repay with interest.

16.     GCAC breached its agreement with Vitol by refusing to repay approximately $9 million in bridge financing and $6 million in hedging costs.

17.     Vitol has suffered damages of approximately $15 million, not including interest, which continues to accrue, and consequential damages.

**C.  Fraud**

18.     Vitol incorporates by reference the factual statements set forth above.

19.     GCAC and Brass made material misrepresentations to induce Vitol to provide millions of dollars in bridge financing, product, and hedging services that they either knew GCAC would be unable to repay and/or had no intention to repay.

20.     GCAC and Brass's statements were false when made or were made recklessly without knowledge of their truth and Vitol relied on such statements to its detriment.

Certified Document Number: 87099595 - Page 4 of 13

21.     As a result of GCAC and Brass's misrepresentations, Vitol has suffered damages in the amount of approximately $15 million. In addition to its actual damages, Vitol seeks an award of exemplary damages and the imposition of a constructive trust.

**D.  Quantum Meruit**

22.     Vitol incorporates by reference the factual statements set forth above.

23.     Vitol provided valuable bridge financing, product, and hedging services to GCAC and GCAC accepted Vitol's bridge financing, product, and hedging services. GCAC had notice that Vitol expected to be compensated for its bridge financing, product, and hedging services. Vitol is owed approximately $15 million as the reasonable value of its services.

**E.  Conversion**

24.     Vitol incorporates by reference the factual statements set forth above.

25.     Counter-Defendant and Third-Party Defendants have wrongfully exercised dominion over personal property belonging to Vitol. Vitol seeks the return of its property or payment received by Counter-Defendant and Third-Party Defendants.

**F.  Declaratory Judgment: Proposed JMA is not an Enforceable Contract**

26.     Vitol incorporates by reference the factual statements set forth above.

27.     A dispute has arisen between GCAC and Vitol concerning the Proposed JMA. Vitol requests that the Court enter a judgment declaring that the Proposed JMA is not an enforceable contract between Vitol and GCAC; or, in the alternative, that GCAC may not recover the damages its seeks under the Proposed JMA.

28.     Vitol is entitled to recover its reasonable and necessary attorney's fees in relation to the declaratory judgment sought against GCAC.

Certified Document Number: 87099595 - Page 5 of 13

5

003497

### G. Fraudulent Transfer under Chapter 24 of Texas Business & Commerce Code

29.     Vitol incorporates by reference the factual statements set forth above.

30.     GCAC is owned by two members: Trifinery, Inc., a holding company owned solely by Brass, and Joyce Brass, Brass's mother.

31.     Upon information and belief, GCAC and Brass have comingled funds.

32.     Upon information and belief, GCAC is subject to Brass's complete control. At Brass's direction, GCAC has transferred significant funds out of its accounts to Brass with intent to hinder, delay, or defraud GCAC's creditors.

33.     Upon information and belief, despite Vitol's claim for approximately $15 million, GCAC and Brass have transferred these comingled funds and/or other property with the intent to hinder, delay, and/or defraud creditors of Counter-Defendant and Third-Party Defendants, including Vitol. Brass and GCAC are insiders and affiliates of one another, and transfers have been made amongst those insiders and affiliates after Vitol's claims arose against GCAC. In other words, Brass transferred the funds and/or property with the intent of preventing Vitol from collecting amounts owed by Counter-Defendant and Third-Party Defendants.

34.     Upon information and belief, Counter-Defendant and Third-Party Defendants are insolvent because they are not paying their debts when due. Vitol has learned through its investigation that Vitol is not the only party aggrieved by Counter-Defendant and Third-Party Defendants' inability to pay debts timely.

35.     As a result of Counter-Defendant and Third-Party Defendants' fraudulent transfer, Vitol has suffered damages.

Certified Document Number: 87099595 - Page 6 of 13

6

36.     Vitol seeks to avoid all fraudulent transfers between GCAC, Brass, Trifinery, Joyce Brass, and other related persons/entities to the extent necessary to satisfy Vitol's claims.

37.     Vitol is entitled to recover costs and reasonable and necessary attorney's fees under Section 24.013 of the Texas Business & Commerce Code.

## H.  Unjust Enrichment

38.     Vitol incorporates by reference the factual statements set forth above.

39.     Counter-Defendant and Third-Party Defendants have been unjustly enriched in the amount of approximately $15 million by uncompensated bridge financing, product, and hedging services provided by Vitol. Equity demands that this amount be repaid to Vitol by Counter-Defendant and Third-Party Defendants. Vitol also seeks a constructive trust on any funds and/or proceeds still held by Counter-Defendant and Third-Party Defendants.

## I.  Attorney's Fees

40.     Vitol incorporates by reference the factual statements set forth above.

41.     As a result of GCAC's breach of contract, Vitol has incurred and continues to incur reasonable and necessary attorneys' fees.

42.     Vitol is entitled to recover its reasonable and necessary attorneys' fees from GCAC under Tex. Civ. Prac. & Rem. Code 38.001.

43.     Vitol is also entitled to recover costs and reasonable and necessary attorney's fees from Counter-Defendant and Third-Party Defendants under Section 24.013 of the Texas Business & Commerce Code and the Texas Declaratory Judgment Act.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTIONS

44.     Vitol incorporates by reference the factual statements set forth above.

Certified Document Number: 87099595 - Page 7 of 13

45.     Based upon the above-described facts, Vitol seeks a temporary restraining order and temporary injunction: (1) preventing GCAC from transferring property or making distributions to its members, Brass, or other related insiders/entities until after the resolution of this litigation, and (2) preventing Brass from transferring his property, by sale or otherwise, including his real property located in or around Hockley, Texas and all proceeds from any sale or transfer of that real property, unless and until Brass can establish that the funds used to purchase, pay for, or renovate such property are not traceable to Vitol. Vitol is entitled to recover the approximately $15 million of value it provided Counter-Defendant and Third-Party Defendants, and given the apparent insolvency of Counter-Defendant and Third-Party Defendants, an injunction is necessary to prevent the dissipation of Counter-Defendant and Third-Party Defendants remaining assets to frustrate collection.

46.     Section 24.008(a)(3)(A) of Tex. Bus. & Comm. Code allows creditors to obtain injunctive relief against further disposition by the debtor or a transferee, or both, of the assets transferred or of other property. *Sargent v. Al Saleh*, 512 S.W.3d 399 (Tex. App.—Corpus Christi 2016, no pet.) (citing Tex. Bus. & Comm. Code § 24.008(a)(3)(A)).

47.     Section 65.011 of the Texas Civil Practice and Remedies Code allows a court to issue an injunction when a party performs or is about to perform an act relating to the subject of pending litigation and the act would tend to render the judgment in that litigation ineffectual, or if irreparable injury to real or personal property is threatened irrespective of any remedy at law.

48.     To obtain injunctive relief, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co*., 84 S.W.3d 198, 204 (Tex. 2002). As the Texas Supreme Court has recognized, "[t]he purpose of a TRO is to preserve the status quo"

Certified Document Number: 87099595 - Page 8 of 13

pending the Court's more considered evaluation of the need for temporary injunctive relief. *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). Further, an applicant for a temporary injunction does not have an adequate remedy at law if the non-movant party is insolvent. *Surko Enters. v. Borg-Warner Acceptance Corp*., 782 S.W.2d 223, 225 (Tex. App.—Houston [1st Dist.] 1989, no writ)).

49.     Vitol has multiple causes of action against Counter-Defendant and Third-Party Defendants as described above and it is probable Vitol will recover in this matter. Vitol provided Counter-Defendant and Third-Party Defendants with millions of dollars of bridge financing, physical product, and hedging services, approximately $15 million of which has not been repaid. Counter-Defendant and Third-Party Defendants made multiple payments to Vitol in late 2017 and early 2018 in recognition of their obligation to repay Vitol. Vitol has kept extensive records of such transactions and has provided these to Counter-Defendant and Third-Party Defendants, who still refuse to pay.

50.     Previous discussions indicate that the reason for Counter-Defendant and Third-Party Defendants' failure to repay Vitol is the lack of financial wherewithal and inability to pay their debts and obligations. Upon information and belief, GCAC in particular has been unable to pay its debts when due. Vitol's recent investigations have similarly indicated Counter-Defendant and Third-Party Defendants are insolvent. Accordingly, Vitol is entitled to an injunction to prevent any further dispersal of Counter-Defendant and Third-Party Defendants' remaining assets.

51.     If an injunction is not granted, the harm to Vitol is imminent because Counter-Defendant and Third-Party Defendants will likely dispose of property and assets that rightfully belong to Vitol. Further, if GCAC is allowed to make distributions to its members, including Brass, those funds may be lost forever. Vitol has no adequate remedy at law if it cannot recover what it is owed from Counter-Defendant and Third-Party Defendants due to their insolvency.

9

Certified Document Number: 87099595 - Page 9 of 13

52.     The risk of harm to Counter-Defendant and Third-Party Defendants by granting the injunction is minimal. The injunction is temporary in nature, limited in scope, and directed specifically to halt the disposal of what does not rightfully belong to Counter-Defendant and Third-Party Defendants. Granting the injunction will not interrupt GCAC's daily operations.

53.     Vitol asks the Court to set its application for a temporary restraining order and temporary injunction for hearing and, after hearing, issue a temporary restraining order, temporary injunction against Counter-Defendant and Third-Party Defendants.

### PRAYER

Defendant Vitol Inc. respectfully requests that the Court render judgment for Vitol on its counterclaims, issues temporary injunctive relief, and that Vitol be awarded such other and further relief, both at law and equity, to which it may be justly entitled.

By: /s/ *Kenneth E. Broughton*
    Kenneth E. Broughton
    State Bar No. 03087250
    Francisco Rivero
    State Bar No. 24046725
    Michael Bernick
    State Bar No. 24078227
    811 Main, Suite 1700
    Houston, Texas 77002
    Telephone: 713.469.3800
    Facsimile:  713.469.3899
    kbroughton@reedsmith.com
    frivero@reedsmith.com
    mbernick@reedsmith.com

*Attorneys for Defendant and*
*Counterclaimant Vitol Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all known parties and counsel of record in accordance with the Texas Rules of Civil Procedure on this 12th day of September, 2019.

William P. Maines
Neil E. Giles
HALL MAINES LUGRIN, P.C.
Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas  77056-6125
wmaines@hallmaineslugrin.com
ngiles@hallmaineslugrin.com

 /s/ Kenneth E. Broughton
Kenneth E. Broughton

Certified Document Number: 87099595 - Page 11 of 13

003503

CAUSE No 2018-31578

| | |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC | IN THE DISTRICT COURT OF |
| *Plaintiff* | |
| *v.* | HARRIS COUNTY, TEXAS |
| VITOL INC., | |
| *Defendant* | 295TH JUDICIAL DISTRICT |

### VERIFICATION OF ERIC KUO

STATE OF TEXAS

COUNTY OF HARRIS

    1.    My name is Eric Kuo.  I am over 21 years of age, of sound mind, and capable of making this affidavit.  The facts stated in this verification are within my personal knowledge and are true and correct.

    2.    I am currently employed as a Fuel Oil Trader at Vitol Inc. ("**Vitol**") in Houston, Texas. I have been employed at Vitol for approximately 8 years and was employed at Vitol when the events mentioned in this affidavit occurred. I came to have knowledge of the facts stated herein as part of my employment at Vitol.

    3.    I have read the foregoing Second Amended Counterclaim and Third-party Petition and the material factual allegations, including paragraphs 8-13, are true and correct to my own personal knowledge.

_____
Eric Kuo
Fuel Oil Trader
Vitol Inc.

SUBSCRIBED TO AND SWORN TO BEFORE ME on this 11ᵗʰ day of September 2019, to certify which witness my hand and seal of office.

003504



Notary Public in and for
The State of Texas

Cecilia Noemi Montejo
My Commission Expires
09/03/2022
ID No. 3357879

Certified Document Number: 87099595 - Page 13 of 13

2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 17, 2022

Certified Document Number:        87099595 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

003506

11/19/2020 11:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48248013
By: Kenya Kossie
Filed: 11/19/2020 11:32 AM
Pgs-4

CAUSE NO. 2018-31578

6

| | |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC<br>                    *Plaintiff* | IN THE DISTRICT COURT OF |
| *v.* | |
| VITOL INC.,<br>                    *Defendant* | HARRIS COUNTY, TEXAS |
| *v.* | |
| ARTHUR J. BRASS AND TRIFINERY INC.,<br><br>        *Third-party Defendants* | 295TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

On the date below, came to be heard this Agreed Final Judgment in the above-styled and numbered cause. The full names of the parties are Gulf Coast Asphalt Company, LLC ("GCAC"), Arthur J. Brass ("Brass"), Trifinery, Inc. ("Trifinery") (collectively the "Brass Parties"), and Vitol Inc. ("Vitol").

The Court has been informed that all matters have been resolved between and among the parties and that the parties have agreed that a final judgment, as set forth herein, should be entered disposing of all issues in this case. The Court, after reviewing all pleadings and materials before this Court, is of the opinion that this Agreed Final Judgment should be entered.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that a judgment be entered for Vitol against the Brass Parties, who are jointly and severally liable to Vitol, in the amount of $10,000,000 (ten million dollars and 00/100).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all writs and process for the enforcement and collection of this judgment may issue as necessary and that the


VITOL EXHIBIT
89
Adv. No.: 21-06006 8/30/2022

Officer, including deputies, charged with obeying the command of any such writ or process may do so by any reasonable means necessary to accomplish such task.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Vitol is entitled to post-judgment interest on said judgment to be computed at the rate of 5% per annum on the amount of the judgment, said interest to accrue as allowed by law from the date this judgment is signed until this judgment is satisfied.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Brass Parties shall bear the parties' court costs.

This is a final judgment, and disposes of all claims, requests for relief, and all parties. All relief not expressly granted in the final judgment is denied.

The Court retains jurisdiction to enforce this Agreed Final Judgment.

SIGNED this _____ day of _____, 2020.

Signed:
11/20/2020

_____
**JUDGE PRESIDING**

003508

AGREED AS TO FORM, SUBSTANCE, AND ENTRY:

William P. Maines
Neil E. Giles
HALL MAINES LUGRIN, P.C.
Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas  77056-6125
wmaines@hallmaineslugrin.com
ngiles@hallmaineslugrin.com
ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT
GULF COAST ASPHALT COMPANY, LLC

AGREED AS TO FORM, SUBSTANCE, AND ENTRY:

Adam P. Schiffer
Schiffer Hicks Johnson, PLLC
700 Louisiana, Suite 2650
Houston, Texas  77002
aschiffer@shjlawfirm.com
adinnell@shjlawfirm.com
ATTORNEYS FOR THIRD-PARTY DEFENDANTS
ARTHUR J. BRASS AND TRIFINERY INC.

AGREED AS TO FORM, SUBSTANCE, AND ENTRY:

Kenneth E. Broughton
State Bar No. 03087250
Michael H. Bernick
State Bar No. 24078227
Reed Smith LLP
811 Main Street, Suite 1700
Houston, Texas  77002-6110
Telephone: 713.469.3800
Telecopier: 713.469.3899

Unofficial Copy Office of Marilyn Burgess District Clerk

003509

kbroughton@reedsmith.com
mbernick@reedsmith.com
ATTORNEYS FOR DEFENDANT, COUNTER-PLAINTIFF,
AND THIRD-PARTY PLAINTIFF VITOL INC.

Unofficial Copy Office of Marilyn Burgess District Clerk

**Fill in this information to identify the case**

| | |
|---|---|
| Debtor name | **Gulf Coast Asphalt Company, LLC** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF TEXAS** |
| Case number (if known) | **21-60024** |

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

    ☐ No. Go to Part 2.
    ☑ Yes. Fill in the information below.

    **All cash or cash equivalents owned or controlled by the debtor**                                     Current value of debtor's interest

2.  **Cash on hand**                                                                                        _____

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value |
|---|---|---|---|---|
| 3.1. | **Checking account at Chase Bank.** | **Checking account** | 7  8  3  3 | **$3,000.00** |
| 3.2. | **Checking account at Cadence (Garnished by Vitol in approx. January, 2021).** | **Checking account** | 5  9  6  1 | **$2,408.39** |

4.  **Other cash equivalents**    *(Identify all)*

    Name of institution (bank or brokerage firm)

5.  **Total of Part 1**
    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.                    **$5,408.39**

### Part 2:    Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**

    ☑ No. Go to Part 3.
    ☐ Yes. Fill in the information below.



VITOL EXHIBIT

93

Adv. No.: 21-06006 8/30/2022

| Debtor | **Gulf Coast Asphalt Company, LLC** | | Case number (if known) | __21-60024__ |
|---|---|---|---|---|
| | Name | | | |

**Current value of
debtor's interest**

**7.   Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**8.   Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9.   Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

$0.00

---

## Part 3:   Accounts receivable

**10.   Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

**Current value of
debtor's interest**

**11.   Accounts receivable**

11a. 90 days old or less:     **$35,000.00**     —     **$0.00**     = ............. ➔     **$35,000.00**
                      face amount            doubtful or uncollectible accounts

11b. Over 90 days old:     **$0.00**     —     **$0.00**     = ............. ➔     **$0.00**
                      face amount            doubtful or uncollectible accounts

**12.   Total of Part 3**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

$35,000.00

---

## Part 4:   Investments

**13.   Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| | **Valuation method
used for current value** | **Current value of
debtor's interest** |
|---|---|---|

**14.   Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15.   Non-publicly traded stock and interests in incorporated and unincorporated
businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                          % of ownership:

**16.   Government bonds, corporate bonds, and other negotiable and
non-negotiable instruments not included in Part 1**

Describe:

**17.   Total of Part 4**
Add lines 14 through 16.  Copy the total to line 83.

$0.00

---

## Part 5:   Inventory, excluding agriculture assets

**18.   Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

---

| Debtor | **Gulf Coast Asphalt Company, LLC** | | Case number (if known) | **21-60024** |
|--------|------|--|------|------|
| | Name | | | |

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-----------------|------------|------------|------------|

**19. Raw materials**

**20. Work in progress**

**21. Finished goods, including goods held for resale**

**22. Other inventory or supplies**

**23. Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.

|  |
|---|
| $0.00 |

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____  Valuation method _____  Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------|------------|------------|

**28. Crops--either planted or harvested**

**29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish

**30. Farm machinery and equipment** (Other than titled motor vehicles)

**31. Farm and fishing supplies, chemicals, and feed**

**32. Other farming and fishing-related property not already listed in Part 6**

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

|  |
|---|
| $0.00 |

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____  Valuation method _____  Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

| Debtor | **Gulf Coast Asphalt Company, LLC** | Case number (if known) | **21-60024** |
|---|---|---|---|
| | Name | | |

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39. Office furniture**

**40. Office fixtures**

**41. Office equipment, including all computer equipment and communication systems equipment and software**

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43. Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

**49. Aircraft and accessories**

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

**51. Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

| Debtor | **Gulf Coast Asphalt Company, LLC** | Case number (if known) | **21-60024** |
|---|---|---|---|
| | Name | | |

## Part 9: Real property

**54.  Does the debtor own or lease any real property?**

☑ No.  Go to Part 10.
☐ Yes.  Fill in the information below.

**55.  Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**56.  Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

$0.00

**57.  Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No
☐ Yes

**58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No
☐ Yes

## Part 10: Intangibles and Intellectual Property

**59.  Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
☑ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  Patents, copyrights, trademarks, and trade secrets** | | | |
| **One patent - process for improving asphalt quality in a refinery.** | | | **Unknown** |
| **61.  Internet domain names and websites** | | | |
| **62.  Licenses, franchises, and royalties** | | | |
| **Astros license - Debtor has attempted to sell the license in the past unsuccessfully.** | | | **$0.00** |
| **63.  Customer lists, mailing lists, or other compilations** | | | |
| **64.  Other intangibles, or intellectual property** | | | |
| **65.  Goodwill** | | | |

**66.  Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

$0.00

**67.  Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No
☐ Yes

**68.  Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

| | | |
|---|---|---|
| Debtor | **Gulf Coast Asphalt Company, LLC** | Case number (if known) __21-60024__ |
| | Name | |

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☒ No
☐ Yes

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
☒ Yes.  Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **71. Notes receivable** | |
| Description (include name of obligor) | |
| **72. Tax refunds and unused net operating losses (NOLs)** | |
| Description (for example, federal, state, local) | |
| **73. Interests in insurance policies or annuities** | |
| **74. Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| **75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| **76. Trusts, equitable or future interests in property** | |
| **77. Other property of any kind not already listed**  *Examples:* Season tickets, country club membership | |
| **In early 2020, the Debtor purchased Astros tickets for the 2020 season from the Astros. Subsequently, the Debtor sold his Astros season tickets to a ticket broker (Eventelect) for $91,048.00.  Subsequently, the Astros notified the Debtor that the season was cancelled due to the pandemic and provided the Debtor with a partial refund ($39,000.00) and a credit toward the 2021 season.  Therefore, the Debtor currently has a credit with the Astros, but is unaware of the value/amount of the credit and whether it belongs to the Debtor or to Eventelect.** | Unknown |
| **In addition to the receivable listed, Martin Asphault may owe the Debtor additional funds for third-party claims** | Unknown |
| **78. Total of Part 11.** | |
| Add lines 71 through 77.  Copy the total to line 90. | **$0.00** |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No
☐ Yes

Debtor   **Gulf Coast Asphalt Company, LLC**                                          Case number (if known)   **21-60024**
_____
Name

## Part 12:   Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** _Copy line 5, Part 1._ | **$5,408.39** | |
| 81. **Deposits and prepayments.** _Copy line 9, Part 2._ | **$0.00** | |
| 82. **Accounts receivable.** _Copy line 12, Part 3._ | **$35,000.00** | |
| 83. **Investments.** _Copy line 17, Part 4._ | **$0.00** | |
| 84. **Inventory.** _Copy line 23, Part 5._ | **$0.00** | |
| 85. **Farming and fishing-related assets.** _Copy line 33, Part 6._ | **$0.00** | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** _Copy line 43, Part 7._ | **$0.00** | |
| 87. **Machinery, equipment, and vehicles.** _Copy line 51, Part 8._ | **$0.00** | |
| 88. **Real property.** _Copy line 56, Part 9_ ............................................ ➔ | | **$0.00** |
| 89. **Intangibles and intellectual property.** _Copy line 66, Part 10._ | **$0.00** | |
| 90. **All other assets.** _Copy line 78, Part 11._ | **+**    **$0.00** | |
| 91. **Total.** Add lines 80 through 90 for each column.   91a. | **$40,408.39** | **+**   91b.   **$0.00** |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92 ..............................   **$40,408.39**

**Fill in this information to identify the case:**

Debtor name: **Gulf Coast Asphalt Company, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number: **21-60024**
(if known)

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

| **2.1** | | |
|---|---|---|
| **Creditor's name** | **Describe debtor's property that is subject to a lien** | |
| **Creditor's mailing address** | | |
| | **Describe the lien** | |
| | | |
| | **Is the creditor an insider or related party?**<br>☐ No<br>☐ Yes | |
| **Creditor's email address, if known** | **Is anyone else liable on this claim?** | |
| **Date debt was incurred** | ☐ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | |
| **Last 4 digits of account number** ___ ___ ___ ___ | **As of the petition filing date, the claim is:**<br>Check all that apply. | |
| **Do multiple creditors have an interest in the same property?**<br>☐ No<br>☐ Yes. Specify each creditor, including this creditor, and its relative priority. | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.                                              **$0.00**

003518

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td><strong>Gulf Coast Asphalt Company, LLC</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: <strong>SOUTHERN DISTRICT OF TEXAS</strong></td></tr>
<tr><td>Case number<br>(if known)</td><td><strong>21-60024</strong></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.**
   If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

Date or dates debt was incurred

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)( _____ )

Debtor   **Gulf Coast Asphalt Company, LLC** _____   Case number (if known) __**21-60024**__

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

3.   List in alphabetical order all of the creditors with nonpriority unsecured claims.  If more space is needed for nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: _Check all that apply._ | **$2,000.00** |

**ADP**

**13141 Northwest Freeway**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Houston**                    **TX**    **77040**

Basis for the claim:   **Prior payroll processing fees**

Date or dates debt was incurred _____

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number __ __ __ __

| 3.2 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: _Check all that apply._ | **$430.00** |

**CT Corp.**

**1999 Bryan Street #900**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Dallas**                    **TX**    **75201**

Basis for the claim:   **Registered agent dues**

Date or dates debt was incurred _____

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number __ __ __ __

| 3.3 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: _Check all that apply._ | **$30,000.00** |

**David Cutting**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:   **Former Employee**

Date or dates debt was incurred _____

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number __ __ __ __

| 3.4 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: _Check all that apply._ | **$50.00** |

**FedEX**

**OSI Collection Services**

**PO Box 965**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Brookfield**                    **WI**    **53008**

Basis for the claim:   **Fed Ex Fees**

Date or dates debt was incurred _____

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number __ __ __ __

| Debtor | **Gulf Coast Asphalt Company, LLC** | Case number (if known) | **21-60024** |

| **Part 2:** | **Additional Page** |

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$80.00** |

**HCTRA**

**7701 Wilshire Place**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Houston**          **TX**    **77040**

Basis for the claim:
**Toll Fees**

Date or dates debt was incurred

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number       __ __ __ __

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$3,189.00** |

**July Business Services**

**400 Austin Avenue**

**Suite 1200**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Waco**          **TX**    **76701**

Basis for the claim:
**4001k admin**

Date or dates debt was incurred

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number       __ __ __ __

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$0.00** |

**Michael Bernick**

**Reed Smith**

**Reed Smith**

**811 Main Street, Suite 1700**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Houston**          **TX**    **77002**

Basis for the claim:
**Notice Only**

Date or dates debt was incurred

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number       __ __ __ __

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,600,000.00** |

**Superior Crude Gathering**

**600 Leopard Street #2100W**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Corpus Christi**          **TX**    **78401**

Basis for the claim:
**Judgment**

Date or dates debt was incurred

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number       __ __ __ __

| Debtor | **Gulf Coast Asphalt Company, LLC** | Case number (if known) | **21-60024** |

| **Part 2:** | **Additional Page** |

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

| 3.9 | Nonpriority creditor's name and mailing address |

As of the petition filing date, the claim is: $10,000,000.00
*Check all that apply.*

**Vitol Inc**

☐ Contingent

**2925 Richmond Avenue**

☐ Unliquidated

☐ Disputed

**Houston**        **TX**        **77098**

Basis for the claim: **Judgment**

Date or dates debt was incurred _____

Is the claim subject to offset?

☑ No

Last 4 digits of account number  ___ ___ ___ ___

☐ Yes

Debtor  **Gulf Coast Asphalt Company, LLC**  Case number (if known)  **21-60024**

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5.  Add the amounts of priority and nonpriority unsecured claims.

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | **$0.00** |
| 5b. | **Total claims from Part 2** | 5b. **+** | **$11,635,749.00** |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | **$11,635,749.00** |

Case 6:23-cv-00024 Document 8-18 Filed in TXSD on 03/10/23 Page 144 of 300

| Fill in this information to identify the case: |
|---|

Debtor name   **Gulf Coast Asphalt Company, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number   **21-60024**      Chapter   **7**
(if known)

☐ Check if this is an
amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases     12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No.  Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

   ☐ Yes.  Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

   **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

**Fill in this information to identify the case:**

Debtor name     **Gulf Coast Asphalt Company, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number    **21-60024**
(if known)

☐ Check if this is an
    amended filing

Official Form 206H

## Schedule H: Codebtors                           12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries
consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**
   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the
   schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is
   owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor
   separately in Column 2.

| Column 1:  **Codebtor** | | Column 2:  **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |

**Fill in this information to identify the case:**

Debtor Name  **Gulf Coast Asphalt Company, LLC**

United States Bankruptcy Court for the:  **SOUTHERN DISTRICT OF TEXAS**

Case number (if known):  **21-60024**

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1:   Summary of Assets

**1.  Schedule A/B: Assets--Real and Personal Property** (Official Form 206A/B)

| | | |
|---|---|---|
| 1a. | **Real property:** Copy line 88 from Schedule A/B.......................................................................... | **$0.00** |
| 1b. | **Total personal property:** Copy line 91A from Schedule A/B......................................................... | **$40,408.39** |
| 1c. | **Total of all property** Copy line 92 from Schedule A/B................................................................ | **$40,408.39** |

### Part 2:   Summary of Liabilities

**2.  Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D..................................... **$0.00**

**3.  Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | | |
|---|---|---|
| 3a. | **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of Schedule E/F................................................ | **$0.00** |
| 3b. | **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F.............................. | **+ $11,635,749.00** |

**4.  Total liabilities**
Lines 2 + 3a + 3b..................................................................................................................... **$11,635,749.00**

---

**Fill in this information to identify the case and this filing:**

Debtor Name **Gulf Coast Asphalt Company, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number **21-60024**
(if known)

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206-Summary)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **04/27/2021**          X **/s/ Arthur Jacob Brass**
             MM / DD / YYYY                Signature of individual signing on behalf of debtor

**Arthur Jacob Brass**
Printed name

**President**
Position or relationship to debtor

B2030 (Form 2030) (12/15)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

In re  **Gulf Coast Asphalt Company, LLC**                              Case No.  **21-60024**

Chapter  **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept.................................................Fixed Fee:    **$49,647.00**

Prior to the filing of this statement I have received.......................................        **$0.00**

Balance Due.........................................................................................        **$49,647.00**

2. The source of the compensation paid to me was:

    ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☑ Debtor                    ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

003528

B2030 (Form 2030) (12/15)

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **04/27/2021** | **/s/ Miriam Goott** | |
| --- | --- | --- |
| *Date* | *Miriam Goott* | Bar No.  24048846 |
| | Walker & Patterson, P.C. | |
| | P.O. Box 61301 | |
| | Houston, TX  77208 | |
| | Phone: (713) 956-5577 / Fax: (713) 956-5570 | |

---

**/s/ Arthur Jacob Brass**

*Arthur Jacob Brass*
*President*

| FORM<br>**AL8453-PTE** | ALABAMA DEPARTMENT OF REVENUE<br>INDIVIDUAL & CORPORATE TAX DIVISION<br>S-Corporation / Partnership<br>Income Tax Declaration for Electronic Filing | **2017** |

For the tax period ___01/01___, 20 _17_, through ___12/31___, 20 _17_

NAME OF COMPANY

GULF COAST ASPHALT COMPANY, LLC

FEDERAL EMPLOYER IDENTIFICATION NUMBER

███6138

ADDRESS OF COMPANY

1990 POST OAK BLVD. SUITE 2400

TELEPHONE NUMBER

HOUSTON, TX  77056

**PART I**   Tax Return Information *(Whole Dollars Only)*

| | | |
|---|---|---:|
| 1 Alabama Ordinary Income or Loss (Form 20S, line 30; Form 65, line 31) . . . . . . . . . . . . . . | **1** | −60,994 |
| 2 Total tax liability (Form 20S, line 31; Form PTEC, line 1) . . . . . . . . . . . . . . . . . . . . | **2** | 1,247 |
| 3 Total payments and credits (Form 20S, line 32E; Form PTEC, line 5d) . . . . . . . . . . . . . . | **3** | |
| 4 Total reductions/applications (Form 20S, line 34d) . . . . . . . . . . . . . . . . . . . . . . | **4** | |
| 5 Refund (Negative number reported on Form 20S, line 35; Form PTEC, line 7b) . . . . . . . . . . . | **5** | |
| 6 Amount due (Positive amount reported on Form 20S, line 35; Form PTEC, line 6) . . . . . . . . . | **6** | 1,247 |
| 7 Amount of payment remitted electronically . . . . . . . . . . . . . . . . . . . . . . . . . . | **7** | |

**PART II**   Declaration of Officer/Partner *(Sign only after Part I is completed.)*

Under penalties of perjury, I declare that I am an officer/partner of the above company and that the information I have given my electronic return originator (ERO), transmitter, and/or inter-mediate service provider (ISP) and the amounts in Part I above agree with the amounts on the corresponding lines of the company's Alabama S-Corporation/Partnership income tax return. To the best of my knowledge and belief, the company's return is true, correct, and complete. I consent to my ERO, transmitter, and/or ISP sending the company's return, this declaration, and accompanying schedules and statements to the Alabama Department of Revenue. I also consent to the Alabama Department of Revenue sending my ERO, transmitter, and/or ISP an acknowledgment of receipt of transmission and an indication of whether or not the company's return is accepted, and, if rejected, the reason(s) for the rejection. By using a computer system and software to prepare and transmit this business return electronically, I consent to the disclosure of all information pertaining to the user of the system and software to create this business return and to the electronic transmission of this business tax return to **Alabama Department of Revenue**

☐ I authorize the Alabama Department of Revenue and its designated Financial Agent to initiate an electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of the corporation/partnership's Alabama taxes owed on this return, and the financial institution to debit the entry to this account

☒ I authorize a representative of the Department of Revenue to discuss my return and attachments with my preparer

**Sign Here** ▶ _[signature]_   09/17/2018 ▶   MEMBER
Signature of Officer/Partner                Date            Title

VITOL EXHIBIT

**100**

Adv. No.: 21-06006 8/30/2022

**PART III**   Declaration of Electronic Return Originator (ERO) and Paid Preparer *(See Instructions)*

I declare that I have reviewed the above company's return and that the entries on Form AL8453-PTE are complete and correct to the best of my knowledge. If I am only a collector, I am not responsible for reviewing the return and only declare that this form accurately reflects the data on the return. The company's officer will have signed this form before I submit this return. I will give the officer a copy of all forms and information to be filed with the Alabama Department of Revenue, and have followed all other requirements in Pub 3112, IRS e-file Application and Participation, and Pub 4163, Modernized e-File Information for Authorized IRS e-file Providers and Pub AL4164 Software Developers and Transmitters Guidelines and Schemas. If I am also the Paid Preparer, under penalties of perjury I declare that I have examined the above company's return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. By using a computer system and software to prepare and transmit my client's return electronically, I consent to the disclosure of all information pertaining to my use of the system and software to create my client's return and to the electronic transmission of my client's tax return to the Alabama Department of Revenue. This Paid Preparer declaration is based on all information of which I have any knowledge

| | | Date | Check if also | Check if | ERO's PTIN |
|---|---|---|---|---|---|
| **ERO's Use Only** | ERO's signature _[signature]_ COA | 09/17/2018 | paid preparer ☒ | self-employed ☐ | P00734241 |
| | Firm's name (or yours if self-employed), address and ZIP code | EEPB PC<br>2950 NORTH LOOP W. SUITE 1200<br>HOUSTON, TX 77092 | | EIN ███2094 | Phone No. 713−622−0016 |

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge

| | | Date | Check if | Preparer's PTIN |
|---|---|---|---|---|
| **Paid Preparer's Use Only** | Preparer's signature ▶ | | self-employed ☐ | |
| | Firm's name (or yours if self-employed), address and ZIP code | | EIN | Phone No |

ERO must retain this form for a period of three years from the due date of the return or the date the return was filed, whichever is later.
**Do not submit this form to the Alabama Department of Revenue unless requested to do so.**

7Y0150 2 000           9608IW   C973   09/14/2018 15:34:12 V17-6.6F 8524           003530
65

AL1062

FORM **65**  Alabama
Department of Revenue

CY ● X
FY ●
SY ●
52/53 Week ●

**2017**

Partnership/Limited Liability Company Return of Income

| **Important!** | For Calendar Year 2017 or Fiscal Year | | |
|---|---|---|---|
| **You Must Check Applicable Box:** | beginning ● _____ , 2017, and ending ● _____ , _____ | | **Filing Status:** *(see instructions)* |

| | FEDERAL BUSINESS CODE NUMBER | FEDERAL EMPLOYER IDENTIFICATION NUMBER |
|---|---|---|
| ● Amended Return | ● 324120 | ● ████ 6138 |

Name of Company

● GULF COAST ASPHALT COMPANY, LLC

Number and Street

● 1990 POST OAK BLVD. SUITE 2400

| City or Town | State | 9 Digit ZIP Code |
|---|---|---|
| ● HOUSTON | ●TX | ● 77056 |

**Filing Status:** *(see instructions)*

● ☐ 1 Company operating only in Alabama

● ☒ 2 Multistate Company - Apportionment (Sch. C).

● ☐ 3 Multistate Company - Separate Accounting (Prior written approval required and must be attached) or Sch B non-business allocation only

Check boxes (left column):
- Initial Return
- Final Return
- General Partnership
- Limited Partnership
- X LLC/LLP
- Qualified Investment Partnership
- Public Housing Project
- Publicly Traded
- Series LLC

If above name or address is different from the one shown on your 2016 return, check here . . . . . . ●

Check if the company qualifies for the Alabama Enterprise Zone Credit or the Capital Credit . . ●

Number of Members During The Tax Year . . . . . . ● 3

| State in Which Company Was Formed | Nature of Business | Date Qualified in Alabama | Number of Nonresident Members |
|---|---|---|---|
| ● AL | ● ASPHALT PLANT | ● 01/01/1994 | Included in Composite Filing. . ● 1 |

**UNLESS A COPY OF FEDERAL FORM 1065 IS ATTACHED THIS RETURN IS INCOMPLETE**

Caution. *Include only trade or business income and expenses on lines 1a through 22 below. See the instructions for more information*

| | | | | |
|---|---|---|---|---|
| 1. a. Gross receipts or sales . . . . . . . . . . . . . | 1a ● | 37,039,652 | | |
| b. Returns and allowances . . . . . . . . . . . . | 1b ● | | | |
| c. Balance. Subtract line 1b from line 1a . . . . . . . | | | 1c ● | 37,039,652 |
| 2. Cost of goods sold (attach Federal Form 1125-A) . . . . . . . . . . . . . . . . . | | | 2 ● | 44,225,342 |
| 3. Gross Profit. Subtract line 2 from line 1c . . . . . . . . . . . . . . . . . . . | | | 3 ● | -7,185,690 |
| 4. Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) . . . . . . | | | 4 ● | 1,046,544 |
| 5. Net farm profit (loss) attach Schedule F (Federal Form 1040) . . . . . . . . . . . | | | 5 ● | |
| 6. Net gain (loss) from Federal Form 4797, Part II, line 17 (attach Federal Form 4797). . . . . . . . | | | 6 ● | 2,349,930 |
| 7. Other income (loss) (attach statement) . . . . . . . . . . . . . SEE STATEMENT 1 | | | 7 ● | 8,435 |
| 8. Total income (loss). Combine lines 3 through 7 . . . . . . . . . . . . . . . . | | | 8 ● | -3,780,781 |
| 9. Salaries and wages (other than to partners) (less employments credits) . . . . . . . . . . | | | 9 ● | 1,934,067 |
| 10. Guaranteed payments to partners . . . . . . . . . . . . . . . . . . . . . | | | 10 ● | |
| 11. Repairs and maintenance . . . . . . . . . . . . . . . . . . . . . . . . | | | 11 ● | |
| 12. Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 12 ● | |
| 13. Rent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 13 ● | 16,650 |
| 14. Taxes and licenses . . . . . . . . . . . . . . . . . . . . . . . . . | | | 14 ● | 173,033 |
| 15. Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 15 ● | 470,301 |
| 16. a. Depreciation . . . . . . . . . . . . . . . . | 16a ● | 1,775 | | |
| b. Less depreciation reported on Federal Form 1125-A and elsewhere on return . | 16b ● | | 16c ● | 1,775 |
| 17. Depletion (Do not deduct oil and gas depletion). . . . . . . . . . . . . . . . . | | | 17 ● | |
| 18. Retirement plans, etc . . . . . . . . . . . . . . . . . . . . . . . . . | | | 18 ● | 58,113 |
| 19. Employee benefits programs . . . . . . . . . . . . . . . . . . . . . . . | | | 19 ● | 292,954 |
| 20. Other deductions (attach statement) . . . . . . . . . . . . . . SEE STATEMENT 1 | | | 20 ● | 1,068,130 |
| 21. Total deductions. Add the amounts shown in the far right column for lines 9 through 20 . . . . . | | | 21 ● | 4,015,023 |
| 22. **Federal Ordinary business income (loss).** Subtract line 21 from line 8 . . . . . . . . . . . . | | | 22 ● | -7,795,804 |
| 23. Alabama nonseparately stated Reconciliations (from Schedule A, line 9) . . . . . . . . . . . | | | 23 ● | |
| 24. Federal ordinary business income (loss) adjusted to Alabama basis (add lines 22 and 23) . . . . . . | | | 24 ● | -7,795,804 |
| 25. Net nonbusiness (income)/loss – Everywhere (from Schedule B, line 1d, Column E) | | | | |
| - please enter income as a negative amount and losses as a positive amount . . . . . . | | | 25 ● | |
| 26. Apportionable income (add lines 24 and 25). . . . . . . . . . . . . . . . . . | | | 26 ● | -7,795,804 |
| 27. Alabama apportionment factor (from line 27, Schedule C) . . . . . . . . . . . . . . | | | 27 ● | 0.7824 % |
| 28. Income (loss) apportioned to Alabama (multiply line 27 by line 26) . . . . . . . . . . . | | | 28 ● | -60,994 |
| 29. Net nonbusiness income/(loss) – Alabama (from Schedule B, line 1d, Column F) . . . . . . . | | | 29 ● | |
| 30. Small Business Health Insurance Premium Deduction (see instructions) . . . . . . . . . . | | | 30 ● ( | ) |
| 31. Alabama ordinary income (loss) (add lines 28, 29 and 30) . . . . . . . . . . . . . . | | | 31 ● | -60,994 |

Federal Income
Federal Deduction (see the Instructions for limitations)

Mail to: **Alabama Department of Revenue, Individual and Corporate Tax Division, P.O. Box 327441, Montgomery, AL 36132-7441**

AL1062

7Q0111 1 000

Form 65 - 2017                                                                          Page **2**

## SCHEDULE A          (NONSEPARATELY STATED RECONCILIATION ADJUSTMENTS)

| | | | |
|---|---|---|---|
| **Additions** | 1. | Related members interest or intangible expenses or costs. From Schedule PAB (see instructions) . | 1 |
| | 2. | Nondeductible Federal Depreciation (Economic Stimulus Act of 2008) (see instructions) . . . . . | 2 |
| | 3. | Other reconciling items (attach schedule). . . . . . . . . . . . . . . . . . . . . . . . . | 3 |
| | 4. | Total additions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4 |
| **Deductions** | 5. | Expenses not deductible on federal income tax return due to election to claim federal tax credit. . | 5 |
| | 6. | Adjustments due to the Federal Economic Stimulus Act of 2008 (attach schedule) . . . . . . . . | 6 |
| | 7. | Other reconciling items (attach schedule). . . . . . . . . . . . . . . . . . . . . . . . . | 7 |
| | 8. | Total deductions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8 |
| | 9. | Total reconciliation adjustments (subtract line 8 from line 4 above) . . . . . . . . . . . . . . | 9 |

## SCHEDULE B          ALLOCATION OF NONBUSINESS INCOME, LOSS, AND EXPENSE

Identify by account name and amount all items of nonbusiness income, loss, and expense removed from apportionable income and those items which are directly allocable to Alabama Adjustment(s) must also be made for any proration of expenses under Alabama Income Tax

Rule 810-27-1-.01, which states, "Any allowable deduction that is applicable to both business and nonbusiness income of the taxpayer shall be prorated to each class of income in determining income subject to tax as provided." *(See instructions)*

| DIRECTLY ALLOCABLE ITEMS | ALLOCABLE GROSS INCOME / LOSS | | RELATED EXPENSE | | NET OF RELATED EXPENSE | |
|---|---|---|---|---|---|---|
| | Column A Everywhere | Column B Alabama | Column C Everywhere | Column D Alabama | Column E Everywhere (Col A less Col C) | Column F Alabama (Col B less Col D) |
| **Nonseparately stated items** | | | | | | |
| 1a | | | | | | |
| 1b | | | | | | |
| 1c | | | | | | |
| 1d Total *(add lines 1a, 1b, and 1c)* | | | | | | |
| **Separately stated items** | | | | | | |
| 1e | | | | | | |
| 1f | | | | | | |
| 1g | | | | | | |
| 1h Total *(add lines 1e, 1f, and 1g)* | | | | | | |

Person to contact for information regarding this return:

Name: • JOHN  TOMASZEWSKI

Telephone Number: •  832-426-3310

Email: •  JOHNT@GCACHOUSTON.COM

**Please Sign Here**

• [X] I authorize a representative of the Department of Revenue to discuss my return and attachments with my preparer

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge

| Signature of General Partner | Date 09/17/2018 | Daytime Telephone No 832-426-3310 | Social Security No 8329 |

**Paid Preparer's Use Only**

| Preparer's Signature | Date ◀09/17/2018 | Check if self-employed | Preparer's PTIN • P00734241 |
| Firm's name (or yours if self-employed) and address • EEPB PC  2950 NORTH LOOP W. SUITE 1200 • HOUSTON, TX | Telephone No 713-622-0016 | E I No | 2094 |
| | | ZIP Code | 77092 |
| Email Address JMW@EEPB.COM | | | |

AL1062

 

**Form 65 - 2017**  Page **3**

| SCHEDULE C | APPORTIONMENT FACTOR SCHEDULE - *Do not complete if the entity operates exclusively in Alabama.* |

| TANGIBLE PROPERTY AT COST FOR PRODUCTION OF BUSINESS INCOME | | ALABAMA | | EVERYWHERE | |
|---|---|---|---|---|---|
| | | BEGINNING OF YEAR | END OF YEAR | BEGINNING OF YEAR | END OF YEAR |
| 1. Inventories | 1 | | | | |
| 2. Land | 2 | | | | |
| 3. Furniture and fixtures | 3 | | | | |
| 4. Machinery and equipment | 4 | | | | |
| 5. Buildings and leasehold improvements | 5 | | | | |
| 6. IDB/IRB property (at cost) | 6 | | | | |
| 7. Government property (at FMV) | 7 | | | | |
| 8. | 8 | | | 118,417 | 118,417 |
| 9. Less Construction in progress (if included) | 9 | | | | |
| 10. Totals | 10 | | | 118,417 | 118,417 |
| 11. Average owned property (BOY + EOY ÷ 2) | 11 | | | | 118,417 |
| 12. Annual rental expense | 12 | x8 = | | 16,650 x8 = | 133,200 |
| 13. Total average property (add line 11 and line 12) . . . . . . . . | 13a | | . . . . . . . . | 13b | 251,617 |
| 14. Alabama property factor - 13a ÷ 13b = line 14 | | | | 14 | NONE % |

| SALARIES, WAGES, COMMISSIONS AND OTHER COMPENSATION RELATED TO THE PRODUCTION OF BUSINESS INCOME | 15a   ALABAMA | 15b  EVERYWHERE | 15c |
|---|---|---|---|
| 15. Alabama payroll factor - 15a ÷ 15b = 15c . . . . . . . . . . . . | | 1,934,067 | NONE % |

| SALES | | ALABAMA | EVERYWHERE | | |
|---|---|---|---|---|---|
| 16. Destination sales . . . . . . . . . . | 16 | 584,124 | | | |
| 17. Origin sales . . . . . . . . . . | 17 | | | | |
| 18. Total gross receipts from sales . . . . | 18 | 584,124 | 37,242,440 | | |
| 19. Dividends . . . . . . . . . . | 19 | | | | |
| 20. Interest . . . . . . . . . . | 20 | | 99,693 | | |
| 21. Rents . . . . . . . . . . | 21 | 483 | 2,091 | | |
| 22. Royalties . . . . . . . . . . | 22 | | | | |
| 23. Gross proceeds from capital and ordinary gains . . . . | 23 | | | | |
| 24. Other   SEE STATEMENT 1     (Federal 1065, line  7 ) | 24 | | 16,870 | | |
| 25. Alabama sales factor - 25a ÷ 25b = line 25c | 25a | 584,607 | 25b  37,361,094 | 25c | 1.5647 % |
| 26. Enter the amount from line 25c | | | | 26 | 1.5647 % |
| 27. Sum of lines 14, 15c, 25c, and 26 ÷ 4 = ALABAMA APPORTIONMENT FACTOR (Enter here and on line 27, page 1) . . . | 27 | | | | 0.7824 % |

NOTE: If any factor is not utilized in the production of business income, it shall be eliminated and the denominator reduced accordingly (Administrative Rule 810-27-1- 09)

| SCHEDULE D | Full Ownership List the disregarded entities in which the taxpayer holds full ownership of 100% |

| Name of Entity | FEIN | Income (Loss) From All Sources | AL Source Income (Loss) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

AL1062

**Form 65 - 2017**

AL1062  Page **4**

## SCHEDULE E — OTHER INFORMATION

1. Enter this company's Alabama Withholding Tax Account Number ● N

2. Indicate if company has been  ●  ☐ (a) dissolved  ● ☐ (b) sold  ● ☐ (c) incorporated

   If company has been dissolved, sold, or incorporated, complete the following:

   Nature of change _____

   Name and address of new company, corporation, or owners _____

3. Check if an Alabama business privilege tax return was filed for this entity ● ☒   Check this box, if entity is exempt from BPT ● ☐

   Enter entity's net worth _____

   If the privilege tax return was filed using a different FEIN, please provide the name and FEIN used to file the return

   FEIN: ●            NAME: ●

4. Taxpayer's email address  JOHNT@GCACHOUSTON.COM

5. At the end of the year:

   a. Did any corporation, partnership, trust, or tax-exempt organization own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership?

   ● ☒ Yes  ● ☐ No   If Yes, attach a schedule of Partners owning 50% or more of the Partnership   STMT 1

   b. Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership?

   ● ☒ Yes  ● ☐ No   If Yes, attach a schedule of Partners owning 50% or more of the Partnership   STMT 2

6. At the end of the tax year did the partnership

   a. Own directly 50% or more of the total voting power of all classes of stock entitled to vote of any corporation?

   ● ☐ Yes  ● ☒ No   If Yes, attach a schedule

   b. Own directly an interest of 50% or more, directly or indirectly, in the profit, loss, or capital in any partnership or in the beneficial interest of a trust?

   ● ☐ Yes  ● ☒ No   If Yes, attach a schedule

## SCHEDULE K — Partners' Distributive Share Items

| Partners' Distributive Share Items | | Federal Amount (A) | Apportionment Factor (B) | Apportioned Amount (C) | Enter on Alabama Schedule K-1 |
|---|---|---|---|---|---|
| **INCOME (LOSS)** | | | | | |
| 1. Alabama Ordinary income (loss) (page 1, line 31) | 1 | | ● | −60,994 | Part III, Line G |
| 2. Net rental real estate income (loss) (attach Form 8825) | 2 | ● | 0.7824 | | Part III, Line H |
| 3. a. Other gross rental income (loss) | 3a | ● 2,091 | | | |
|    b. Expenses from other rental activities (attach statement) | 3b | ● | | | |
|    c. Other net rental income (loss)  Subtract 3b from line 3a | 3c | ● 2,091 | 0.7824 | 16 | Part III, Line H |
| 4. Guaranteed payments | 4 | ● | 0.7824 | | Part III, Line I |
| 5. Interest income | 5 | ● 99,693 | 0.7824 | 780 | Part III, Line J |
| 6. Dividends | 6 | ● | 0.7824 | | Part III, Line J |
| 7. Royalties | 7 | ● | 0.7824 | | Part III, Line J |
| 8. Net short-term capital gain (loss) | 8 | ● | 0.7824 | | Part III, Line K |
| 9. Net long-term capital gain (loss) | 9 | ● 3,175,882 | 0.7824 | 24,848 | Part III, Line K |
| 10. Net section 1231 gain (loss) (attach Form 4797) | 10 | ● −3,242 | 0.7824 | −25 | Part III, Line K |
| 11. Other income (loss) | 11 | ● | 0.7824 | | Part III, Line L |
| 12. Nonbusiness items (attach schedule) (Schedule B, Column I, line 1h) | 12 | ● | | | Part III, Line M |
| **DEDUCTIONS** | | | | | |
| 13. Section 179 deduction | 13 | ● | 0.7824 | | Part III, Line N |
| 14. a. Contributions | 14a | ● 13,398 | 0.7824 | 105 | Part III, Line O |
|     b. Investment interest expense | 14b | ● | 0.7824 | | Part III, Line P |
| 15. Other deductions | 15 | ● | 0.7824 | | Part III, Line Q |
| 16. Oil and gas depletion | 16 | ● | 0.7824 | | Part III, Line R |
| 17. Casualty losses | 17 | ● | 0.7824 | | Part III, Line S |
| 18. Nonbusiness items (attach schedule) (Schedule B, Column D, line 1h) | 18 | ● | | | Part III, Line M |
| **OTHER** | | | | | |
| 19. a. Tax-exempt interest income | 19a | ● | 0.7824 | | Part III, Line T |
|     b. Other tax-exempt income | 19b | ● | 0.7824 | | Part III, Line T |
|     c. Nondeductible expenses | 19c | ● 169,694 | 0.7824 | 1,328 | Part III, Line U |
| 20. a. Distributions of cash and marketable securities | 20a | ● | 0.7824 | | Part III, Line V |
|     b. Distributions of other property | 20b | ● | 0.7824 | | Part III, Line V |
| 21. a. Investment income | 21a | ● 99,693 | 0.7824 | 780 | Part III, Line W |
|     b. Investment expenses | 21b | ● | 0.7824 | | Part III, Line X |
|     c. Other items and amounts (attach statement) | 21c | ● | 0.7824 | | Part III, Line Y |
| 22. Total credits (attach Schedule PC) | 22 | | ● | | Part II, Line F |
| 23. Composite payment made on behalf of owner | 23 | | ● | 1,247 | Part III, Line Z |

7Q0114 1 000

Form 65 - 2017

**Page 5**

**SCHEDULE P**

**PARTERNERSHIPS, S CORPORATIONS, TRUSTS, AND ESTATES**

| (a) Ordinary income or (loss) from Partnerships, S Corporations, Trust and Estates. Name and address | (b) Check One | | | | (c) Employer Identification Number | (d) Income From All Source | (e) Income From Alabama Sources |
|---|---|---|---|---|---|---|---|
| | Partnership | Estate of Trust | S Corporation | | | | |
| ARC LOGISTICS PARTNERS LP 725 FIFTH AVE 19TH FLOOR, NEW YORK NY 10022 | X | | | | 7846 | 1,046,544 | 240,795 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

1  **TOTAL INCOME OR (LOSS).** Sum the amounts in columns (d) and (e). Enter the total here and include the amount from line 1d on page 1, line 4 ......... ▲ 1 | 1,046,544 | 240,795

ALT062

00C115 1 000

003535

```
GULF COAST ASPHALT COMPANY, LLC                          ████████6138
ALABAMA PARTNERSHIP SUPPORTING STATEMENT
===============================================================================
```

```
LINE 7 - OTHER INCOME
=====================
MISCELLANEOUS INCOME                                              8,435
                                                        ----------------
   TOTAL OTHER INCOME                                            8,435
                                                        ================


LINE 20 - OTHER DEDUCTIONS
==========================
AMORTIZATION                                                    33,333
TRAVEL & ENTERTAINMENT EXPENSE                                 161,447
PROFESSIONAL FEES                                              221,934
OUTSIDE SERVICES                                                83,004
BUSINESS PROMOTION                                             249,409
TELEPHONE                                                       35,498
AUTO EXPENSE                                                    38,598
BANK CHARGES                                                     9,702
DUES AND SUBSCRIPTIONS                                          53,422
OFFICE SUPPLIES                                                 36,624
COMPUTER EXPENSE                                                36,671
SUNDRY                                                          51,138
COMMISSION EXPENSE                                              57,272
MISCELLANEOUS                                                       78
                                                        ----------------
   TOTAL OTHER DEDUCTIONS                                    1,068,130
                                                        ================
```

```
   OTHER BUSINESS GROSS RECEIPTS              ALABAMA         EVERYWHERE
   ===============================         ----------------  ----------------

   MISCELLANEOUS INCOME                                         8,435.00
                                          ----------------  ----------------
   TOTALS                                                       8,435.00
                                          ================  ================
```

```
SCHEDULE E - QUESTION 5A
========================
   NAME OF PARTNER              EIN/SSN            % OWNERSHIP
   ---------------              -------            -----------

   TRIFINERY, INC.         ████████8329           1.00000000
```

```
7XX063 1 000
      9608IW   C973   09/14/2018 15:34:12 V17-6.6F 8524          003536
```

GULF COAST ASPHALT COMPANY, LLC  6138
ALABAMA PARTNERSHIP SUPPORTING STATEMENT
=================================================================================

SCHEDULE E - QUESTION 5B
=========================

| NAME OF PARTNER | EIN/SSN | % OWNERSHIP |
| --------------- | ------- | ----------- |
| JOYCE M. BRASS | 8424 | 1.00000000 |
| THE ESTATE OF SANFORD P. BRASS | 4919 | 1.00000000 |

STATEMENT   2

SCHEDULE **K-1** (Form 65)





**ALABAMA DEPARTMENT OF REVENUE**
INDIVIDUAL & CORPORATE TAX DIVISION

## Owner's Share of Income, Deductions, Credits, etc.
**SEE INSTRUCTIONS**

**2017**

• ☐ Final K-1

• ☐ QIP   Tax year beginning ___01/01___, 2017 and ending ___12/31___, 20_17_

• ☐ Amended K-1

| PART I | Information About the Partnership |
|---|---|

**A** Partnership's Employer Identification Number
6138

**B** Partnership's name, address, city, state, and Zip code
GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD. SUITE 2400
HOUSTON, TX 77056

| PART II | Information About the Partner |
|---|---|

**C** Partner's identifying number
• [____]8329    1

**D** Partner's Name TRIFINERY INC
•
Street 1990 POST OAK BLVD, SUITE 2400
•
City                  State    Zip
• HOUSTON        • TX    • 77056

**E** 1. • ☐ General partner or LLC member manager   • ☒ Limited partner or other LLC member

2. What type of entity is this partner?
• S CORPORATION       ☐ Nominee

3. If this partner is a retirement plan (IRA/SEP/etc) check here
•☐

4. Partner's share of profit, loss, and capital:

| | Beginning | | Ending |
|---|---|---|---|
| • Profit % | 50.000000 | • Profit % | 50.000000 |
| • Loss % | 50.000000 | • Loss % | 50.000000 |
| • Capital % | 50.000000 | • Capital % | 50.000000 |

5. Partner's share of liabilities at year end:
Nonrecourse • $    13,935,733.
Qualified nonrecourse financing • $
Recourse • $    240,000.

6. Check if partner is a nonresident • ☒
If a nonresident, provide state of legal residence • TX

7. Check if partner is a single member LLC • ☐
• Owner
• FEIN

8. Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | • $ | 7,783,624 |
| Capital contributed during the year | • $ | |
| Current year increase (decrease) | • $ | -5,380,130 |
| Withdrawals and distributions | • $ ( | ) |
| Ending capital account | • $ | 2,403,494 |

**F** Credits

| Code | Maximum Allowable |
|---|---|
| 1. • | |
| 2. • | |
| 3. • | |

| PART III | Partner's Share of Current Year Income, Deductions, Credit, and Other Items |
|---|---|

| | Distributive share allocated and apportioned to Alabama | | Distributive share to be reported by Alabama Residents |
|---|---|---|---|
| **G** Ordinary income (loss) | | **G2** Ordinary income (loss) | |
| | • -13,064 | | • |
| **H** Net rental real estate income (loss) | | **H2** Net rental real estate income (loss) | |
| | • 21 | | • |
| **I** Guaranteed payments | | **I2** Guaranteed payments | |
| | • | | • |
| **J** Portfolio income | | **J2** Portfolio income | |
| | • 390 | | • |
| ☐ QIP Exempt Income | | | |
| **K** Net capital gain (loss) | | **K2** Net capital gain (loss) | |
| | • 37,592 | | • |
| **L** Other income (loss) | | **L2** Other income (loss) | |
| | • | | • |
| **M** Nonbusiness items | | **M2** Nonbusiness items | |
| | • | | • |
| **N** Section 179 Deduction | | **N2** Section 179 Deduction | |
| | • | | • |
| **O** Contributions | | **O2** Contributions | |
| | • 53 | | • |
| **P** Investment interest expense | | **P2** Investment interest expense | |
| | • | | • |
| **Q** Other deductions | | **Q2** Other deductions | |
| | • | | • |
| **R** Oil and gas depletion | | **R2** Oil and gas depletion | |
| | • | | • |
| **S** Casualty losses | | **S2** Casualty losses | |
| | • | | • |
| **T** Tax-exempt income | | **T2** Tax-exempt income | |
| | • | | • |
| **U** Nondeductible expenses | | **U2** Nondeductible expenses | |
| | • 664 | | • |
| **V** Distributions | | **V2** Distributions | |
| | • | | • |
| **W** Investment income | | **W2** Investment income | |
| | • 390 | | • |
| **X** Investment expenses | | **X2** Investment expenses | |
| | • | | • |
| **Y** Other items and amounts | | **Y2** Other items and amounts | |
| | • | | • |
| **Z** Composite payment made on partner's behalf | | | |
| | • 1,247 | | |
| ☐ NRC-Exempt | | | |

SCHEDULE
# K-1
(Form 65)





**ALABAMA DEPARTMENT OF REVENUE**
INDIVIDUAL & CORPORATE TAX DIVISION

## Owner's Share of
## Income, Deductions, Credits, etc.
### SEE INSTRUCTIONS

**2017**

☐ Final K-1

● ☐ QIP    Tax year beginning ___01/01___, 2017 and ending ___12/31___, 20_17_    ● ☐ Amended K-1

| PART I | Information About the Partnership |
|---|---|

**A** Partnership's Employer Identification Number

▊6138

**B** Partnership's name, address, city, state, and Zip code

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD. SUITE 2400
HOUSTON, TX 77056

| PART II | Information About the Partner |
|---|---|

**C** Partner's identifying number

● ▊8424      2

**D** Partner's Name JOYCE M BRASS
●
Street 1990 POST OAK BLVD, SUITE 2400
●
City                        State        Zip
● HOUSTON              ● TX     ● 77056

**E** 1. ● ☐ General partner or LLC    ● ☒ Limited partner or other LLC
              member manager                member

2. What type of entity is this partner?
   ● INDIVIDUAL                 ☐ Nominee

3. If this partner is a retirement plan (IRA/SEP/etc ) check here
   ● ☐

4. Partner's share of profit, loss, and capital:

| Beginning | Ending |
|---|---|
| ● Profit % 25.000000 | ● Profit % 25.000000 |
| ● Loss % 25.000000 | ● Loss % 25.000000 |
| ● Capital % 25.000000 | ● Capital % 25.000000 |

5. Partner's share of liabilities at year end
   Nonrecourse ● $ 6,967,866.
   Qualified nonrecourse financing ● $
   Recourse ● $

6. Check if partner is a nonresident ● ☒
   If a nonresident, provide state of legal residence ● TX

7. Check if partner is a single member LLC ● ☐
   ● Owner
   ● FEIN

8. Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | ● $ -4,063,818 |
| Capital contributed during the year | ● $ |
| Current year increase (decrease) | ● $ -2,756,319 |
| Withdrawals and distributions | ● $ ( ) |
| Ending capital account | ● $ -6,820,137 |

**F** Credits

| Code | Maximum Allowable |
|---|---|
| 1. ● | |
| 2. ● | |
| 3. ● | |

| PART III | Partner's Share of Current Year Income, Deductions, Credit, and Other Items |
|---|---|

| | Distributive share allocated and apportioned to Alabama | | Distributive share to be reported by Alabama Residents |
|---|---|---|---|
| **G** Ordinary income (loss) | ● -23,965 | **G2** Ordinary income (loss) | ● |
| **H** Net rental real estate income (loss) | ● -3 | **H2** Net rental real estate income (loss) | ● |
| **I** Guaranteed payments | ● | **I2** Guaranteed payments | ● |
| **J** Portfolio income | ● 195 ☐ QIP Exempt Income | **J2** Portfolio income | ● |
| **K** Net capital gain (loss) | ● -6,385 | **K2** Net capital gain (loss) | ● |
| **L** Other income (loss) | ● | **L2** Other income (loss) | ● |
| **M** Nonbusiness items | ● | **M2** Nonbusiness items | ● |
| **N** Section 179 Deduction | ● | **N2** Section 179 Deduction | ● |
| **O** Contributions | ● 26 | **O2** Contributions | ● |
| **P** Investment interest expense | ● | **P2** Investment interest expense | ● |
| **Q** Other deductions | ● | **Q2** Other deductions | ● |
| **R** Oil and gas depletion | ● | **R2** Oil and gas depletion | ● |
| **S** Casualty losses | ● | **S2** Casualty losses | ● |
| **T** Tax-exempt income | ● | **T2** Tax-exempt income | ● |
| **U** Nondeductible expenses | ● 332 | **U2** Nondeductible expenses | ● |
| **V** Distributions | ● | **V2** Distributions | ● |
| **W** Investment income | ● 195 | **W2** Investment income | ● |
| **X** Investment expenses | ● | **X2** Investment expenses | ● |
| **Y** Other items and amounts | ● | **Y2** Other items and amounts | ● |
| **Z** Composite payment made on partner's behalf | ● ☐ NRC-Exempt | | |



SCHEDULE
**K-1**
(Form 65)



**ALABAMA DEPARTMENT OF REVENUE**
INDIVIDUAL & CORPORATE TAX DIVISION

**Owner's Share of**
**Income, Deductions, Credits, etc.**
**SEE INSTRUCTIONS**

**2017**

● ☐ Final K-1

● ☐ QIP     Tax year beginning ___01/01___ , 2017 and ending ___12/31___ , 20_17_

● ☐ Amended K-1

| PART I | Information About the Partnership |
|---|---|

**A** Partnership's Employer Identification Number
6138

**B** Partnership's name, address, city, state, and Zip code
GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD. SUITE 2400
HOUSTON, TX 77056

| PART II | Information About the Partner |
|---|---|

**C** Partner's identifying number
4919     3

**D** Partner's Name THE ESTATE OF SANFORD P BRASS
●
Street 1990 POST OAK BLVD, SUITE 2400
●
City                    State      Zip
● HOUSTON        ● TX    ● 77056

**E** 1. ● ☐ General partner or LLC     ● ☒ Limited partner or other LLC
             member manager                    member

2. What type of entity is this partner?
● ESTATE                          ☐ Nominee

3. If this partner is a retirement plan (IRA/SEP/etc ) check here
●

4. Partner's share of profit, loss, and capital:

Beginning                    Ending
● Profit %  25.000000    ● Profit %  25.000000
● Loss %   25.000000    ● Loss %   25.000000
● Capital % 25.000000   ● Capital % 25.000000

5. Partner's share of liabilities at year end
Nonrecourse ● $   6,967,866.
Qualified nonrecourse financing ● $
Recourse ● $

6. Check if partner is a nonresident ● ☒
If a nonresident, provide state of legal residence ● TX

7. Check if partner is a single member LLC ●
● Owner
● FEIN

8. Partner's capital account analysis:
Beginning capital account          ● $   -4,063,816
Capital contributed during the year  ● $
Current year increase (decrease)   ● $   -2,756,317
Withdrawals and distributions       ● $ (                    )
Ending capital account              ● $   -6,820,133

| PART III | Partner's Share of Current Year Income, Deductions, Credit, and Other Items |
|---|---|

| | Distributive share allocated and apportioned to Alabama | | Distributive share to be reported by Alabama Residents |
|---|---|---|---|
| **G** Ordinary income (loss) | ● -23,965 | **G2** Ordinary income (loss) | ● |
| **H** Net rental real estate income (loss) | ● -2 | **H2** Net rental real estate income (loss) | ● |
| **I** Guaranteed payments | ● | **I2** Guaranteed payments | ● |
| **J** Portfolio income | ● 195 | **J2** Portfolio income | ● |
| ☐ QIP Exempt Income | | | |
| **K** Net capital gain (loss) | ● -6,384 | **K2** Net capital gain (loss) | ● |
| **L** Other income (loss) | ● | **L2** Other income (loss) | ● |
| **M** Nonbusiness items | ● | **M2** Nonbusiness items | ● |
| **N** Section 179 Deduction | ● | **N2** Section 179 Deduction | ● |
| **O** Contributions | ● 26 | **O2** Contributions | ● |
| **P** Investment interest expense | ● | **P2** Investment interest expense | ● |
| **Q** Other deductions | ● | **Q2** Other deductions | ● |
| **R** Oil and gas depletion | ● | **R2** Oil and gas depletion | ● |
| **S** Casualty losses | ● | **S2** Casualty losses | ● |
| **T** Tax-exempt income | ● | **T2** Tax-exempt income | ● |
| **U** Nondeductible expenses | ● 332 | **U2** Nondeductible expenses | ● |
| **V** Distributions | ● | **V2** Distributions | ● |
| **W** Investment income | ● 195 | **W2** Investment income | ● |
| **X** Investment expenses | ● | **X2** Investment expenses | ● |
| **Y** Other items and amounts | ● | **Y2** Other items and amounts | ● |
| **Z** Composite payment made on partner's behalf | ● ☐ NRC-Exempt | | |

| **F** | | Credits | |
|---|---|---|---|
| | Code | | Maximum Allowable |
| 1. ● | | | |
| 2. ● | | | |
| 3. ● | | | |

Form **8879-PE**

**IRS e-file Signature Authorization for Form 1065**

OMB No 1545-0123

▶ Return completed Form 8879-PE to your ERO. (Don't send to the IRS.)

▶ Go to *www.irs.gov/Form8879PE* for the latest information.

**2017**

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax year beginning _____ , 2017, and ending _____ , 20 ___

Name of partnership

GULF COAST ASPHALT COMPANY, LLC

Employer Identification number

███████6138

**Part I   Tax Return Information** (Whole dollars only)

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales less returns and allowances (Form 1065, line 1c). . . . . . . . . . . . . | 1 | 37,039,652. |
| 2 | Gross profit (Form 1065, line 3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 | −7,185,690. |
| 3 | Ordinary business income (loss) (Form 1065, line 22). . . . . . . . . . . . . . . . . . . . . | 3 | −7,795,804. |
| 4 | Net rental real estate income (loss) (Form 1065, Schedule K, line 2) . . . . . . . . . . . . | 4 | |
| 5 | Other net rental income (loss) (Form 1065, Schedule K, line 3c) . . . . . . . . . . . . . . | 5 | 2,091. |

**Part II   Declaration and Signature Authorization of Partner or Member**
   **(Be sure to get a copy of the partnership's return)**

Under penalties of perjury, I declare that I am a partner or member of the above partnership and that I have examined a copy of the partnership's 2017 electronic return of partnership income and accompanying schedules and statements and to the best of my knowledge and belief, it is true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the partnership's electronic return of partnership income. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the partnership's return to the IRS and to receive from the IRS (a) an acknowledgement of receipt or reason for rejection of the transmission and (b) the reason for any delay in processing the return. I have selected a personal identification number (PIN) as my signature for the partnership's electronic return of partnership income.

**Partner or Member's PIN: check one box only**

[X]  I authorize  EEPB  PC _____  to enter my PIN  ████████  as my signature
                          ERO firm name                                                Don't enter all zeros
     on the partnership's 2017 electronically filed return of partnership income.

[ ]  As a partner or member of the partnership, I will enter my PIN as my signature on the partnership's 2017 electronically filed
     return of partnership income.

Partner or member's signature ▶ _____

Title ▶ MEMBER _____          Date ▶ _____

**Part III   Certification and Authentication**

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN.

████████ 6 0 2 2
                                                                  Don't enter all zeros

I certify that the above numeric entry is my PIN, which is my signature on the 2017 electronically filed return of partnership income for the partnership indicated above. I confirm that I am submitting this return in accordance with the requirements of Pub. 3112, IRS *e-file* Application and Participation, and Pub. 4163, Modernized e-File (MeF) Information for Authorized IRS *e-file* Providers for Business Returns.

ERO's signature ▶ _____ CPA        Date ▶ 9/7/18

**ERO Must Retain This Form - See Instructions
Don't Submit This Form to the IRS Unless Requested To Do So**

For Paperwork Reduction Act Notice, see instructions.

Form **8879-PE** (2017)

JSA
7P8907 1 000

9608IW   C973   09/06/2018  15:48:11  V17-6.6F  8524

003541
4

| Form **1065** | **U.S. Return of Partnership Income** | | OMB No 1545-0123 |
|---|---|---|---|
| Department of the Treasury Internal Revenue Service | For calendar year 2017, or tax year beginning _____, 2017, ending _____, 20 _____. ▶ Go to *www.irs.gov/Form1065* for instructions and the latest information. | | **2017** |

| A Principal business activity | Name of partnership | D Employer Identification number |
|---|---|---|
| ASPHALT PLANT SALES | GULF COAST ASPHALT COMPANY, LLC | ▮▮▮6138 |
| B Principal product or service | Type or Print | Number, street, and room or suite no. If a P O box, see the instructions | E Date business started |
| ASPHALT PRODUCTS | | 1990 POST OAK BLVD. SUITE 2400 | 01/01/1994 |
| C Business code number | | City or town, state or province, country, and ZIP or foreign postal code | F Total assets (see the instructions) |
| 324120 | | HOUSTON, TX  77056 | $ 16,874,689. |

G Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☐ Name change **(4)** ☐ Address change **(5)** ☐ Amended return
**(6)** ☐ Technical termination - also check (1) or (2)

H Check accounting method: **(1)** ☐ Cash **(2)** ☒ Accrual **(3)** ☐ Other (specify) ▶

I Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ▶ 3

J Check if Schedules C and M-3 are attached . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒

Caution. Include *only* trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | | Amount |
|---|---|---|---|---|
| **Income** | 1a | Gross receipts or sales . . . . . . . . . . . . . . . . . . . . . . | 1a  37,039,652. | |
| | b | Returns and allowances . . . . . . . . . . . . . . . . . . . . . | 1b | |
| | c | Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . . . . . . . | **1c** | 37,039,652. |
| | 2 | Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . . . . . . . | **2** | 44,225,342. |
| | 3 | Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . . . . . . . | **3** | −7,185,690. |
| | 4 | Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) STMT. 1 | **4** | 1,046,544. |
| | 5 | Net farm profit (loss) (attach Schedule F (Form 1040)) . . . . . . . . . . . . . . | **5** | |
| | 6 | Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) . . . . . . . . . | **6** | 2,349,930. |
| | 7 | Other income (loss) (attach statement) . . . . . . . . . . SEE. STATEMENT. 1. | **7** | 8,435. |
| | 8 | Total income (loss). Combine lines 3 through 7 . . . . . . . . . . . . . . . . . | **8** | −3,780,781. |
| **Deductions** (see the instructions for limitations) | 9 | Salaries and wages (other than to partners) (less employment credits) . . . . . . . . | **9** | 1,934,067. |
| | 10 | Guaranteed payments to partners . . . . . . . . . . . . . . . . . . . . . . | **10** | |
| | 11 | Repairs and maintenance . . . . . . . . . . . . . . . . . . . . . . . . . | **11** | |
| | 12 | Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12** | |
| | 13 | Rent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **13** | 16,650. |
| | 14 | Taxes and licenses . . . . . . . . . . . . . . . . . SEE. STATEMENT. 1. | **14** | 173,033. |
| | 15 | Interest . . . . . . . . . . . . . . . . . . . . . . SEE. STATEMENT. 1. | **15** | 470,301. |
| | 16a | Depreciation (if required, attach Form 4562) . . . . . . . . | 16a  1,775. | | |
| | b | Less depreciation reported on Form 1125-A and elsewhere on return | 16b | **16c** | 1,775. |
| | 17 | Depletion (Do not deduct oil and gas depletion.) . . . . . . . . . . . . . . . . | **17** | |
| | 18 | Retirement plans, etc. . . . . . . . . . . . . . . . . . . . . . . . . . . | **18** | 58,113. |
| | 19 | Employee benefit programs . . . . . . . . . . . . . . . . . . . . . . . . | **19** | 292,954. |
| | 20 | Other deductions (attach statement) . . . . . . . . . . . . SEE. STATEMENT. 1. | **20** | 1,068,130. |
| | 21 | Total deductions. Add the amounts shown in the far right column for lines 9 through 20 . . . | **21** | 4,015,023. |
| | 22 | Ordinary business income (loss). Subtract line 21 from line 8 . . . . . . . . . . . . | **22** | −7,795,804. |

| Sign Here | Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of which preparer has any knowledge. | May the IRS discuss this return with the preparer shown below (see instructions)? ☒ Yes ☐ No |
|---|---|---|
| | ▶ _____ [signature]  MEMBER  JOHN TOMASZEWSKI      ▶ 09/17/2018 | |
| | Signature of partner or limited liability company member      Date | |

| Paid Preparer Use Only | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | J. MICHAEL WAGNER | [signature] CPA  9/7/18 | | | P00734241 |
| | Firm's name ▶ EEPB PC | | | Firm's EIN ▶ | ▮▮▮2094 |
| | Firm's address ▶ 2950 NORTH LOOP W. SUITE 1200  HOUSTON, TX 77092 | | | Phone no | |

For Paperwork Reduction Act Notice, see separate instructions. Form **1065** (2017)

Form 1065 (2017)   GULF COAST ASPHALT COMPANY, LLC                          6138   Page **2**

| **Schedule B** | **Other Information** | | |
|---|---|---|---|

**1** What type of entity is filing this return? Check the applicable box:

| | | | | | | Yes | No |
|---|---|---|---|---|---|---|---|
| **a** | | Domestic general partnership | **b** | | Domestic limited partnership | | |
| **c** | X | Domestic limited liability company | **d** | | Domestic limited liability partnership | | |
| **e** | | Foreign partnership | **f** | | Other ▶ | | |

**2** At any time during the tax year, was any partner in the partnership a disregarded entity, a partnership (including an entity treated as a partnership), a trust, an S corporation, an estate (other than an estate of a deceased partner), or a nominee or similar person? . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **X**

**3** At the end of the tax year:

**a** Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . . . . . . . . . . . . . .    **X**

**b** Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership . . . . . . . . . . . . . . . . . . . . . .    **X**

**4** At the end of the tax year, did the partnership:

**a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below . . . . . . . . . . . . . . . . . . . . . . . . . .    **X**

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . .    **X**

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| GCAC HOLDINGS LLC | 1373 | LLC | US | 100.000 |
| GULF COAST CRUDE GATHERING | 4058 | LLC | US | 100.000 |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **5** | Did the partnership file Form 8893, Election of Partnership Level Tax Treatment, or an election statement under section 6231(a)(1)(B)(ii) for partnership-level tax treatment, that is in effect for this tax year? See Form 8893 for more details . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **X** |

**6** Does the partnership satisfy **all four** of the following conditions?

**a** The partnership's total receipts for the tax year were less than $250,000.

**b** The partnership's total assets at the end of the tax year were less than $1 million.

**c** Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return.

**d** The partnership is not filing and is not required to file Schedule M-3. . . . . . . . . . . . . . . . . . .    **X**

If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item L on Schedule K-1

**7** Is this partnership a publicly traded partnership as defined in section 469(k)(2)? . . . . . . . . . . . . . . . . .    **X**

**8** During the tax year, did the partnership have any debt that was cancelled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt?. . . . . . . . . . . . . . . . . . . . . . . . . .    **X**

**9** Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **X**

**10** At any time during calendar year 2017, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See the instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If "Yes," enter the name of the foreign country ▶                    **X**

JSA

Form **1065** (2017)

7P1020 2 000

GULF COAST ASPHALT COMPANY, LLC

Form 1065 (2017)    6138    Page **3**

**Schedule B**   **Other Information** *(continued)*

| | | Yes | No |
|---|---|---|---|
| 11 | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions . . . . . . . . . . . . . . . . . . | | X |
| 12a | Is the partnership making, or had it previously made (and not revoked), a section 754 election? . . . . . . . . . . . . . See instructions for details regarding a section 754 election | X | |
| b | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions . . . . . . . . . . | | X |
| c | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions | | X |
| 13 | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | | |
| 14 | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| 15 | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities, enter the number of Forms 8858 attached. See instructions ▶ | | |
| 16 | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership. ▶ | | X |
| 17 | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return. ▶ | | |
| 18a | Did you make any payments in 2017 that would require you to file Form(s) 1099? See instructions . . . . . . . . . . | X | |
| b | If "Yes," did you or will you file required Form(s) 1099?. . . . . . . . . . . . . . . . . . . . . . . . . . . . | X | |
| 19 | Enter the number of Form(s) 5471, Information Return of U.S Persons With Respect To Certain Foreign Corporations, attached to this return. ▶ | | |
| 20 | Enter the number of partners that are foreign governments under section 892. ▶ | | |
| 21 | During the partnership's tax year, did the partnership make any payments that would require it to file Form 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)?. . . . . . . . | | X |
| 22 | Was the partnership a specified domestic entity required to file Form 8938 for the tax year (See the Instructions for Form 8938)?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |

**Designation of Tax Matters Partner** *(see instructions)*

Enter below the general partner or member-manager designated as the tax matters partner (TMP) for the tax year of this return

| | | | |
|---|---|---|---|
| Name of designated TMP ▶ | TRIFINERY INC | Identifying number of TMP ▶ | 8329 |
| If the TMP is an entity, name of TMP representative ▶ | JOHN TOMASZWESKI | Phone number of TMP ▶ | 3310 |
| Address of designated TMP ▶ | 1990 POST OAK BLVD, SUITE 2400 HOUSTON      TX   77056 | | |

Form **1065** (2017)

Form 1065 (2017)    GULF COAST ASPHALT COMPANY, LLC      6138   **Page 4**

### Schedule K — Partners' Distributive Share Items

| | | | Total amount |
|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary business income (loss) (page 1, line 22) | **1** | -7,795,804. |
| | 2 | Net rental real estate income (loss) (attach Form 8825) | **2** | |
| | 3a | Other gross rental income (loss) | **3a** 2,091. | |
| | b | Expenses from other rental activities (attach statement) | **3b** | |
| | c | Other net rental income (loss). Subtract line 3b from line 3a | **3c** | 2,091. |
| | 4 | Guaranteed payments | **4** | |
| | 5 | Interest income ..... SEE STATEMENT 2 | **5** | 99,693. |
| | 6 | Dividends: a Ordinary dividends | **6a** | |
| | | b Qualified dividends | **6b** | |
| | 7 | Royalties | **7** | |
| | 8 | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | **8** | |
| | 9a | Net long-term capital gain (loss) (attach Schedule D (Form 1065)) .... STMT 2 | **9a** | 3,175,882. |
| | b | Collectibles (28%) gain (loss) | **9b** | |
| | c | Unrecaptured section 1250 gain (attach statement) | **9c** | |
| | 10 | Net section 1231 gain (loss) (attach Form 4797) ..... SEE STATEMENT 2 | **10** | -3,242. |
| | 11 | Other income (loss) (see instructions) Type ▶ | **11** | |
| **Deductions** | 12 | Section 179 deduction (attach Form 4562) | **12** | |
| | 13a | Contributions ..... SEE STATEMENT 3 | **13a** | 13,398. |
| | b | Investment interest expense | **13b** | |
| | c | Section 59(e)(2) expenditures: (1) Type ▶ _____ (2) Amount ▶ | **13c(2)** | |
| | d | Other deductions (see instructions) Type ▶ | **13d** | |
| **Self-Employ-ment** | 14a | Net earnings (loss) from self-employment | **14a** | |
| | b | Gross farming or fishing income | **14b** | |
| | c | Gross nonfarm income | **14c** | |
| **Credits** | 15a | Low-income housing credit (section 42(j)(5)) | **15a** | |
| | b | Low-income housing credit (other) | **15b** | |
| | c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | **15c** | |
| | d | Other rental real estate credits (see instructions) Type ▶ | **15d** | |
| | e | Other rental credits (see instructions) Type ▶ | **15e** | |
| | f | Other credits (see instructions) Type ▶ | **15f** | |
| **Foreign Transactions** | 16a | Name of country or U.S. possession ▶ | | |
| | b | Gross income from all sources | **16b** | |
| | c | Gross income sourced at partner level | **16c** | |
| | | Foreign gross income sourced at partnership level | | |
| | d | Passive category ▶ _____ e General category ▶ _____ f Other ▶ | **16f** | |
| | | Deductions allocated and apportioned at partner level | | |
| | g | Interest expense ▶ _____ h Other | **16h** | |
| | | Deductions allocated and apportioned at partnership level to foreign source income | | |
| | i | Passive category ▶ _____ j General category ▶ _____ k Other ▶ | **16k** | |
| | l | Total foreign taxes (check one): ▶ Paid ☐ Accrued ☐ | **16l** | |
| | m | Reduction in taxes available for credit (attach statement) | **16m** | |
| | n | Other foreign tax information (attach statement) | | |
| **Alternative Minimum Tax (AMT) Items** | 17a | Post-1986 depreciation adjustment ..... SEE STATEMENT 3 | **17a** | -18,763. |
| | b | Adjusted gain or loss ..... SEE STATEMENT 3 | **17b** | 206,810. |
| | c | Depletion (other than oil and gas) | **17c** | |
| | d | Oil, gas, and geothermal properties - gross income | **17d** | |
| | e | Oil, gas, and geothermal properties - deductions | **17e** | |
| | f | Other AMT items (attach statement) | **17f** | |
| **Other Information** | 18a | Tax-exempt interest income | **18a** | |
| | b | Other tax-exempt income | **18b** | |
| | c | Nondeductible expenses ..... SEE STATEMENT 3 | **18c** | 169,694. |
| | 19a | Distributions of cash and marketable securities | **19a** | |
| | b | Distributions of other property | **19b** | |
| | 20a | Investment income ..... SEE STATEMENT 3 | **20a** | 99,693. |
| | b | Investment expenses | **20b** | |
| | c | Other items and amounts (attach statement) | | |

Form **1065** (2017)

Form 1065 (2017)   GULF COAST ASPHALT COMPANY, LLC          6138   Page **5**

## Analysis of Net Income (Loss)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 16l . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | | | **1** | -4,534,778. |

| 2 | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|---|
| a | General partners | | | | | | |
| b | Limited partners | 3,180,872. | | -3,857,826. | | | -3,857,824. |

### Schedule L — Balance Sheets per Books

| | Assets | (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| | | Beginning of tax year | | End of tax year | |
| 1 | Cash . . . . . . . . . . . . . . . . . . | | 15,259. | | 4,623,309. |
| 2a | Trade notes and accounts receivable . . . . . . | 1,915,172. | | 8,575,014. | |
| b | Less allowance for bad debts . . . . . . . . . | | 1,915,172. | | 8,575,014. |
| 3 | Inventories . . . . . . . . . . . . . . . . | | | | |
| 4 | U.S. government obligations . . . . . . . . . . | | | | |
| 5 | Tax-exempt securities . . . . . . . . . . . . | | | | |
| 6 | Other current assets (attach statement) . . . . . | STMT 4 | 18,926. | | 6,995. |
| 7a | Loans to partners (or persons related to partners) | | 1,419,290. | | 2,998,569. |
| b | Mortgage and real estate loans . . . . . . . . . | | | | |
| 8 | Other investments (attach statement) . . . . . | STMT 4 | 930,726. | | NONE |
| 9a | Buildings and other depreciable assets . . . . . | 118,417. | | 118,417. | |
| b | Less accumulated depreciation . . . . . . . . . | 118,417. | | 118,417. | |
| 10a | Depletable assets . . . . . . . . . . . . . | | | | |
| b | Less accumulated depletion . . . . . . . . . . | | | | |
| 11 | Land (net of any amortization) . . . . . . . . | | | | |
| 12a | Intangible assets (amortizable only) . . . . . . . | 350,000. | | 300,000. | |
| b | Less accumulated amortization . . . . . . . . . | | 350,000. | | 300,000. |
| 13 | Other assets (attach statement) . . . . . . . . | STMT 4 | 609,952. | | 370,802. |
| 14 | Total assets . . . . . . . . . . . . . . . | | 5,259,325. | | 16,874,689. |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable . . . . . . . . . . . . . . | | 2,810,520. | | 11,457,083. |
| 16 | Mortgages, notes, bonds payable in less than 1 year . . | | | | |
| 17 | Other current liabilities (attach statement) . . . | STMT 4 | 2,552,715. | | 16,414,382. |
| 18 | All nonrecourse loans . . . . . . . . . . . . | | | | |
| 19a | Loans from partners (or persons related to partners) . . | | 240,100. | | 240,000. |
| b | Mortgages, notes, bonds payable in 1 year or more . . | | | | |
| 20 | Other liabilities (attach statement) . . . . . . . | | | | |
| 21 | Partners' capital accounts . . . . . . . . . . | | -344,010. | | -11,236,776. |
| 22 | Total liabilities and capital . . . . . . . . . . . | | 5,259,325. | | 16,874,689. |

### Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

Note. The partnership may be required to file Schedule M-3 (see instructions).

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Net income (loss) per books . . . . . . . | | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize) | | | a Tax-exempt interest $ | | |
| 3 | Guaranteed payments (other than health insurance) . . . . . . . . . . . | | 7 | Deductions included on Schedule K, lines 1 through 13d, and 16l, not charged against book income this year (itemize): | | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16l (itemize): | | | a Depreciation $ | | |
| a | Depreciation $ | | | | | |
| b | Travel and entertainment $ | | 8 | Add lines 6 and 7 . . . . . . . . . . . . . | | |
| | | | 9 | Income (loss) (Analysis of Net Income (Loss), line 1) Subtract line 8 from line 5 . . | | |
| 5 | Add lines 1 through 4 . . . . . . . . . | | | | | |

### Schedule M-2 — Analysis of Partners' Capital Accounts

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Balance at beginning of year . . . . . . | -344,010. | 6 | Distributions: a Cash . . . . . . . . . | | |
| 2 | Capital contributed: a Cash . . . . . . | | | b Property . . . . . . . . . | | |
| | b Property . . . . . | | 7 | Other decreases (itemize) | | |
| 3 | Net income (loss) per books . . . . . . | -10,892,766. | | | | |
| 4 | Other increases (itemize): | | 8 | Add lines 6 and 7 . . . . . . . . . . . . . | | |
| 5 | Add lines 1 through 4 . . . . . . . . . | -11,236,776. | 9 | Balance at end of year. Subtract line 8 from line 5 | -11,236,776. | |

JSA
7P1035 2 000

9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524

Form **1125-A**
(Rev. October 2016)

Department of the Treasury
Internal Revenue Service

## Cost of Goods Sold

▶ Attach to Form 1120, 1120-C, 1120-F, 1120S, 1065, or 1065-B.
▶ Information about Form 1125-A and its instructions is at *www.irs.gov/form1125a.*

OMB No. 1545-0123

| Name | Employer Identification number |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC | ██████6138 |

| | | | |
|---|---|---|---:|
| 1 | Inventory at beginning of year. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **1** | |
| 2 | Purchases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **2** | 36,243,448. |
| 3 | Cost of labor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **3** | |
| 4 | Additional section 263A costs (attach schedule). . . . . . . . . . . . . . . . . . . . . . . | **4** | |
| 5 | Other costs (attach schedule). . . . . . . . . . . . . . . . . . . SEE. STATEMENT. 5. | **5** | 7,981,894. |
| 6 | Total. Add lines 1 through 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6** | 44,225,342. |
| 7 | Inventory at end of year. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7** | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions. . . . . . . . . . . . . . . . . . . . . . . | **8** | 44,225,342. |

**9a** Check all methods used for valuing closing inventory:

　(i) ☒ Cost

　(ii) ☐ Lower of cost or market

　(iii) ☐ Other (Specify method used and attach explanation.) ▶ _____

**b** Check if there was a writedown of subnormal goods . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**c** Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970). . . . . . . . . . . ▶ ☐

**d** If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed under LIFO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **9d** |

**e** If property is produced or acquired for resale, do the rules of section 263A apply to the entity? See Instructions. . . . ☐ Yes ☒ No

**f** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

---

Section references are to the Internal Revenue Code unless otherwise noted.

## General Instructions

### Purpose of Form

Use Form 1125-A to calculate and deduct cost of goods sold for certain entities.

### Who Must File

Filers of Form 1120, 1120-C, 1120-F, 1120S, 1065, or 1065-B, must complete and attach Form 1125-A if the applicable entity reports a deduction for cost of goods sold.

### Inventories

Generally, inventories are required at the beginning and end of each tax year if the production, purchase, or sale of merchandise is an income-producing factor. See Regulations section 1.471-1. If inventories are required, you generally must use an accrual method of accounting for sales and purchases of inventory items.

**Exception for certain taxpayers.** If you are a qualifying taxpayer or a qualifying small business taxpayer (defined below), you can adopt or change your accounting method to account for inventoriable items in the same manner as materials and supplies that are not incidental.

Under this accounting method, inventory costs for raw materials purchased for use in producing finished goods and merchandise purchased for resale are deductible in the year the finished goods or merchandise are sold (but not before the year you paid for the raw materials or merchandise, if you are also using the cash method).

If you account for inventoriable items in the same manner as materials and supplies that are not incidental, you can currently deduct expenditures for direct labor and all indirect costs that would otherwise be included in inventory costs. See the instructions for lines 2 and 7.

For additional guidance on this method of accounting, see Pub. 538, Accounting Periods and Methods. For guidance on adopting or changing to this method of accounting, see Form 3115, Application for Change in Accounting Method, and its instructions.

**Qualifying taxpayer.** A qualifying taxpayer is a taxpayer that, (a) for each prior tax year ending after December 16, 1998, has average annual gross receipts of $1 million or less for the 3 prior tax years, and (b) its business is not a tax shelter (as defined in section 448(d)(3)). See Rev. Proc. 2001-10, 2001-2 I.R.B. 272.

**Qualifying small business taxpayer.** A qualifying small business taxpayer is a taxpayer that, (a) for each prior tax year

ending on or after December 31, 2000, has average annual gross receipts of $10 million or less for the 3 prior tax years, (b) whose principal business activity is not an ineligible activity, and (c) whose business is not a tax shelter (as defined in section 448 (d)(3)). See Rev. Proc. 2002-28, 2002-18 I.R.B. 815.

**Uniform capitalization rules.** The uniform capitalization rules of section 263A generally require you to capitalize, or include in inventory, certain costs incurred in connection with the following.

● The production of real property and tangible personal property held in inventory or held for sale in the ordinary course of business.

● Real property or personal property (tangible and intangible) acquired for resale.

● The production of real property and tangible personal property by a corporation for use in its trade or business or in an activity engaged in for profit.

See the discussion on section 263A uniform capitalization rules in the instructions for your tax return before completing Form 1125-A. Also see Regulations sections 1.263A-1 through 1.263A-3. See Regulations section 1.263A-4 for rules for property produced in a farming business.

---

For Paperwork Reduction Act Notice, see instructions.

Form **1125-A** (Rev. 10-2016)

JSA
7X4012 1.000

003547
11

**SCHEDULE B-1**
**(Form 1065)**
(Rev September 2017)
Department of the Treasury
Internal Revenue Service

# Information on Partners Owning 50% or More of the Partnership

▶ Attach to Form 1065.
▶ Go to *www.irs.gov/Form1065* for the latest information.

OMB No 1545-0123

| Name of partnership | Employer Identification number (EIN) |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC | ███ 6138 |

## Part I   Entities Owning 50% or More of the Partnership (Form 1065, Schedule B, Question 3a)

Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, tax-exempt organization, or any foreign government that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| TRIFINERY, INC. | ███ 8329 | CORPORATION | US | 100.000 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## Part II   Individuals or Estates Owning 50% or More of the Partnership (Form 1065, Schedule B, Question 3b)

Complete columns (i) through (iv) below for any individual or estate that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| JOYCE M BRASS | ███ 8424 | US | 100.000 |
| THE ESTATE OF SANFORD P BRASS | ███ 4919 | US | 100.000 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

For Paperwork Reduction Act Notice, see the Instructions for Form 1065.

Schedule B-1 (Form 1065) (Rev. 9-2017)

**SCHEDULE C**
**(Form 1065)**
(Rev. December 2014)
Department of the Treasury
Internal Revenue Service

## Additional Information for Schedule M-3 Filers

▶ Attach to Form 1065. See separate Instructions.
▶ Information about Schedule C (Form 1065) and its instructions is at *www.irs.gov/form1065.*

OMB No. 1545-0123

Name of partnership

GULF COAST ASPHALT COMPANY, LLC

Employer identification number

6138

| | | Yes | No |
|---|---|---|---|
| 1 | At any time during the tax year, were there any transfers between the partnership and its partners subject to the disclosure requirements of Regulations section 1.707-8? . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| 2 | Does any amount reported on Schedule M-3, Part II, lines 7 or 8, column (d), reflect allocations to this partnership from another partnership of income, gain, loss, deduction, or credit that are disproportionate to this partnership's share of capital in such partnership or its ratio for sharing other items of such partnership? . . . . . . . . . . . . . . . . | | X |
| 3 | At any time during the tax year, did the partnership sell, exchange, or transfer any interest in an intangible asset to a related person as defined in sections 267(b) and 707(b)(1)? . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| 4 | At any time during the tax year, did the partnership acquire any interest in an intangible asset from a related person as defined in sections 267(b) and 707(b)(1)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| 5 | At any time during the tax year, did the partnership make any change in accounting principle for financial accounting purposes? See instructions for a definition of change in accounting principle . . . . . . . . . . . . . . . . . | | X |
| 6 | At any time during the tax year, did the partnership make any change in a method of accounting for U.S. income tax purposes? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |

For Paperwork Reduction Act Notice, see the Instructions for Form 1065.

Schedule C (Form 1065) (Rev. 12-2014)

SCHEDULE D
(Form 1065)

Department of the Treasury
Internal Revenue Service

**Capital Gains and Losses**

▶ Attach to Form 1065 or Form 8865.
▶ Use Form 8949 to list your transactions for lines 1b, 2, 3, 8b, 9, and 10.
▶ Go to *www.irs.gov/Form1065* for instructions and the latest information.

OMB No. 1545-0123

2017

Name of partnership

GULF COAST ASPHALT COMPANY, LLC

Employer identification number

6138

**Part I  Short-Term Capital Gains and Losses - Assets Held One Year or Less**

| See instructions for how to figure the amounts to enter on the lines below.<br><br>This form may be easier to complete if you round off cents to whole dollars. | (d)<br>Proceeds<br>(sales price) | (e)<br>Cost<br>(or other basis) | (g)<br>Adjustments<br>to gain or loss from<br>Form(s) 8949, Part I,<br>line 2, column (g) | (h) Gain or (loss)<br>Subtract column (e)<br>from column (d) and<br>combine the result with<br>column (g) |
|---|---|---|---|---|
| **1a** Totals for all short-term transactions reported on Form 1099-B for which basis was reported to the IRS and for which you have no adjustments (see instructions) However, if you choose to report all these transactions on Form 8949, leave this line blank and go to line 1b . . | | | | |
| **1b** Totals for all transactions reported on Form(s) 8949 with Box A checked . . . . . . . . . . . . . . . . . . | | | | |
| **2** Totals for all transactions reported on Form(s) 8949 with Box B checked . . . . . . . . . . . . . . . . . . | | | | |
| **3** Totals for all transactions reported on Form(s) 8949 with Box C checked . . . . . . . . . . . . . . . . . . | | | | |

| | | |
|---|---|---|
| **4** Short-term capital gain from installment sales from Form 6252, line 26 or 37 . . . . . . . . . . . . . | **4** | |
| **5** Short-term capital gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . . . . | **5** | |
| **6** Partnership's share of net short-term capital gain (loss), including specially allocated short-term capital gains (losses), from other partnerships, estates, and trusts . . . . . . . . . . . . . . . . . . | **6** | |
| **7** **Net short-term capital gain or (loss).** Combine lines 1a through 6 in column (h) Enter here and on Form 1065, Schedule K, line 8 or 11, or Form 8865, Schedule K, line 8 or 11 . . . . . . . . . . . | **7** | |

**Part II  Long-Term Capital Gains and Losses - Assets Held More Than One Year**

| See instructions for how to figure the amounts to enter on the lines below.<br><br>This form may be easier to complete if you round off cents to whole dollars. | (d)<br>Proceeds<br>(sales price) | (e)<br>Cost<br>(or other basis) | (g)<br>Adjustments<br>to gain or loss from<br>Form(s) 8949, Part II,<br>line 2, column (g) | (h) Gain or (loss)<br>Subtract column (e)<br>from column (d) and<br>combine the result with<br>column (g) |
|---|---|---|---|---|
| **8a** Totals for all long-term transactions reported on Form 1099-B for which basis was reported to the IRS and for which you have no adjustments (see instructions). However, if you choose to report all these transactions on Form 8949, leave this line blank and go to line 8b . . | | | | |
| **8b** Totals for all transactions reported on Form(s) 8949 with Box D checked . . . . . . . . . . . . . . . . . . | | | | |
| **9** Totals for all transactions reported on Form(s) 8949 with Box E checked . . . . . . . . . . . . . . . . . . | | | | |
| **10** Totals for all transactions reported on Form(s) 8949 with Box F checked . . . . . . . . . . . . . . . . . . | 3,175,882. | | | 3,175,882. |

| | | |
|---|---|---|
| **11** Long-term capital gain from installment sales from Form 6252, line 26 or 37 . . . . . . . . . . . . . | **11** | |
| **12** Long-term capital gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . . . . | **12** | |
| **13** Partnership's share of net long-term capital gain (loss), including specially allocated long-term capital gains (losses), from other partnerships, estates, and trusts . . . . . . . . . . . . . . . . . . | **13** | |
| **14** Capital gain distributions (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . | **14** | |
| **15** **Net long-term capital gain or (loss).** Combine lines 8a through 14 in column (h) Enter here and on Form 1065, Schedule K, line 9a or 11, or Form 8865, Schedule K, line 9a or 11 . . . . . . . . . . . | **15** | 3,175,882. |

For Paperwork Reduction Act Notice, see the instructions for Form 1065.

Schedule D (Form 1065) 2017

JSA

7X1049 2 000

9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524

003550
14

Form **8949**

Department of the Treasury
Internal Revenue Service

# Sales and Other Dispositions of Capital Assets

▶ Go to www.irs.gov/Form8949 for instructions and the latest information.

▶ File with your Schedule D to list your transactions for lines 1b, 2, 3, 8b, 9, and 10 of Schedule D.

OMB No 1545-0074

**2017**

Attachment
Sequence No **12A**

Name(s) shown on return

GULF COAST ASPHALT COMPANY, LLC

Social security number or taxpayer identification number

6138

Before you check Box A, B, or C below, see whether you received any Form(s) 1099-B or substitute statement(s) from your broker. A substitute statement will have the same information as Form 1099-B. Either will show whether your basis (usually your cost) was reported to the IRS by your broker and may even tell you which box to check.

**Part I**   **Short-Term.** Transactions involving capital assets you held 1 year or less are short term. For long-term transactions, see page 2.

**Note:** You may aggregate all short-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS and for which no adjustments or codes are required. Enter the totals directly on Schedule D, line 1a; you aren't required to report these transactions on Form 8949 (see instructions).

**You must check Box A, B, or C below.** Check only one box. If more than one box applies for your short-term transactions, complete a separate Form 8949, page 1, for each applicable box If you have more short-term transactions than will fit on this page for one or more of the boxes, complete as many forms with the same box checked as you need.

☐ **(A)** Short-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS (see Note above)

☐ **(B)** Short-term transactions reported on Form(s) 1099-B showing basis **wasn't** reported to the IRS

☐ **(C)** Short-term transactions not reported to you on Form 1099-B

1

| (a)<br>Description of property<br>(Example: 100 sh XYZ Co) | (b)<br>Date acquired<br>(Mo , day, yr ) | (c)<br>Date sold or<br>disposed of<br>(Mo , day, yr ) | (d)<br>Proceeds<br>(sales price)<br>(see instructions) | (e)<br>Cost or other basis<br>See the Note below<br>and see Column (e)<br>in the separate<br>instructions | (f)<br>Code(s) from<br>instructions | (g)<br>Amount of<br>adjustment | (h)<br>Gain or (loss).<br>Subtract column (e)<br>from column (d) and<br>combine the result<br>with column (g) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**2 Totals.** Add the amounts in columns (d), (e), (g), and (h) (subtract negative amounts) Enter each total here and include on your Schedule D, line 1b (if Box A above is checked). line 2 (if Box B above is checked), or line 3 (if Box C above is checked) ▶

**Note:** If you checked Box A above but the basis reported to the IRS was incorrect, enter in column (e) the basis as reported to the IRS, and enter an adjustment in column (g) to correct the basis See *Column (g)* in the separate instructions for how to figure the amount of the adjustment

For Paperwork Reduction Act Notice, see your tax return instructions.

JSA
7X2615 2 000

Form **8949** (2017)

003551
15

9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524

Form 8949 (2017)

| Name(s) shown on return  Name and SSN or taxpayer identification no  not required if shown on other side | Social security number or taxpayer identification number | Attachment Sequence No  **12A** | Page **2** |
|---|---|---|---|

GULF COAST ASPHALT COMPANY, LLC                                    6138

Before you check Box D, E, or F below, see whether you received any Form(s) 1099-B or substitute statement(s) from your broker. A substitute statement will have the same information as Form 1099-B. Either will show whether your basis (usually your cost) was reported to the IRS by your broker and may even tell you which box to check.

**Part II**   **Long-Term.** Transactions involving capital assets you held more than 1 year are long term. For short-term transactions, see page 1.

**Note:** You may aggregate all long-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS and for which no adjustments or codes are required. Enter the totals directly on Schedule D, line 8a; you aren't required to report these transactions on Form 8949 (see instructions).

You **must** check Box D, E, or F below. **Check only one box.** If more than one box applies for your long-term transactions, complete a separate Form 8949, page 2, for each applicable box. If you have more long-term transactions than will fit on this page for one or more of the boxes, complete as many forms with the same box checked as you need.

- ☐ (D) Long-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS (see **Note** above)
- ☐ (E) Long-term transactions reported on Form(s) 1099-B showing basis **wasn't** reported to the IRS
- ☒ (F) Long-term transactions not reported to you on Form 1099-B

| 1 (a) Description of property (Example: 100 sh  XYZ Co ) | (b) Date acquired (Mo , day, yr ) | (c) Date sold or disposed (Mo , day, yr ) | (d) Proceeds (sales price) (see instructions) | (e) Cost or other basis See the Note below and see Column (e) in the separate instructions | Adjustment, if any, to gain or loss. If you enter an amount in column (g), enter a code in column (f) See the separate instructions. | | (h) Gain or (loss). Subtract column (e) from column (d) and combine the result with column (g) |
|---|---|---|---|---|---|---|---|
| | | | | | (f) Code(s) from instructions | (g) Amount of adjustment | |
| 59,205 SHS ARC LOGISTICS PARTNERS, LP | | | 3,175,882. | | | | 3,175,882. |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **2** Totals. Add the amounts in columns (d), (e), (g), and (h) (subtract negative amounts) Enter each total here and include on your Schedule D, line 8b (if Box D above is checked), line 9 (if Box E above is checked), or line 10 (if Box F above is checked) ▶ | | | 3,175,882. | | | | 3,175,882. |

**Note:** If you checked Box D above but the basis reported to the IRS was incorrect, enter in column (e) the basis as reported to the IRS, and enter an adjustment in column (g) to correct the basis  See *Column (g)* in the separate instructions for how to figure the amount of the adjustment

Form **8949** (2017)

JSA
7X2616 2 000

| SCHEDULE M-3<br>(Form 1065)<br><br>Department of the Treasury<br>Internal Revenue Service | Net Income (Loss) Reconciliation<br>for Certain Partnerships<br>▶ Attach to Form 1065 or Form 1065-B.<br>▶ Go to *www.irs.gov/Form1065* for instructions and the latest information. | OMB No 1545-0123<br><br>2017 |
|---|---|---|

| Name of partnership | Employer identification number |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC | ▓▓▓6138 |

This Schedule M-3 is being filed because (check all that apply):

A  [X]  The amount of the partnership's total assets at the end of the tax year is equal to $10 million or more.

B  [X]  The amount of the partnership's adjusted total assets for the tax year is equal to $10 million or more. If box B is checked, enter the amount of adjusted total assets for the tax year ___28,111,465.___

C  [X]  The amount of total receipts for the tax year is equal to $35 million or more. If box C is checked, enter the total receipts for the tax year ___43,722,227.___

D  [ ]  An entity is a reportable entity partner with respect to the partnership owns or is deemed to own an interest of 50 percent or more in the partnership's capital, profit, or loss, on any day during the tax year of the partnership.

| Name of Reportable Entity Partner | Identifying Number | Maximum Percentage Owned or Deemed Owned |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

E  [ ]  Voluntary Filer.

**Part I**  Financial Information and Net Income (Loss) Reconciliation

1a  Did the partnership file SEC Form 10-K for its income statement period ending with or within this tax year?

  [ ]  Yes. Skip lines 1b and 1c and complete lines 2 through 11 with respect to that SEC Form 10-K.

  [X]  No. Go to line 1b. See instructions if multiple non-tax-basis income statements are prepared.

b  Did the partnership prepare a certified audited non-tax-basis income statement for that period?

  [ ]  Yes. Skip line 1c and complete lines 2 through 11 with respect to that income statement.

  [X]  No. Go to line 1c

c  Did the partnership prepare a non-tax-basis income statement for that period?

  [X]  Yes. Complete lines 2 through 11 with respect to that income statement.

  [ ]  No. Skip lines 2 through 3b and enter the partnership's net income (loss) per its books and records on line 4a

2  Enter the income statement period:  Beginning 01/01/2017 ___ Ending 12/31/2017 ___

3a  Has the partnership's income statement been restated for the income statement period on line 2?

  [ ]  Yes. (If "Yes," attach a statement and the amount of each item restated.)

  [X]  No.

b  Has the partnership's income statement been restated for any of the five income statement periods immediately preceding the period on line 2?

  [ ]  Yes. (If "Yes," attach a statement and the amount of each item restated.)

  [X]  No.

| 4a | Worldwide consolidated net income (loss) from income statement source identified in Part I, line 1 | 4a | -10,892,767. |
|---|---|---|---|

b  Indicate accounting standard used for line 4a (see instructions)

  1 [X] GAAP    2 [ ] IFRS    3 [ ] Section 704(b)

  4 [ ] Tax-basis    5 [ ] Other (Specify) ▶ _____

| 5a | Net income from noninclludible foreign entities (attach statement) | 5a | (          ) |
|---|---|---|---|
| b | Net loss from noninclludible foreign entities (attach statement and enter as a positive amount) | 5b |  |
| 6a | Net income from noninclludible U.S. entities (attach statement) | 6a | (          ) |
| b | Net loss from noninclludible U.S. entities (attach statement and enter as a positive amount) | 6b |  |
| 7a | Net income (loss) of other foreign disregarded entities (attach statement) | 7a |  |
| b | Net income (loss) of other U.S disregarded entities (attach statement) | 7b |  |
| 8 | Adjustment to eliminations of transactions between includible entities and noninclludible entities (attach statement) | 8 |  |
| 9 | Adjustment to reconcile income statement period to tax year (attach statement). | 9 |  |
| 10 | Other adjustments to reconcile to amount on line 11 (attach statement) | 10 |  |
| 11 | Net income (loss) per income statement of the partnership. Combine lines 4a through 10 | 11 | -10,892,767. |

Note: Part I, line 11 must equal Part II, line 26, column (a) or Schedule M-1, line 1 (see instructions)

12  Enter the total amount (not just the partnership's share) of the assets and liabilities of all entities included or removed on the following lines.

|  | Total Assets | Total Liabilities |
|---|---|---|
| a Included on Part I, line 4 | 16,874,689. | 28,111,465. |
| b Removed on Part I, line 5 |  |  |
| c Removed on Part I, line 6 |  |  |
| d Included on Part I, line 7 |  |  |

9608IW  C973  09/06/2018 15:48:11 V17-6.6F 8524  003553

17

Schedule M-3 (Form 1065) 2017

Page **2**

Name of partnership

GULF COAST ASPHALT COMPANY, LLC

Employer identification number

6138

**Part II**   Reconciliation of Net Income (Loss) per Income Statement of Partnership With Income (Loss) per Return

| Income (Loss) Items | (a) Income (Loss) per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Income (Loss) per Tax Return |
|---|---|---|---|---|
| Attach statements for lines 1 through 10 | | | | |
| 1 Income (loss) from equity method foreign corporations . . . . . . . . . . . | | | | |
| 2 Gross foreign dividends not previously taxed | | | | |
| 3 Subpart F, QEF, and similar income inclusions . . | | | | |
| 4 Gross foreign distributions previously taxed | | | | |
| 5 Income (loss) from equity method U.S. corporations | | | | |
| 6 U.S. dividends . . . . . . . . . . . | | | | |
| 7 Income (loss) from U.S. partnerships STMT 6 . | | 1,045,393. | | 1,045,393. |
| 8 Income (loss) from foreign partnerships . . | | | | |
| 9 Income (loss) from other pass-through entities . . . . . . . . . . . . . . . | | | | |
| 10 Items relating to reportable transactions . . | | | | |
| 11 Interest income (see instructions) . . . . . | 99,693. | | | 99,693. |
| 12 Total accrual to cash adjustment . . . . . | | | | |
| 13 Hedging transactions . . . . . . . . . | | | | |
| 14 Mark-to-market income (loss) . . . . . . | | | | |
| 15 Cost of goods sold (see instructions) . . . | ( 44,225,342. ) | | | ( 44,225,342. ) |
| 16 Sale versus lease (for sellers and/or lessors) . . | | | | |
| 17 Section 481(a) adjustments . . . . . . | | | | |
| 18 Unearned/deferred revenue . . . . . . | | | | |
| 19 Income recognition from long-term contracts | | | | |
| 20 Original issue discount and other imputed interest . . . . . . . . . . . . . . | | | | |
| 21a Income statement gain/loss on sale, exchange, abandonment, worthlessness, or other disposition of assets other than inventory and pass-through entities . . . . | 397,508. | -397,508. | | |
| b Gross capital gains from Schedule D, excluding amounts from pass-through entities . . | | | 3,175,882. | 3,175,882. |
| c Gross capital losses from Schedule D, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses . . . . . . . . . . . . | | | | |
| d Net gain/loss reported on Form 4797, line 17, excluding amounts from pass-through entities abandonment losses, and worthless stock losses . . . . . . . . . . . . | | | 2,349,930. | 2,349,930. |
| e Abandonment losses . . . . . . . . . | | | | |
| f Worthless stock losses (attach statement) . . | | | | |
| g Other gain/loss on disposition of assets other than inventory . . . . . . . . . . . | | | | |
| 22 Other income (loss) items with differences (attach statement) . . . . . . . . . . | | | | |
| 23 Total income (loss) items. Combine lines 1 through 22 . . . . . . . . . . . . | -43,728,141. | 647,885. | 5,525,812. | -37,554,444. |
| 24 Total expense/deduction items. (From Part III, line 31) (see instructions) . . . . . . | -976,081. | 14,892. | 169,400. | -791,789. |
| 25 Other items with no difference STMT 7 . . | 33,811,455. | | | 33,811,455. |
| 26 Reconciliation totals. Combine lines 23 through 25 | -10,892,767. | 662,777. | 5,695,212. | -4,534,778. |

**Note:** Line 26, column (a), must equal Part I, line 11, and column (d) must equal Form 1065, Analysis of Net Income (Loss), line 1.

Schedule M-3 (Form 1065) 2017

JSA
7P1043 2 000

003554
18

Schedule M-3 (Form 1065) 2017 — Page **3**

| Name of partnership | Employer Identification number |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC | 6138 |

**Part III**  Reconciliation of Net Income (Loss) per Income Statement of Partnership With Income (Loss) per Return - Expense/Deduction Items

| | Expense/Deduction Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| 1 | State and local current income tax expense | | | | |
| 2 | State and local deferred income tax expense | | | | |
| 3 | Foreign current income tax expense (other than foreign withholding taxes) | | | | |
| 4 | Foreign deferred income tax expense | | | | |
| 5 | Equity-based compensation | | | | |
| 6 | Meals and entertainment | 322,895. | | -161,448. | 161,447. |
| 7 | Fines and penalties | | | | |
| 8 | Judgments, damages, awards and similar costs | | | | |
| 9 | Guaranteed payments | | | | |
| 10 | Pension and profit-sharing | 58,113. | | | 58,113. |
| 11 | Other post-retirement benefits | | | | |
| 12 | Deferred compensation | | | | |
| 13 | Charitable contribution of cash and tangible property | 13,398. | | | 13,398. |
| 14 | Charitable contribution of intangible property | | | | |
| 15 | Organizational expenses as per Regulations section 1.709-2(a) | | | | |
| 16 | Syndication expenses as per Regulations section 1.709-2(b) | | | | |
| 17 | Current year acquisition/reorganization investment banking fees | | | | |
| 18 | Current year acquisition/reorganization legal and accounting fees | | | | |
| 19 | Amortization/impairment of goodwill | 50,000. | -16,667. | | 33,333. |
| 20 | Amortization of acquisition, reorganization, and start-up costs | | | | |
| 21 | Other amortization or impairment write-offs | | | | |
| 22 | Reserved | | | | |
| 23a | Depletion - Oil & Gas | | | | |
| b | Depletion - Other than Oil & Gas | | | | |
| 24 | Intangible drilling & development costs | | | | |
| 25 | Depreciation | | 1,775. | | 1,775. |
| 26 | Bad debt expense | | | | |
| 27 | Interest expense (see instructions) | 470,301. | | | 470,301. |
| 28 | Purchase versus lease (for purchasers and/or lessees) | | | | |
| 29 | Research and development costs | | | | |
| 30 | Other expense/deduction items with differences (attach statement) STMT 8 | 61,374. | | -7,952. | 53,422. |
| 31 | Total expense/deduction items. Combine lines 1 through 30. Enter here and on Part II, line 24, reporting positive amounts as negative and negative amounts as positive | 976,081. | -14,892. | -169,400. | 791,789. |

Schedule M-3 (Form 1065) 2017

Form **8916-A**

Department of the Treasury
Internal Revenue Service

## Supplemental Attachment to Schedule M-3

▶ Attach to Schedule M-3 for Form 1065, 1120, 1120-L, 1120-PC, or 1120S.
▶ Go to *www.irs.gov/Form1120* for the latest information.

OMB No 1545-0123

20**17**

| Name of common parent | Employer identification number |
|---|---|
| GULF COAST ASPHALT COMPANY, LLC | 6138 |

| Name of subsidiary | Employer identification number |
|---|---|

### Part I    Cost of Goods Sold

| | Cost of Goods Sold Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| 1 | Amounts attributable to cost flow assumptions . . . . . . . | | | | |
| 2 | Amounts attributable to: | | | | |
| a | Stock option expense . . . . . | | | | |
| b | Other equity-based compensation . . . . . . . . . | | | | |
| c | Meals and entertainment . . . | | | | |
| d | Parachute payments . . . . . | | | | |
| e | Compensation with section 162(m) limitation . . . . . . . | | | | |
| f | Pension and profit sharing . . . | | | | |
| g | Other post-retirement benefits . | | | | |
| h | Deferred compensation . . . . | | | | |
| i | Reserved . . . . . . . . . . . | | | | |
| j | Amortization . . . . . . . . . | | | | |
| k | Depletion . . . . . . . . . . . | | | | |
| l | Depreciation . . . . . . . . . | | | | |
| m | Corporate-owned life insurance premiums . . . . . . . . . . . | | | | |
| n | Other section 263A costs . . . | | | | |
| 3 | Inventory shrinkage accruals . . | | | | |
| 4 | Excess inventory and obsolescence reserves . . . . . | | | | |
| 5 | Lower of cost or market write-downs . . . . . . . . . . . . | | | | |
| 6 | Other items with differences (attach statement) . . . . . . . | | | | |
| 7 | Other items with no differences | | | | |
| 8 | **Total cost of goods sold.** Add lines 1 through 7 in columns a, b, c, and d. Enter totals on the applicable Schedule M-3 See instructions . . . . . . . . . . . | | | | |

For Paperwork Reduction Act Notice, see instructions.

Form **8916-A** (2017)

Form 8916-A (2017) GULF COAST ASPHALT COMPANY, LLC                                     6138   Page **2**

### Part II — Interest Income

| Interest Income Item | (a) Income (Loss) per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Income (Loss) per Tax Return |
|---|---|---|---|---|
| **1** Tax-exempt interest income | | | | |
| **2** Interest income from hybrid securities | | | | |
| **3** Sale/lease interest income | | | | |
| **4a** Intercompany interest income - From outside tax affiliated group | | | | |
| **4b** Intercompany interest income - From tax affiliated group | | | | |
| **5** Other interest income STMT 9 | 99,693. | | | 99,693. |
| **6** Total interest income. Add lines 1 through 5 in columns a, b, c, and d. Enter total on the applicable Schedule M-3. See instructions. | 99,693. | | | 99,693. |

### Part III — Interest Expense

| Interest Expense Item | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|
| **1** Interest expense from hybrid securities | | | | |
| **2** Lease/purchase interest expense | | | | |
| **3a** Intercompany interest expense - Paid to outside tax affiliated group | | | | |
| **3b** Intercompany interest expense - Paid to tax affiliated group | | | | |
| **4** Other interest expense STMT 10 | 470,301. | | | 470,301. |
| **5** Total interest expense. Add lines 1 through 4 in columns a, b, c, and d. Enter total on the applicable Schedule M-3. See Instructions. | 470,301. | | | 470,301. |

Form **8916-A** (2017)

Form **4562**

Department of the Treasury
Internal Revenue Service    (99)

**Depreciation and Amortization**
(Including Information on Listed Property)

▶ Attach to your tax return.
▶ Go to www.irs.gov/Form4562 for instructions and the latest information.

OMB No 1545-0172

**2017**

Attachment
Sequence No **179**

Name(s) shown on return

GULF COAST ASPHALT COMPANY, LLC

Identifying number

6138

Business or activity to which this form relates

GULF COAST ASPHALT COMPANY, LLC

**Part I**    Election To Expense Certain Property Under Section 179
Note: If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | 510,000. |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | 3 | 2,030,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | |
| 5 | Dollar limitation for tax year  Subtract line 4 from line 1  If zero or less, enter -0-  If married filing separately, see instructions | 5 | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | 7 | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2016 Form 4562 | 10 | |
| 11 | Business income limitation  Enter the smaller of business income (not less than zero) or line 5 (see instructions) | 11 | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | 12 | |
| 13 | Carryover of disallowed deduction to 2018  Add lines 9 and 10, less line 12  ▶  | 13 | |

Note: Don't use Part II or Part III below for listed property. Instead, use Part V.

**Part II**    Special Depreciation Allowance and Other Depreciation (Don't include listed property.) (See instructions.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year (see instructions) | 14 | |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

**Part III**    MACRS Depreciation (Don't include listed property.) (See instructions.)

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2017 | 17 | |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ | | |

Section B - Assets Placed in Service During 2017 Tax Year Using the General Depreciation System

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a  3-year property | | | | | | |
| b  5-year property | | | | | | |
| c  7-year property | | | | | | |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs | | S/L | |
| h Residential rental property | | | 27.5 yrs | MM | S/L | |
| | | | 27.5 yrs | MM | S/L | |
| l Nonresidential real property | | | 39 yrs | MM | S/L | |
| | | | | MM | S/L | |

Section C - Assets Placed in Service During 2017 Tax Year Using the Alternative Depreciation System

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs | | S/L | |
| c 40-year | | | 40 yrs | MM | S/L | |

**Part IV**    Summary (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property  Enter amount from line 28 | 21 | 1,775. |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21  Enter here and on the appropriate lines of your return  Partnerships and S corporations - see instructions | 22 | 1,775. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

JSA **For Paperwork Reduction Act Notice, see separate instructions.**
7X2300 3 000

Form **4562** (2017)

003558

9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524

22

GULF COAST ASPHALT COMPANY, LLC
Form 4562 (2017)

█████6138
Page **2**

**Part V** Listed Property (Include automobiles, certain other vehicles, certain aircraft, certain computers, and property used for entertainment, recreation, or amusement.)

Note: For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable

**Section A - Depreciation and Other Information (Caution: See the instructions for limits for passenger automobiles )**

24a Do you have evidence to support the business/investment use claimed?  X Yes ☐ No  **24b** If "Yes," is the evidence written?  X Yes ☐ No

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/ investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| 25 Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use (see instructions) . . . . . . . . . . | | | | | | 25 | | |
| 26 Property used more than 50% in a qualified business use: | | | | | | | | |
| MERCEDES S550 | 03/31/2009 | 100.% | 104,258. | 78,548. | 5 | 200 DBHY | 1,775. | |
| | | % | | | | | | |
| | | % | | | | | | |
| 27 Property used 50% or less in a qualified business use: | | | | | | | | |
| | | % | | | | S/L - | | |
| | | % | | | | S/L - | | |
| | | % | | | | S/L | | |
| 28 Add amounts in column (h), lines 25 through 27 Enter here and on line 21, page 1 . . . . . . . . . | | | | | 28 | 1,775. | |
| 29 Add amounts in column (i), line 26 Enter here and on line 7, page 1 . . . . . . . . . . . . . . . . . . . . . . | | | | | | | 29 | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a) Vehicle 1 | | (b) Vehicle 2 | | (c) Vehicle 3 | | (d) Vehicle 4 | | (e) Vehicle 5 | | (f) Vehicle 6 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 Total business/investment miles driven during the year (**don't** include commuting miles) . . . | | | | | | | | | | | | |
| 31 Total commuting miles driven during the year . | | | | | | | | | | | | |
| 32 Total other personal (noncommuting) miles driven . . . . . . . . . . . . . . . . . | | | | | | | | | | | | |
| 33 Total miles driven during the year. Add lines 30 through 32 . . . . . . . . . . . . | | | | | | | | | | | | |
| 34 Was the vehicle available for personal use during off-duty hours?. . . . . . . . . . . . | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| 35 Was the vehicle used primarily by a more than 5% owner or related person? . . . . . . . | | | | | | | | | | | | |
| 36 Is another vehicle available for personal use?. . . . . . . . . . . . . . . . . . . . . | | | | | | | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons (see instructions)

| | | Yes | No |
|---|---|---|---|
| 37 | Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 38 | Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners . . . . . . . . | | |
| 39 | Do you treat all use of vehicles by employees as personal use? . . . . . . . . . . . . . . . . . . . . . . . | | |
| 40 | Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 41 | Do you meet the requirements concerning qualified automobile demonstration use? (See instructions ) . . . . . . . . . . Note: If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles. | | |

**Part VI** Amortization

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| 42 Amortization of costs that begins during your 2017 tax year (see instructions) | | | | | |
| | | | | | |
| | | | | | |
| 43 Amortization of costs that began before your 2017 tax year . . . . . . . . . . . . . . . . . . . | | | 43 | 33,333. |
| 44 **Total.** Add amounts in column (f). See the instructions for where to report . . . . . . . . . . . . . . | | | 44 | 33,333. |

JSA

7X2310 3 000

Form **4562** (2017)

9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524

003559
23

| Form **4797** | | **Sales of Business Property**<br>(Also Involuntary Conversions and Recapture Amounts<br>Under Sections 179 and 280F(b)(2)) | | | OMB No 1545-0184 |
|---|---|---|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | | ▶ Attach to your tax return.<br>▶ Go to *www.irs.gov/Form4797* for instructions and the latest information. | | | **2017**<br>Attachment<br>Sequence No **27** |

Name(s) shown on return: GULF COAST ASPHALT COMPANY, LLC     Identifying number: 6138

1 Enter the gross proceeds from sales or exchanges reported to you for 2017 on Form(s) 1099-B or 1099-S (or substitute statement) that you are including on line 2, 10, or 20. See instructions . . . . . . . . . . . . . . . . . . | **1** |

### Part I   Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft - Most Property Held More Than 1 Year (see instructions)

| **2** (a) Description<br>of property | (b) Date acquired<br>(mo , day, yr ) | (c) Date sold<br>(mo , day, yr ) | (d) Gross<br>sales price | (e) Depreciation<br>allowed or<br>allowable since<br>acquisition | (f) Cost or other<br>basis, plus<br>improvements and<br>expense of sale | (g) Gain or (loss)<br>Subtract (f) from the<br>sum of (d) and (e) |
|---|---|---|---|---|---|---|
| SEE STATEMENT 11 | | | | | | -3,242. |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | |
|---|---|---|
| 3 Gain, if any, from Form 4684, line 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **3** | |
| 4 Section 1231 gain from installment sales from Form 6252, line 26 or 37 . . . . . . . . . . . . . . . . . | **4** | |
| 5 Section 1231 gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . . . . . . . | **5** | |
| 6 Gain, if any, from line 32, from other than casualty or theft . . . . . . . . . . . . . . . . . . . . | **6** | |
| 7 Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows: . . . . . . . . . . | **7** | -3,242. |

**Partnerships (except electing large partnerships) and S corporations.** Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120S, Schedule K, line 9 Skip lines 8, 9, 11, and 12 below.

**Individuals, partners, S corporation shareholders, and all others.** If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you didn't have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

| | | |
|---|---|---|
| 8 Nonrecaptured net section 1231 losses from prior years. See instructions . . . . . . . . . . . . . . . . | **8** | |
| 9 Subtract line 8 from line 7. If zero or less, enter -0- If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return  See instructions . . . . . . . . . . . . . . . . . . . . . . | **9** | |

### Part II   Ordinary Gains and Losses (see instructions)

10 Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less)

| | | | | | | |
|---|---|---|---|---|---|---|
| SEE STATEMENT 12 | | | | | | 2,349,930. |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | |
|---|---|---|
| 11 Loss, if any, from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **11** | ( ) |
| 12 Gain, if any, from line 7 or amount from line 8, if applicable . . . . . . . . . . . . . . . . . . . . | **12** | |
| 13 Gain, if any, from line 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **13** | |
| 14 Net gain or (loss) from Form 4684, lines 31 and 38a . . . . . . . . . . . . . . . . . . . . . . | **14** | |
| 15 Ordinary gain from installment sales from Form 6252, line 25 or 36 . . . . . . . . . . . . . . . . | **15** | |
| 16 Ordinary gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . . . . . . . . | **16** | |
| 17 Combine lines 10 through 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **17** | 2,349,930. |

18 For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip line a and b below  For individual returns, complete lines a and b below:

a If the loss on line 11 includes a loss from Form 4684, line 35, column (b)(ii), enter that part of the loss here. Enter the part of the loss from income-producing property on Schedule A (Form 1040), line 28, and the part of the loss from property used as an employee on Schedule A (Form 1040), line 23  Identify as from "Form 4797, line 18a." See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **18a** |

b Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Form 1040, line 14 | **18b** |

For Paperwork Reduction Act Notice, see separate Instructions.                                   Form **4797** (2017)

GULF COAST ASPHALT COMPANY, LLC

Form 4797 (2017)

6138

Page **2**

**Part III** **Gain From Disposition of Property Under Sections 1245, 1250, 1252, 1254, and 1255** (see instructions)

| 19 | (a) Description of section 1245, 1250, 1252, 1254, or 1255 property: | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) |
|---|---|---|---|
| A | | | |
| B | | | |
| C | | | |
| D | | | |

| | These columns relate to the properties on lines 19A through 19D. ▶ | | **Property A** | **Property B** | **Property C** | **Property D** |
|---|---|---|---|---|---|---|
| 20 | Gross sales price (Note: See line 1 before completing.) | 20 | | | | |
| 21 | Cost or other basis plus expense of sale | 21 | | | | |
| 22 | Depreciation (or depletion) allowed or allowable. | 22 | | | | |
| 23 | Adjusted basis. Subtract line 22 from line 21 | 23 | | | | |
| 24 | Total gain. Subtract line 23 from line 20. | 24 | | | | |
| 25 | If section 1245 property: | | | | | |
| a | Depreciation allowed or allowable from line 22 | 25a | | | | |
| b | Enter the smaller of line 24 or 25a | 25b | | | | |
| 26 | If section 1250 property: If straight line depreciation was used, enter -0- on line 26g, except for a corporation subject to section 291 | | | | | |
| a | Additional depreciation after 1975. See instructions | 26a | | | | |
| b | Applicable percentage multiplied by the smaller of line 24 or line 26a. See instructions | 26b | | | | |
| c | Subtract line 26a from line 24. If residential rental property or line 24 isn't more than line 26a, skip lines 26d and 26e | 26c | | | | |
| d | Additional depreciation after 1969 and before 1976. | 26d | | | | |
| e | Enter the smaller of line 26c or 26d. | 26e | | | | |
| f | Section 291 amount (corporations only). | 26f | | | | |
| g | Add lines 26b, 26e, and 26f | 26g | | | | |
| 27 | If section 1252 property: Skip this section if you didn't dispose of farmland or if this form is being completed for a partnership (other than an electing large partnership) | | | | | |
| a | Soil, water, and land clearing expenses | 27a | | | | |
| b | Line 27a multiplied by applicable percentage See instructions. | 27b | | | | |
| c | Enter the smaller of line 24 or 27b | 27c | | | | |
| 28 | If section 1254 property: | | | | | |
| a | Intangible drilling and development costs, expenditures for development of mines and other natural deposits, mining exploration costs, and depletion See instructions. | 28a | | | | |
| b | Enter the smaller of line 24 or 28a | 28b | | | | |
| 29 | If section 1255 property: | | | | | |
| a | Applicable percentage of payments excluded from income under section 126. See instructions | 29a | | | | |
| b | Enter the smaller of line 24 or 29a. See instructions | 29b | | | | |

**Summary of Part III Gains.** Complete property columns A through D through line 29b before going to line 30

| 30 | Total gains for all properties. Add property columns A through D, line 24 | 30 | |
|---|---|---|---|
| 31 | Add property columns A through D, line 25b, 26g, 27c, 28b, and 29b Enter here and on line 13 | 31 | |
| 32 | Subtract line 31 from line 30. Enter the portion from casualty or theft on Form 4684, line 33. Enter the portion from other than casualty or theft on Form 4797, line 6 | 32 | |

**Part IV** **Recapture Amounts Under Sections 179 and 280F(b)(2) When Business Use Drops to 50% or Less** (see instructions)

| | | | (a) Section 179 | (b) Section 280F(b)(2) |
|---|---|---|---|---|
| 33 | Section 179 expense deduction or depreciation allowable in prior years | 33 | | |
| 34 | Recomputed depreciation. See instructions | 34 | | |
| 35 | Recapture amount  Subtract line 34 from line 33. See the instructions for where to report | 35 | | |

Form **4797** (2017)

| Form **4797** | **Sales of Business Property**<br>(Also Involuntary Conversions and Recapture Amounts<br>Under Sections 179 and 280F(b)(2)) | | OMB No 1545-0184 |
|---|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | ▶ Attach to your tax return. ALT MIN TAX<br>▶ Go to www.irs.gov/Form4797 for instructions and the latest information. | | **2017**<br>Attachment<br>Sequence No **27** |

Name(s) shown on return: GULF COAST ASPHALT COMPANY, LLC

Identifying number: 6138

1 Enter the gross proceeds from sales or exchanges reported to you for 2017 on Form(s) 1099-B or 1099-S (or substitute statement) that you are including on line 2, 10, or 20. See instructions . . . . . . . . . . . . . . . . . **1**

**Part I** Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft - Most Property Held More Than 1 Year (see instructions)

| **2** (a) Description of property | (b) Date acquired (mo, day, yr) | (c) Date sold (mo, day, yr) | (d) Gross sales price | (e) Depreciation allowed or allowable since acquisition | (f) Cost or other basis, plus improvements and expense of sale | (g) Gain or (loss) Subtract (f) from the sum of (d) and (e) |
|---|---|---|---|---|---|---|
| SEE STATEMENT 13 | | | | | | -3,242. |

| | | |
|---|---|---|
| 3 Gain, if any, from Form 4684, line 39 . . . . . . . . . . . . . . . . . . . . . . | **3** | |
| 4 Section 1231 gain from installment sales from Form 6252, line 26 or 37 . . . . . . . . . . | **4** | |
| 5 Section 1231 gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . | **5** | |
| 6 Gain, if any, from line 32, from other than casualty or theft . . . . . . . . . . . . . . . | **6** | |
| 7 Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows: . . . . . | **7** | -3,242. |

Partnerships (except electing large partnerships) and S corporations. Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120S, Schedule K, line 9. Skip lines 8, 9, 11, and 12 below.

Individuals, partners, S corporation shareholders, and all others. If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you didn't have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

| | | |
|---|---|---|
| 8 Nonrecaptured net section 1231 losses from prior years. See instructions . . . . . . . . . . . . . . . | **8** | |

9 Subtract line 8 from line 7. If zero or less, enter -0-. If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return. See instructions . . . . . . . . . . . . . . . . . . . . . **9**

**Part II** Ordinary Gains and Losses (see instructions)

10 Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less):

| | | | | | | |
|---|---|---|---|---|---|---|
| SEE STATEMENT 14 | | | | | | 2,556,740. |

| | | |
|---|---|---|
| 11 Loss, if any, from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . | **11** | ( ) |
| 12 Gain, if any, from line 7 or amount from line 8, if applicable . . . . . . . . . . . . . . | **12** | |
| 13 Gain, if any, from line 31 . . . . . . . . . . . . . . . . . . . . . . . . . | **13** | |
| 14 Net gain or (loss) from Form 4684, lines 31 and 38a . . . . . . . . . . . . . . . . | **14** | |
| 15 Ordinary gain from installment sales from Form 6252, line 25 or 36 . . . . . . . . . . | **15** | |
| 16 Ordinary gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . | **16** | |
| 17 Combine lines 10 through 16 . . . . . . . . . . . . . . . . . . . . . . . . | **17** | 2,556,740. |

18 For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip lines a and b below. For individual returns, complete lines a and b below:

a If the loss on line 11 includes a loss from Form 4684, line 35, column (b)(ii), enter that part of the loss here. Enter the part of the loss from income-producing property on Schedule A (Form 1040), line 28, and the part of the loss from property used as an employee on Schedule A (Form 1040), line 23. Identify as from "Form 4797, line 18a." See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18a**

b Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Form 1040, line 14 **18b**

For Paperwork Reduction Act Notice, see separate instructions. Form **4797** (2017)

ALTERNATIVE MINIMUM TAX

Form 4797 (2017)   GULF COAST ASPHALT COMPANY, LLC                          6138   Page **2**

**Part III**  Gain From Disposition of Property Under Sections 1245, 1250, 1252, 1254, and 1255 (see instructions)

| 19 (a) Description of section 1245, 1250, 1252, 1254, or 1255 property: | | | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| C | | | | |
| D | | | | |

| These columns relate to the properties on lines 19A through 19D. ▶ | | Property A | Property B | Property C | Property D |
|---|---|---|---|---|---|
| 20 Gross sales price (Note: See line 1 before completing.) | 20 | | | | |
| 21 Cost or other basis plus expense of sale | 21 | | | | |
| 22 Depreciation (or depletion) allowed or allowable | 22 | | | | |
| 23 Adjusted basis. Subtract line 22 from line 21 | 23 | | | | |
| 24 Total gain. Subtract line 23 from line 20 | 24 | | | | |
| 25 If section 1245 property: | | | | | |
| a Depreciation allowed or allowable from line 22 | 25a | | | | |
| b Enter the smaller of line 24 or 25a | 25b | | | | |
| 26 If section 1250 property: If straight line depreciation was used, enter -0- on line 26g, except for a corporation subject to section 291 | | | | | |
| a Additional depreciation after 1975. See instructions | 26a | | | | |
| b Applicable percentage multiplied by the smaller of line 24 or line 26a. See instructions | 26b | | | | |
| c Subtract line 26a from line 24. If residential rental property or line 24 isn't more than line 26a, skip lines 26d and 26e | 26c | | | | |
| d Additional depreciation after 1969 and before 1976 | 26d | | | | |
| e Enter the smaller of line 26c or 26d | 26e | | | | |
| f Section 291 amount (corporations only) | 26f | | | | |
| g Add lines 26b, 26e, and 26f | 26g | | | | |
| 27 If section 1252 property: Skip this section if you didn't dispose of farmland or if this form is being completed for a partnership (other than an electing large partnership) | | | | | |
| a Soil, water, and land clearing expenses | 27a | | | | |
| b Line 27a multiplied by applicable percentage See instructions | 27b | | | | |
| c Enter the smaller of line 24 or 27b | 27c | | | | |
| 28 If section 1254 property: | | | | | |
| a Intangible drilling and development costs, expenditures for development of mines and other natural deposits, mining exploration costs, and depletion See instructions | 28a | | | | |
| b Enter the smaller of line 24 or 28a | 28b | | | | |
| 29 If section 1255 property: | | | | | |
| a Applicable percentage of payments excluded from income under section 126 See instructions | 29a | | | | |
| b Enter the smaller of line 24 or 29a. See instructions | 29b | | | | |

**Summary of Part III Gains.** Complete property columns A through D through line 29b before going to line 30.

| | | |
|---|---|---|
| 30 Total gains for all properties Add property columns A through D, line 24 | 30 | |
| 31 Add property columns A through D, lines 25b, 26g, 27c, 28b, and 29b Enter here and on line 13 | 31 | |
| 32 Subtract line 31 from line 30. Enter the portion from casualty or theft on Form 4684, line 33. Enter the portion from other than casualty or theft on Form 4797, line 6 | 32 | |

**Part IV**  Recapture Amounts Under Sections 179 and 280F(b)(2) When Business Use Drops to 50% or Less (see instructions)

| | | (a) Section 179 | (b) Section 280F(b)(2) |
|---|---|---|---|
| 33 Section 179 expense deduction or depreciation allowable in prior years | 33 | | |
| 34 Recomputed depreciation. See instructions | 34 | | |
| 35 Recapture amount. Subtract line 34 from line 33 See the instructions for where to report | 35 | | |

Form **4797** (2017)

## INCOME FROM OTHER PASS-THROUGH ENTITIES

| Activity Name and Address | ID Number and Type of Income | Disposed Activity | Qualified low-income housing | Publicly traded prtnshp |
|---|---|---|---|---|
| ARC LOGISTICS PARTNERS LP | ▮▮▮▮▮7846 | | | |
| 725 FIFTH AVE 19TH FL NEW YORK, NY | GENERAL TRADE/BUSINESS | YES | NO | YES |

| | | |
|---|---|---:|
| 1 | Ordinary income (loss) from trade or business activities | 1,046,544. |
| 2 | Rental real estate income (loss) | |
| 3 | Other rental income (loss) | 2,091. |
| 4 | Guaranteed payments | |
| 5 | Interest income (loss) | |
| 6a | Total ordinary dividends | |
| 6b | Qualified dividends | |
| 7 | Royalty income (loss) | |
| 8 | Net short-term capital gain (loss) (entire year) | |
| 9a | Net long-term capital gain (loss) (entire year) | |
| 9b | Collectibles (28%) gain (loss) | |
| 9c | Unrecaptured section 1250 gain | |
| 10 | Net section 1231 gain (loss) (entire year) | -3,242. |
| 11 | Other income (loss) | |
| 12 | Section 179 expense deduction | |
| 13a-g | Charitable contributions | |
| 13h | Interest expense on investment debts | |
| 13i, k, l | Deductions related to portfolio income | |
| 13j | Section 59(e)(2) expenditures | |
| 13m-w | Other deductions | |
| 15a, c | Low-income housing credit from section 42(j)(5) partnerships | |
| 15b, d | Low-income housing credit (other) | |
| 15e | Qualified rehabilitation expenditures related to rental real estate activities | |
| 15f | Credits related to rental real estate activities | |
| 15g | Credits related to other rental activities | |
| 15h-p | Other credits | |
| 16b | Gross income from all sources | |
| 16c | Gross income sourced at partner level | |
| 16d | Foreign gross income (partnership level): Passive | |
| 16e | Foreign gross income (partnership level): General categories | |
| 16f | Foreign gross income (partnership level): Other | |
| 16g | Deductions allocated and apportioned (partner level): Interest expense | |
| 16h | Deductions allocated and apportioned (partner level): Other | |
| 16i | Deductions allocated and apportioned (partnership level): Passive | |
| 16j | Deductions allocated and apportioned (partnership level): General category | |
| 16k | Deductions allocated and apportioned (partnership level): Other | |
| 16l | Total foreign taxes paid | |
| 16m | Total foreign taxes accrued | |
| 16n | Reduction in taxes available for credit | |
| 16o | Foreign trading gross receipts | |
| 16p | Extraterritorial income exclusion | |
| 16q | Other foreign transactions | |
| 17a | Depreciation adjustment on property placed in service after 1986 | -18,763. |
| 17b | Adjusted gain or loss | |
| 17c | Depletion (other than oil and gas) | |
| 17d | Gross income from oil, gas, and geothermal properties | |
| 17e | Deductions allocable | |
| 17f | Other adjustments and tax preference items | |
| 18a | Tax-exempt interest income | |
| 18b | Other tax-exempt income | |
| 18c | Nondeductible expenses | 295. |
| 20a | Investment income | |
| 20b | Investment expenses | |
| 20c-z | Other information | |

## Regulation Section 1.263(a)-1(f) - De Minimis
## Safe Harbor Election

Taxpayer Name:        GULF COAST ASPHALT COMPANY, LLC

Taxpayer Address:     1990 POST OAK BLVD. SUITE 2400 HOUSTON, TX   77056

Taxpayer ID Number:      6138

Year-End:             12/31/2017

Under IRC Regulation Section 1.263(a)-1(f), the taxpayer hereby elects to apply the de minimis safe harbor election.

```
  GULF COAST ASPHALT COMPANY, LLC                        ████ 6138
FORM 1065 SUPPORTING SCHEDULES
=====================================================================================
LINE 4 - PAGE 1 - ORD INCOME(LOSS) FROM OTH PTNRSHPS AND FIDUCIARIES
=====================================================================
FROM ARC LOGISTICS PARTNERS LP                                    1,046,544.
                                                            ----------------
  TOTAL ORDINARY INCOME(LOSS) FROM OTHER PTNRSHPS AND FIDUCIARIES  1,046,544.
                                                            ================


LINE 7 - PAGE 1 - OTHER INCOME(LOSS)
======================================
MISCELLANEOUS INCOME                                                  8,435.
                                                            ----------------
  TOTAL OTHER INCOME(LOSS)                                           8,435.
                                                            ================


LINE 14 - PAGE 1 - TAXES
=========================
TAXES AND LICENSES                                                  173,033.
                                                            ----------------
  TOTAL TAXES                                                       173,033.
                                                            ================


LINE 15 - PAGE 1 - DEDUCTIBLE INTEREST EXPENSE NOT CLAIMED ELSEWHERE
=====================================================================
INTEREST EXPENSE                                                    470,301.
                                                            ----------------
  TOTAL DEDUCTIBLE INTEREST EXPENSE                                 470,301.
                                                            ================


LINE 20 - SUMMARY OF TRAVEL, MEALS AND ENTERTAINMENT
=======================================================
    GROSS MEALS AND ENTERTAINMENT                                   322,895.
    LESS 50% LIMITATION TO SCH M-1                                  161,448.
                                                            ----------------
    NET MEALS & ENTERTAINMENT                                       161,447.
                                                            ----------------
      TOTAL                                                         161,447.
                                                            ================


LINE 20 - PAGE 1 - OTHER DEDUCTIONS
=====================================
AMORTIZATION                                                         33,333.
TRAVEL, MEALS, AND ENTERTAINMENT                                    161,447.
PROFESSIONAL FEES                                                   221,934.
OUTSIDE SERVICES                                                     83,004.
BUSINESS PROMOTION                                                  249,409.
TELEPHONE                                                            35,498.
AUTO EXPENSE                                                         38,598.
BANK CHARGES                                                          9,702.
DUES AND SUBSCRIPTIONS                                               53,422.
OFFICE SUPPLIES                                                      36,624.
```

CONTINUED ON NEXT PAGE                    STATEMENT   1

```
GULF COAST ASPHALT COMPANY, LLC                          ███ 6138
FORM 1065 SUPPORTING SCHEDULES
================================================================================
LINE 20 - PAGE 1 - OTHER DEDUCTIONS (CONT'D)
=================================================
COMPUTER EXPENSE                                            36,671.
SUNDRY                                                      51,138.
COMMISSION EXPENSE                                          57,272.
MISCELLANEOUS                                                   78.
                                                        --------------
  TOTAL OTHER DEDUCTIONS                                 1,068,130.
                                                        ==============


SCHEDULE K - LINE 5 - INTEREST INCOME
=======================================
  OTHER INTEREST INCOME
  ---------------------
INTEREST INCOME                                            99,693.
                                                        --------------
  TOTAL INTEREST INCOME                                   99,693.
                                                        ==============


SCHEDULE K - LINE 9A & B - NET LONG-TERM CAPITAL GAIN(LOSS)
===========================================================
                                          LINE 9B          LINE 9A
                                        28% RATE G/L        TOTAL
                                        ============        =====
PORTFOLIO                                               3,175,882.
                                        --------------  --------------
  TOTAL NET LONG-TERM CAPITAL GAIN(LOSS)               3,175,882.
                                        ==============  ==============


SCHEDULE K LINE 10 - NET GAIN(LOSS) UNDER SECTION 1231
======================================================
FROM ARC LOGISTICS PARTNERS LP                             -3,242.
                                                        --------------
  TOTAL NET GAIN(LOSS) UNDER SECTION 1231                  -3,242.
                                                        ==============
```

```
  GULF COAST ASPHALT COMPANY, LLC                        ▓▓▓▓▓ 6138
FORM 1065 SUPPORTING SCHEDULES
=================================================================================
SCHEDULE K - LINE 13A - CONTRIBUTIONS
===========================================

CASH CONTRIBUTIONS (50%)
-------------------------
ORGANIZED CHARITIES                               13,398.
                                            ----------------

  TOTAL CASH CONTRIBUTIONS (50%)                                13,398.

                                                          ----------------
  TOTAL CONTRIBUTIONS                                           13,398.
                                                          ================


SCHEDULE K - LINE 17A - DEPRECIATION ADJUSTMENT ON PROPERTY
============================================================
FROM ARC LOGISTICS PARTNERS LP                                -18,763.
                                                          ----------------
  TOTAL DEPRECIATION ADJUSTMENT ON PROPERTY                   -18,763.
                                                          ================


SCHEDULE K - LINE 17B - AMT ADJUSTED GAIN OR LOSS
==================================================
OTHER (GENERAL BUSINESS)                                      206,810.
                                                          ----------------
  TOTAL BASIS ADJUSTMENT IN DETERMINING GAIN(LOSS)           206,810.
                                                          ================


SCHEDULE K - LINE 18C - NONDEDUCTIBLE EXPENSES
===============================================
NONDEDUCTIBLE DUES                                             7,951.
FROM ARC LOGISTICS PARTNERS LP                                   295.
                                                          ----------------
TOTAL NONDEDUCTIBLE EXPENSES BEFORE TRAVEL AND ENTERTAINMENT    8,246.

TRAVEL AND ENTERTAINMENT EXPENSES - NONDEDUCTIBLE PORTION     161,448.
                                                          ----------------
  TOTAL NONDEDUCTIBLE EXPENSES                               169,694.
                                                          ================


SCHEDULE K - LINE 20A - INVESTMENT INCOME
==========================================
INTEREST INCOME                                               99,693.
                                                          ----------------
  TOTAL INVESTMENT INCOME, SCHEDULE K, LINE 20A              99,693.
                                                          ================
```

```
  GULF COAST ASPHALT COMPANY, LLC                        ██████ 6138
FORM 1065, SUPPORTING SCHEDULES
```


```
===================================================================================
SCHEDULE L - LINE 6 - OTHER CURRENT ASSETS          BEGINNING          ENDING
===================================================      ---------------    ---------------
PREPAID EXPENSE                                           5,674.            NONE
PREPAID INSURANCE                                        13,252.           6,995.
                                                      ---------------    ---------------
   TOTAL OTHER CURRENT ASSETS                           18,926.           6,995.
                                                      ===============    ===============


SCHEDULE L - LINE 8 - OTHER INVESTMENTS             BEGINNING          ENDING
=============================================         ---------------    ---------------
INVESTMENT IN MOBILE TERMINAL                          930,726.            NONE
                                                      ---------------    ---------------
   TOTAL OTHER INVESTMENTS                             930,726.            NONE
                                                      ===============    ===============


SCHEDULE L - LINE 13 - OTHER ASSETS                 BEGINNING          ENDING
=======================================               ---------------    ---------------
ACCRUED INTEREST                                        52,100.            NONE
DEPOSITS                                               112,000.          32,000.
DUE FROM RELATED PARTIES                               445,852.         338,802.
                                                      ---------------    ---------------
   TOTAL OTHER ASSETS                                  609,952.         370,802.
                                                      ===============    ===============


SCHEDULE L - LINE 17 - OTHER CURRENT LIABILITIES    BEGINNING          ENDING
=================================================     ---------------    ---------------
ACCRUED EXPENSES OTHER                                1,005,306.      14,866,973.
UNEARNED REVENUE                                      1,547,409.       1,547,409.
                                                      ---------------    ---------------
   TOTAL OTHER CURRENT LIABILITIES                    2,552,715.      16,414,382.
                                                      ===============    ===============
```

STATEMENT   4

```
  GULF COAST ASPHALT COMPANY, LLC                              ████ 6138
FORM 1065 SUPPORTING SCHEDULES
=====================================================================================
FORM 1125-A - COST OF GOODS SOLD AND/OR OPERATIONS-OTHER COSTS
=====================================================================
FREIGHT                                                        3,006,013.
INSURANCE                                                          90,055.
DOCK WATCH                                                         92,092.
LAB EXPENSE                                                       124,109.
INSPECTION                                                        266,072.
NATURAL GAS                                                       118,067.
TANK EXPENSE                                                    3,830,923.
OTHER COSTS                                                       454,563.
                                                              ---------------
   TOTAL COST OF GOODS SOLD AND/OR OPERATIONS - OTHER COSTS     7,981,894.
                                                              ===============
```

GULF COAST ASPHALT COMPANY, LLC

5138

SCHEDULE M-3, PART II DETAIL

LINE 7 - INCOME (LOSS) FROM U.S. PARTNERSHIPS

| NAME | EIN | EOY PROFIT-SHARING PERCENTAGE | EOY LOSS-SHARING PERCENTAGE | INCOME (LOSS) PER INCOME STMT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | INCOME (LOSS) PER TAX RETURN |
|---|---|---|---|---|---|---|---|
| ARC LOGISTICS PARTNERS, LP | 946 | NONE | NONE | | 1,045,393. | | 1,045,393. |
| TOTAL | | | | | 1,045,393. | | 1,045,393. |

STATEMENT   6

96080W   C973   09/06/2018 15:48:11 V17-6.6F   8524

003571

GULF COAST ASPHALT COMPANY, LLC                                    ██████ 6138

=================================================================================

SCHEDULE M-3, PART II DETAIL


LINE 25 - OTHER INCOME (LOSS) AND
EXPENSE/DEDUCTION ITEMS WITH NO DIFFERENCES
-------------------------------------------
SALES                                                        37,039,652.
OTHER INCOME                                                      8,435.
SALARIES                                                     -1,934,067.
RENT                                                            -16,650.
TAXES                                                          -173,033.
EMPLOYEE BENEFIT PROGRAMS                                      -292,954.
OTHER DEDUCTIONS                                              -819,928.
                                                         ----------------
     TOTAL                                                   33,811,455.
                                                         ================

9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524

GULF COAST ASPHALT COMPANY, LLC

SCHEDULE M-3, PART III DETAIL

LINE 30 - OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES

| DESCRIPTION | EXPENSE PER INCOME STMT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | DEDUCTION PER TAX RETURN |
|---|---|---|---|---|
| DUES AND SUBSCRIPTIONS | 61,374. | | -7,952. | 53,422. |
| TOTAL | 61,374. | | -7,952. | 53,422. |

003573

GULF COAST ASPHALT COMPANY, LLC

FORM 8916-A, PART II DETAIL

LINE 5 - OTHER INTEREST INCOME

| DESCRIPTION | INCOME (LOSS) PER INCOME STMT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | INCOME (LOSS) PER TAX RETURN |
|---|---|---|---|---|
| INTEREST INCOME | 99,693. | | | 99,693. |
| TOTAL | 99,693. | | | 99,693. |

003574

GULF COAST ASPHALT COMPANY, LLC

5138

FORM 8916-A, PART III DETAIL

LINE 4 - OTHER INTEREST EXPENSE

| DESCRIPTION | EXPENSE PER INCOME STMT | TEMPORARY DIFFERENCE | PERMANENT DIFFERENCE | DEDUCTION PER TAX RETURN |
|---|---|---|---|---|
| INTEREST EXPENSE | 470,301. | | | 470,301. |
| TOTAL | 470,301. | | | 470,301. |

9608IW   C973   09/06/2018 15:48:11 V17-6.6F       8524                                          39                      STATEMENT  10

003575

GULF COAST ASPHALT COMPANY, LLC
FORM 4797 PAGE 1 SUPPORTING SCHEDULES
=============================================

LINE 2 - SECTION 1231 GAINS AND LOSSES
=============================================

| DESCRIP. OF PROPERTY | DATE ACQUIRED | DATE SOLD | GROSS SALES PRICE | ALLOWABLE DEPRECIATION | COST/BASIS | GAIN/LOSS |
|---|---|---|---|---|---|---|
| PASS-THROUGH SECTION 1231 GAIN OR LOSS | | | | | | -3,242. |
| TOTAL SECTION 1231 GAINS AND LOSSES | | | | | | -3,242. |

6138

9608IW  C973  09/06/2018  15:48:11  V17-6.6F 8524                40    STATEMENT  11

GULF COAST ASPHALT COMPANY, LLC
FORM 4797 PAGE 1 SUPPORTING SCHEDULES
=================================================================================
LINE 10 - OTHER ORDINARY GAINS AND LOSSES
=================================================================================

6138

| DESCRIP. OF PROPERTY | DATE ACQUIRED | DATE SOLD | GROSS SALES PRICE | ALLOWABLE DEPRECIATION | COST/BASIS | GAIN/LOSS |
|---|---|---|---|---|---|---|
| ARC LOGISTICS PTNRS | 02/08/2013 | VARIOUS | 2,349,930. | 2,349,930. | 2,349,930. | 2,349,930. |
| TOTAL OTHER ORDINARY GAINS AND LOSSES | | | | | | 2,349,930. |

GULF COAST ASPHALT COMPANY, LLC
FORM 4797 PAGE 1 SUPPORTING SCHEDULES
==================================================================
LINE 2 - SECTION 1231 GAINS AND LOSSES - AMT
==================================================================

| DESCRIP. OF PROPERTY | DATE ACQUIRED | DATE SOLD | GROSS SALES PRICE | ALLOWABLE DEPRECIATION | COST/BASIS | LOSS | GAIN |
|---|---|---|---|---|---|---|---|
| PASS-THROUGH SECTION 1231 GAIN OR LOSS | | | | | | 3,242. | |
| TOTAL SECTION 1231 GAINS AND LOSSES - AMT | | | | | | 3,242. | |

6138

9608IW  C973  09/06/2018  15:48:11  V17-6.6F  8524                    42    STATEMENT  13

GULF COAST ASPHALT COMPANY, LLC
FORM 4797 PAGE 1 SUPPORTING SCHEDULES
==============================================================================
LINE 10 - OTHER ORDINARY GAINS AND LOSSES - AMT
==============================================================================

| DESCRIP. OF PROPERTY | DATE ACQUIRED | DATE SOLD | GROSS SALES PRICE | ALLOWABLE DEPRECIATION | COST/BASIS | LOSS | GAIN |
|---|---|---|---|---|---|---|---|
| ARC LOGISTICS PTNRS | 02/08/2013 | VARIOUS | 2,349,930. | 2,556,740. | 2,349,930. | | 2,556,740. |
| | | | | | | | ------------- |
| TOTAL OTHER ORDINARY GAINS AND LOSSES - AMT | | | | | | | 2,556,740. |
| | | | | | | | ============= |

6138

GULF COAST ASPHALT COMPANY, LLC
PASS-THROUGH ENTITIES SUPPORTING SCHEDULES 6138
================================================================================

ARC LOGISTICS PARTNERS LP

## Schedule K-1, Item L - Analysis of Partners Capital Accounts

| Partner Number | A. Capital Account at Beginning of Year | B. Capital Contributed During Year | C. Partners' Shares of Sch M-2, Lines 3, 4, and 7 | D. Withdrawals and Distributions | E. Capital Account at End of Year |
|---|---|---|---|---|---|
| 1 | 7,783,624. | | -5,380,130. | | 2,403,494. |
| 2 | -4,063,818. | | -2,756,319. | | -6,820,137. |
| 3 | -4,063,816. | | -2,756,317. | | -6,820,133. |
| | | | | | |
| **TOTALS** | -344,010. | | -10,892,766. | | -11,236,776. |

GULF COAST ASPHALT COMPANY, LLC

6138

## Partner Summary

| Partner Number | Partner Name | Partner I.D. Number | Beginning Capital | Capital Contribution | Property Contribution | Cash Distributions | Property Distribution | 737 Distributions |
|---|---|---|---|---|---|---|---|---|
| 1 | TRITNERY INC | 329 | 7,783,624. | | | | | |
| 2 | JOYCE M BRASS | 8424 | -4,063,818. | | | | | |
| 3 | THE ESTATE OF SANFORD P BRASS | 919 | -4,063,816. | | | | | |
| | Totals . . . . . . . . . . . . . . . . . . . | | -344,010. | | | | | |



JSA
7P9048 1 000
96081W  C973  09/06/2018  15:48:11  V17-6.6F  8524

003582

651117

| | Final K-1 | | Amended K-1 | OMB No 1545-0123 |

**Schedule K-1**
**(Form 1065)**

2017

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax year

beginning _____ ending _____

**Partner's Share of Income, Deductions,**
**Credits, etc.** ▶ See back of form and separate instructions.

| Part I | Information About the Partnership |

A  Partnership's employer identification number

■■■6138

B  Partnership's name, address, city, state, and ZIP code

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD. SUITE 2400
HOUSTON, TX 77056

C  IRS Center where partnership filed return

EFILE

D  ☐ Check if this is a publicly traded partnership (PTP)

| Part II | Information About the Partner |

E  Partner's identifying number          1

■■■8329

F  Partner's name, address, city, state, and ZIP code

TRIFINERY INC
1990 POST OAK BLVD, SUITE 2400
HOUSTON, TX 77056

G  ☐ General partner or LLC
member-manager   ☒ Limited partner or other LLC member

H  ☒ Domestic partner   ☐ Foreign partner

I1  What type of entity is this partner?          S CORPORATION

I2  If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here  ☐

J  Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 50.000000 % | 50.000000 % |
| Loss | 50.000000 % | 50.000000 % |
| Capital | 50.000000 % | 50.000000 % |

K  Partner's share of liabilities at year end

Nonrecourse . . . . . . . . . $          13,935,733.
Qualified nonrecourse financing  . . $
Recourse . . . . . . . . . . . $          240,000.

L  Partner's capital account analysis:

Beginning capital account . . . . . $          7,783,624.
Capital contributed during the year  . $
Current year increase (decrease)  . . $          -5,380,130.
Withdrawals & distributions . . . . $ (                    )
Ending capital account . . . . . . $          2,403,494.

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book
☐ Other (explain)

M  Did the partner contribute property with a built-in gain or loss?

☐ Yes   ☒ No

If "Yes," attach statement (see instructions)

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |

| 1 | Ordinary business income (loss) | 15 | Credits |
|---|---|---|---|
| | -1,669,708. | | |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| * | 2,737. | | |
| 4 | Guaranteed payments | | |
| 5 | Interest income | | |
| * | 49,847. | | |
| 6a | Ordinary dividends | | |
| 6b | Qualified dividends | | |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| * | 4,806,856. | A* | -39,515. |
| 9b | Collectibles (28%) gain (loss) | | |
| | | B* | 137,873. |
| 9c | Unrecaptured section 1250 gain | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| * | -2,161. | | |
| 11 | Other income (loss) | C* | 84,991. |
| | | 19 | Distributions |
| 12 | Section 179 deduction | | |
| 13 | Other deductions | 20 | Other information |
| A* | 6,699. | | |
| | | A | 49,847. |
| 14 | Self-employment earnings (loss) | | |

*See attached statement for additional information.

For IRS Use Only

For Paperwork Reduction Act Notice, see instructions for Form 1065.          www.irs.gov/Form1065          Schedule K-1 (Form 1065) 2017

JSA
7P1200 1 000

9608IW   C973   09/06/2018  15:48:11  V17-6.6F  8524

003583

47

Schedule K-1 (Form 1065) 2017      **PARTNER #   1   TRIFINERY INC**                                        Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040.
For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

1. Ordinary business income (loss). Determine whether the income (loss) is
   passive or nonpassive and enter on your return as follows

| | *Report on* |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

2. Net rental real estate income (loss)      See the Partner's Instructions
3. Other net rental income (loss)

| Net income | Schedule E, line 28, column (g) |
|---|---|
| Net loss | See the Partner's Instructions |

4. Guaranteed payments      Schedule E, line 28, column (j)
5. Interest income      Form 1040, line 8a
6a. Ordinary dividends      Form 1040, line 9a
6b. Qualified dividends      Form 1040, line 9b
7. Royalties      Schedule E, line 4
8. Net short-term capital gain (loss)      Schedule D, line 5
9a. Net long-term capital gain (loss)      Schedule D, line 12
9b. Collectibles (28%) gain (loss)      28% Rate Gain Worksheet, line 4
                                              (Schedule D instructions)
9c. Unrecaptured section 1250 gain      See the Partner's Instructions
10. Net section 1231 gain (loss)      See the Partner's Instructions
11. Other income (loss)
    Code
    A  Other portfolio income (loss)      See the Partner's Instructions
    B  Involuntary conversions      See the Partner's Instructions
    C  Sec 1256 contracts & straddles      Form 6781, line 1
    D  Mining exploration costs recapture      See Pub 535
    E  Cancellation of debt      Form 1040, line 21 or Form 982
    F  Other income (loss)      See the Partner's Instructions
12. Section 179 deduction      See the Partner's Instructions
13. Other deductions
    A  Cash contributions (50%)  ⎫
    B  Cash contributions (30%)  ⎪
    C  Noncash contributions (50%)  ⎬  See the Partner's
    D  Noncash contributions (30%)  ⎪  Instructions
    E  Capital gain property to a 50%  ⎪
        organization (30%)  ⎪
    F  Capital gain property (20%)  ⎪
    G  Contributions (100%)  ⎭
    H  Investment interest expense      Form 4952, line 1
    I  Deductions - royalty income      Schedule E, line 19
    J  Section 59(e)(2) expenditures      See the Partner's Instructions
    K  Deductions - portfolio (2% floor)      Schedule A, line 23
    L  Deductions - portfolio (other)      Schedule A, line 28
    M  Amounts paid for medical insurance      Schedule A, line 1 or Form 1040, line 29
    N  Educational assistance benefits      See the Partner's Instructions
    O  Dependent care benefits      Form 2441, line 12
    P  Preproductive period expenses      See the Partner's Instructions
    Q  Commercial revitalization deduction
        from rental real estate activities      See Form 8582 instructions
    R  Pensions and IRAs      See the Partner's Instructions
    S  Reforestation expense deduction      See the Partner's Instructions
    T  Domestic production activities
        information      See Form 8903 instructions
    U  Qualified production activities income      Form 8903, line 7b
    V  Employer's Form W-2 wages      Form 8903, line 17
    W  Other deductions      See the Partner's Instructions
14. Self-employment earnings (loss)
    Note: If you have a section 179 deduction or any partner-level deductions, see the
    Partner's Instructions before completing Schedule SE
    A  Net earnings (loss) from
        self-employment      Schedule SE, Section A or B
    B  Gross farming or fishing income      See the Partner's Instructions
    C  Gross non-farm income      See the Partner's Instructions
15. Credits
    A  Low-income housing credit
        (section 42(j)(5)) from pre-2008
        buildings
    B  Low-income housing credit
        (other) from pre-2008 buildings
    C  Low-income housing credit
        (section 42(j)(5)) from
        post-2007 buildings
    D  Low-income housing credit      ⎬  See the Partner's Instructions
        (other) from post-2007
        buildings
    E  Qualified rehabilitation
        expenditures (rental real estate)
    F  Other rental real estate credits
    G  Other rental credits
    H  Undistributed capital gains credit      Form 1040, line 73; check box a
    I  Biofuel producer credit
    J  Work opportunity credit      ⎬  See the Partner's Instructions
    K  Disabled access credit

Code                                     Report on
    L  Empowerment zone
        employment credit
    M  Credit for increasing research
        activities
    N  Credit for employer social      ⎬  See the Partner's Instructions
        security and Medicare taxes
    O  Backup withholding
    P  Other credits
16. Foreign transactions
    A  Name of country or U S
        possession
    B  Gross income from all sources  ⎬  Form 1116, Part I
    C  Gross income sourced at
        partner level
    *Foreign gross income sourced at partnership level*
    D  Passive category
    E  General category  ⎬  Form 1116, Part I
    F  Other
    *Deductions allocated and apportioned at partner level*
    G  Interest expense      Form 1116, Part I
    H  Other      Form 1116, Part I
    *Deductions allocated and apportioned at partnership level to foreign source income*
    I  Passive category
    J  General category  ⎬  Form 1116, Part I
    K  Other
    *Other information*
    L  Total foreign taxes paid      Form 1116, Part II
    M  Total foreign taxes accrued      Form 1116, Part II
    N  Reduction in taxes available for credit      Form 1116, line 12
    O  Foreign trading gross receipts      Form 8873
    P  Extraterritorial income exclusion      Form 8873
    Q  Other foreign transactions      See the Partner's Instructions
17. Alternative minimum tax (AMT) items
    A  Post-1986 depreciation adjustment
    B  Adjusted gain or loss      See the Partner's
    C  Depletion (other than oil & gas)      Instructions and
    D  Oil, gas, & geothermal - gross income      the Instructions for
    E  Oil, gas, & geothermal - deductions      Form 6251
    F  Other AMT items
18. Tax-exempt income and nondeductible expenses
    A  Tax-exempt interest income      Form 1040, line 8b
    B  Other tax-exempt income      See the Partner's Instructions
    C  Nondeductible expenses      See the Partner's Instructions
19. Distributions
    A  Cash and marketable securities
    B  Distribution subject to section 737  ⎬  See the Partner's Instructions
    C  Other property
20. Other information
    A  Investment income      Form 4952, line 4a
    B  Investment expenses      Form 4952, line 5
    C  Fuel tax credit information      Form 4136
    D  Qualified rehabilitation expenditures
        (other than rental real estate)      See the Partner's Instructions
    E  Basis of energy property      See the Partner's Instructions
    F  Recapture of low-income housing
        credit (section 42(j)(5))      Form 8611, line 8
    G  Recapture of low-income housing
        credit (other)      Form 8611, line 8
    H  Recapture of investment credit      See Form 4255
    I  Recapture of other credits      See the Partner's Instructions
    J  Look-back interest - completed
        long-term contracts      See Form 8697
    K  Look-back interest - income forecast
        method      See Form 8866
    L  Dispositions of property with
        section 179 deductions
    M  Recapture of section 179 deduction
    N  Interest expense for corporate
        partners
    O  Section 453(l)(3) information
    P  Section 453A(c) information
    Q  Section 1260(b) information  ⎬  See the Partner's
    R  Interest allocable to production      Instructions
        expenditures
    S  CCF nonqualified withdrawals
    T  Depletion information - oil and gas
    U  Reserved
    V  Unrelated business taxable income
    W  Precontribution gain (loss)
    X  Section 108(i) information
    Y  Net investment income
    Z  Other information

JSA
7P1300 1 000

```
   GULF COAST ASPHALT COMPANY, LLC                                    6138
   SCH K-1 SUPPORTING SCHEDULES PARTNER #    1 TRIFINERY INC
=============================================================================
   ITEM L - RECONCILIATION OF INCOME
   =================================
   INCOME (LOSS) FROM SCH. K-1, LINES 1 - 11                         3,187,571.
   LESS:  DEDUCTIONS FROM SCH. K-1, LINES 12, 13, 16L, AND 16M           6,699.
                                                                    ----------------
          TOTAL INCOME PER SCHEDULE K-1                             3,180,872.

   LESS:  INCOME INCLUDED ON SCH. K-1, NOT RECORDED ON BOOKS:
     BOOK/TAX DIFFERENCE ARC LOGISTICS                              2,360,094.
     BOOK/TAX DIFFERENCE ARC LOGISTICS SALE                         6,108,471.

   LESS:  EXPENSES RECORDED ON BOOKS, NOT INCLUDED ON SCH. K-1:
     TRAVEL AND ENTERTAINMENT                                          80,725.
     AMORTIZATION                                                       8,334.
     NONDEDUCTIBLE EXPENSES                                             4,266.

   PLUS:  DEDUCTIONS ON SCH. K-1, NOT CHARGED AGAINST BOOKS:
     DEPRECIATION                                                         888.
                                                                    ----------------
          TOTAL INCOME PER ITEM L, CURRENT YEAR INCR(DECR)          -5,380,130.
                                                                    ================

   LINE 3 - NET INCOME FROM OTHER RENTAL ACTIVITITES
   =================================================
   FROM PASS-THROUGH ENTITIES                                            2,737.
                                                                    ----------------
     TOTAL NET INCOME FROM OTHER RENTAL ACTIVITIES                       2,737.
                                                                    ================

   LINE 5 - INTEREST INCOME
   ========================

   OTHER INTEREST INCOME
   ---------------------
     INTEREST INCOME                                                    49,847.
                                                                    ----------------
     TOTAL INTEREST INCOME                                              49,847.
                                                                    ================

   LINE 9 - NET LONG-TERM CAPITAL GAIN(LOSS)
   =========================================              LINE 9B        LINE 9A
                                                       28% GAIN(LOSS)     TOTAL
                                                       ==============  ==============
   FROM PORTFOLIO ACTIVITIES                                          4,806,856.
                                                       -------------- --------------
     TOTAL NET LONG-TERM CAPITAL GAIN(LOSS)                           4,806,856.
                                                       ============== ==============
```

```
GULF COAST ASPHALT COMPANY, LLC                            ███████ 6138
SCH K-1 SUPPORTING SCHEDULES PARTNER #    1 TRIFINERY INC
==================================================================================
```

LINE 10 - NET SECTION 1231 GAIN (LOSS)
```
=======================================
```
```
FROM PASS-THROUGH ENTITIES                                         -2,161.
                                                          ----------------
  TOTAL NET SECTION 1231 GAIN (LOSS)                               -2,161.
                                                          ================
```

LINE 13 - OTHER DEDUCTIONS
```
==========================
```
A  CASH CONTRIBUTIONS (50%)
```
---------------------------
```
```
  FROM TRADE\BUSINESS                                               6,699.
                                                          ----------------
  TOTAL BOX A                                                       6,699.
                                                          ================
```

LINE 17 - ALTERNATIVE MINIMUM TAX (AMT) ITEMS
```
=============================================
```
A  POST-1986 DEPRECIATION ADJUSTMENT
```
------------------------------------
```
```
FROM PASS-THROUGH ENTITIES                                        -39,515.
                                                          ----------------
  TOTAL BOX A                                                     -39,515.
                                                          ================
```

B  ADJUSTED GAIN OR LOSS
```
------------------------
```
```
FROM OTHER (GENERAL BUSINESS)                                     137,873.
                                                          ----------------
  TOTAL BOX B                                                     137,873.
                                                          ================
```

LINE 18C - NONDEDUCTIBLE EXPENSES
```
=================================
```
```
NONDEDUCTIBLE DUES                                                  3,975.
FROM PASS-THROUGH ENTITIES                                            291.
                                                          ----------------
TOTAL NONDEDUCTIBLE EXPENSES BEFORE TRAVEL AND ENTERTAINMENT        4,266.
TRAVEL AND ENTERTAINMENT EXPENSE NONDEDUCTIBLE                     80,725.
                                                          ----------------
  TOTAL NONDEDUCTIBLE EXPENSES                                     84,991.
                                                          ================
```

```
7P9000 1 000                                                        003586
      9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524                 50
```

PTR # 1   TRIFINERY INC                    GULF COAST ASPHALT COMPANY, LLC                    6138

## Schedule of Activities

| | Type of Activity | Disposed | QLIH | PTP | Pass-through |
|---|---|---|---|---|---|
| A: ARC LOGISTICS PARTNERS LP | P\T GEN TB | YES | NO | YES | YES |
| B: GULF COAST ASPHALT COMPANY, LLC | PORTFOLIO | NO | NO | NO | NO |
| C: GULF COAST ASPHALT COMPANY, LLC | GEN. T/B | NO | NO | NO | NO |
| D: | | | | | |

| | | | A | B | C | D |
|---|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary business income (loss) | 224,149. | | -1,893,857. | |
| | 2 | Net rental real estate income (loss) | | | | |
| | 3 | Other net rental income (loss) | 2,737. | | | |
| | 4 | Guaranteed payments | | | | |
| | 5 | Interest income | | 49,847. | | |
| | 6a | Ordinary dividends | | | | |
| | 6b | Qualified dividends | | | | |
| | 7 | Royalties | | | | |
| | 8 | Net short-term capital gain (loss) | | | | |
| | 9a | Net long-term capital gain (loss) | | 4,806,856. | | |
| | 9b | Collectibles (28%) gain (loss) | | | | |
| | 9c | Unrecaptured section 1250 gain | | | | |
| | 10 | Net section 1231 gain (loss) | -2,161. | | | |
| | 11 | Other income (loss) | | | | |
| Deductions | 12 | Section 179 deduction | | | | |
| | 13a-g | Contributions | | | 6,699. | |
| | 13i,k,l | Deductions related to portfolio income | | | | |
| | 13h | Investment interest expense | | | | |
| | 13l | Section 59(e)(2) expenditures | | | | |
| | 13l-v | Other deductions | | | | |
| Credits | 15a,c | Low-income housing credit (section 42(j)(5)) | | | | |
| | 15b,d | Low-income housing credit (other) | | | | |
| | 15e | Qualified rehabilitation expenditures (rental real estate) | | | | |
| | 15f | Other rental real estate credits | | | | |
| | 15g | Other rental credits | | | | |
| | 15h-p | Other credits | | | | |
| Foreign Transactions | 16b | Gross income from all sources | | | | |
| | 16c | Gross income sourced at partner level | | | | |
| | 16d | Foreign gross income (partnership level): Passive | | | | |
| | 16e | Foreign gross income (partnership level): General categories | | | | |
| | 16f | Foreign gross income (partnership level): Other | | | | |
| | 16g | Deductions allocated and apportioned (partner level): Interest expense | | | | |
| | 16h | Deductions allocated and apportioned (partner level): Other | | | | |
| | 16i | Deductions allocated and apportioned (partnership level): Passive | | | | |
| | 16j | Deductions allocated and apportioned (partnership level): General categories | | | | |
| | 16k | Deductions allocated and apportioned (partnership level): Other | | | | |
| | 16l | Total foreign taxes paid | | | | |
| | 16m | Total foreign taxes accrued | | | | |
| | 16n | Reduction in taxes available for credit | | | | |
| | 16o | Foreign trading gross receipts | | | | |
| | 16p | Extraterritorial income exclusion | | | | |
| | 16q | Other foreign transactions | | | | |
| Alternative Minimum Tax | 17a | Post-1986 depreciation adjustment | -39,515. | | | |
| | 17b | Adjusted gain or loss | | | 137,873. | |
| | 17c | Depletion (other than oil and gas) | | | | |
| | 17d | Gross income from oil, gas, and geothermal | | | | |
| | 17e | Deductions from oil, gas, and geothermal | | | | |
| | 17f | Other AMT items | | | | |
| Tax-exempt Inc. & Exp. | 18a | Tax-exempt interest income | | | | |
| | 18b | Other tax-exempt income | | | | |
| | 18c | Nondeductible expenses | 291. | | 84,700. | |
| Other | 20a | Investment income | | 49,847. | | |
| | 20b | Investment expenses | | | | |
| | 20c-x | Other information | | | | |

651117

| | Final K-1 | | Amended K-1 | OMB No 1545-0123 |

**Schedule K-1**
**(Form 1065)**

**2017**

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax year

beginning _____ ending _____

**Partner's Share of Income, Deductions,**
**Credits, etc.**    ▶ See back of form and separate instructions.

| **Part I** | **Information About the Partnership** |

**A**  Partnership's employer identification number

6138

**B**  Partnership's name, address, city, state, and ZIP code

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD. SUITE 2400
HOUSTON, TX 77056

**C**  IRS Center where partnership filed return

EFILE

**D**  ☐ Check if this is a publicly traded partnership (PTP)

| **Part II** | **Information About the Partner** |

**E**  Partner's identifying number        2

8424

**F**  Partner's name, address, city, state, and ZIP code

JOYCE M BRASS
1990 POST OAK BLVD, SUITE 2400
HOUSTON, TX 77056

**G**  ☐ General partner or LLC member-manager    ☒ Limited partner or other LLC member

**H**  ☒ Domestic partner    ☐ Foreign partner

**I1**  What type of entity is this partner?    INDIVIDUAL

**I2**  If this partner is a retirement plan (IRA/SEP/Keogh/etc ), check here ☐

**J**  Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 25.000000 % | 25.000000 % |
| Loss | 25.000000 % | 25.000000 % |
| Capital | 25.000000 % | 25.000000 % |

**K**  Partner's share of liabilities at year end:

| | |
|---|---|
| Nonrecourse . . . . . . . . . $ | 6,967,866. |
| Qualified nonrecourse financing . . $ | |
| Recourse . . . . . . . . . . . $ | |

**L**  Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account . . . . . $ | -4,063,818. |
| Capital contributed during the year  . $ | |
| Current year increase (decrease) . . $ | -2,756,319. |
| Withdrawals & distributions . . . . $ ( | ) |
| Ending capital account . . . . . . $ | -6,820,137. |

☐ Tax basis  ☒ GAAP  ☐ Section 704(b) book
☐ Other (explain)

**M**  Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No .
If "Yes," attach statement (see instructions)

---

| **Part III** | **Partner's Share of Current Year Income,** |
| | **Deductions, Credits, and Other Items** |

| 1 | Ordinary business income (loss) | 15 | Credits |
| | -3,063,048. | | |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| * | -323. | | |
| 4 | Guaranteed payments | | |
| 5 | Interest income | | |
| * | 24,923. | | |
| 6a | Ordinary dividends | | |
| 6b | Qualified dividends | | |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| * | -815,487. | A* | 10,376. |
| 9b | Collectibles (28%) gain (loss) | | |
| | | B* | 34,469. |
| 9c | Unrecaptured section 1250 gain | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| * | -541. | | |
| 11 | Other income (loss) | C* | 42,351. |
| | | 19 | Distributions |
| 12 | Section 179 deduction | | |
| 13 | Other deductions | 20 | Other information |
| A* | 3,350. | | |
| | | A | 24,923. |
| 14 | Self-employment earnings (loss) | | |

*See attached statement for additional information.

For IRS Use Only

---

JSA
7P1200 1 000

9608IW   C973   09/06/2018  15:48:11  V17-6.6F  8524

003588

Schedule K-1 (Form 1065) 2017   **PARTNER #   2   JOYCE M BRASS**   Page 2

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040.
For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the Instructions for your income tax return.

1. Ordinary business income (loss). Determine whether the income (loss) is passive or nonpassive and enter on your return as follows

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

2. Net rental real estate income (loss)   See the Partner's Instructions
3. Other net rental income (loss)
   Net income   Schedule E, line 28, column (g)
   Net loss   See the Partner's Instructions
4. Guaranteed payments   Schedule E, line 28, column (j)
5. Interest income   Form 1040, line 8a
6a. Ordinary dividends   Form 1040, line 9a
6b. Qualified dividends   Form 1040, line 9b
7. Royalties   Schedule E, line 4
8. Net short-term capital gain (loss)   Schedule D, line 5
9a. Net long-term capital gain (loss)   Schedule D, line 12
9b. Collectibles (28%) gain (loss)   28% Rate Gain Worksheet, line 4 (Schedule D Instructions)

9c. Unrecaptured section 1250 gain   See the Partner's Instructions
10. Net section 1231 gain (loss)   See the Partner's Instructions
11. Other income (loss)
    Code
    A Other portfolio income (loss)   See the Partner's Instructions
    B Involuntary conversions   See the Partner's Instructions
    C Sec. 1256 contracts & straddles   Form 6781, line 1
    D Mining exploration costs recapture   See Pub. 535
    E Cancellation of debt   Form 1040, line 21 or Form 982
    F Other income (loss)   See the Partner's Instructions
12. Section 179 deduction   See the Partner's Instructions
13. Other deductions
    A Cash contributions (50%)
    A Cash contributions (30%)
    C Noncash contributions (50%)
    D Noncash contributions (30%)
    E Capital gain property to a 50% organization (30%)
    F Capital gain property (20%)
    G Contributions (100%)   See the Partner's Instructions
    H Investment interest expense   Form 4952, line 1
    I Deductions - royalty income   Schedule E, line 19
    J Section 59(e)(2) expenditures   See the Partner's Instructions
    K Deductions - portfolio (2% floor)   Schedule A, line 23
    L Deductions - portfolio (other)   Schedule A, line 28
    M Amounts paid for medical insurance   Schedule A, line 1 or Form 1040, line 29
    N Educational assistance benefits   See the Partner's Instructions
    O Dependent care benefits   Form 2441, line 12
    P Preproductive period expenses   See the Partner's Instructions
    Q Commercial revitalization deduction from rental real estate activities   See Form 8582 instructions
    R Pensions and IRAs   See the Partner's Instructions
    S Reforestation expense deduction   See the Partner's Instructions
    T Domestic production activities information   See Form 8903 instructions
    U Qualified production activities income   Form 8903, line 7b
    V Employer's Form W-2 wages   Form 8903, line 17
    W Other deductions   See the Partner's Instructions
14. Self-employment earnings (loss)
Note: If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE
    A Net earnings (loss) from self-employment   Schedule SE, Section A or B
    B Gross farming or fishing income   See the Partner's Instructions
    C Gross non-farm income   See the Partner's Instructions
15. Credits
    A Low-income housing credit (section 42(j)(5)) from pre-2008 buildings
    B Low-income housing credit (other) from pre-2008 buildings
    C Low-income housing credit (section 42(j)(5)) from post-2007 buildings
    D Low-income housing credit (other) from post-2007 buildings   See the Partner's Instructions
    E Qualified rehabilitation expenditures (rental real estate)
    F Other rental real estate credits
    G Other rental credits
    H Undistributed capital gains credit   Form 1040, line 73; check box a
    I Biofuel producer credit
    J Work opportunity credit   See the Partner's Instructions
    K Disabled access credit

Code
    L Empowerment zone employment credit
    M Credit for increasing research activities
    N Credit for employer social security and Medicare taxes   See the Partner's Instructions
    O Backup withholding
    P Other credits
16. Foreign transactions
    A Name of country or U.S possession
    B Gross income from all sources   Form 1116, Part I
    C Gross income sourced at partner level
    Foreign gross income sourced at partnership level
    D Passive category
    E General category   Form 1116, Part I
    F Other
    Deductions allocated and apportioned at partner level
    G Interest expense   Form 1116, Part I
    H Other   Form 1116, Part I
    Deductions allocated and apportioned at partnership level to foreign source income
    I Passive category
    J General category   Form 1116, Part I
    K Other
    Other information
    L Total foreign taxes paid   Form 1116, Part II
    M Total foreign taxes accrued   Form 1116, Part II
    N Reduction in taxes available for credit   Form 1116, line 12
    O Foreign trading gross receipts   Form 8873
    P Extraterritorial income exclusion   Form 8873
    Q Other foreign transactions   See the Partner's Instructions
17. Alternative minimum tax (AMT) items
    A Post-1986 depreciation adjustment
    B Adjusted gain or loss   See the Partner's Instructions and the Instructions for Form 6251
    C Depletion (other than oil & gas)
    D Oil, gas, & geothermal - gross income
    E Oil, gas, & geothermal - deductions
    F Other AMT items
18. Tax-exempt income and nondeductible expenses
    A Tax-exempt interest income   Form 1040, line 8b
    B Other tax-exempt income   See the Partner's Instructions
    C Nondeductible expenses   See the Partner's Instructions
19. Distributions
    A Cash and marketable securities
    B Distribution subject to section 737   See the Partner's Instructions
    C Other property
20. Other information
    A Investment income   Form 4952, line 4a
    B Investment expenses   Form 4952, line 5
    C Fuel tax credit information   Form 4136
    D Qualified rehabilitation expenditures (other than rental real estate)   See the Partner's Instructions
    E Basis of energy property   See the Partner's Instructions
    F Recapture of low-income housing credit (section 42(j)(5))   Form 8611, line 8
    G Recapture of low-income housing credit (other)   Form 8611, line 8
    H Recapture of investment credit   See Form 4255
    I Recapture of other credits   See the Partner's Instructions
    J Look-back interest - completed long-term contracts   See Form 8697
    K Look-back interest - income forecast method   See Form 8866
    L Dispositions of property with section 179 deductions
    M Recapture of section 179 deduction
    N Interest expense for corporate partners
    O Section 453(l)(3) information
    P Section 453A(c) information
    Q Section 1260(b) information
    R Interest allocable to production expenditures   See the Partner's Instructions
    S CCF nonqualified withdrawals
    T Depletion information - oil and gas
    U Reserved
    V Unrelated business taxable income
    W Precontribution gain (loss)
    X Section 108(i) information
    Y Net investment income
    Z Other information

JSA
7P1300 1.000

9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524                   003589

```
 GULF COAST ASPHALT COMPANY, LLC                          ████  6138
 SCH K-1 SUPPORTING SCHEDULES PARTNER #    2 JOYCE M BRASS
====================================================================================
ITEM L - RECONCILIATION OF INCOME
==================================
INCOME (LOSS) FROM SCH. K-1, LINES 1 - 11                       -3,854,476.
LESS:  DEDUCTIONS FROM SCH. K-1, LINES 12, 13, 16L, AND 16M          3,350.
                                                               ----------------
      TOTAL INCOME PER SCHEDULE K-1                             -3,857,826.

LESS:  EXPENSES RECORDED ON BOOKS, NOT INCLUDED ON SCH. K-1:
   TRAVEL AND ENTERTAINMENT                                         40,360.
   AMORTIZATION                                                      4,166.
   NONDEDUCTIBLE EXPENSES                                            1,991.

PLUS:  DEDUCTIONS ON SCH. K-1, NOT CHARGED AGAINST BOOKS:
   DEPRECIATION                                                        443.
   BOOK/TAX DIFFERENCE ARC LOGISTICS                               657,498.
   BOOK/TAX DIFFERENCE ARC LOGISTICS SALE                          490,083.
                                                               ----------------
      TOTAL INCOME PER ITEM L, CURRENT YEAR INCR(DECR)           -2,756,319.
                                                               ================


LINE 3 - NET INCOME FROM OTHER RENTAL ACTIVITITES
=================================================
FROM PASS-THROUGH ENTITIES                                            -323.
                                                               ----------------
   TOTAL NET INCOME FROM OTHER RENTAL ACTIVITIES                      -323.
                                                               ================


LINE 5 - INTEREST INCOME
========================

OTHER INTEREST INCOME
---------------------
   INTEREST INCOME                                                  24,923.
                                                               ----------------
   TOTAL INTEREST INCOME                                            24,923.
                                                               ================


LINE 9 - NET LONG-TERM CAPITAL GAIN(LOSS)
=========================================              LINE 9B         LINE 9A
                                                   28% GAIN(LOSS)       TOTAL
                                                   ==============    ==============
FROM PORTFOLIO ACTIVITIES                                              -815,487.
                                                   --------------    --------------
   TOTAL NET LONG-TERM CAPITAL GAIN(LOSS)                              -815,487.
                                                   ==============    ==============
```

7P9000 1 000
9608IW  C973  09/06/2018 15:48:11 V17-6.6F 8524

003590
54

```
GULF COAST ASPHALT COMPANY, LLC                         █████6138
SCH K-1 SUPPORTING SCHEDULES PARTNER #    2 JOYCE M BRASS
===============================================================================
```

LINE 10 - NET SECTION 1231 GAIN (LOSS)
```
========================================
```
FROM PASS-THROUGH ENTITIES                                        -541.
```
                                                         ----------------
```
  TOTAL NET SECTION 1231 GAIN (LOSS)                        -541.
```
                                                         ===============
```

LINE 13 - OTHER DEDUCTIONS
```
===========================
```
A  CASH CONTRIBUTIONS (50%)
```
---------------------------
```
  FROM TRADE\BUSINESS                                      3,350.
```
                                                         ----------------
```
  TOTAL BOX A                                              3,350.
```
                                                         ===============
```

LINE 17 - ALTERNATIVE MINIMUM TAX (AMT) ITEMS
```
=============================================
```
A  POST-1986 DEPRECIATION ADJUSTMENT
```
------------------------------------
```
FROM PASS-THROUGH ENTITIES                                      10,376.
```
                                                         ----------------
```
  TOTAL BOX A                                             10,376.
```
                                                         ===============
```

B  ADJUSTED GAIN OR LOSS
```
------------------------
```
FROM OTHER (GENERAL BUSINESS)                                   34,469.
```
                                                         ----------------
```
  TOTAL BOX B                                             34,469.
```
                                                         ===============
```

LINE 18C - NONDEDUCTIBLE EXPENSES
```
=================================
```
NONDEDUCTIBLE DUES                                               1,989.
FROM PASS-THROUGH ENTITIES                                           2.
```
                                                         ----------------
```
TOTAL NONDEDUCTIBLE EXPENSES BEFORE TRAVEL AND ENTERTAINMENT     1,991.
TRAVEL AND ENTERTAINMENT EXPENSE NONDEDUCTIBLE                  40,360.
```
                                                         ----------------
```
  TOTAL NONDEDUCTIBLE EXPENSES                            42,351.
```
                                                         ===============
```

7P9000 1 000
9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524             003591
55

PTR # 2    JOYCE M BRASS                    GULF COAST ASPHALT COMPANY, LLC            6138

## Schedule of Activities

| | Type of Activity | Disposed | QLIH | PTP | Pass-through |
|---|---|---|---|---|---|
| A: ARC LOGISTICS PARTNERS LP | P\T GEN TB | YES | NO | YES | YES |
| B: GULF COAST ASPHALT COMPANY, LLC | PORTFOLIO | NO | NO | NO | NO |
| C: GULF COAST ASPHALT COMPANY, LLC | GEN. T/B | NO | NO | NO | NO |
| D: | | | | | |

| | | | A | B | C | D |
|---|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary business income (loss) | 411,198. | | -3,474,246. | |
| | 2 | Net rental real estate income (loss) | | | | |
| | 3 | Other net rental income (loss) | -323. | | | |
| | 4 | Guaranteed payments | | | | |
| | 5 | Interest income | | 24,923. | | |
| | 6a | Ordinary dividends | | | | |
| | 6b | Qualified dividends | | | | |
| | 7 | Royalties | | | | |
| | 8 | Net short-term capital gain (loss) | | | | |
| | 9a | Net long-term capital gain (loss) | | -815,487. | | |
| | 9b | Collectibles (28%) gain (loss) | | | | |
| | 9c | Unrecaptured section 1250 gain | | | | |
| | 10 | Net section 1231 gain (loss) | -541. | | | |
| | 11 | Other income (loss) | | | | |
| Deductions | 12 | Section 179 deduction | | | | |
| | 13a-g | Contributions | | | 3,350. | |
| | 13i,k,l | Deductions related to portfolio income | | | | |
| | 13h | Investment interest expense | | | | |
| | 13l | Section 59(e)(2) expenditures | | | | |
| | 13l-v | Other deductions | | | | |
| Credits | 15a,c | Low-income housing credit (section 42(j)(5)) | | | | |
| | 15b,d | Low-income housing credit (other) | | | | |
| | 15e | Qualified rehabilitation expenditures (rental real estate) | | | | |
| | 15f | Other rental real estate credits | | | | |
| | 15g | Other rental credits | | | | |
| | 15h-p | Other credits | | | | |
| Foreign Transactions | 16b | Gross income from all sources | | | | |
| | 16c | Gross income sourced at partner level | | | | |
| | 16d | Foreign gross income (partnership level): Passive | | | | |
| | 16e | Foreign gross income (partnership level): General categories | | | | |
| | 16f | Foreign gross income (partnership level): Other | | | | |
| | 16g | Deductions allocated and apportioned (partner level): Interest expense | | | | |
| | 16h | Deductions allocated and apportioned (partner level): Other | | | | |
| | 16i | Deductions allocated and apportioned (partnership level): Passive | | | | |
| | 16j | Deductions allocated and apportioned (partnership level): General categories | | | | |
| | 16k | Deductions allocated and apportioned (partnership level): Other | | | | |
| | 16l | Total foreign taxes paid | | | | |
| | 16m | Total foreign taxes accrued | | | | |
| | 16n | Reduction in taxes available for credit | | | | |
| | 16o | Foreign trading gross receipts | | | | |
| | 16p | Extraterritorial income exclusion | | | | |
| | 16q | Other foreign transactions | | | | |
| Alternative Minimum Tax | 17a | Post-1986 depreciation adjustment | 10,376. | | | |
| | 17b | Adjusted gain or loss | | | 34,469. | |
| | 17c | Depletion (other than oil and gas) | | | | |
| | 17d | Gross income from oil, gas, and geothermal | | | | |
| | 17e | Deductions from oil, gas, and geothermal | | | | |
| | 17f | Other AMT items | | | | |
| Tax-exempt Inc. & Exp. | 18a | Tax-exempt interest income | | | | |
| | 18b | Other tax-exempt income | | | | |
| | 18c | Nondeductible expenses | 2. | | 42,349. | |
| Other | 20a | Investment income | | 24,923. | | |
| | 20b | Investment expenses | | | | |
| | 20c-x | Other information | | | | |

651117

| | Final K-1 | | Amended K-1 | OMB No 1545-0123 |

## Schedule K-1 (Form 1065)

**2017**

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax year

beginning _____   ending _____

## Partner's Share of Income, Deductions, Credits, etc.

▶ See back of form and separate instructions.

### Part I  Information About the Partnership

**A** Partnership's employer identification number

█████6138

**B** Partnership's name, address, city, state, and ZIP code

GULF COAST ASPHALT COMPANY, LLC
1990 POST OAK BLVD. SUITE 2400
HOUSTON, TX 77056

**C** IRS Center where partnership filed return

EFILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II  Information About the Partner

**E** Partner's identifying number     3

█████4919

**F** Partner's name, address, city, state, and ZIP code

THE ESTATE OF SANFORD P BRASS
1990 POST OAK BLVD, SUITE 2400
HOUSTON, TX 77056

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner?   ESTATE

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc ), check here ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | | Ending | |
|---|---|---|---|---|
| Profit | 25.000000 | % | 25.000000 | % |
| Loss | 25.000000 | % | 25.000000 | % |
| Capital | 25.000000 | % | 25.000000 | % |

**K** Partner's share of liabilities at year end:

| | | |
|---|---|---|
| Nonrecourse | $ | 6,967,866. |
| Qualified nonrecourse financing | $ | |
| Recourse | $ | |

**L** Partner's capital account analysis:

| | | |
|---|---|---|
| Beginning capital account | $ | -4,063,816. |
| Capital contributed during the year | $ | |
| Current year increase (decrease) | $ | -2,756,317. |
| Withdrawals & distributions | $ ( | ) |
| Ending capital account | $ | -6,820,133. |

☐ Tax basis   ☒ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?

☐ Yes   ☒ No

If "Yes," attach statement (see instructions)

### Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | | |
|---|---|---|---|---|
| 1 | Ordinary business income (loss) | | 15 | Credits |
| | -3,063,048. | | | |
| 2 | Net rental real estate income (loss) | | | |
| 3 | Other net rental income (loss) | | 16 | Foreign transactions |
| * | -323. | | | |
| 4 | Guaranteed payments | | | |
| 5 | Interest Income | | | |
| * | 24,923. | | | |
| 6a | Ordinary dividends | | | |
| 6b | Qualified dividends | | | |
| 7 | Royalties | | | |
| 8 | Net short-term capital gain (loss) | | | |
| 9a | Net long-term capital gain (loss) | | 17 | Alternative minimum tax (AMT) items |
| * | -815,487. | | A* | 10,376. |
| 9b | Collectibles (28%) gain (loss) | | | |
| | | | B* | 34,468. |
| 9c | Unrecaptured section 1250 | | | |
| 10 | Net section 1231 gain (loss) | | 18 | Tax-exempt income and nondeductible expenses |
| * | -540. | | | |
| 11 | Other income (loss) | | C* | 42,352. |
| | | | 19 | Distributions |
| 12 | Section 179 deduction | | | |
| 13 | Other deductions | | 20 | Other information |
| A* | 3,349. | | | |
| | | | A | 24,923. |
| 14 | Self-employment earnings (loss) | | | |

*See attached statement for additional information

For IRS Use Only

For Paperwork Reduction Act Notice, see Instructions for Form 1065.

JSA
7P1200 1 000

www irs gov/Form1065

Schedule K-1 (Form 1065) 2017

9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524

003593
**57**

Schedule K-1 (Form 1065) 2017    PARTNER #    3   THE ESTATE OF SANFORD P BRASS    Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

1. Ordinary business income (loss). Determine whether the income (loss) is passive or nonpassive and enter on your return as follows

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

2. Net rental real estate income (loss)  See the Partner's Instructions
3. Other net rental income (loss)

| Net income | Schedule E, line 28, column (g) |
|---|---|
| Net loss | See the Partner's Instructions |

4. Guaranteed payments  Schedule E, line 28, column (j)
5. Interest income  Form 1040, line 8a
6a. Ordinary dividends  Form 1040, line 9a
6b. Qualified dividends  Form 1040, line 9b
7. Royalties  Schedule E, line 4
8. Net short-term capital gain (loss)  Schedule D, line 5
9a. Net long-term capital gain (loss)  Schedule D, line 12
9b. Collectibles (28%) gain (loss)  28% Rate Gain Worksheet, line 4 (Schedule D instructions)

9c. Unrecaptured section 1250 gain  See the Partner's Instructions
10. Net section 1231 gain (loss)  See the Partner's Instructions
11. Other income (loss)

Code

| A | Other portfolio income (loss) | See the Partner's Instructions |
|---|---|---|
| B | Involuntary conversions | See the Partner's Instructions |
| C | Sec. 1256 contracts & straddles | Form 6781, line 1 |
| D | Mining exploration costs recapture | See Pub. 535 |
| E | Cancellation of debt | Form 1040, line 21 or Form 982 |
| F | Other income (loss) | See the Partner's Instructions |

12. Section 179 deduction  See the Partner's Instructions
13. Other deductions

| A | Cash contributions (50%) | |
|---|---|---|
| B | Cash contributions (30%) | |
| C | Noncash contributions (50%) | |
| D | Noncash contributions (30%) | See the Partner's |
| E | Capital gain property to a 50% organization (30%) | Instructions |
| F | Capital gain property (20%) | |
| G | Contributions (100%) | |
| H | Investment interest expense | Form 4952, line 1 |
| I | Deductions - royalty income | Schedule E, line 19 |
| J | Section 59(e)(2) expenditures | See the Partner's Instructions |
| K | Deductions - portfolio (2% floor) | Schedule A, line 23 |
| L | Deductions - portfolio (other) | Schedule A, line 28 |
| M | Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| N | Educational assistance benefits | See the Partner's Instructions |
| O | Dependent care benefits | Form 2441, line 12 |
| P | Preproductive period expenses | See the Partner's Instructions |
| Q | Commercial revitalization deduction from rental real estate activities | See Form 8582 instructions |
| R | Pensions and IRAs | See the Partner's Instructions |
| S | Reforestation expense deduction | See the Partner's Instructions |
| T | Domestic production activities information | See Form 8903 instructions |
| U | Qualified production activities income | Form 8903, line 7b |
| V | Employer's Form W-2 wages | Form 8903, line 17 |
| W | Other deductions | See the Partner's Instructions |

14. Self-employment earnings (loss)
Note: If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE

| A | Net earnings (loss) from self-employment | Schedule SE, Section A or B |
|---|---|---|
| B | Gross farming or fishing income | See the Partner's Instructions |
| C | Gross non-farm income | See the Partner's Instructions |

15. Credits

| A | Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
|---|---|---|
| B | Low-income housing credit (other) from pre-2008 buildings | |
| C | Low-income housing credit (section 42(j)(5)) from post-2007 buildings | |
| D | Low-income housing credit (other) from post-2007 buildings | See the Partner's Instructions |
| E | Qualified rehabilitation expenditures (rental real estate) | |
| F | Other rental real estate credits | |
| G | Other rental credits | |
| H | Undistributed capital gains credit | Form 1040, line 73; check box a |
| I | Biofuel producer credit | |
| J | Work opportunity credit | See the Partner's Instructions |
| K | Disabled access credit | |

| | Code | Report on |
|---|---|---|
| L | Empowerment zone employment credit | |
| M | Credit for increasing research activities | |
| N | Credit for employer social security and Medicare taxes | See the Partner's Instructions |
| O | Backup withholding | |
| P | Other credits | |

16. Foreign transactions

| A | Name of country or U S possession | |
|---|---|---|
| B | Gross income from all sources | Form 1116, Part I |
| C | Gross income sourced at partner level | |

Foreign gross income sourced at partnership level

| D | Passive category | |
|---|---|---|
| E | General category | Form 1116, Part I |
| F | Other | |

Deductions allocated and apportioned at partner level

| G | Interest expense | Form 1116, Part I |
|---|---|---|
| H | Other | Form 1116, Part I |

Deductions allocated and apportioned at partnership level to foreign source income

| I | Passive category | |
|---|---|---|
| J | General category | Form 1116, Part I |
| K | Other | |

Other information

| L | Total foreign taxes paid | Form 1116, Part II |
|---|---|---|
| M | Total foreign taxes accrued | Form 1116, Part II |
| N | Reduction in taxes available for credit | Form 1116, line 12 |
| O | Foreign trading gross receipts | Form 8873 |
| P | Extraterritorial income exclusion | Form 8873 |
| Q | Other foreign transactions | See the Partner's Instructions |

17. Alternative minimum tax (AMT) items

| A | Post-1986 depreciation adjustment | |
|---|---|---|
| B | Adjusted gain or loss | See the Partner's |
| C | Depletion (other than oil & gas) | Instructions and |
| D | Oil, gas, & geothermal - gross income | the Instructions for |
| E | Oil, gas, & geothermal - deductions | Form 6251 |
| F | Other AMT items | |

18. Tax-exempt income and nondeductible expenses

| A | Tax-exempt interest income | Form 1040, line 8b |
|---|---|---|
| B | Other tax-exempt income | See the Partner's Instructions |
| C | Nondeductible expenses | See the Partner's Instructions |

19. Distributions

| A | Cash and marketable securities | |
|---|---|---|
| B | Distribution subject to section 737 | See the Partner's Instructions |
| C | Other property | |

20. Other information

| A | Investment income | Form 4952, line 4a |
|---|---|---|
| B | Investment expenses | Form 4952, line 5 |
| C | Fuel tax credit information | Form 4136 |
| D | Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| E | Basis of energy property | See the Partner's Instructions |
| F | Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| G | Recapture of low-income housing credit (other) | Form 8611, line 8 |
| H | Recapture of investment credit | See Form 4255 |
| I | Recapture of other credits | See the Partner's Instructions |
| J | Look-back interest - completed long-term contracts | See Form 8697 |
| K | Look-back interest - income forecast method | See Form 8866 |
| L | Dispositions of property with section 179 deductions | |
| M | Recapture of section 179 deduction | |
| N | Interest expense for corporate partners | |
| O | Section 453(l)(3) information | |
| P | Section 453A(c) information | |
| Q | Section 1260(b) information | See the Partner's |
| R | Interest allocable to production expenditures | Instructions |
| S | CCF nonqualified withdrawals | |
| T | Depletion information - oil and gas | |
| U | Reserved | |
| V | Unrelated business taxable income | |
| W | Precontribution gain (loss) | |
| X | Section 108(i) information | |
| Y | Net investment income | |
| Z | Other information | |

JSA
7P1300 1.000

```
GULF COAST ASPHALT COMPANY, LLC                          ████6138
SCH K-1 SUPPORTING SCHEDULES PARTNER #   3 THE ESTATE OF SANFORD P BRASS
========================================================================
```

ITEM L - RECONCILIATION OF INCOME
=================================
```
INCOME (LOSS) FROM SCH. K-1, LINES 1 - 11                    -3,854,475.
LESS:  DEDUCTIONS FROM SCH. K-1, LINES 12, 13, 16L, AND 16M       3,349.
                                                            ---------------
        TOTAL INCOME PER SCHEDULE K-1                        -3,857,824.

LESS:  EXPENSES RECORDED ON BOOKS, NOT INCLUDED ON SCH. K-1:
   TRAVEL AND ENTERTAINMENT                                      40,363.
   AMORTIZATION                                                   4,167.
   NONDEDUCTIBLE EXPENSES                                         1,989.

PLUS:  DEDUCTIONS ON SCH. K-1, NOT CHARGED AGAINST BOOKS:
   DEPRECIATION                                                     444.
   BOOK/TAX DIFFERENCE ARC LOGISTICS                             657,498.
   BOOK/TAX DIFFERENCE ARC LOGISTICS SALE                        490,084.
                                                            ---------------
        TOTAL INCOME PER ITEM L, CURRENT YEAR INCR(DECR)     -2,756,317.
                                                            ===============
```

LINE 3 - NET INCOME FROM OTHER RENTAL ACTIVITITES
=================================================
```
FROM PASS-THROUGH ENTITIES                                         -323.
                                                            ---------------
   TOTAL NET INCOME FROM OTHER RENTAL ACTIVITIES                   -323.
                                                            ===============
```

LINE 5 - INTEREST INCOME
========================

```
OTHER INTEREST INCOME
---------------------
   INTEREST INCOME                                               24,923.
                                                            ---------------
   TOTAL INTEREST INCOME                                         24,923.
                                                            ===============
```

LINE 9 - NET LONG-TERM CAPITAL GAIN(LOSS)
=========================================

| | LINE 9B<br>28% GAIN(LOSS) | LINE 9A<br>TOTAL |
|---|---|---|
| FROM PORTFOLIO ACTIVITIES | | -815,487. |
| TOTAL NET LONG-TERM CAPITAL GAIN(LOSS) | | -815,487. |

```
7P9000 1 000
        9608IW   C973   09/06/2018 15:48:11 V17-6.6F 8524
```

```
GULF COAST ASPHALT COMPANY, LLC                          ████ 6138
SCH K-1 SUPPORTING SCHEDULES PARTNER #    3 THE ESTATE OF SANFORD P BRASS
=============================================================================
```

LINE 10 - NET SECTION 1231 GAIN (LOSS)
```
======================================
```
FROM PASS-THROUGH ENTITIES                                            -540.
                                                             ----------------
   TOTAL NET SECTION 1231 GAIN (LOSS)                                -540.
                                                             ================

LINE 13 - OTHER DEDUCTIONS
```
==========================
```
A  CASH CONTRIBUTIONS (50%)
```
---------------------------
```
   FROM TRADE\BUSINESS                                               3,349.
                                                             ----------------
   TOTAL BOX A                                                      3,349.
                                                             ================

LINE 17 - ALTERNATIVE MINIMUM TAX (AMT) ITEMS
```
=============================================
```
A  POST-1986 DEPRECIATION ADJUSTMENT
```
------------------------------------
```
FROM PASS-THROUGH ENTITIES                                         10,376.
                                                             ----------------
   TOTAL BOX A                                                     10,376.
                                                             ================


B  ADJUSTED GAIN OR LOSS
```
------------------------
```
FROM OTHER (GENERAL BUSINESS)                                      34,468.
                                                             ----------------
   TOTAL BOX B                                                     34,468.
                                                             ================

LINE 18C - NONDEDUCTIBLE EXPENSES
```
=================================
```
NONDEDUCTIBLE DUES                                                  1,987.
FROM PASS-THROUGH ENTITIES                                              2.
                                                             ----------------
TOTAL NONDEDUCTIBLE EXPENSES BEFORE TRAVEL AND ENTERTAINMENT        1,989.
TRAVEL AND ENTERTAINMENT EXPENSE NONDEDUCTIBLE                     40,363.
                                                             ----------------
   TOTAL NONDEDUCTIBLE EXPENSES                                    42,352.
                                                             ================
```

PTR #   3   THE ESTATE OF SANFORD P BRASS   GULF COAST ASPHALT COMPANY, LLC   6138

## Schedule of Activities

| | Type of Activity | Disposed | QLIH | PTP | Pass-through |
|---|---|---|---|---|---|
| A: ARC LOGISTICS PARTNERS LP | P\T GEN TB | YES | NO | YES | YES |
| B: GULF COAST ASPHALT COMPANY, LLC | PORTFOLIO | NO | NO | NO | NO |
| C: GULF COAST ASPHALT COMPANY, LLC | GEN. T/B | NO | NO | NO | NO |
| D: | | | | | |

| | | | A | B | C | D |
|---|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary business income (loss) | 411,197. | | -3,474,245. | |
| | 2 | Net rental real estate income (loss) | | | | |
| | 3 | Other net rental income (loss) | -323. | | | |
| | 4 | Guaranteed payments | | | | |
| | 5 | Interest income | | 24,923. | | |
| | 6a | Ordinary dividends | | | | |
| | 6b | Qualified dividends | | | | |
| | 7 | Royalties | | | | |
| | 8 | Net short-term capital gain (loss) | | | | |
| | 9a | Net long-term capital gain (loss) | | -815,487. | | |
| | 9b | Collectibles (28%) gain (loss) | | | | |
| | 9c | Unrecaptured section 1250 gain | | | | |
| | 10 | Net section 1231 gain (loss) | -540. | | | |
| | 11 | Other income (loss) | | | | |
| Deductions | 12 | Section 179 deduction | | | | |
| | 13a-g | Contributions | | | 3,349. | |
| | 13i,k,l | Deductions related to portfolio income | | | | |
| | 13h | Investment interest expense | | | | |
| | 13i | Section 59(e)(2) expenditures | | | | |
| | 13l-v | Other deductions | | | | |
| Credits | 15a,c | Low-income housing credit (section 42(j)(5)) | | | | |
| | 15b,d | Low-income housing credit (other) | | | | |
| | 15e | Qualified rehabilitation expenditures (rental real estate) | | | | |
| | 15f | Other rental real estate credits | | | | |
| | 15g | Other rental credits | | | | |
| | 15h-p | Other credits | | | | |
| Foreign Transactions | 16b | Gross income from all sources | | | | |
| | 16c | Gross income sourced at partner level | | | | |
| | 16d | Foreign gross income (partnership level): Passive | | | | |
| | 16e | Foreign gross income (partnership level): General categories | | | | |
| | 16f | Foreign gross income (partnership level): Other | | | | |
| | 16g | Deductions allocated and apportioned (partner level): Interest expense | | | | |
| | 16h | Deductions allocated and apportioned (partner level): Other | | | | |
| | 16i | Deductions allocated and apportioned (partnership level): Passive | | | | |
| | 16j | Deductions allocated and apportioned (partnership level): General categories | | | | |
| | 16k | Deductions allocated and apportioned (partnership level): Other | | | | |
| | 16l | Total foreign taxes paid | | | | |
| | 16m | Total foreign taxes accrued | | | | |
| | 16n | Reduction in taxes available for credit | | | | |
| | 16o | Foreign trading gross receipts | | | | |
| | 16p | Extraterritorial income exclusion | | | | |
| | 16q | Other foreign transactions | | | | |
| Alternative Minimum Tax | 17a | Post-1986 depreciation adjustment | 10,376. | | | |
| | 17b | Adjusted gain or loss | | | 34,468. | |
| | 17c | Depletion (other than oil and gas) | | | | |
| | 17d | Gross income from oil, gas, and geothermal | | | | |
| | 17e | Deductions from oil, gas, and geothermal | | | | |
| | 17f | Other AMT items | | | | |
| Tax-exempt Inc. & Exp. | 18a | Tax-exempt interest income | | | | |
| | 18b | Other tax-exempt income | | | | |
| | 18c | Nondeductible expenses | 2. | | 42,350. | |
| Other | 20a | Investment income | | 24,923. | | |
| | 20b | Investment expenses | | | | |
| | 20c-x | Other information | | | | |

Form **8879-S**

### IRS *e-file* Signature Authorization for Form 1120S

▶ Return completed Form 8879-S to ERO. (Don't send to IRS.)
▶ Go to *www.irs.gov/Form8879S* for the latest information.

OMB No. 1545-0123

**2017**

Department of the Treasury
Internal Revenue Service    For calendar year 2017, or tax year beginning _____ , 2017, and ending _____ , 20 _____

| Name of corporation | Employer identification number |
|---|---|
| HALCORP, INC | ▇▇▇3853 |

| Part I | Tax Return Information (Whole dollars only) | | |
|---|---|---|---|
| 1 | Gross receipts or sales less returns and allowances (Form 1120S, line 1c) . . . . . . . . . . . . . | **1** | |
| 2 | Gross profit (Form 1120S, line 3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **2** | |
| 3 | Ordinary business income (loss) (Form 1120S, line 21) . . . . . . . . . . . . . . . . . . . . . | **3** | -733. |
| 4 | Net rental real estate income (loss) (Form 1120S, Schedule K, line 2) . . . . . . . . . . . . . . | **4** | |
| 5 | Income (loss) reconciliation (Form 1120S, Schedule K, line 18) . . . . . . . . . . . . . . . . . | **5** | -733. |

| Part II | Declaration and Signature Authorization of Officer (Be sure to get a copy of the corporation's return) |
|---|---|

Under penalties of perjury, I declare that I am an officer of the above corporation and that I have examined a copy of the corporation's 2017 electronic income tax return and accompanying schedules and statements and to the best of my knowledge and belief, it is true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the corporation's electronic income tax return. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the corporation's return to the IRS and to receive from the IRS **(a)** an acknowledgement of receipt or reason for rejection of the transmission, **(b)** the reason for any delay in processing the return or refund, and **(c)** the date of any refund. If applicable, I authorize the U.S. Treasury and its designated Financial Agent to initiate an electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of the corporation's federal taxes owed on this return, and the financial institution to debit the entry to this account. To revoke a payment, I must contact the U.S. Treasury Financial Agent at **1-888-353-4537** no later than 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment. I have selected a personal identification number (PIN) as my signature for the corporation's electronic income tax return and, if applicable, the corporation's consent to electronic funds withdrawal.

**Officer's PIN: check one box only**

[X] I authorize **EEPB  PC** to enter my PIN ▇▇▇▇▇ as my signature
                               ERO firm name                                         Don't enter all zeros
     on the corporation's 2017 electronically filed income tax return.

[ ] As an officer of the corporation, I will enter my PIN as my signature on the corporation's 2017 electronically filed income tax
     return.

Officer's signature ▶ _(signature)_     Date ▶ _____     Title ▶ ~~CONTROLLER~~

| Part III | Certification and Authentication |
|---|---|

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN. ▇▇▇▇▇▇ | 5 | 9 | 9 | 4 |
                                                                                Don't enter all zeros

I certify that the above numeric entry is my PIN, which is my signature on the 2017 electronically filed income tax return for the corporation indicated above. I confirm that I am submitting this return in accordance with the requirements of **Pub. 3112**, IRS *e-file* Application and Participation, and **Pub. 4163**, Modernized e-File (MeF) Information for Authorized IRS *e-file* Providers for Business Returns.

ERO's signature ▶ _(signature)_ CPA     Date ▶ 9/9/18

### ERO Must Retain This Form - See Instructions
### Don't Submit This Form to the IRS Unless Requested To Do So

For Paperwork Reduction Act Notice, see instructions.

Form **8879-S** (2017)

JSA
7C3303 2 000
    1444IY   C973   09/08/2018 12:27:43 V17-6.7F    ▇▇▇ 3853      003598

** FINAL RETURN **

| Form **1120S** | | U.S. Income Tax Return for an S Corporation | | OMB No 1545-0123 |
|---|---|---|---|---|

Department of the Treasury
Internal Revenue Service

► Do not file this form unless the corporation has filed or is attaching Form 2553 to elect to be an S corporation.
► Go to www.irs.gov/Form1120S for instructions and the latest information.

**2017**

For calendar year 2017 or tax year beginning _____ , 2017, ending _____ , 20 _____

| **A** S election effective date | Name | **D** Employer identification number |
|---|---|---|
| 10/27/2004 | HALCORP, INC | 3853 |
| **B** Business activity code number (see instructions) | Number, street, and room or suite no If a P.O. box, see instructions | **E** Date incorporated |
| 454390 | 1990 POST OAK BLVD, SUITE 2400 | 10/19/2004 |
| **C** Check if Sch M-3 attached ☐ | City or town, state or province, country, and ZIP or foreign postal code | **F** Total assets (see instructions) |
| | HOUSTON, TX 77056 | $ 0. |

TYPE OR PRINT

**G** Is the corporation electing to be an S corporation beginning with this tax year?  ☐ Yes  ☒ No   If "Yes," attach Form 2553 if not already filed

**H** Check if:  **(1)** ☒ Final return  **(2)** ☐ Name change  **(3)** ☐ Address change
  **(4)** ☐ Amended return  **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year . . . . . . . . . . . . . . . . . . ► 1

Caution: include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | | | |
|---|---|---|---|---|---|
| **Income** | **1a** Gross receipts or sales . . . . . . . . . . . . . . . . | **1a** | | | |
| | **b** Returns and allowances . . . . . . . . . . . . . . . | **1b** | | | |
| | **c** Balance Subtract line 1b from line 1a . . . . . . . . . . . . . . . . . . . . | | **1c** | |
| | **2** Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . . . . . | | **2** | |
| | **3** Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . . . . | | **3** | |
| | **4** Net gain (loss) from Form 4797, line 17 (attach Form 4797) . . . . . . . . . | | **4** | |
| | **5** Other income (loss) (see instructions - attach statement) . . . . . . . . . | | **5** | |
| | **6** **Total income (loss).** Add lines 3 through 5 . . . . . . . . . . . . . . . ► | | **6** | |
| **Deductions (see instructions for limitations)** | **7** Compensation of officers (see instructions - attach Form 1125-E) . . . . . . . | | **7** | |
| | **8** Salaries and wages (less employment credits) . . . . . . . . . . . . . | | **8** | |
| | **9** Repairs and maintenance . . . . . . . . . . . . . . . . . . . . | | **9** | |
| | **10** Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . | | **10** | |
| | **11** Rents . . . . . . . . . . . . . . . . . . . . . . . . . . | | **11** | |
| | **12** Taxes and licenses . . . . . . . . . . . . . . . . . . . . . | | **12** | |
| | **13** Interest . . . . . . . . . . . . . . . . . . . . . . . . . | | **13** | |
| | **14** Depreciation not claimed on Form 1125-A or elsewhere on return (attach Form 4562) . | | **14** | |
| | **15** Depletion (Do not deduct oil and gas depletion.) . . . . . . . . . . . . | | **15** | |
| | **16** Advertising . . . . . . . . . . . . . . . . . . . . . . . . | | **16** | |
| | **17** Pension, profit-sharing, etc., plans . . . . . . . . . . . . . . . . | | **17** | |
| | **18** Employee benefit programs . . . . . . . . . . . . . . . . . . . | | **18** | |
| | **19** Other deductions (attach statement) . . . . . . . . . SEE STATEMENT 1 | | **19** | 733. |
| | **20** **Total deductions.** Add lines 7 through 19 . . . . . . . . . . . . . . ► | | **20** | 733. |
| | **21** Ordinary business income (loss). Subtract line 20 from line 6 . . . . . . . | | **21** | -733. |
| **Tax and Payments** | **22 a** Excess net passive income or LIFO recapture tax (see instructions) . . . | **22a** | | | |
| | **b** Tax from Schedule D (Form 1120S) . . . . . . . . . . . . . . | **22b** | | | |
| | **c** Add lines 22a and 22b (see instructions for additional taxes) . . . . . . . | | **22c** | |
| | **23 a** 2017 estimated tax payments and 2016 overpayment credited to 2017 | **23a** | | | |
| | **b** Tax deposited with Form 7004 . . . . . . . . . . . . . | **23b** | NONE | | |
| | **c** Credit for federal tax paid on fuels (attach Form 4136) . . . . . . . | **23c** | | | |
| | **d** Add lines 23a through 23c . . . . . . . . . . . . . . . . . . | | **23d** | NONE |
| | **24** Estimated tax penalty (see instructions). Check if Form 2220 is attached . . . ► ☐ | | **24** | |
| | **25** Amount owed. If line 23d is smaller than the total of lines 22c and 24, enter amount owed . . . . . . . | | **25** | |
| | **26** Overpayment. If line 23d is larger than the total of lines 22c and 24, enter amount overpaid . . . . . . . | | **26** | NONE |
| | **27** Enter amount from line 26 Credited to 2018 estimated tax ►  Refunded ► | | **27** | NONE |

Under penalties of perjury I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true correct, and complete Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge

**Sign Here**
Signature of officer JOHN TOMASZEWSKI  Date 09/15/2018  Title CONTROLLER
ANThUN BYLASS

May the IRS discuss this return with the preparer shown below (see instructions)?  ☒ Yes  ☐ No

| **Paid Preparer Use Only** | Print/Type preparer's name J. MICHAEL WAGNER | Preparer's signature | Date 9/8/18 | Check if self-employed ☐ | PTIN P00734241 |
|---|---|---|---|---|---|
| | Firm's name ► EEPB PC | | | Firm's EIN ► | 2094 |
| | 2950 NORTH LOOP W. SUITE 1200 | | | | |
| | Firm's address ► HOUSTON, TX 77092 | | | Phone no 713-622-0016 | |

For Paperwork Reduction Act Notice, see separate instructions.

Form **1120S** (2017)

JSA
7C1410 2 000

HALCORP, INC     3853

Form 1120S (2017)      Page **2**

| **Schedule B** | **Other Information** (see instructions) | | | | | Yes | No |
|---|---|---|---|---|---|---|---|
| **1** | Check accounting method:    **a** ☐ Cash    **b** ☒ Accrual    **c** ☐ Other (specify) ▶ | | | | | | |

**2** See the instructions and enter the:
   **a** Business activity ▶ ASPHALT PLANT      **b** Product or service ▶ ASPHALT

| | | Yes | No |
|---|---|---|---|
| **3** | At any time during the tax year, was any shareholder of the corporation a disregarded entity, a trust, an estate, or a nominee or similar person? If "Yes," attach Schedule B-1, Information on Certain Shareholders of an S Corporation . . | | X |
| **4** | At the end of the tax year, did the corporation: | | |
| **a** | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total stock issued and outstanding of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage of Stock Owned | (v) If Percentage in (iv) is 100%, Enter the Date (if any) a Qualified Subchapter S Subsidiary Election Was Made |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **b** | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . . . . . | | X |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **5a** | At the end of the tax year, did the corporation have any outstanding shares of restricted stock? . . . . . . . . . . . . | | X |
| | If "Yes," complete lines (i) and (ii) below | | |
| | (i)   Total shares of restricted stock . . . . . . . . . . . . . . . ▶ | | |
| | (ii)   Total shares of non-restricted stock . . . . . . . . . . . . ▶ | | |
| **b** | At the end of the tax year, did the corporation have any outstanding stock options, warrants, or similar instruments? . | | X |
| | If "Yes," complete lines (i) and (ii) below. | | |
| | (i)   Total shares of stock outstanding at the end of the tax year ▶ | | |
| | (ii)   Total shares of stock outstanding if all instruments were executed ▶ | | |
| **6** | Has this corporation filed, or is it required to file, **Form 8918**, Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **7** | Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . ▶ ☐ | | |
| | If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments. | | |
| **8** | If the corporation: **(a)** was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . ▶ $ | | |
| **9** | Enter the accumulated earnings and profits of the corporation at the end of the tax year.    $ | | |
| **10** | Does the corporation satisfy **both** of the following conditions? | | |
| **a** | The corporation's total receipts (see instructions) for the tax year were less than $250,000 . . . . . . . . . . . . . . . | | |
| **b** | The corporation's total assets at the end of the tax year were less than $250,000 . . . . . . . . . . . . . . . . . . . . | X | |
| | If "Yes," the corporation is not required to complete Schedules L and M-1 | | |
| **11** | During the tax year, did the corporation have any non-shareholder debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," enter the amount of principal reduction $ | | |
| **12** | During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions . | | X |
| **13a** | Did the corporation make any payments in 2017 that would require it to file Form(s) 1099? . . . . . . . . . . . . . . . | | X |
| **b** | If "Yes," did the corporation file or will it file required Forms 1099? . . . . . . . . . . . . . . . . . . . . . . . . | | X |

Form **1120S** (2017)

HALCORP, INC

3853

Form 1120S (2017)

Page **3**

| **Schedule K** | | **Shareholders' Pro Rata Share Items** | | **Total amount** |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---:|
| **Income (Loss)** | 1 | Ordinary business income (loss) (page 1, line 21) . . . . . . . . . . . . . . . . . | **1** | -733. |
| | 2 | Net rental real estate income (loss) (attach Form 8825) . . . . . . . . . . . . | **2** | |
| | 3a | Other gross rental income (loss) . . . . . . . . . . . . | 3a | | |
| | b | Expenses from other rental activities (attach statement) . . | 3b | | |
| | c | Other net rental income (loss). Subtract line 3b from line 3a . . . . . . . . . . | **3c** | |
| | 4 | Interest income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **4** | |
| | 5 | Dividends: a Ordinary dividends . . . . . . . . . . . . . . . . . . . . . . | **5a** | |
| | | b Qualified dividends . . . . . . . . . . . . . . | 5b | | |
| | 6 | Royalties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6** | |
| | 7 | Net short-term capital gain (loss) (attach Schedule D (Form 1120S)) . . . . . . . | **7** | |
| | 8a | Net long-term capital gain (loss) (attach Schedule D (Form 1120S)) . . . . . . . | **8a** | |
| | b | Collectibles (28%) gain (loss) . . . . . . . . . . . | 8b | | |
| | c | Unrecaptured section 1250 gain (attach statement) . . . | 8c | | |
| | 9 | Net section 1231 gain (loss) (attach Form 4797) . . . . . . . . . . . . . . . . | **9** | |
| | 10 | Other income (loss) (see instructions) . . . . . . . Type ▶ | **10** | |
| **Deductions** | 11 | Section 179 deduction (attach Form 4562) . . . . . . . . . . . . . . . . . . . | **11** | |
| | 12a | Charitable contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12a** | |
| | b | Investment interest expense . . . . . . . . . . . . . . . . . . . . . . . . . | **12b** | |
| | c | Section 59(e)(2) expenditures   (1) Type ▶ _____  (2) Amount ▶ | **12c(2)** | |
| | d | Other deductions (see instructions) . . Type ▶ | **12d** | |
| **Credits** | 13a | Low-income housing credit (section 42(j)(5)) . . . . . . . . . . . . . . . . . | **13a** | |
| | b | Low-income housing credit (other) . . . . . . . . . . . . . . . . . . . . . . | **13b** | |
| | c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) . . . . . . | **13c** | |
| | d | Other rental real estate credits (see instructions) . . Type ▶ | **13d** | |
| | e | Other rental credits (see instructions) . . . . . . . Type ▶ | **13e** | |
| | f | Biofuel producer credit (attach Form 6478) . . . . . . . . . . . . . . . . . . | **13f** | |
| | g | Other credits (see instructions) . . . . . . . . . . . Type ▶ | **13g** | |
| **Foreign Transactions** | 14a | Name of country or U.S. possession ▶ | | |
| | b | Gross income from all sources . . . . . . . . . . . . . . . . . . . . . . . . | **14b** | |
| | c | Gross income sourced at shareholder level . . . . . . . . . . . . . . . . . . | **14c** | |
| | | Foreign gross income sourced at corporate level | | |
| | d | Passive category . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **14d** | |
| | e | General category . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **14e** | |
| | f | Other (attach statement) . . . . . . . . . . . . . . . . . . . . . . . . . . | **14f** | |
| | | Deductions allocated and apportioned at shareholder level | | |
| | g | Interest expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **14g** | |
| | h | Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **14h** | |
| | | Deductions allocated and apportioned at corporate level to foreign source income | | |
| | i | Passive category . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **14i** | |
| | j | General category . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **14j** | |
| | k | Other (attach statement) . . . . . . . . . . . . . . . . . . . . . . . . . . | **14k** | |
| | | Other information | | |
| | l | Total foreign taxes (check one): ▶ ☐ Paid  ☐ Accrued . . . . . . . . . . | **14l** | |
| | m | Reduction in taxes available for credit (attach statement) . . . . . . . . . . . | **14m** | |
| | n | Other foreign tax information (attach statement) | | |
| **Alternative Minimum Tax (AMT) Items** | 15a | Post-1986 depreciation adjustment . . . . . . . . . . . . . . . . . . . . . | **15a** | |
| | b | Adjusted gain or loss . . . . . . . . . . . . . . . . . . . . . . . . . . . | **15b** | |
| | c | Depletion (other than oil and gas) . . . . . . . . . . . . . . . . . . . . . | **15c** | |
| | d | Oil, gas, and geothermal properties - gross income . . . . . . . . . . . . . . | **15d** | |
| | e | Oil, gas, and geothermal properties - deductions . . . . . . . . . . . . . . . | **15e** | |
| | f | Other AMT items (attach statement) . . . . . . . . . . . . . . . . . . . . . | **15f** | |
| **Items Affecting Shareholder Basis** | 16a | Tax-exempt interest income . . . . . . . . . . . . . . . . . . . . . . . . | **16a** | |
| | b | Other tax-exempt income . . . . . . . . . . . . . . . . . . . . . . . . . | **16b** | |
| | c | Nondeductible expenses . . . . . . . . . . . . . . . . . . . . . . . . . . | **16c** | |
| | d | Distributions (attach statement if required) (see instructions) . . . . . . . . . | **16d** | |
| | e | Repayment of loans from shareholders . . . . . . . . . . . . . . . . . . . . | **16e** | |

Form **1120S** (2017)

\*\*\* FINAL RETURN \*\*\*

Form 1120S (2017)  Page **4**

| Schedule K | Shareholders' Pro Rata Share Items (continued) | | Total amount |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Other Information | **17a** Investment income . . . . . . . . . . . . . . . . | **17a** | |
| | **b** Investment expenses . . . . . . . . . . . . . . . | **17b** | |
| | **c** Dividend distributions paid from accumulated earnings and profits . . . . . . . . . . | **17c** | |
| | **d** Other items and amounts (attach statement) | | |
| Recon-ciliation | **18** **Income/loss reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14l | **18** | −733. |

| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | **Assets** | (a) | (b) | (c) | (d) |
| 1 | Cash . . . . . . . . . . | | 733. | | |
| 2a | Trade notes and accounts receivable . | | | | |
| b | Less allowance for bad debts . . . | ( ) | | ( ) | |
| 3 | Inventories . . . . . . . . . | | | | |
| 4 | U S government obligations . . . | | | | |
| 5 | Tax-exempt securities (see instructions) . | | | | |
| 6 | Other current assets (attach statement) . | | | | |
| 7 | Loans to shareholders . . . . . | | | | |
| 8 | Mortgage and real estate loans . . | | | | |
| 9 | Other investments (attach statement) | | | | |
| 10a | Buildings and other depreciable assets . | | | | |
| b | Less accumulated depreciation . . | ( ) | | ( ) | |
| 11a | Depletable assets . . . . . . | | | | |
| b | Less accumulated depletion . . . | ( ) | | ( ) | |
| 12 | Land (net of any amortization) . . | | | | |
| 13a | Intangible assets (amortizable only) . | | | | |
| b | Less accumulated amortization . . | ( ) | | ( ) | |
| 14 | Other assets (attach statement) . . | | | | |
| 15 | Total assets . . . . . . . . | | 733. | | |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable . . . . . . | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year . . . . . | | | | |
| 18 | Other current liabilities (attach statement) | | | | |
| 19 | Loans from shareholders . . . . | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more . . . . . . . | | | | |
| 21 | Other liabilities (attach statement) . . | | | | |
| 22 | Capital stock . . . . . . . . | | 1,000. | | |
| 23 | Additional paid-in capital . . . . | | 1,635,599. | | |
| 24 | Retained earnings . . . . . | | −1,635,866. | | NONE |
| 25 | Adjustments to shareholders' equity (attach statement) | | | | |
| 26 | Less cost of treasury stock . . . . | | ( ) | | ( ) |
| 27 | Total liabilities and shareholders' equity . | | 733. | | NONE |

Form **1120S** (2017)

*** FINAL RETURN ***

Form 1120S (2017)    Page **5**

| **Schedule M-1** | Reconciliation of Income (Loss) per Books With Income (Loss) per Return |
|---|---|

**Note:** The corporation may be required to file Schedule M-3 (see instructions)

| | | | | |
|---|---|---|---|---|
| 1 | Net income (loss) per books . . . . . . . | -733. | 5 Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize) _____ | | a Tax-exempt interest $ _____ | |
| 3 | Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14l (itemize): | | 6 Deductions included on Schedule K, lines 1 through 12 and 14l, not charged against book income this year (itemize): | |
| a | Depreciation $ _____ | | a Depreciation $ _____ | |
| b | Travel and entertainment $ _____ | | 7 Add lines 5 and 6 . . . . . . . . . . . . . . . . | |
| 4 | Add lines 1 through 3 . . . . . . . . . . | -733. | 8 Income (loss) (Schedule K, line 18) Line 4 less line 7 . | -733. |

| **Schedule M-2** | Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed (see instructions) |
|---|---|

| | | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Shareholders' undistributed taxable income previously taxed |
|---|---|---|---|---|
| 1 | Balance at beginning of tax year . . . . . . . . . . | -1,406,528. | | |
| 2 | Ordinary income from page 1, line 21 . . . . . . . . | | | |
| 3 | Other additions . . . . . . . . . | | | |
| 4 | Loss from page 1, line 21 . . . . . . . . . . . . . . . | ( 733 ) | | |
| 5 | Other reductions . . . . . . . . . . . . . . . . . | ( ) | ( ) | |
| 6 | Combine lines 1 through 5 . . . . . . . . . | -1,407,261. | | |
| 7 | Distributions other than dividend distributions . . . . | | | |
| 8 | Balance at end of tax year. Subtract line 7 from line 6 . | -1,407,261. | | |

Form **1120S** (2017)

| Form **7004**<br>(Rev. December 2017)<br>Department of the Treasury<br>Internal Revenue Service | **Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns**<br>► File a separate application for each return.<br>► Go to *www.irs.gov/Form7004* for instructions and the latest information. | OMB No 1545-0233 |
|---|---|---|

| | Name | Identifying number |
|---|---|---|
| **Print** | HALCORP, INC | 3853 |
| **or** | Number, street, and room or suite no (If P.O. box, see instructions.) | |
| **Type** | 1990 POST OAK BLVD, SUITE 2400 | |
| | City, town, state, and ZIP code (If a foreign address, enter city, province or state, and country (follow the country's practice for entering postal code)) | |
| | HOUSTON, TX 77056 | |

**Note:** File request for extension by the due date of the return. See instructions before completing this form.

**Part I**   Automatic Extension for Certain Business Income Tax, Information, and Other Returns. See instructions.

1   Enter the form code for the return listed below that this application is for . . . . . . . . . . . . . . . . . . . . . . . . . . . |2|5|

| Application<br>Is For: | Form<br>Code | Application<br>Is For: | Form<br>Code |
|---|---|---|---|
| Form 706-GS(D) | 01 | Form 1120-ND | 19 |
| Form 706-GS(T) | 02 | Form 1120-ND (section 4951 taxes) | 20 |
| Form 1041 (bankruptcy estate only) | 03 | Form 1120-PC | 21 |
| Form 1041 (estate other than a bankruptcy estate) | 04 | Form 1120-POL | 22 |
| Form 1041 (trust) | 05 | Form 1120-REIT | 23 |
| Form 1041-N | 06 | Form 1120-RIC | 24 |
| Form 1041-QFT | 07 | Form 1120S | 25 |
| Form 1042 | 08 | Form 1120-SF | 26 |
| Form 1065 | 09 | Form 3520-A | 27 |
| Form 1065-B | 10 | Form 8612 | 28 |
| Form 1066 | 11 | Form 8613 | 29 |
| Form 1120 | 12 | Form 8725 | 30 |
| Form 1120-C | 34 | Form 8804 | 31 |
| Form 1120-F | 15 | Form 8831 | 32 |
| Form 1120-FSC | 16 | Form 8876 | 33 |
| Form 1120-H | 17 | Form 8924 | 35 |
| Form 1120-L | 18 | Form 8928 | 36 |

**Part II**   **All Filers Must Complete This Part**

2   If the organization is a foreign corporation that does not have an office or place of business in the United States,
    check here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ►  ☐

3   If the organization is a corporation and is the common parent of a group that intends to file a consolidated return,
    check here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ►  ☐
    If checked, attach a statement listing the name, address, and employer identification number (EIN) for each member
    covered by this application.

4   If the organization is a corporation or partnership that qualifies under Regulations section 1.6081-5, check here . .  ►  ☐

5a  The application is for calendar year 20 17 , or tax year beginning _____ , 20 ___ , and ending _____ , 20 ___

b   **Short tax year.** If this tax year is less than 12 months, check the reason:    ☐ Initial return    ☐ Final return
    ☐ Change in accounting period    ☐ Consolidated return to be filed    ☐ Other (see instructions - attach explanation)

| | | | |
|---|---|---|---|
| 6 | Tentative total tax . . . . . . . . . . . . . . . . . . . . . . . | 6 | NONE |
| 7 | Total payments and credits (see instructions) . . . . . . . . . . . . . . . . . . . . . | 7 | NONE |
| 8 | Balance due. Subtract line 7 from line 6 (see instructions) . . . . . . . . . . . . . . . . . . . . . | 8 | NONE |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.        Form **7004** (Rev. 12-2017)

HALCORP, INC                                              ███ 3853

```
FORM 1120S, PAGE 1 DETAIL
===============================================================================

LINE 19 - OTHER DEDUCTIONS
----------------------------
    BANK CHARGES                                              733.
                                                        ----------------
        TOTAL                                                 733.
                                                        ================
```

HALCORP, INC 3853

SHAREHOLDER SUMMARY
=============================================================================

| SH. # | SHAREHOLDER NAME | BEGINNING SHARES | OWNERSHIP PERCENTAGE |
|-------|------------------|------------------|----------------------|
| 1 | ARTHUR J. BRASS | | 33.33000000000 |
| 2 | JOYCE M. BRASS | | 66.67000000000 |

671117

OMB No 1545-0123

| X | Final K-1 | | Amended K-1 |

## Schedule K-1 (Form 1120S)

**2017**

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax year

beginning _____  ending _____

## Shareholder's Share of Income, Deductions, Credits, etc. ▶ See back of form and separate instructions.

### Part I  Information About the Corporation

A  Corporation's employer identification number
████3853

B  Corporation's name, address, city, state, and ZIP code

HALCORP, INC
1990 POST OAK BLVD, SUITE 2400
HOUSTON, TX 77056

C  IRS Center where corporation filed return
EFILE

### Part II  Information About the Shareholder

D  Shareholder's identifying number
████7454

E  Shareholder's name, address, city, state, and ZIP code

ARTHUR J. BRASS

████████████

F  Shareholder's percentage of stock
ownership for tax year . . . . . . . . . . .  33.33000000000%

**For IRS Use Only**

### Part III  Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) | 13 | Credits |
| | -244. | | |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Foreign transactions |
| 6 | Royalties | | |
| 7 | Net short-term capital gain (loss) | | |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured section 1250 gain | | |
| 9 | Net section 1231 gain (loss) | | |
| 10 | Other income (loss) | 15 | Alternative minimum tax (AMT) items |
| 11 | Section 179 deduction | 16 | Items affecting shareholder basis |
| 12 | Other deductions | | |
| | | 17 | Other information |

\* See attached statement for additional information.

For Paperwork Reduction Act Notice, see the Instructions for Form 1120S.  www.irs.gov/Form1120S

Schedule K-1 (Form 1120S) 2017

JSA

7C1600 2 000

1444IY  C973  09/08/2018 12:27:43 V17-6.7F  ████3853

003607
**13**

Schedule K-1 (Form 1120S) 2017 | Page **2**

This list identifies the codes used on Schedule K-1 for all shareholders and provides summarized reporting information for shareholders who file Form 1040. For detailed reporting and filing information, see the separate Shareholder's Instructions for Schedule K-1 and the instructions for your income tax return.

1. **Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows:

|  | *Report on* |
|---|---|
| Passive loss | See the Shareholder's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Shareholder's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

2. **Net rental real estate income (loss)** — See the Shareholder's Instructions
3. **Other net rental income (loss)**
   Net income — Schedule E, line 28, column (g)
   Net loss — See the Shareholder's Instructions
4. **Interest income** — Form 1040, line 8a
5a. **Ordinary dividends** — Form 1040, line 9a
5b. **Qualified dividends** — Form 1040, line 9b
6. **Royalties** — Schedule E, line 4
7. **Net short-term capital gain (loss)** — Schedule D, line 5
8a. **Net long-term capital gain (loss)** — Schedule D, line 12
8b. **Collectibles (28%) gain (loss)** — 28% Rate Gain Worksheet, line 4 (Schedule D instructions)
8c. **Unrecaptured section 1250 gain** — See the Shareholder's Instructions
9. **Net section 1231 gain (loss)** — See the Shareholder's Instructions
10. **Other income (loss)**
    *Code*
    A Other portfolio income (loss) — See the Shareholder's Instructions
    B Involuntary conversions — See the Shareholder's Instructions
    C Sec 1256 contracts & straddles — Form 6781, line 1
    D Mining exploration costs recapture — See Pub 535
    E Other income (loss) — See the Shareholder's Instructions
11. **Section 179 deduction** — See the Shareholder's Instructions
12. **Other deductions**
    A Cash contributions (50%)
    B Cash contributions (30%)
    C Noncash contributions (50%)
    D Noncash contributions (30%)
    E Capital gain property to a 50% organization (30%)
    F Capital gain property (20%)
    G Contributions (100%)  } See the Shareholder's Instructions
    H Investment interest expense — Form 4952, line 1
    I Deductions - royalty income — Schedule E, line 19
    J Section 59(e)(2) expenditures — See the Shareholder's Instructions
    K Deductions - portfolio (2% floor) — Schedule A, line 23
    L Deductions - portfolio (other) — Schedule A, line 28
    M Preproductive period expenses — See the Shareholder's Instructions
    N Commercial revitalization deduction from rental real estate activities — See Form 8582 instructions
    O Reforestation expense deduction — See the Shareholder's Instructions
    P Domestic production activities information — See Form 8903 instructions
    Q Qualified production activities income — Form 8903, line 7b
    R Employer's Form W-2 wages — Form 8903, line 17
    S Other deductions — See the Shareholder's Instructions
13. **Credits**
    A Low-income housing credit (section 42(j)(5)) from pre-2008 buildings
    B Low-income housing credit (other) from pre-2008 buildings
    C Low-income housing credit (section 42(j)(5)) from post-2007 buildings
    D Low-income housing credit (other) from post-2007 buildings  } See the Shareholder's Instructions
    E Qualified rehabilitation expenditures (rental real estate)
    F Other rental real estate credits
    G Other rental credits
    H Undistributed capital gains credit — Form 1040, line 73, box a
    I Biofuel producer credit
    J Work opportunity credit
    K Disabled access credit  } See the Shareholder's Instructions
    L Empowerment zone employment credit
    M Credit for increasing research activities

N Credit for employer social security and Medicare taxes
O Backup withholding  } See the Shareholder's Instructions
P Other credits
14. **Foreign transactions**
    A Name of country or U S possession
    B Gross income from all sources  } Form 1116, Part I
    C Gross income sourced at shareholder level
    *Foreign gross income sourced at corporate level*
    D Passive category
    E General category  } Form 1116, Part I
    F Other
    *Deductions allocated and apportioned at shareholder level*
    G Interest expense — Form 1116, Part I
    H Other — Form 1116, Part I
    *Deductions allocated and apportioned at corporate level to foreign source income*
    I Passive category
    J General category  } Form 1116, Part I
    K Other
    *Other information*
    L Total foreign taxes paid — Form 1116, Part II
    M Total foreign taxes accrued — Form 1116, Part II
    N Reduction in taxes available for credit — Form 1116, line 12
    O Foreign trading gross receipts — Form 8873
    P Extraterritorial income exclusion — Form 8873
    Q Other foreign transactions — See the Shareholder's Instructions
15. **Alternative minimum tax (AMT) items**
    A Post-1986 depreciation adjustment
    B Adjusted gain or loss
    C Depletion (other than oil & gas)  } See the Shareholder's Instructions and the Instructions for Form 6251
    D Oil, gas, & geothermal - gross income
    E Oil, gas, & geothermal - deductions
    F Other AMT items
16. **Items affecting shareholder basis**
    A Tax-exempt interest income — Form 1040, line 8b
    B Other tax-exempt income
    C Nondeductible expenses  } See the Shareholder's Instructions
    D Distributions
    E Repayment of loans from shareholders
17. **Other information**
    A Investment income — Form 4952, line 4a
    B Investment expenses — Form 4952, line 5
    C Qualified rehabilitation expenditures (other than rental real estate) — See the Shareholder's Instructions
    D Basis of energy property — See the Shareholder's Instructions
    E Recapture of low-income housing credit (section 42(j)(5)) — Form 8611, line 8
    F Recapture of low-income housing credit (other) — Form 8611, line 8
    G Recapture of investment credit — See Form 4255
    H Recapture of other credits — See the Shareholder's Instructions
    I Look-back interest - completed long-term contracts — See Form 8697
    J Look-back interest - income forecast method — See Form 8866
    K Dispositions of property with section 179 deductions
    L Recapture of section 179 deduction
    M Section 453(l)(3) information
    N Section 453A(c) information
    O Section 1260(b) information
    P Interest allocable to production expenditures  } See the Shareholder's Instructions
    Q CCF nonqualified withdrawals
    R Depletion information - oil and gas
    S Reserved
    T Section 108(i) information
    U Net investment income
    V Other information

671117

| | |
|---|---|
| X  Final K-1 | Amended K-1 |

OMB No 1545-0123

**Schedule K-1**
**(Form 1120S)**
Department of the Treasury
Internal Revenue Service

**2017**

For calendar year 2017, or tax year

beginning _____ ending _____

**Shareholder's Share of Income, Deductions,**
**Credits, etc.** ▶ See back of form and separate instructions.

**Part I** **Information About the Corporation**

**A** Corporation's employer identification number

█████ 3853

**B** Corporation's name, address, city, state, and ZIP code

HALCORP, INC
1990 POST OAK BLVD, SUITE 2400
HOUSTON, TX 77056

**C** IRS Center where corporation filed return

EFILE

**Part II** **Information About the Shareholder**

**D** Shareholder's identifying number

█████ 3424

**E** Shareholder's name, address, city, state, and ZIP code

JOYCE M. BRASS

███████████

**F** Shareholder's percentage of stock
ownership for tax year. . . . . . . . . . . 66.67000000000%

| **Part III** | **Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items** | | |
|---|---|---|---|
| **1** Ordinary business income (loss) | -489. | **13** | Credits |
| **2** Net rental real estate income (loss) | | | |
| **3** Other net rental income (loss) | | | |
| **4** Interest income | | | |
| **5a** Ordinary dividends | | | |
| **5b** Qualified dividends | | **14** | Foreign transactions |
| **6** Royalties | | | |
| **7** Net short-term capital gain (loss) | | | |
| **8a** Net long-term capital gain (loss) | | | |
| **8b** Collectibles (28%) gain (loss) | | | |
| **8c** Unrecaptured section 1250 gain | | | |
| **9** Net section 1231 gain (loss) | | | |
| **10** Other income (loss) | | **15** | Alternative minimum tax (AMT) items |
| **11** Section 179 deduction | | **16** | Items affecting shareholder basis |
| **12** Other deductions | | | |
| | | **17** | Other information |
| | | | |
| * See attached statement for additional information. | | | |

For IRS Use Only

JSA
7C1600 2 000
1444IY   C973   09/08/2018 12:27:43 V17-6.7F   █████ 3853

003609
15

Schedule K-1 (Form 1120S) 2017

This list identifies the codes used on Schedule K-1 for all shareholders and provides summarized reporting information for shareholders who file Form 1040. For detailed reporting and filing information, see the separate Shareholder's Instructions for Schedule K-1 and the Instructions for your income tax return.

1. **Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows:

| | Report on |
|---|---|
| Passive loss | See the Shareholder's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Shareholder's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

2. **Net rental real estate income (loss)**   See the Shareholder's Instructions

3. **Other net rental income (loss)**
| | |
|---|---|
| Net income | Schedule E, line 28, column (g) |
| Net loss | See the Shareholder's Instructions |

4. **Interest income**   Form 1040, line 8a
5a. **Ordinary dividends**   Form 1040, line 9a
5b. **Qualified dividends**   Form 1040, line 9b
6. **Royalties**   Schedule E, line 4
7. **Net short-term capital gain (loss)**   Schedule D, line 5
8a. **Net long-term capital gain (loss)**   Schedule D, line 12
8b. **Collectibles (28%) gain (loss)**   28% Rate Gain Worksheet, line 4 (Schedule D instructions)

8c. **Unrecaptured section 1250 gain**   See the Shareholder's Instructions
9. **Net section 1231 gain (loss)**   See the Shareholder's Instructions
10. **Other income (loss)**
Code
| | |
|---|---|
| A Other portfolio income (loss) | See the Shareholder's Instructions |
| B Involuntary conversions | See the Shareholder's Instructions |
| C Sec. 1256 contracts & straddles | Form 6781, line 1 |
| D Mining exploration costs recapture | See Pub. 535 |
| E Other income (loss) | See the Shareholder's Instructions |

11. **Section 179 deduction**   See the Shareholder's Instructions

12. **Other deductions**
| | |
|---|---|
| A Cash contributions (50%) | |
| B Cash contributions (30%) | |
| C Noncash contributions (50%) | See the Shareholder's Instructions |
| D Noncash contributions (30%) | |
| E Capital gain property to a 50% organization (30%) | |
| F Capital gain property (20%) | |
| G Contributions (100%) | |
| H Investment interest expense | Form 4952, line 1 |
| I Deductions - royalty income | Schedule E, line 19 |
| J Section 59(e)(2) expenditures | See the Shareholder's Instructions |
| K Deductions - portfolio (2% floor) | Schedule A, line 23 |
| L Deductions - portfolio (other) | Schedule A, line 28 |
| M Preproductive period expenses | See the Shareholder's Instructions |
| N Commercial revitalization deduction from rental real estate activities | See Form 8582 instructions |
| O Reforestation expense deduction | See the Shareholder's Instructions |
| P Domestic production activities information | See Form 8903 instructions |
| Q Qualified production activities income | Form 8903, line 7b |
| R Employer's Form W-2 wages | Form 8903, line 17 |
| S Other deductions | See the Shareholder's Instructions |

13. **Credits**
| | |
|---|---|
| A Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
| B Low-income housing credit (other) from pre-2008 buildings | |
| C Low-income housing credit (section 42(j)(5)) from post-2007 buildings | See the Shareholder's Instructions |
| D Low-income housing credit (other) from post-2007 buildings | |
| E Qualified rehabilitation expenditures (rental real estate) | |
| F Other rental real estate credits | |
| G Other rental credits | |
| H Undistributed capital gains credit | Form 1040, line 73, box a |
| I Biofuel producer credit | |
| J Work opportunity credit | |
| K Disabled access credit | See the Shareholder's Instructions |
| L Empowerment zone employment credit | |
| M Credit for increasing research activities | |

| | Code | Report on |
|---|---|---|
| | N Credit for employer social security and Medicare taxes | See the Shareholder's Instructions |
| | O Backup withholding | |
| | P Other credits | |

14. **Foreign transactions**
| | |
|---|---|
| A Name of country or U.S. possession | |
| B Gross income from all sources | Form 1116, Part I |
| C Gross income sourced at shareholder level | |

*Foreign gross income sourced at corporate level*
| | |
|---|---|
| D Passive category | |
| E General category | Form 1116, Part I |
| F Other | |

*Deductions allocated and apportioned at shareholder level*
| | |
|---|---|
| G Interest expense | Form 1116, Part I |
| H Other | Form 1116, Part I |

*Deductions allocated and apportioned at corporate level to foreign source income*
| | |
|---|---|
| I Passive category | |
| J General category | Form 1116, Part I |
| K Other | |

*Other information*
| | |
|---|---|
| L Total foreign taxes paid | Form 1116, Part II |
| M Total foreign taxes accrued | Form 1116, Part II |
| N Reduction in taxes available for credit | Form 1116, line 12 |
| O Foreign trading gross receipts | Form 8873 |
| P Extraterritorial income exclusion | Form 8873 |
| Q Other foreign transactions | See the Shareholder's Instructions |

15. **Alternative minimum tax (AMT) items**
| | |
|---|---|
| A Post-1986 depreciation adjustment | |
| B Adjusted gain or loss | See the Shareholder's Instructions and the Instructions for Form 6251 |
| C Depletion (other than oil & gas) | |
| D Oil, gas, & geothermal - gross income | |
| E Oil, gas, & geothermal - deductions | |
| F Other AMT items | |

16. **Items affecting shareholder basis**
| | |
|---|---|
| A Tax-exempt interest income | Form 1040, line 8b |
| B Other tax-exempt income | |
| C Nondeductible expenses | See the Shareholder's Instructions |
| D Distributions | |
| E Repayment of loans from shareholders | |

17. **Other information**
| | |
|---|---|
| A Investment income | Form 4952, line 4a |
| B Investment expenses | Form 4952, line 5 |
| C Qualified rehabilitation expenditures (other than rental real estate) | See the Shareholder's Instructions |
| D Basis of energy property | See the Shareholder's Instructions |
| E Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| F Recapture of low-income housing credit (other) | Form 8611, line 8 |
| G Recapture of investment credit | See Form 4255 |
| H Recapture of other credits | See the Shareholder's Instructions |
| I Look-back interest - completed long-term contracts | See Form 8697 |
| J Look-back interest - income forecast method | See Form 8866 |
| K Dispositions of property with section 179 deductions | |
| L Recapture of section 179 deduction | |
| M Section 453(l)(3) information | |
| N Section 453A(c) information | |
| O Section 1260(b) information | |
| P Interest allocable to production expenditures | See the Shareholder's Instructions |
| Q CCF nonqualified withdrawals | |
| R Depletion information - oil and gas | |
| S Reserved | |
| T Section 108(i) information | |
| U Net investment income | |
| V Other information | |

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                              Date  1/31/17     Page    1
                                              Account Number   *******8665
     GULF COAST ASPHALT COMPANY LLC
     ASPHALT SALES ACCOUNT
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

```
     ------------------------- CHECKING ACCOUNT -------------------------------
```

**COMMERCIAL CHECKING ANALYSIS**                     0

```
Account Number          *******8665    Statement Dates  1/01/17 thru 1/31/17
Previous Balance          20,602.54    Days this Statement Period        31
    7 Deposits/Credits  1,143,409.32   Average Ledger              13,088.61
   10 Checks/Debits     1,155,557.28   Average Collected           12,935.38
Service Charge                  .00
Interest Paid                   .00
Current Balance            8,454.58
```

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 1/04 | Wire Transfer Credit | 110,000.00 |
|      | ARTHUR J BRASS | |
|      | ███████████ | |
|      | 20170104K4QLEO1C000444 | |
|      | 20170104MMQFMP9H000523 | |
|      | 01041544FT03 | |
| 1/04 | Wire Transfer Credit | 161,659.32 |
|      | RIO ENERGY INTERNATIONAL, INC. | |
|      | 5718 WESTHEIMER | |
|      | SUITE 1806 | |
|      | HOUSTON TX 77057-5780 //US | |
|      | BNP PARIBAS U.S.A - NEW YORK B | |
|      | NEW YORK,NY | |
|      | UNITED STATES OF AMERICA | |
|      | INV. 14105 - IC | |
|      | 20170104B1Q8201C002736 | |
|      | 20170104MMQFMP9H000586 | |
|      | 01041632FT03 | |
| 1/17 | Transfer Credit | 2,000.00 |
| 1/17 | Wire Transfer Credit | 350,000.00 |
|      | RIO ENERGY INTERNATIONAL, INC. | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

**VITOL EXHIBIT**

**124.1**

Adv. No.: 21-06006 8/30/2022

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE
## YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT
CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                    $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                             $ _____

## TOTAL                             $ _____

## SUBTRACT—

CHECKS OUTSTANDING                   $ _____

## BALANCE                           $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your check register all automatic transactions, such as charges and interest earned, shown on the front of this statement.



**Member FDIC**

### In Case of Errors or Questions About Your Electronic Transfers
### TELEPHONE US AT: 1-800-682-3231 OR
### WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299



EQUAL HOUSING LENDER

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly.  If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**

Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits.  This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle.  This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge."  Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account.  On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract.  We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating).  "New Balance" means the total outstanding balance of your line of credit on your billing cycle closing date which includes principal.  If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account.  If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting.  Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, please give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about.  You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                        Date  1/31/17     Page    2
    GULF COAST ASPHALT COMPANY LLC      Account Number   *******8665
    ASPHALT SALES ACCOUNT
    1990 POST OAK BLVD SUITE 2400
    HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
|      | 5718 WESTHEIMER | |
|      | SUITE 1806 | |
|      | HOUSTON TX 77057-5780 //US | |
|      | BNP PARIBAS U.S.A - NEW YORK B | |
|      | NEW YORK,NY | |
|      | UNITED STATES OF AMERICA | |
|      | PP1207 | |
|      | 20170117B1Q8201C004284 | |
|      | 20170117MMQFMP9H000677 | |
|      | 01171421FTO3 | |
| 1/18 | Transfer Credit | 15,000.00 |
| 1/27 | Transfer Credit | 500,000.00 |
| 1/31 | Remote DDA Deposit | 4,750.00 |

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 1/03 | From DDA *8665,To DDA *8630 | 6,461.54- |
| 1/04 | Wire Transfer Debit | 3,000.00- |
|      | Finocchi & Associates | |
|      | 868 Marian Road | |
|      | Woodbury, N.J. 08096 | |
|      | WELLS FARGO NA | |
|      | 20170104MMQFMP9H000948 | |
|      | 20170104I1B7032R017195 | |
|      | 01041600FTO3 | |
| 1/04 | Wire Transfer Debit | 7,500.00- |
|      | John D Tomaszewski | |
|      | JPMCHASE TEXAS | |
|      | 20170104MMQFMP9H000953 | |
|      | 20170104B1QGC01R050985 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
GULF COAST ASPHALT COMPANY LLC          Date  1/31/17     Page    3
ASPHALT SALES ACCOUNT                   Account Number   *******8665
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665  (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | 01041602FT03 | |
| 1/04 | From DDA *8665,To DDA *8630 | 35,870.74- |
| 1/05 | From DDA *8665,To DDA *8681,A/ P | 233,398.67- |
| 1/12 | From DDA *8665,To DDA *8681 | 6,000.00- |
| 1/17 | Wire Transfer Debit ASPHALTSO TRADE SA | 350,000.00- |
| | ACCT NO ████████████████ USD:1N WELLSFARGO NY INTL 20170117MMQFMP9H001341 20170117B6B7001C010726 01171607FT03 | |
| 1/17 | P-CARD PMT IBERIA CCD   GULF COAST ASPHALT CB | 1,685.48- |
| 1/19 | Wire Transfer Debit HOLMAN FENWICK WILLAN | 11,640.85- |
| | WELLSFARGO NY INTL 20170119MMQFMP9H000022 20170119B6B7001C001046 01190908FT03 | |
| 1/27 | Wire Transfer Debit Rio Energy International, Inc | 500,000.00- |
| | 5718 Westheimer Suite 1806 Houston, Texas 77057 BQE NAT PARIS 20170127MMQFMP9H001336 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                        Date  1/31/17     Page    4
    GULF COAST ASPHALT COMPANY LLC      Account Number   *******8665
    ASPHALT SALES ACCOUNT
    1990 POST OAK BLVD SUITE 2400
    HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
|      | 20170127B1Q8201C001364 | |
|      | 01271632FT03 | |

### Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 1/01 | 20,602.54 | 1/12 | 30.91 | 1/27 | 3,704.58 |
| 1/03 | 14,141.00 | 1/17 | 345.43 | 1/31 | 8,454.58 |
| 1/04 | 239,429.58 | 1/18 | 15,345.43 | | |
| 1/05 | 6,030.91 | 1/19 | 3,704.58 | | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                        Date  2/28/17      Page   1
                                        Account Number   *******8665
     GULF COAST ASPHALT COMPANY LLC
     ASPHALT SALES ACCOUNT
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

```
--------------------------- CHECKING ACCOUNT -------------------------------

COMMERCIAL CHECKING ANALYSIS                                             0
Account Number              *******8665   Statement Dates  2/01/17 thru  2/28/17
Previous Balance               8,454.58   Days this Statement Period         28
    5 Deposits/Credits       536,711.20   Average Ledger              27,629.46
   13 Checks/Debits          499,760.10   Average Collected           26,663.39
Service Charge                      .00
Interest Paid                       .00
Current Balance               45,405.68
```

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 2/01 | Wire Transfer Credit | 161,659.32 |
|      | RIO ENERGY INTERNATIONAL, INC. | |
|      | 5718 WESTHEIMER | |
|      | SUITE 1806 | |
|      | HOUSTON TX 77057-5780 //US | |
|      | BNP PARIBAS U.S.A - NEW YORK B | |
|      | NEW YORK,NY | |
|      | UNITED STATES OF AMERICA | |
|      | INV. 14132 - IC | |
|      | 20170201B1Q8201C002476 | |
|      | 20170201MMQFMP9H000508 | |
|      | 02011352FT03 | |
| 2/07 | Wire Transfer Credit | 24,000.84 |
|      | THE TICKET EXPERIENCE LLC | |
|      | MASTER BILLING ACCOUNT | |
|      | 3311 WEST ALABAMA,SUITE 200 | |
|      | HOUSTON, TX | |
|      | 20170207B6B7HU3R008473 | |
|      | 20170207MMQFMP9H000344 | |
|      | 02071443FT03 | |
| 2/22 | Remote DDA Deposit | 27,050.20 |
| 2/27 | Wire Transfer Credit | 24,000.84 |
|      | THE TICKET EXPERIENCE LLC | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT
CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                                $ _____

## TOTAL                              $ _____

## SUBTRACT—

CHECKS OUTSTANDING            $ _____

## BALANCE                          $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your check register all automatic transactions, such as charges and interest earned, shown on the front of this statement.

---



**Member FDIC**

### In Case of Errors or Questions About Your Electronic Transfers
**TELEPHONE US AT: 1-800-682-3231 OR
WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299**



EQUAL HOUSING LENDER

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**
Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge." Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account. On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract. We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating). "New Balance" means the total outstanding balance of your account, less any closing date which includes principal. If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or lesser payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account. If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting. Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**
If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, please give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                          Date  2/28/17     Page    2
     GULF COAST ASPHALT COMPANY LLC       Account Number   *******8665
     ASPHALT SALES ACCOUNT
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| | DBA EVENTELLECT MASTER BILLING | |
| | 3311 WEST ALABAMA,SUITE 200 | |
| | HOUSTON, TX | |
| | 20170227B6B7HU4R011408 | |
| | 20170227MMQFMP9H000725 | |
| | 02271434FT03 | |
| 2/27 | Wire Transfer Credit | 300,000.00 |
| | GULF COAST ASPHALT COMPANY LLC | |
| | 1990 POST OAK BLVD | |
| | 24TH FLOOR | |
| | HOUSTON TX 770563818 | |
| | 20170227B1Q8021C039866 | |
| | 20170227MMQFMP9H000941 | |
| | 02271644FT03 | |

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 2/01 | Wire Transfer Debit | 3,000.00- |
| | Finocchi & Associates | |
| | ▮▮▮▮▮▮ | |
| | 868 Marian Road | |
| | Woodbury, N.J. 08096 | |
| | WELLS FARGO NA | |
| | 20170201MMQFMP9H001246 | |
| | 20170201I1B7031R019656 | |
| | 02011532FT03 | |
| 2/01 | Wire Transfer Debit | 7,500.00- |
| | John D Tomaszewski | |
| | ▮▮▮▮▮▮ | |
| | JPMCHASE TEXAS | |
| | 20170201MMQFMP9H000278 | |
| | 20170201B1QGC01R021872 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000013

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                          Date  2/28/17     Page    3
GULF COAST ASPHALT COMPANY LLC            Account Number   *******8665
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
|      | 02011026FTO3 | |
| 2/01 | From DDA *8665,To DDA *8630 | 5,505.47- |
| 2/01 | From DDA *8665,To DDA *8630 | 50,585.68- |
| 2/01 | From DDA *8665,To DDA *8681 | 91,722.05- |
| 2/06 | From DDA *8665,To DDA *8630 | 185.00- |
| 2/09 | Wire Transfer Debit | 9,007.50- |
|      | ANCO INSURANCE SERVICES HOUSTO | |
|      | THREE MEMORIAL CITY PLAZA | |
|      | 9811 KATY FREEWAY SUITE 500 | |
|      | HOUSTON. TEXAS 77024 | |
|      | BK AMER NYC | |
|      | 20170209MMQFMP9H000461 | |
|      | 20170209B6B7HU4R006896 | |
|      | 02091312FTO3 | |
| 2/14 | P-CARD PMT IBERIA | 545.54- |
|      | CCD   GULF COAST ASPHALT CB | |
| 2/23 | From DDA *8665,To DDA *8630,Pa yroll | 26,150.20- |
| 2/27 | Wire Transfer Debit | 267,118.07- |
|      | Rio Energy International, Inc | |
|      | 5718 Westheimer Suite 1806 | |
|      | Houston, Texas 77057 | |
|      | BQE NAT PARIS | |
|      | 20170227MMQFMP9H001392 | |
|      | 20170227B1Q8201C001578 | |
|      | 02271648FTO3 | |
| 2/28 | From DDA *8665,To DDA *8630,3- 3-17 | 1,025.83- |
| 2/28 | From DDA *8665,To DDA *8681,A/ P | 17,595.77- |
| 2/28 | From DDA *8665,To DDA *8630,3- 3-17 | 19,818.99- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000314

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                          Date  2/28/17      Page    4
GULF COAST ASPHALT COMPANY LLC            Account Number   *******8665
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS        *******8665  (Continued)

### Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 2/01 | 11,800.70 | 2/09 | 26,609.04 | 2/23 | 26,963.50 |
| 2/06 | 11,615.70 | 2/14 | 26,063.50 | 2/27 | 83,846.27 |
| 2/07 | 35,616.54 | 2/22 | 53,113.70 | 2/28 | 45,405.68 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000679

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                              Date  3/31/17     Page    1
                                              Account Number    *******8665
     GULF COAST ASPHALT COMPANY LLC
     ASPHALT SALES ACCOUNT
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

```
     ---------------------------- CHECKING ACCOUNT -------------------------------

     COMMERCIAL CHECKING ANALYSIS                                              0
     Account Number            *******8665   Statement Dates  3/01/17 thru  4/02/17
     Previous Balance             45,405.68   Days this Statement Period        33
        7 Deposits/Credits     1,390,435.11   Average Ledger            131,194.02
       18 Checks/Debits        1,407,988.76   Average Collected         131,194.02
     Service Charge                    .00
     Interest Paid                     .00
     Current Balance            27,852.03
```

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 3/01 | Wire Transfer Credit | 161,659.32 |
|      | RIO ENERGY INTERNATIONAL, INC. | |
|      | 5718 WESTHEIMER | |
|      | SUITE 1806 | |
|      | HOUSTON TX 77057-5780 //US | |
|      | BNP PARIBAS U.S.A - NEW YORK B | |
|      | NEW YORK,NY | |
|      | UNITED STATES OF AMERICA | |
|      | INV. 14153 - IC | |
|      | 20170301B1Q8201C002905 | |
|      | 20170301MMQFMP9H000826 | |
|      | 03011628FT03 | |
| 3/03 | Wire Transfer Credit | 8,465.63 |
|      | CHVMARINEPRODUCTLLC-INTL | |
|      | 6001 BOLLINGER CANYON ROAD | |
|      | BUILDING E 2ND FLOOR SAN RAMON | |
|      | CALIFORNIA 94583 | |
|      | IV:13960 | |
|      | 20170303B1Q8021C011723 | |
|      | 20170303MMQFMP9H000021 | |
|      | 03030306FT03 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

# **I**BERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE
## YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT
CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is
received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                      $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                               $ _____

## TOTAL                              $ _____

## SUBTRACT—

CHECKS OUTSTANDING                     $ _____

## BALANCE                           $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your
check register all automatic transactions,
such as charges and interest earned, shown
on the front of this statement.

---


Member
FDIC

**In Case of Errors or Questions About Your Electronic Transfers**
TELEPHONE US AT: 1-800-682-3231 OR
WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299


EQUAL HOUSING
LENDER

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt.
We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.
We will investigate your complaint and will correct any error promptly.  If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have
use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account
used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**
Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions).
To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits.  This gives us the daily balance. We then add up
all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle.  This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily
periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the
billing cycle. The result is the dollar figure shown on your statement as "Finance Charge."  Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account
and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account.  On the closing date of your billing cycle, we will calculate
the amount of your minimum payment due as per your original contract.  We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have writ-
ten to us to dispute that we are currently investigating).  "New Balance" means the total outstanding balance of your account on the closing date which includes principal.  If the New Balance is less than
or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to
make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically
deducted from your checking account.  If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed
to the address shown on the statement, Attn.: Loan Accounting.  Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch
office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**
If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible.  We
must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, please give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about.  You do not have to pay any amount
in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as
delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date  3/31/17     Page    2
Account Number   *******8665

COMMERCIAL CHECKING ANALYSIS        *******8665  (Continued)

## Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 3/03 | Wire Transfer Credit | 34,650.00 |
|      | CHVMARINEPRODUCTLLC-INTL | |
|      | 6001 BOLLINGER CANYON ROAD | |
|      | BUILDING E 2ND FLOOR SAN RAMON | |
|      | CALIFORNIA 94583 | |
|      | IV:13962 | |
|      | ) | |
|      | 20170303B1Q8021C015959 | |
|      | 20170303MMQFMP9H000041 | |
|      | 03030707FTO3 | |
| 3/16 | Wire Transfer Credit | 1,000,000.00 |
|      | JOYCE M. BRASS | |
|      | 20170316B1QGC02C009165 | |
|      | 20170316MMQFMP9H000638 | |
|      | 03161639FTO3 | |
| 3/24 | Transfer Credit | 16,659.32 |
| 3/24 | Transfer Credit | 145,000.00 |
| 3/31 | Wire Transfer Credit | 24,000.84 |
|      | THE TICKET EXPERIENCE LLC | |
|      | 3311 W ALABAMA STE 200 | |
|      | HOUSTON TX 77098 | |
|      | REF# EVENTELLECT 3.30 | |
|      | 20170331K4QLA01C001334 | |
|      | 20170331MMQFMP9H000830 | |
|      | 03311327FTO3 | |

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 3/01 | Wire Transfer Debit | 3,000.00- |
|      | Finocchi & Associates | |
|      | 868 Marian Road | |
|      | Woodbury, N.J. 08096 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000019

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                              Date  3/31/17      Page    3
        GULF COAST ASPHALT COMPANY LLC        Account Number   *******8665
        ASPHALT SALES ACCOUNT
        1990 POST OAK BLVD SUITE 2400
        HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | WELLS FARGO NA | |
| | 20170301MMQFMP9H001105 | |
| | 20170301I1B7031R018755 | |
| | 03011433FT03 | |
| 3/01 | Wire Transfer Debit | 7,500.00- |
| | John D Tomaszewski | |
| | JPMCHASE TEXAS | |
| | 20170301MMQFMP9H000994 | |
| | 20170301B1QGC01R046156 | |
| | 03011341FT03 | |
| 3/01 | From DDA *8665,To DDA *8681,A/P | 155,000.00- |
| 3/03 | From DDA *8665,To DDA *8630 | 49,000.00- |
| 3/06 | Wire Transfer Debit | 1,268.80- |
| | HOLMAN FENWICK WILLAN | |
| | WELLSFARGO NY INTL | |
| | 20170306MMQFMP9H001165 | |
| | 20170306B6B7001C009074 | |
| | 03061643FT03 | |
| 3/09 | From DDA *8665,To DDA *8630,P/R 3/17/17 | 1,000.00- |
| 3/14 | P-CARD PMT IBERIA | 1,627.40- |
| | CCD    GULF COAST ASPHALT CB | |
| 3/16 | Wire Transfer Debit | 600,000.00- |
| | Rio Energy International, Inc | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date  3/31/17      Page    4
Account Number   *******8665

---

COMMERCIAL CHECKING ANALYSIS          *******8665  (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | BQE NAT PARIS | |
| | 20170316MMQFMP9H001294 | |
| | 20170316B1Q8201C001402 | |
| | 03161642FT03 | |
| 3/16 | From DDA *8665,To DDA *8681 | 1,000.00- |
| 3/17 | Wire Transfer Debit | 12,000.00- |
| | Arthur J Brass | |
| | IBC LAREDO | |
| | 20170317MMQFMP9H001025 | |
| | 20170317K4QLE01C000862 | |
| | 03171448FT03 | |
| 3/21 | From DDA *8665,To DDA *8681 | 175,000.00- |
| 3/24 | From DDA *8665,To DDA *8681,BC BS/Cutting/AJB | 39,472.07- |
| 3/24 | From DDA *8665,To DDA *8630,PR 3/31/17 | 50,000.00- |
| 3/24 | From DDA *8665,To DDA *8681,Ar c Ck 24902 | 139,605.00- |
| 3/27 | Wire Transfer Debit | 20,000.00- |
| | Arthur J Brass | |
| | IBC LAREDO | |
| | 20170327MMQFMP9H000694 | |
| | 20170327K4QLE01C000514 | |
| | 03271323FT03 | |
| 3/29 | From DDA *8665,To DDA *8681 | 135,015.49- |
| 3/31 | Wire Transfer Debit | 7,500.00- |
| | John D Tomaszewski | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000021

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC          Date  3/31/17      Page    5
ASPHALT SALES ACCOUNT                    Account Number    *******8665
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | JPMCHASE TEXAS | |
| | 20170331MMQFMP9H000354 | |
| | 20170331B1QGC01R026773 | |
| | 03311014FT03 | |
| 3/31 | From DDA *8665,To DDA *8681 | 10,000.00- |

## Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 3/01 | 41,565.00 | 3/14 | 31,784.43 | 3/24 | 176,366.68 |
| 3/03 | 35,680.63 | 3/16 | 430,784.43 | 3/27 | 156,366.68 |
| 3/06 | 34,411.83 | 3/17 | 418,784.43 | 3/29 | 21,351.19 |
| 3/09 | 33,411.83 | 3/21 | 243,784.43 | 3/31 | 27,852.03 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000022

# IBERIABANK

**NOTICE OF CHANGE -** We are providing you with notice of changes to the Terms and Conditions of your account with us followed by a notice of a change to the Visa® zero liability rule.

Effective 21 calendar days after we send this notice to you, your account(s) shall be governed by the following Terms and Conditions. Continued use of your account(s) after receipt of these Terms and Conditions constitutes acceptance of, and agreement to, the Terms and Conditions.

# TERMS AND CONDITIONS
# OF YOUR ACCOUNT

**AGREEMENT -** This document, along with any other documents we give you pertaining to your account(s), is a contract that establishes rules which control your account(s) with us. Please read this carefully and retain it for future reference. If you sign the signature card or open or continue to use the account, you agree to these rules. You will receive a separate schedule of rates, qualifying balances, and fees if they are not included in this document. If you have any questions, please call us.

Your account is governed by the terms of this Agreement, the laws and regulations of the United States and, to the extent state law is applicable, the laws of the state in which the branch office where you opened your account is located. If you did not open your account in person at a branch office, but through the mail, by phone, or over the internet and you reside, or maintain a residence, in a state where the Bank operates a branch office, your account will be governed by the terms of this Agreement, the laws and regulations of the United States and, to the extent state law is applicable, the laws of the state where the branch office is located. If you do not reside, or maintain a residence in a state where the Bank operates a branch office and you opened your account through the mail, by phone, or over the internet, your account will be governed by the terms of this Agreement, the laws and regulations of the United States and, to the extent state law is applicable, the laws of the state of Louisiana. These choice of law provisions are to apply without giving effect to any choice of law rules that may require the application of the laws of another jurisdiction. The body of state and federal law that governs our relationship with you, however, is too large and complex to be reproduced here. The purpose of this document is to:

(1) summarize some laws that apply to common transactions;

(2) establish rules to cover transactions or events which the law does not regulate;

(3) establish rules for certain transactions or events which the law regulates but permits variation by agreement; and

(4) give you disclosures of some of our policies to which you may be entitled or in which you may be interested.

If any provision of this document is found to be unenforceable according to its terms, all remaining provisions will continue in full force and effect. We may permit some variations from our standard agreement, but we must agree to any variation in writing either on the signature card for your account or in some other document. Nothing in this document is intended to vary our duty to act in good faith with ordinary care when required by law.

As used in this document the words "we," "our," and "us" mean the financial institution and the words "you" and "your" mean the account holder(s) and anyone else with the authority to deposit, withdraw, or exercise control over the funds in the account. However, this agreement does not intend, and the terms "you" and "your" should not be interpreted, to expand an individual's responsibility for an organization's liability. If this account is owned by a corporation, partnership or other organization, individual liability is determined by the laws generally applicable to that type of organization. The headings in this document are for convenience or reference only and will not govern the interpretation of the provisions. Unless it would be inconsistent to do so, words and phrases used in this document should be construed so the singular includes the plural and the plural includes the singular. Throughout this document, when a provision is identified as being applicable to a certain state (for example, "in Louisiana"), it means that the provision is only applicable if your account is held at a branch located in that particular state. Any provision which is not described as applying to a particular state, applies to your account.

In Louisiana, Alabama, Florida, and Texas, "Party" means a person who, by the terms of an account, has a present right, subject to request, to payment from the account other than as a beneficiary or agent.

**In Louisiana, LIABILITY-** You agree, for yourself (and the person or entity you represent if you sign as a representative of another) to the terms of this account and the schedule of charges. You authorize us to deduct these charges, without notice to you, directly from the account balance as accrued. You will pay additional reasonable charges for services you request which are not covered by this agreement.

Each of you also agrees to be jointly and severally (individually liable for any account shortage resulting from charges or overdrafts, whether caused by you or another with access to this account. This liability is due immediately, and can be deducted directly from the account balance whenever sufficient funds are available. You have no right to defer payment of this liability, and you are liable regardless of whether you signed the item or benefited from the charge or overdraft.

You will be liable for our costs as well as for our reasonable attorneys' fees, to the extent permitted by law, whether incurred as a result of collection or in any other dispute involving your account. This includes, but is not limited to, disputes between you and another joint owner; you and an authorized signer or similar party; or a third party claiming an interest in your account. This also includes any action that you or a third party takes regarding the account that causes us, in good faith, to seek the advice of an attorney, whether or not we become involved in the dispute. All costs

and attorneys' fees can be deducted from your account when they are incurred, without notice to you.

**In Alabama, Arkansas, Florida, Georgia, Tennessee, and Texas, LIABILITY -** You agree, for yourself (and the person or entity you represent if you sign as a representative of another) to the terms of this account and the schedule of charges. You authorize us to deduct these charges, without notice to you, directly from the account balance as accrued. You will pay any additional reasonable charges for services you request which are not covered by this agreement.

Each of you also agrees to be jointly and severally (individually) liable for any account shortage resulting from charges or overdrafts, whether caused by you or another with access to this account. This liability is due immediately, and can be deducted directly from the account balance whenever sufficient funds are available. You have no right to defer payment of this liability, and you are liable regardless of whether you signed the item or benefited from the charge or overdraft.

You will be liable for our costs as well as for our reasonable attorneys' fees, to the extent permitted by law, whether incurred as a result of collection or in any other dispute involving your account. This includes, but is not limited to, disputes between you and another joint owner; you and an authorized signer or similar party; or a third party claiming an interest in your account. This also includes any action that you or a third party takes regarding the account that causes us, in good faith, to seek the advice of an attorney, whether or not we become involved in the dispute. All costs and attorneys' fees can be deducted from your account when they are incurred, without notice to you.

**DEPOSITS -** We will give only provisional credit until collection is final for any items, other than cash, we accept for deposit (including items drawn "on us"). Before settlement of any item becomes final, we act only as your agent, regardless of the form of indorsement or lack of indorsement on the item and even though we provide you provisional credit for the item. We may reverse any provisional credit for items that are lost, stolen, or returned. Unless prohibited by law, we also reserve the right to charge back to your account the amount of any item deposited to your account or cashed for you which was initially paid by the payor bank and which is later returned to us due to an allegedly forged, unauthorized or missing indorsement, claim of alteration, encoding error or other problem which in our judgment justifies reversal of credit. You authorize us to attempt to collect previously returned items without giving you notice, and in attempting to collect we may permit the payor bank to hold an item beyond the midnight deadline. Actual credit for deposits of, or payable in, foreign currency will be at the exchange rate in effect on final collection in U.S. dollars. We are not responsible for transactions by mail or outside depository until we actually record them. If you deliver a deposit to us and you will not be present when the deposit is counted, you must provide us an itemized list of the deposit (deposit slip). To process the deposit, we will verify and record the deposit, and credit the deposit to the account. If there are any discrepancies between the amounts shown on the itemized list of the deposit and the amount we determine to be the actual deposit, we will notify you of the discrepancy. You will be entitled to credit only for the actual deposit as determined by us, regardless of what is stated on the itemized deposit slip. We will treat and record all transactions received after our "daily cutoff time" on a business day we are open, or received on a day we are not open for business, as if initiated on the next business day that we are open. At our option, we may take an item for collection rather than for deposit. If we accept a third-party check for deposit, we may require any third-party indorsers to verify or guarantee their indorsements, or indorse in your presence.

## WITHDRAWALS -

**Generally -** Unless clearly indicated otherwise on the account records, any of you, acting alone, who signs to open the account or has authority to make withdrawals may withdraw or transfer all or any part of the account balance at any time. Each of you (until we receive written notice to the contrary) authorizes each other person who signs or has authority to make withdrawals to indorse any item payable to you or your order for deposit to this account or any other transaction with us.

**Postdated checks -** A postdated check is one which bears a date later than the date on which the check is written. We may properly pay and charge your account for a postdated check even though payment was made before the date of the check, unless we have received written notice of the postdating in time to have a reasonable opportunity to act. Because we process checks mechanically, your notice will not be effective and we will not be liable for failing to honor your notice unless it precisely identifies the number, date, amount and payee of the item.

**Checks and withdrawal rules -** If you do not purchase your check blanks from us, you must be certain that we approve the check blanks you purchase. We may refuse any withdrawal or transfer request which you attempt on forms not approved by us or by any method we do not specifically permit. We may refuse any withdrawal or transfer request which is greater in number than the frequency permitted, or which is for an amount greater or less than any withdrawal limitations. We will use the date the transaction is completed by us (as opposed to the date you initiate it) to apply the frequency limitations. In addition, we may place limitations on the account until your identity is verified.

Even if we honor a nonconforming request, we are not required to do so later. If you violate the stated transaction limitations (if any), in our discretion we may close your account or reclassify it as a transaction account. If we reclassify your account, your account will be subject to the fees and earnings rules of the new account classification.

If we are presented with an item drawn against your account that would be a "substitute check," as defined by law, but for an error or defect in the item introduced in the substitute check creation process, you agree that we may pay such item.

Debtor000023

See the funds availability policy disclosure for information about when you can withdraw funds you deposit. For those accounts to which our funds availability policy disclosure does not apply, you can ask us when you make a deposit when those funds will be available for withdrawal. An item may be returned after the funds from the deposit of that item are made available for withdrawal. In that case, we will reverse the credit of the item. We may determine the amount of available funds in your account for the purpose of deciding whether to return an item for insufficient funds at any time between the time we receive the item and when we return the item or send a notice in lieu of return. We need only make one determination, but if we choose to make a subsequent determination, the account balance at the subsequent time will determine whether there are insufficient available funds.

**A temporary debit authorization hold affects your account balance -** On debit card purchases, merchants may request a temporary hold on your account for a specified sum of money, which may be more than the actual amount of your purchase. When this happens, our processing system cannot determine that the amount of the hold exceeds the actual amount of your purchase. This temporary hold, and the amount charged to your account, will eventually be adjusted to the actual amount of your purchase, but it may be up to three days before the adjustment is made. Until the adjustment is made, the amount of funds in your account available for other transactions will be reduced by the amount of the temporary hold. If another transaction is presented for payment in an amount greater than the funds left after the deduction of the temporary hold amount, that transaction will be a nonsufficient funds (NSF) transaction if we do not pay it or an overdraft transaction if we do pay it. You will be charged an NSF or overdraft fee according to our NSF or overdraft fee policy. You will be charged the fee even if you would have had sufficient funds in your account if the amount of the hold had been equal to the amount of your purchase.

Here is an example of how this can occur – assume for this example the following: (1) you have opted-in to our overdraft services for the payment of overdrafts on ATM and everyday debit card transactions, (2) we pay the overdraft, and (3) our overdraft fee is $35 per overdraft, but we do not charge the overdraft fee if the transaction overdraws the account by less than $10.

You have $120 in your account. You swipe your card at the card reader on a gasoline pump. Since it is unclear what the final bill will be, the gas station's processing system immediately requests a hold on your account in a specified amount, for example, $80. Our processing system authorizes a temporary hold on your account in the amount of $80, and the gas station's processing system authorizes you to begin pumping gas. You fill your tank and the amount of gasoline you purchased is only $50. Our processing system shows that you have $40 in your account available for other transactions ($120 - $80 = $40) even though you would have $70 in your account available for other transactions if the amount of the temporary hold was equal to the amount of your purchase ($120 - $50 = $70). Later, another transaction you have authorized is presented for payment from your account in the amount of $60 (this could be a check you have written, another debit card transaction, an ACH debit or any other kind of payment request). This other transaction is presented before the amount of the temporary hold is adjusted to the amount of your purchase (remember, it may take up to three days for the adjustment to be made). Because the amount of this other transaction is greater than the amount our processing system shows is available in your account, our payment of this transaction will result in an overdraft transaction. Because the transaction overdraws your account by $20, your account will be assessed the overdraft fee of $35 according to our overdraft fee policy. You will be charged this $35 fee according to our policy even though you would have had enough money in your account to cover the $60 transaction if your account had only been debited the amount of your purchase rather than the amount of the temporary hold or if the temporary hold had already been adjusted to the actual amount of your purchase.

**Overdrafts -** You understand that we may, at our discretion, honor withdrawal requests that overdraw your account. However, the fact that we may honor withdrawal requests that overdraw the account balance does not obligate us to do so later. So you can NOT rely on us to pay overdrafts on your account regardless of how frequently or under what circumstances we have paid overdrafts on your account in the past. We can change our practice of paying overdrafts on your account without notice to you. You can ask us if we have other account services that might be available to you where we commit to paying overdrafts under certain circumstances, such as an overdraft protection line-of-credit or a plan to sweep funds from another account you have with us. You agree that we may charge fees for overdrafts. For consumer accounts, we will not charge fees for overdrafts caused by ATM withdrawals or one-time debit card transactions if you have not opted-in to that service. We may use subsequent deposits, including direct deposits of social security or other government benefits, to cover such overdrafts and overdraft fees.

**Multiple signatures, electronic check conversion, and similar transactions -** An electronic check conversion transaction is a transaction where a check or similar item is converted into an electronic fund transfer as defined in the Electronic Fund Transfers regulation. In these types of transactions the check or similar item is either removed from circulation (truncated) or given back to you. As a result, we have no opportunity to review the check to examine the signatures on the item. You agree that, as to these or any items as to which we have no opportunity to examine the signatures, you waive any requirement of multiple signatures.

**Notice of withdrawal -** We reserve the right to require not less than 7 days' notice in writing before each withdrawal from an interest-bearing account other than a time deposit or demand deposit, or from any other savings account as defined by Regulation D. (The law requires us to reserve this right, but it is not our general policy to use it.) Withdrawals from a time account prior to maturity or prior to any notice period may be restricted and may be subject to penalty. See your notice of penalty for early withdrawal.

**In Louisiana, OWNERSHIP OF ACCOUNT AND BENEFICIARY DESIGNATION -** These rules apply to this account depending on the form of ownership and beneficiary designation, if any, specified on the account records. We make no representations as

to the appropriateness or effect of the ownership and beneficiary designations, except as they determine to whom we pay the account funds.

**Individual Account -** is an account in the name of one person.

**Joint Account -** This is an account in the names of two or more persons. Any one of such persons, acting alone, has complete access to the account. Upon the death of any party to such account, we are permitted to pay the account balance to the surviving parties, but this authority protects us only. The surviving joint parties may be liable to the heirs, legatees, or creditors of the deceased party to the extent the funds withdrawn by the survivors were owed to the deceased. If any party to a joint account sends notice to us to prevent withdrawals from the account by another party or parties, we may require the party to withdraw the balance and close the account or we may refuse to allow any further withdrawals from the account except upon the written consent of all parties to it. The remedy we choose is entirely at our discretion.

**Revocable Trust or Pay-on-Death Account -** If two or more of you create such an account, you own the account jointly and the respective interests of each of you shall be deemed equal, unless otherwise stated in our account records. Beneficiaries acquire the right to withdraw only if: (1) all persons creating the account die, and (2) the beneficiary is then living. If two or more beneficiaries are named and survive the death of all persons creating the account, such beneficiaries will own this account in equal shares, unless otherwise stated in our account records. The person(s) creating either of these account types reserves the right to: (1) change beneficiaries, (2) change account types, and (3) withdraw all or part of the account funds at any time.

**In Alabama, OWNERSHIP OF ACCOUNT AND BENEFICIARY DESIGNATION -** These rules apply to this account depending on the form of ownership and beneficiary designation, if any, specified on the account records. We make no representations as to the appropriateness or effect of the ownership and beneficiary designations, except as they determine to whom we pay the account funds.

**Single-Party Account -** Such an account is owned by one party.

**Multiple-Party Account -** Parties own account during the lifetime of all parties in proportion to their net contributions, unless there is clear and convincing evidence of a different intent.

**In Alabama, RIGHTS AT DEATH - Single-Party Account -** At the death of a party, ownership passes as part of the party's estate.

**Multiple-Party Account With Right of Survivorship -** At death of party, ownership passes to surviving parties. If two or more parties survive and one is the surviving spouse of the deceased party, the amount to which the deceased party, immediately before death, was beneficially entitled by law belongs to the surviving spouse. If two or more parties survive and none is the spouse of the decedent, the amount to which the deceased party, immediately before death, was beneficially entitled by law belongs to the surviving parties in equal shares, and augments the proportion to which each surviving party, immediately before the deceased party's death, was beneficially entitled under law, and the right of survivorship continues between the surviving parties.

**Multiple-Party Account Without Right of Survivorship -** At death of party, deceased party's ownership passes as part of deceased party's estate.

**Single-Party Account With Pay-on-Death Designation -** At death of party, ownership passes to the designated pay-on-death beneficiaries and is not part of the party's estate.

**Multiple-Party Account With Right of Survivorship and Pay-on-Death Designation -** At death of last surviving party, ownership passes to the designated pay-on-death beneficiaries and is not part of the last surviving party's estate.

**In Arkansas, OWNERSHIP OF ACCOUNT AND BENEFICIARY DESIGNATION -** These rules apply to this account depending on the form of ownership and beneficiary designation, if any, specified on the account records. We make no representations as to the appropriateness or effect of the ownership and beneficiary designations, except as they determine to whom we pay the account funds.

**Individual Account -** is an account in the name of one person.

**Joint Account - With Survivorship (And Not As Tenants In Common) -** is an account in the name of two or more persons. Each of you intend that when you die the balance in the account (subject to any previous pledge to which we have agreed) will belong to the survivor(s). If two or more of you survive, you will own the balance in the account as joint tenants with survivorship and not as tenants in common.

**Joint Account - No Survivorship (As Tenants In Common) -** is owned by two or more persons, but none of you intend (merely by opening this account) to create any right of survivorship in any other person. We encourage you to agree and tell us in writing of the percentage of the deposit contributed by each of you. This information will not, however, affect the "number of signatures" necessary for withdrawal.

**Pay-On-Death Account -** If two or more of you create such an account, you own the account jointly with survivorship. Beneficiaries cannot withdraw unless: (1) all persons creating the account die, and (2) the beneficiary is then living. If two or more beneficiaries are named and survive the death of all persons creating the account, such beneficiaries will own this account in equal shares, with right of survivorship. The person(s) creating this account type reserves the right to: (1) change beneficiaries, (2) change account types, and (3) withdraw all or part of the account funds at any time.

**In Florida, OWNERSHIP OF ACCOUNT AND BENEFICIARY DESIGNATION -** These rules apply to this account depending on the form of ownership and beneficiary designation, if any, specified on the account records. We make no representations as to the appropriateness or effect of the ownership and beneficiary designations, except as they determine to whom we pay the account funds.

**Single-Party Account -** Such an account is owned by one party.

**Multiple-Party Account -** Such an account is payable on request to one or more of two or more parties, whether or not a right of survivorship is mentioned.

2

**Multiple-Party Account - Tenancy by the Entireties -** The account is owned by two parties who are married to each other and hold the account as tenants by the entirety.

**In Florida, RIGHTS AT DEATH - Single-Party Account -** At the death of a party, ownership passes as part of the party's estate.

**Multiple-Party Account With Right of Survivorship -** At death of party, ownership passes to the surviving party or parties.

**Multiple-Party Account Without Right of Survivorship -** At death of party, deceased party's ownership passes as part of deceased party's estate.

**Single-Party Account With Pay-on-Death Designation -** At death of the party, ownership passes to the designated pay-on-death beneficiaries and is not part of the party's estate.

**Multiple-Party Account With Right of Survivorship and Pay-on-Death Designation -** At death of last surviving party, ownership passes to the designated pay-on-death beneficiaries and is not part of the last surviving party's estate.

**In Georgia and Tennessee, OWNERSHIP OF ACCOUNT AND BENEFICIARY DESIGNATION -** These rules apply to this account depending on the form of ownership and beneficiary designation, if any, specified on the account records. We make no representations as to the appropriateness or effect of the ownership and beneficiary designations, except as they determine to whom we pay the account funds.

**Individual Account -** is an account in the name of one person.

**Joint Account - With Survivorship (And Not As Tenants In Common) -** is an account in the name of two or more persons. Each of you intend that when you die the balance in the account (subject to any previous pledge to which we have agreed) will belong to the survivor(s). If two or more of you survive, you will own the balance in the account as joint tenants with survivorship and not as tenants in common.

**Joint Account - No Survivorship (As Tenants In Common) -** is owned by two or more persons, but none of you intend (merely by opening this account) to create any right of survivorship in any other person. We encourage you to agree and tell us in writing of the percentage of the deposit contributed by each of you. This information will not, however, affect the "number of signatures" necessary for withdrawal.

**Revocable Trust or Pay-On-Death Account -** If two or more of you create this type of account, you own the account jointly with survivorship. Beneficiaries cannot withdraw unless: (1) all persons creating the account die, and (2) the beneficiary is then living. If two or more beneficiaries are named and survive the death of all persons creating the account, beneficiaries will own this account in equal shares, without right of survivorship. The person(s) creating either of these account types may: (1) change beneficiaries, (2) change account types, and (3) withdraw all or part of the account funds at any time.

**In Texas, UNIFORM SINGLE-PARTY OR MULTIPLE-PARTY ACCOUNT SELECTION FORM NOTICE -** The type of account you select may determine how property passes on your death. Your will may not control the disposition of funds held in some of the following accounts. You may choose to designate one or more convenience signers on an account, even if the account is not a convenience account. A designated convenience signer may make transactions on your behalf during your lifetime, but does not own the account during your lifetime. The designated convenience signer owns the account on your death only if the convenience signer is also designated as a P.O.D. payee or trust account beneficiary.

**Single-Party Account Without "P.O.D." (Payable on Death) Designation -** The party to the account owns the account. On the death of the party, ownership of the account passes as a part of the party's estate under the party's will or by intestacy.

**Single-Party Account With "P.O.D." (Payable on Death) Designation -** The party to the account owns the account. On the death of the party, ownership of the account passes to the P.O.D. beneficiaries of the account. The account is not a part of the party's estate.

**Multiple-Party Account Without Right of Survivorship -** The parties to the account own the account in proportion to the parties' net contributions to the account. The financial institution may pay any sum in the account to a party at any time. On the death of a party, the party's ownership of the account passes as a part of the party's estate under the party's will or by intestacy.

**Multiple-Party Account With Right of Survivorship -** The parties to the account own the account in proportion to the parties' net contributions to the account. The financial institution may pay any sum in the account to a party at any time. On the death of a party, the party's ownership of the account passes to the surviving parties.

**Multiple-Party Account With Right of Survivorship and "P.O.D." (Payable on Death) Designation -** The parties to the account own the account in proportion to the parties' net contributions to the account. The financial institution may pay any sum in the account to a party at any time. On the death of the last surviving party, the ownership of the account passes to the P.O.D. beneficiaries.

**Convenience Account -** The parties to the account own the account. One or more convenience signers to the account may make account transactions for a party. A convenience signer does not own the account. On the death of the last surviving party, ownership of the account passes as a part of the last surviving party's estate under the last surviving party's will or by intestacy. The financial institution may pay funds in the account to a convenience signer before the financial institution receives notice of the death of the last surviving party. The payment to a convenience signer does not affect the parties' ownership of the account.

**Trust Account -** The parties named as trustees to the account own the account in proportion to the parties' net contributions to the account. A trustee may withdraw funds from the account. A beneficiary may not withdraw funds from the account before all trustees are deceased. On the death of the last surviving trustee, the ownership of the account passes to the beneficiary. The trust account is not a part of a trustee's estate and does not pass under the trustee's will or by intestacy, unless the trustee survives all of the beneficiaries and all other trustees.

**BUSINESS, ORGANIZATION AND ASSOCIATION ACCOUNTS -** Earnings in the form of interest, dividends, or credits will be paid only on collected funds, unless otherwise provided by law or our policy. You represent that you have the authority to open and conduct business on this account on behalf of the entity. We may require the governing body of the entity opening the account to give us a separate authorization telling us who is authorized to act on its behalf. We will honor the authorization until we actually receive written notice of a change from the governing body of the entity.

**In Louisiana, Alabama, Georgia, and Tennessee, STOP PAYMENTS -** Unless otherwise provided, the rules in this section cover stopping payment of items such as checks and drafts. Rules for stopping payment of other types of transfers of funds, such as consumer electronic fund transfers, may be established by law or our policy. If we have not disclosed these rules to you elsewhere, you may ask us about those rules.

We may accept an order to stop payment on any item from any one of you. You must make any stop-payment order in the manner required by law and we must receive it in time to give us a reasonable opportunity to act on it before our stop-payment cutoff time. Because stop-payment orders are handled by computers, to be effective, your stop-payment order must precisely identify the number, date, and amount of the item, and the payee. You may stop payment on any item drawn on your account whether you sign the item or not. Generally, if your stop-payment order is given to us in writing it is effective for six months. Your order will lapse after that time if you do not renew the order in writing before the end of the six-month period. If the original stop-payment order was oral your stop-payment order will lapse after 14 calendar days if you do not confirm your order in writing within that time period. We are not obligated to notify you when a stop-payment order expires. A release of the stop-payment request may be made only by the person who initiated the stop-payment order.

If you stop payment on an item and we incur any damages or expenses because of the stop payment, you agree to indemnify us for those damages or expenses, including attorneys' fees. You assign to us all rights against the payee or any other holder of the item. You agree to cooperate with us in any legal actions that we may take against such persons. You should be aware that anyone holding the item may be entitled to enforce payment against you despite the stop-payment order.

Our stop-payment cutoff time is one hour after the opening of the next banking day after the banking day on which we receive the item. Additional limitations on our obligation to stop payment are provided by law (e.g., we paid the item in cash or we certified the item).

**In Florida, STOP PAYMENTS -** Unless otherwise provided, the rules in this section cover stopping payment of items such as checks and drafts. Rules for stopping payment of other types of transfers of funds, such as consumer electronic fund transfers, may be established by law or our policy. If we have not disclosed these rules to you elsewhere, you may ask us about those rules.

We may accept an order to stop payment on any item from any one of you. You must make any stop-payment order in the manner required by law, it must be made in a signed and dated writing, and we must receive it in time to give us a reasonable opportunity to act on it before our stop-payment cutoff time. Because stop-payment orders are handled by computers, to be effective, your stop-payment order must precisely identify the number, date, and amount of the item, and the payee.

You may stop payment on any item drawn on your account whether you sign the item or not. Your stop-payment order is effective for six months. Your order will lapse after that time if you do not renew the order in writing before the end of the six-month period. We are not obligated to notify you when a stop-payment order expires. A release of the stop-payment request may be made only by the person who initiated the stop-payment order.

If you stop payment on an item and we incur any damages or expenses because of the stop payment, you agree to indemnify us for those damages or expenses, including attorneys' fees. You assign to us all rights against the payee or any other holder of the item. You agree to cooperate with us in any legal actions that we may take against such persons. You should be aware that anyone holding the item may be entitled to enforce payment against you despite the stop-payment order.

Our stop-payment cutoff time is one hour after the opening of the next banking day after the banking day on which we receive the item. Additional limitations on our obligation to stop payment are provided by law (e.g., we paid the item in cash or we certified the item).

**In Arkansas, STOP PAYMENTS -** Unless otherwise provided, the rules in this section cover stopping payment of items such as checks and drafts. Rules for stopping payment of other types of transfers of funds, such as consumer electronic fund transfers, may be established by law or our policy. If we have not disclosed these rules to you elsewhere, you may ask us about those rules.

We may accept an order to stop payment on any item from any one of you. You must make any stop-payment order in the manner required by law and we must receive it in time to give us a reasonable opportunity to act on it before our stop-payment cutoff time. Because stop-payment orders are handled by computers, to be effective, your stop-payment order must precisely identify the number, date, and amount of the item, and the payee. You may stop payment on any item drawn on your account whether you sign the item or not. Your stop-payment order is effective for six months if it is given to us in writing or by another type of record (Generally, a "record" is information that is stored in such a way that it can be retrieved and can be heard or read and understood – you can ask us what type of stop payment records you can give us). Your order will lapse after that time if you do not renew the order in writing before the end of the six-month period. If the original stop-payment order was oral your stop-payment order will lapse after 14 calendar days if it is not confirmed in writing or by another type of record within that time period. We are not obligated to notify you when a stop-payment order expires. A release of the stop-payment request may be made only by the person who initiated the stop-payment order.

3

If you stop payment on an item and we incur any damages or expenses because of the stop payment, you agree to indemnify us for those damages or expenses, including attorneys' fees. You assign to us all rights against the payee or any other holder of the item. You agree to cooperate with us in any legal actions that we may take against such persons. You should be aware that anyone holding the item may be entitled to enforce payment against you despite the stop-payment order.

Our stop-payment cutoff time is one hour after the opening of the next banking day after the banking day on which we receive the item. Additional limitations on our obligation to stop payment are provided by law (e.g., we paid the item in cash or we certified the item).

**In Texas, STOP PAYMENTS -** Unless otherwise provided, the rules in this section cover stopping payment of items such as checks and drafts. Rules for stopping payment of other types of transfers of funds, such as consumer electronic fund transfers, may be established by law or our policy. If we have not disclosed these rules to you elsewhere, you may ask us about those rules.

We may accept an order to stop payment on any item from any one of you. You must make any stop-payment order in the manner required by law; it must be made in a dated, authenticated record that describes the item with certainty. (Generally, a "record" is information that is stored in such a way that it can be retrieved and can be heard or read and understood – you can ask us what type of stop payment records you can give us). We must receive it in time to give us a reasonable opportunity to act on it before our stop-payment cutoff time. Because stop-payment orders are handled by computers, to be effective, your stop-payment order must precisely identify the number, date, and amount of the item, and the payee.

You may stop payment on any item drawn on your account whether you sign the item or not. Your stop-payment order is effective for six months. Your order will lapse after that time if you do not renew the order in writing before the end of the six-month period. We are not obligated to notify you when a stop-payment order expires. A release of the stop-payment request may be made only by the person who initiated the stop-payment order.

If you stop payment on an item and we incur any damages or expenses because of the stop payment, you agree to indemnify us for those damages or expenses, including attorneys' fees. You assign to us all rights against the payee or any other holder of the item. You agree to cooperate with us in any legal actions that we may take against such persons. You should be aware that anyone holding the item may be entitled to enforce payment against you despite the stop-payment order.

Our stop-payment cutoff time is one hour after the opening of the next banking day after the banking day on which we receive the item. Additional limitations on our obligation to stop payment are provided by law (e.g., we paid the item in cash or we certified the item).

**TELEPHONE TRANSFERS -** A telephone transfer of funds from this account to another account with us, if otherwise arranged for or permitted, may be made by the same persons and under the same conditions generally applicable to withdrawals made in writing. Unless a different limitation is disclosed in writing, we restrict the number of transfers from a savings account to another account or to third parties, to a maximum of six per month (less the number of "preauthorized transfers" during the month). Other account transfer restrictions may be described elsewhere.

**AMENDMENTS AND TERMINATION -** We may change any term of this agreement. Rules governing changes in interest rates are provided separately in the Truth-in-Savings disclosure or in another document. For other changes, we will give you reasonable notice in writing or by any other method permitted by law. We may also close this account at any time upon reasonable notice to you and tender of the account balance personally or by mail. Items presented for payment after the account is closed may be dishonored. When you close your account, you are responsible for leaving enough money in the account to cover any outstanding items to be paid from the account. Reasonable notice depends on the circumstances, and in some cases such as when we cannot verify your identity or we suspect fraud, it might be reasonable for us to give you notice after the change or account closure becomes effective. For instance, if we suspect fraudulent activity with respect to your account, we might immediately freeze or close your account and then give you notice. If we have notified you of a change in any term of your account and you continue to have your account after the effective date of the change, you have agreed to the new term(s).

**NOTICES -** Any written notice you give us is effective when we actually receive it, and it must be given to us according to the specific delivery instructions provided elsewhere, if any. We must receive it in time to have a reasonable opportunity to act on it. If the notice is regarding a check or other item, you must give us sufficient information to be able to identify the check or item, including the precise check or item number, amount, date and payee. Written notice we give you is effective when it is deposited in the United States Mail with proper postage and addressed to your mailing address we have on file. Notice to any of you is notice to all of you.

**In Louisiana, Alabama, Arkansas, Florida, and Georgia, STATEMENTS - Your duty to report unauthorized signatures, alterations and forgeries -** You must examine your statement of account with "reasonable promptness." If you discover (or reasonably should have discovered) any unauthorized signatures or alterations, you must promptly notify us of the relevant facts. As between you and us, if you fail to do either of these duties, you will have to either share the loss with us, or bear the loss entirely yourself (depending on whether we used ordinary care and, if not, whether we substantially contributed to the loss). The loss could be not only with respect to items on the statement but other items with unauthorized signatures or alterations by the same wrongdoer.

You agree that the time you have to examine your statement and report to us will depend on the circumstances, but will not, in any circumstance, exceed a total of 30 days from when the statement is first sent or made available to you.

You further agree that if you fail to report any unauthorized signatures, alterations or forgeries in your account within 60 days of when we first send or make the statement

available, you cannot assert a claim against us on any items in that statement, and as between you and us the loss will be entirely yours. This 60-day limitation is without regard to whether we used ordinary care. The limitation in this paragraph is in addition to that contained in the first paragraph of this section.

**Your duty to report other errors -** In addition to your duty to review your statements for unauthorized signatures, alterations and forgeries, you agree to examine your statement with reasonable promptness for any other error - such as an encoding error. In addition, if you receive or we make available either your items or images of your items, you must examine them for any unauthorized or missing indorsements or any other problems. You agree that the time you have to examine your statement and items and report to us will depend on the circumstances. However, this time period shall not exceed 60 days. Failure to examine your statement and items and report any errors to us within 60 days of when we first send or make the statement available precludes you from asserting a claim against us for any errors on items identified in that statement and as between you and us the loss will be entirely yours.

**Errors relating to electronic fund transfers or substitute checks** (For consumer accounts only) - For information on errors relating to electronic fund transfers (e.g., computer, debit card or ATM transactions) refer to your Electronic Fund Transfers disclosure and the sections on consumer liability and error resolution. For information on errors relating to a substitute check you received, refer to your disclosure entitled Substitute Checks and Your Rights.

**In Tennessee, STATEMENTS - Your duty to report unauthorized signatures, alterations, forgeries and other errors -** You must examine your statement of account with "reasonable promptness." In addition, if you receive or we make available either your items or images of your items, you must examine them for any unauthorized or missing indorsements or any other problems. If you discover (or reasonably should have discovered) any unauthorized signatures, alterations, incorrect payment amounts, or missing or incorrectly credited deposits, you must promptly notify us of the relevant facts. As between you and us, if you fail to do either of these duties, you will have to bear the loss yourself unless you prove that we did not pay the item in good faith. The loss could be not only with respect to items on the statement but other items with unauthorized signatures or alterations by the same wrongdoer.

You agree that the time you have to examine your statement and items and report to us will depend on the circumstances, but will not, in any circumstance, exceed a total of 30 days from when the statement is first sent or made available to you.

You further agree that if you fail to report any unauthorized signatures, alterations, forgeries, incorrect payment amounts, missing or incorrectly credited deposits, or any other errors in your account within 60 days of when we first send or make the statement available, you cannot assert a claim against us on any items in that statement, and as between you and us the loss will be entirely yours. This 60-day limitation is without limitation is without regard to whether we used good faith. The limitation in this paragraph is in addition to that contained in the first paragraph of this section.

**Errors relating to electronic fund transfers or substitute checks** (For consumer accounts only) - For information on errors relating to electronic fund transfers (e.g., computer, debit card or ATM transactions) refer to your Electronic Fund Transfers disclosure and the sections on consumer liability and error resolution. For information on errors relating to a substitute check you received, refer to your disclosure entitled Substitute Checks and Your Rights.

**In Texas, STATEMENTS - Your duty to report unauthorized signatures, alterations and forgeries -** You must examine your statement of account with "reasonable promptness." If you discover (or reasonably should have discovered) any unauthorized signatures or alterations, you must promptly notify us of the relevant facts. As between you and us, if you fail to do either of these duties, you will have to either share the loss with us, or bear the loss entirely yourself (depending on whether we used ordinary care and, if not, whether we contributed to the loss). The loss could be not only with respect to items on the statement but other items with unauthorized signatures or alterations by the same wrongdoer.

You agree that the time you have to examine your statement and report to us will depend on the circumstances, but will not, in any circumstance, exceed a total of 30 days from when the statement is first sent or made available to you.

You further agree that if you fail to report any unauthorized signatures, alterations or forgeries in your account within 60 days of when we first send or make the statement available, you cannot assert a claim against us on any items in that statement, and as between you and us the loss will be entirely yours. This 60-day limitation is without regard to whether we used ordinary care. The limitation in this paragraph is in addition to that contained in the first paragraph of this section.

**Your duty to report other errors -** In addition to your duty to review your statements for unauthorized signatures, alterations and forgeries, you agree to examine your statement with reasonable promptness for any other error - such as an encoding error. In addition, if you receive or we make available either your items or images of your items, you must examine them for any unauthorized or missing indorsements or any other problems. You agree that the time you have to examine your statement and items and report to us will depend on the circumstances. However, this time period shall not exceed 60 days. Failure to examine your statement and items and report any errors to us within 60 days of when we first send or make the statement available precludes you from asserting a claim against us for any errors on items identified in that statement and as between you and us the loss will be entirely yours.

**Errors relating to electronic fund transfers or substitute checks** (For consumer accounts only) - For information on errors relating to electronic fund transfers (e.g., computer, debit card or ATM transactions) refer to your Electronic Fund Transfers disclosure and the sections on consumer liability and error resolution. For information on errors relating to a substitute check you received, refer to your disclosure entitled Substitute Checks and Your Rights.

**ACCOUNT TRANSFER -** This account may not be transferred or assigned without our prior written consent.

**DIRECT DEPOSITS -** If we are required for any reason to reimburse the federal government for all or any portion of a benefit payment that was directly deposited into your account, you authorize us to deduct the amount of our liability to the federal government from the account or from any other account you have with us, without prior notice and at any time, except as prohibited by law. We may also use any other legal remedy to recover the amount of our liability.

**TEMPORARY ACCOUNT AGREEMENT -** If the account documentation indicates that this is a temporary account agreement, each person who signs to open the account or has authority to make withdrawals (except as indicated to the contrary) may transact business on this account. However, we may at some time in the future restrict or prohibit further use of this account if you fail to comply with the requirements we have imposed within a reasonable time.

**In Louisiana, Alabama, Arkansas, Georgia, and Tennessee, SETOFF -** We may (without prior notice and when permitted by law) set off the funds in this account against any due and payable debt any of you owe us now or in the future. If this account is owned by one or more of you as individuals, we may set off any funds in the account against a due and payable debt a partnership owes us now or in the future, to the extent of your liability as a partner for the partnership debt. If your debt arises from a promissory note, then the amount of the due and payable debt will be the full amount we have demanded, as entitled under the terms of the note, and this amount may include any portion of the balance for which we have properly accelerated the due date.

This right of setoff does not apply to this account if prohibited by law. For example, the right of setoff does not apply to this account if: (a) it is an Individual Retirement Account or similar tax-deferred account, or (b) the debt is created by a consumer credit transaction under a credit card plan (but this does not affect our rights under any consensual security interest), or (c) the debtor's right of withdrawal only arises in a representative capacity, or (d) setoff is prohibited by the Military Lending Act or its implementing regulations. We will not be liable for the dishonor of any check when the dishonor occurs because we set off a debt against this account. You agree to hold us harmless from any claim arising as a result of our exercise of our right of setoff.

**In Florida, SETOFF -** We may (without prior notice and when permitted by law) set off the funds in this account against any due and payable debt any of you owe us now or in the future. If this account is owned by one or more of you as individuals, we may set off any funds in the account against a due and payable debt a partnership owes us now or in the future, to the extent of your liability as a partner for the partnership debt. If your debt arises from a promissory note, then the amount of the due and payable debt will be the full amount we have demanded, as entitled under the terms of the note, and this amount may include any portion of the balance for which we have properly accelerated the due date.

In joint accounts, including accounts owned as tenants by the entireties, may be set off by us for any individual or joint debt of any person having withdrawal rights. To the extent that setoff of funds in an account owned by husband and wife as tenants by the entireties would ordinarily not be permitted by law for a debt of only one of the spouses, both spouses and all persons having rights of withdrawal hereby waive that right and consent to setoff for either an individual or joint debt owed by one or both of them to this bank. This waiver and consent applies to debts on which any one of you is liable, whether jointly with another, individually, or those on which you are secondarily liable.

This right of setoff does not apply to this account if prohibited by law. For example, the right of setoff does not apply to this account if: (a) it is an Individual Retirement Account or similar tax-deferred account, or (b) the debt is created by a consumer credit transaction under a credit card plan (but this does not affect our rights under any consensual security interest), or (c) the debtor's right of withdrawal only arises in a representative capacity, or (d) setoff is prohibited by the Military Lending Act or its implementing regulations. We will not be liable for the dishonor of any check when the dishonor occurs because we set off a debt against this account. You agree to hold us harmless from any claim arising as a result of our exercise of our right of setoff.

**In Texas, SETOFF -** We may (without prior notice and when permitted by law) set off the funds in this account against any due and payable debt any of you owe us now or in the future. If this account is owned by one or more of you as individuals, we may set off any funds in the account against a due and payable debt a partnership owes us now or in the future, to the extent of your liability as a partner for the partnership debt. If your debt arises from a promissory note, then the amount of the due and payable debt will be the full amount we have demanded, as entitled under the terms of the note, and this amount may include any portion of the balance for which we have properly accelerated the due date.

This right of setoff does not apply to this account if prohibited by law. For example, the right of setoff does not apply to this account if: (a) it is an Individual Retirement Account or similar tax-deferred account, or (b) the debt is created by a consumer credit transaction under a credit card plan (but this does not affect our rights under any consensual security interest), or (c) the debtor's right of withdrawal only arises in a representative capacity, or (d) the debt is created by a home equity loan, or (e) setoff is prohibited by the Military Lending Act or its implementing regulations. We will not be liable for the dishonor of any check when the dishonor occurs because we set off a debt against this account. You agree to hold us harmless from any claim arising as a result of our exercise of our right of setoff.

**In Louisiana, AUTHORIZED SIGNER (Agent) (Individual Accounts only) -** A single individual is the owner. The authorized signer (hereinafter "agent") is merely designated to conduct transactions on the owner's behalf. The owner does not give up any rights to act on the account, and the agent may not in any manner affect the rights of the owner or beneficiaries, if any, other than by withdrawing funds from the account. The owner is responsible for any transactions of the agent. We undertake no obligation to monitor transactions to determine that they are on the owner's behalf.

The owner may terminate the agency at any time, and the agency is automatically terminated by the death of the owner. However, we may continue to honor the transactions of the agent until: (a) we have received written notice or have actual knowledge of the termination of the agency, and (b) we have a reasonable opportunity to act on that notice or knowledge. We may refuse to accept the designation of an agent.

**In Alabama, AGENCY (Power of Attorney) DESIGNATION (Single-Party Accounts only) -** A single individual is the owner. The agent is merely designated to conduct transactions on the owner's behalf. The owner does not give up any rights to act on the account, and the agent may not in any manner affect the rights of the owner or beneficiaries, if any, other than by withdrawing funds from the account. The owner is responsible for any transactions of the agent. We undertake no obligation to monitor transactions to determine that they are on the owner's behalf.

The owner may terminate the agency at any time, and the agency is automatically terminated by the death of the owner. However, we may continue to honor the transactions of the agent until: (a) we have received written notice or have actual knowledge of the termination of the agency, and (b) we have a reasonable opportunity to act on that notice or knowledge. We may refuse to accept the designation of an agent.

**In Arkansas, AGENCY (POWER OF ATTORNEY) DESIGNATION -** Agents may make account transactions on behalf of the parties, but have no ownership or rights at death unless named as Pay-on-Death beneficiaries. The owner does not give up any rights to act on the account, and the agent may not in any manner affect the rights of the owner or beneficiaries, if any, other than by withdrawing funds from the account. The owner is responsible for any transactions of the agent. We undertake no obligation to monitor transactions to determine that they are on the owner's behalf.

The owner may terminate the agency at any time, and the agency is automatically terminated by the death of the owner. However, we may continue to honor the transactions of the agent until: (a) we have received written notice or have actual knowledge of the termination of the agency, and (b) we have a reasonable opportunity to act on that notice or knowledge. We may refuse to accept the designation of an agent.

**In Florida, CONVENIENCE ACCOUNT AGENT (Single-Party Accounts only) -** A convenience account, as defined by Florida law, means a deposit account other than a certificate of deposit, in the name of one individual, in which one or more individuals have been designated as agent with the right to make deposits to and withdraw funds from or draw checks on such account on the owner's behalf. A single individual is the owner, and the agent is merely designated to conduct transactions on the owner's behalf. The owner does not give up any rights to act on the account, and the agent may not in any manner affect the rights of the owner or beneficiaries, if any, other than by withdrawing funds from the account. The owner is responsible for any transactions of the agent. We undertake no obligation to monitor transactions to determine that they are on the owner's behalf.

The owner may terminate the agency at any time, and the agency is automatically terminated by the death of the owner. However, we may continue to honor the transactions of the agent until: (a) we have received written notice or have actual knowledge of the termination of agency, and (b) we have a reasonable opportunity to act on that notice or knowledge. We may refuse to accept the designation of a convenience account agent.

**In Georgia, AUTHORIZED SIGNER (Individual Accounts only) -** A single individual is the owner. The authorized signer is merely designated to conduct transactions on the owner's behalf. The owner does not give up any rights to act on the account, and the authorized signer may not in any manner affect the rights of the owner or beneficiaries, if any, other than by withdrawing funds from the account. The owner is responsible for any transactions of the authorized signer. We undertake no obligation to monitor transactions to determine that they are on the owner's behalf.

The owner may terminate the authorization at any time, and the authorization is automatically terminated by the death of the owner. However, we may continue to honor the transactions of the authorized signer until: (a) we have received written notice or have actual knowledge of the termination of authority, and (b) we have a reasonable opportunity to act on that notice or knowledge. We may refuse to accept the designation of an authorized signer.

**In Tennessee, ADDITIONAL AUTHORIZED SIGNATORY (Individual Accounts only) -** A single individual is the owner. The additional authorized signatory is merely designated to conduct transactions on the owner's behalf. The owner does not give up any rights to act on the account, and the additional authorized signatory may not in any manner affect the rights of the owner or beneficiaries, if any, other than by withdrawing funds from the account. The owner is responsible for any transactions of the additional authorized signatory. We undertake no obligation to monitor transactions to determine that they are on the owner's behalf.

The owner may terminate the authorization at any time, and the authorization is automatically terminated by the death of the owner. However, we may continue to honor the transactions of the additional authorized signatory until: (a) we have received written notice or have actual knowledge of the termination of authority, and (b) we have a reasonable opportunity to act on that notice or knowledge. We may refuse to accept the designation of an additional authorized signatory.

**RESTRICTIVE LEGENDS OR INDORSEMENTS -** The automated processing of the large volume of checks we receive prevents us from inspecting or looking for restrictive legends, restrictive indorsements or other special instructions on every check. Examples of restrictive legends placed on checks are "must be presented within 90 days" or "not valid for more than $1,000.00." The payee's signature accompanied by the words "for deposit only" is an example of a restrictive indorsement. For this reason, we are not required to honor any restrictive legend or indorsement or other special instruction placed on checks you write unless we have agreed in writing to the restriction or instruction. Unless we have agreed in writing, we are not responsible for any losses, claims, damages, or expenses that result from your placement of these restrictions or instructions on your checks.

**CHECK PROCESSING -** We process items mechanically by relying solely on the information encoded in magnetic ink along the bottom of the items. This means that we do not individually examine all of your items to determine if the item is properly completed, signed and indorsed or to determine if it contains any information other than what is encoded in magnetic ink. You agree that we have exercised ordinary care if our automated processing is consistent with general banking practice, even though we do not inspect each item. Because we do not inspect each item, if you write a check to multiple payees, we can properly pay the check regardless of the number of indorsements unless you notify us in writing that the check requires multiple indorsements. We must receive the notice in time for us to have a reasonable opportunity to act on it, and you must tell us the precise date of the check, amount, check number and payee. We are not responsible for any unauthorized signature or alteration that would not be identified by a reasonable inspection of the item. Using an automated process helps us keep costs down for you and all account holders.

**CHECK CASHING -** We may charge a fee for anyone that does not have an account with us who is cashing a check, draft or other instrument written on your account. We may also require reasonable identification to cash such a check, draft or other instrument. We can decide what identification is reasonable under the circumstances and such identification may be documentary or physical and may include collecting a thumbprint or fingerprint.

**INDORSEMENTS -** We may accept for deposit any item payable to you or your order, even if they are not indorsed by you. We may give cash back to any one of you. We may supply any missing indorsement(s) for any item we accept for deposit or collection, and you warrant that all indorsements are genuine.

To ensure that your check or share draft is processed without delay, you must indorse it (sign it on the back) in a specific area. Your entire indorsement (whether a signature or a stamp) along with any other indorsement information (e.g. additional indorsements, ID information, driver's license number, etc.) must fall within 1½" of the "trailing edge" of a check. Indorsements must be made in blue or black ink, so that they are readable by automated check processing equipment.

As you look at the front of a check, the "trailing edge" is the left edge. When you flip the check over, be sure to keep all indorsement information within 1½" of that edge.



TRAILING EDGE                FRONT OF CHECK

YOUR INDORSEMENT MUST BE WITHIN THIS AREA

← 1 ½" →    Keep your indorsement out of this area.

BACK OF CHECK

It is important that you confine the indorsement information to this area since the remaining blank space will be used by others in the processing of the check to place additional needed indorsements and information. You agree that you will indemnify, defend, and hold us harmless for any loss, liability, damage or expense that occurs because your indorsement, another indorsement or information you have printed on the back of the check obscures our indorsement.

These indorsement guidelines apply to both personal and business checks.

**DEATH OR INCOMPETENCE -** You agree to notify us promptly if any person with a right to withdraw funds from your account(s) dies or is adjudicated (determined by the appropriate official) incompetent. We may continue to honor your checks, items, and instructions until: (a) we know of your death or adjudication of incompetence, and (b) we have had a reasonable opportunity to act on that knowledge. You agree that we may pay or certify checks drawn on or before the date of death or adjudication of incompetence for up to ten (10) days after your death or adjudication of incompetence unless ordered to stop payment by someone claiming an interest in the account.

**FIDUCIARY ACCOUNTS -** Accounts may be opened by a person acting in a fiduciary capacity. A fiduciary is someone who is appointed to act on behalf of and for the benefit of another. We are not responsible for the actions of a fiduciary, including the misuse of funds. This account may be opened and maintained by a person or persons named as a trustee under a written trust agreement, or as executors, administrators, or conservators under court orders. You understand that by merely opening such an account, we are not acting in the capacity of a trustee in connection with the trust nor do we undertake any obligation to monitor or enforce the terms of the trust or letters.

**CREDIT VERIFICATION -** You agree that we may verify credit and employment history by any necessary means, including preparation of a credit report by a credit reporting agency.

**LEGAL ACTIONS AFFECTING YOUR ACCOUNT -** If we are served with a subpoena, restraining order, writ of attachment or execution, levy, garnishment, search warrant, or similar order relating to your account (termed "legal action" in this section), we will comply with that legal action. Or, in our discretion, we may freeze the assets in the account and not allow any payments out of the account until a final court determination regarding the legal action. We may do these things even if the legal action involves less than all of you. In these cases, we will not have any liability to you if there are insufficient funds to pay your items because we have withdrawn funds from your account or in any way restricted access to your funds in accordance with the legal action. Any fees or expenses we incur in responding to any legal action (including, without limitation, attorneys' fees and our internal expenses) may be charged against your account. The list of fees applicable to your account(s) provided elsewhere may specify additional fees that we may charge for certain legal actions.

**SECURITY -** It is your responsibility to protect the account numbers and electronic access devices (e.g., an ATM card) we provide you for your account(s). Do not discuss, compare, or share information about your account number(s) with anyone unless you are willing to give them full use of your money. An account number can be used by thieves to issue an electronic debit or to encode your number on a false demand draft which looks like and functions like an authorized check. If you furnish your access device and grant actual authority to make transfers to another person (a family member or coworker, for example) who then exceeds that authority, you are liable for the transfers unless we have been notified that transfers by that person are no longer authorized.

Your account number can also be used to electronically remove money from your account, and payment can be made from your account even though you did not contact us directly and order the payment.

You must also take precaution in safeguarding your blank checks. Notify us at once if you believe your checks have been lost or stolen. As between you and us, if you are negligent in safeguarding your checks, you must bear the loss entirely yourself or share the loss with us (we may have to share some of the loss if we failed to use ordinary care and if we substantially contributed to the loss).

Except for consumer electronic funds transfers subject to Regulation E, you agree that if we offer you services appropriate for your account to help identify and limit fraud or other unauthorized transactions against your account, such as positive pay or commercially reasonable security procedures, and you reject those services, you will be responsible for any fraudulent or unauthorized transactions which could have been prevented by the services we offered, unless we acted in bad faith or to the extent our negligence contributed to the loss. If we offered you a commercially reasonable security procedure which you reject, you agree that you are responsible for any payment order, whether authorized or not, that we accept in compliance with an alternative security procedure that you have selected.

**TELEPHONIC INSTRUCTIONS -** Unless required by law or we have agreed otherwise in writing, we are not required to act upon instructions you give us via facsimile transmission or leave by voice mail or on a telephone answering machine.

**MONITORING AND RECORDING TELEPHONE CALLS AND CONSENT TO RECEIVE COMMUNICATIONS -** We may monitor or record phone calls for security reasons, to maintain a record and to ensure that you receive courteous and efficient service. You consent in advance to any such recording. We need not remind you of our recording before each phone conversation.

To provide you with the best possible service in our ongoing business relationship for your account, we may need to contact you about your account from time to time by telephone, text messaging or email. However, we must first obtain your consent to contact you about your account because we must comply with the consumer protection provisions in the federal Telephone Consumer Protection Act of 1991 (TCPA), CAN-SPAM Act and their related federal regulations and orders issued by the Federal Communications Commission (FCC).

- Your consent is limited to this account, and as authorized by applicable law and regulations.

- Your consent does not authorize us to contact you for telemarketing purposes (unless you otherwise agreed elsewhere).

With the above understandings, you authorize us to contact you regarding this account throughout its existence using any telephone numbers or email addresses that you have previously provided to us or that you may subsequently provide to us.

This consent is regardless of whether the number we use to contact you is assigned to a landline, a paging service, a cellular wireless service, a specialized mobile radio service, other radio common carrier service or any other service for which you may be charged for the call. You further authorize us to contact you through the use of voice, voice mail and text messaging, including the use of pre-recorded or artificial voice messages and an automated dialing device.

If necessary, you may change or remove any of the telephone numbers or email addresses at any time using any reasonable means to notify us.

**CLAIM OF LOSS -** If you claim a credit or refund because of a forgery, alteration, or any other unauthorized withdrawal, you agree to cooperate with us in the investigation of the loss, including giving us an affidavit containing whatever reasonable information we require concerning your account, the transaction, and the circumstances surrounding the loss. You will notify law enforcement authorities of any criminal act related to the claim of lost, missing, or stolen checks or unauthorized withdrawals. We will have a reasonable period of time to investigate the facts and circumstances surrounding any claim of loss. Unless we have acted in bad faith, we will not be liable for special or consequential damages, including loss of profits or opportunity, or for attorneys' fees incurred by you.

You agree that you will not waive any rights you have to recover your loss against anyone who is obligated to repay, insure, or otherwise reimburse you for your loss. You will pursue your rights or, at our option, assign them to us so that we may pursue them. Our liability will be reduced by the amount you recover or are entitled to recover from these other sources.

Debtor000128

**EARLY WITHDRAWAL PENALTIES (and involuntary withdrawals) -** We may impose early withdrawal penalties on a withdrawal from a time account even if you don't initiate the withdrawal. For instance, the early withdrawal penalty may be imposed if the withdrawal is caused by our setoff against funds in the account or as a result of an attachment or other legal process. We may close your account and impose the early withdrawal penalty on the entire account balance in the event of a partial early withdrawal. See your notice of penalty for early withdrawals for additional information.

**ADDRESS OR NAME CHANGES -** You are responsible for notifying us of any change in your address or your name. Unless we agree otherwise, change of address or name must be made in writing by at least one of the account holders. Informing us of your address or name change on a check reorder form is not sufficient. We will attempt to communicate with you only by use of the most recent address you have provided to us. If provided elsewhere, we may impose a service fee if we attempt to locate you.

**RESOLVING ACCOUNT DISPUTES -** We may place an administrative hold on the funds in your account (refuse payment or withdrawal of the funds) if it becomes subject to a claim adverse to (1) your own interest; (2) others claiming an interest as survivors or beneficiaries of your account; or (3) a claim arising by operation of law. The hold may be placed for such period of time as we believe reasonably necessary to allow a legal proceeding to determine the merits of the claim or until we receive evidence satisfactory to us that the dispute has been resolved. We will not be liable for any items that are dishonored as a consequence of placing a hold on funds in your account for these reasons.

**WAIVER OF NOTICES -** To the extent permitted by law, you waive any notice of non-payment, dishonor or protest regarding any items credited to or charged against your account. For example, if you deposit a check and it is returned unpaid or we receive a notice of nonpayment, we do not have to notify you unless required by federal Regulation CC or other law.

**ACH AND WIRE TRANSFERS -** This agreement is subject to Article 4A of the Uniform Commercial Code - Fund Transfers as adopted in the state in which you have your account with us. If you originate a fund transfer and you identify by name and number a beneficiary financial institution, an intermediary financial institution or a beneficiary, we and every receiving or beneficiary financial institution may rely on the identifying number to make payment. We may rely on the number even if it identifies a financial institution, person or account other than the one named. You agree to be bound by automated clearing house association rules. These rules provide, among other things, that payments made to you, or originated by you, are provisional until final settlement is made through a Federal Reserve Bank or payment is otherwise made as provided in Article 4A-403(a) of the Uniform Commercial Code. If we do not receive such payment, we are entitled to a refund from you in the amount credited to your account and the party originating such payment will not be considered to have paid the amount so credited. Credit entries may be made by ACH. If we receive a payment order to credit an account you have with us by wire or ACH, we are not required to give you any notice of the payment order or credit.

**FACSIMILE SIGNATURES -** Unless you make advance arrangements with us, we have no obligation to honor facsimile signatures on your checks or other orders. If we do agree to honor items containing facsimile signatures, you authorize us, at any time, to charge you for all checks, drafts, or other orders, for the payment of money, that are drawn on us. You give us this authority regardless of by whom or by what means the facsimile signature(s) may have been affixed so long as they resemble the facsimile signature specimen filed with us, and contain the required number of signatures for this purpose. You must notify us at once if you suspect that your facsimile signature is being or has been misused.

**TRUNCATION, SUBSTITUTE CHECKS, AND OTHER CHECK IMAGES -** If you truncate an original check and create a substitute check, or other paper or electronic image of the original check, you warrant that no one will be asked to make payment on the original check, a substitute check or any other electronic or paper image, if the payment obligation relating to the original check has already been paid. You also warrant that any substitute check you create conforms to the legal requirements and generally accepted specifications for substitute checks. You agree to retain the original check in conformance with our internal policy for retaining original checks. You agree to indemnify us for any loss we may incur as a result of any truncated check transaction you initiate. We can refuse to accept substitute checks that have not previously been warranted by a bank or other financial institution in conformance with the Check 21 Act. Unless specifically stated in a separate agreement between you and us, we do not have to accept any other electronic or paper image of an original check.

**REMOTELY CREATED CHECKS -** Like any standard check or draft, a remotely created check (sometimes called a telecheck, preauthorized draft or demand draft) is a check or draft that can be used to withdraw money from an account. Unlike a typical check or draft, however, a remotely created check is not issued by the paying bank and does not contain the signature of the account owner (or a signature purported to be the signature of the account owner). In place of a signature, the check usually has a statement that the owner authorized the check or has the owner's name typed or printed on the signature line.

You warrant and agree to the following for every remotely created check we receive from you for deposit or collection: (1) you have received express and verifiable authorization to create the check in the amount and to the payee that appears on the check; (2) you will maintain proof of the authorization for at least 2 years from the date of the authorization, and supply us the proof if we ask; and (3) if a check is returned you owe us the amount of the check, regardless of when the check is returned. We may take funds from your account to pay the amount you owe us, and if there are insufficient funds in your account, you still owe us the remaining balance.

**UNLAWFUL INTERNET GAMBLING NOTICE -** Restricted transactions as defined in Federal Reserve Regulation GG are prohibited from being processed through this account or relationship. Restricted transactions generally include, but are not limited to, those in which credit, electronic fund transfers, checks, or drafts are knowingly accepted by gambling businesses in connection with the participation by others in unlawful Internet gambling.

---

## NOTICE OF CHANGE IN VISA ZERO LIABILITY RULE

A change in the Visa Core Rules revises the circumstances under which you have zero liability for unauthorized electronic fund transfers. The change is highlighted in bold italics type in the next two sentences. Under the new Visa rule, you will not be liable for any transactions using a lost or stolen Visa card unless you have been *negligent* or engaged in fraud. Under the previous rule, you were not liable for any transaction using a lost or stolen Visa card unless you were *grossly negligent* or engaged in fraud. This change becomes effective 21 days after you receive this notice.

Whether conduct is negligent depends on the circumstances and is subject to interpretation. However, negligence is generally considered to be the failure to use such care as a reasonably prudent person would have exercised in a similar situation. Negligence is more careful conduct than gross negligence.

As a result of the Visa rule change, you have to use a higher degree of care to have zero liability for unauthorized transactions than you had to exercise under the previous Visa rule.

Here is the disclosure of your liability for unauthorized electronic fund transfers, effective 21 days after you receive this notice —

### UNAUTHORIZED TRANSFERS

**(a) Consumer liability.**

• *Generally.* Tell us AT ONCE if you believe your card and/or code has been lost or stolen, or if you believe that an electronic fund transfer has been made without your permission using information from your check. Telephoning is the best way of keeping your possible losses down. You could lose all the money in your account (plus your maximum overdraft line of credit). If you tell us within 2 business days after you learn of the loss or theft of your card and/or code, you can lose no more than $50 if someone used your card and/or code without your permission.

If you do NOT tell us within 2 business days after you learn of the loss or theft of your card and/or code, and we can prove we could have stopped someone from using your card and/or code without your permission if you had told us, you could lose as much as $500.

Also, if your statement shows transfers that you did not make, including those made by card, code or other means, tell us at once. If you do not tell us within 60 days after the statement was mailed to you, you may not get back any money you lost after the 60 days if we can prove that we could have stopped someone from taking the money if you had told us in time.

If a good reason (such as a long trip or a hospital stay) kept you from telling us, we will extend the time periods.

• *Additional Limit on Liability for Debit VISA® Card.* Unless you have been negligent or have engaged in fraud, you will not be liable for any unauthorized transactions using your lost or stolen Debit VISA® Card. This additional limit on liability does not apply to ATM transactions outside of the U.S., to ATM transactions not sent over Visa or Plus networks, or to transactions using your Personal Identification Number which are not processed by VISA®. Visa is a registered trademark of Visa International Service Association.

**(b) Contact in event of unauthorized transfer.** If you believe your card and/or code has been lost or stolen, call or write us at the telephone number or address listed below. You should also call the number or write to the address listed below if you believe a transfer has been made using the information from your check without your permission.

IBERIABANK

12719 CANTRELL ROAD, SUITE 103

LITTLE ROCK, AR 72223

Phone: 800-682-3231

200668917-010

© 2016 Wolters Kluwer Financial Services – Bankers Systems™ Form CN-TC-REGE 12/1/2016 Custom TCM-20t

Debtor000029

STATEMENT OF ACCOUNT

# IBERIABANK



TO PLO R
GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
005052  HOUSTON TX 77056

Date  4/28/17     Page   1
Account Number   *******8665



---------------------------- CHECKING ACCOUNT -------------------------------

**COMMERCIAL CHECKING ANALYSIS**                                       0
Account Number            *******8665   Statement Dates   4/03/17 thru  4/30/17
Previous Balance            27,852.03    Days this Statement Period        28
    5 Deposits/Credits     518,889.30    Average Ledger               46,794.32
    9 Checks/Debits        540,053.59    Average Collected            43,191.13
Service Charge                    .00
Interest Paid                     .00
Current Balance            6,687.74

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 4/04 | Remote DDA Deposit | 35,889.30 |
| 4/11 | Wire Transfer Credit | 60,000.00 |
|      | ARTHUR J BRASS | |
|      | 20170411K4QLE01C000552 | |
|      | 20170411MMQFMP9H000562 | |
|      | 04111540FT03 | |
| 4/14 | Wire Transfer Credit | 350,000.00 |
|      | ARTHUR J BRASS | |
|      | 20170414K4QLE01C000083 | |
|      | 20170414MMQFMP9H000215 | |
|      | 04141055FT03 | |
| 4/25 | Wire Transfer Credit | 8,000.00 |
|      | ARTHUR J BRASS | |
|      | 20170425K4QLE01C000534 | |
|      | 20170425MMQFMP9H000718 | |
|      | 04251602FT03 | |
| 4/26 | Remote DDA Deposit | 65,000.00 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

007295

Debtor000034

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE
## YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT
CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL | | |

Please examine immediately and report if incorrect. If no reply is
received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT          $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)          $ _____

## TOTAL          $ _____

## SUBTRACT—

CHECKS OUTSTANDING          $ _____

## BALANCE          $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your
check register all automatic transactions,
such as charges and interest earned, shown
on the front of this statement.

---



Member
**FDIC**

**In Case of Errors or Questions About Your Electronic Transfers**
TELEPHONE US AT: 1-800-682-3231 OR
WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299



EQUAL HOUSING
LENDER

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt.
We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.
We will investigate your complaint and will correct any error promptly. If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**
Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge." Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account. On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract. We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating). "New Balance" means the total outstanding balance of your account as of your billing cycle closing date which includes principal. If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account. If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting. Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**
If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, please give us the following information:
- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

Date  4/28/17     Page    2
Account Number   *******8665

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056



COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 4/12 | From DDA *8665,To DDA *8630,P/R 4-14-17 | 61,659.21- |
| 4/13 | From DDA *8665,To DDA *8630,401k | 5,884.47- |
| 4/13 | From DDA *8665,To DDA *8681,DK | 7,076.86- |
| 4/14 | Wire Transfer Debit | 283,264.78- |
|      | Rio Energy International, Inc | |
|      | 5718 Westheimer Suite 1806 | |
|      | Houston, Texas 77057 | |
|      | BQE NAT PARIS | |
|      | 20170414MMQFMP9H000756 | |
|      | 20170414B1Q8201C000239 | |
|      | 04141115FT03 | |
| 4/14 | P-CARD PMT IBERIA | 2,535.27- |
|      | CCD    GULF COAST ASPHALT CB | |
| 4/18 | From DDA *8665,To DDA *8681,A/P | 107,000.00- |
| 4/25 | Wire Transfer Debit | 332.53- |
|      | HOLMAN FENWICK WILLAN | |
|      | WELLSFARGO NY INTL | |
|      | 20170425MMQFMP9H000336 | |
|      | 20170425B6B7001C003029 | |
|      | 04251127FT03 | |
| 4/25 | Wire Transfer Debit | 8,000.00- |
|      | Perdido Supply & Trading | |
|      | 11 Greenway Plaza | |
|      | Suite 2950 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

007297

Debtor000089

STATEMENT OF ACCOUNT

# IBERIABANK

Date  4/28/17     Page   3
Account Number   *******8665

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056



COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
|      | Houston, Texas 77046 | |
|      | JPMCHASE TEXAS | |
|      | 20170425MMQFMP9H001081 | |
|      | 20170425B1QGC01R053562 | |
|      | 04251613FT03 | |
| 4/27 | From DDA *8665,To DDA *8630,P/ | 64,300.47- |
|      | R 4-28-17 | |

## Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 4/03 | 27,852.03 | 4/13 | 49,120.79 | 4/26 | 70,988.21 |
| 4/04 | 63,741.33 | 4/14 | 113,320.74 | 4/27 | 6,687.74 |
| 4/11 | 123,741.33 | 4/18 | 6,320.74 | | |
| 4/12 | 62,082.12 | 4/25 | 5,988.21 | | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

007298

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                                 Date  5/31/17     Page   1
          GULF COAST ASPHALT COMPANY LLC         Account Number   *******8665
          ASPHALT SALES ACCOUNT
          1990 POST OAK BLVD SUITE 2400
          HOUSTON TX 77056
```

```
          -------------------------- CHECKING ACCOUNT -------------------------------

          COMMERCIAL CHECKING ANALYSIS                                          0
          Account Number            *******8665   Statement Dates   5/01/17 thru 5/31/17
          Previous Balance             6,687.74   Days this Statement Period      31
              5 Deposits/Credits     637,585.66   Average Ledger          128,829.13
             18 Checks/Debits        506,437.54   Average Collected       128,750.79
          Service Charge                    .00
          Interest Paid                     .00
          Current Balance            137,835.86
```

```
                              Deposits and Additions
          Date    Description                         Amount
          5/01    Transfer Credit                 161,659.00
          5/18    Wire Transfer Credit             61,838.64
                  BNP PARIBAS U.S.A - NEW YORK B
                  NEW YORK,NY
                  UNITED STATES OF AMERICA
                  IC
                  20170518B1Q8201C002582
                  20170518MMQFMP9H000346
                  05181233FT03
          5/22    Remote DDA Deposit                2,428.70
          5/23    Wire Transfer Credit            250,000.00
                  ARTHUR J BRASS
                  ███████████████ -
                  20170523K4QLE01C000022
                  20170523MMQFMP9H000214
                  05231105FT01
          5/24    Wire Transfer Credit            161,659.32
                  BNP PARIBAS U.S.A - NEW YORK B
                  NEW YORK,NY
                  UNITED STATES OF AMERICA
                  INV. 14238 - IC
```

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor 000086

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE
## YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT
CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                    $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                             $ _____

## TOTAL                             $ _____

## SUBTRACT—

CHECKS OUTSTANDING                   $ _____

## BALANCE                           $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your
check register all automatic transactions,
such as charges and interest earned, shown
on the front of this statement.

---

**Member FDIC**

**In Case of Errors or Questions About Your Electronic Transfers**
**TELEPHONE US AT: 1-800-682-3231 OR**
**WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299**


**EQUAL HOUSING LENDER**

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**

Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge." Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account. On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract. We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating). "New Balance" means the total outstanding balance of your account on your billing cycle closing date which includes principal. If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account. If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting. Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In the letter, please give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

Date  5/31/17    Page    2
Account Number   *******8665

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
|      | 20170524B1Q8201C002635 | |
|      | 20170524MMQFMP9H000456 | |
|      | 05241340FTO1 | |

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 5/01 | Wire Transfer Debit | 3,000.00- |
|      | Finocchi & Associates | |
|      | 868 Marian Road | |
|      | Woodbury, N.J. 08096 | |
|      | WELLS FARGO NA | |
|      | 20170501MMQFMP9H001311 | |
|      | 20170501I1B7033R018503 | |
|      | 05011519FTO3 | |
| 5/01 | Wire Transfer Debit | 7,500.00- |
|      | John D Tomaszewski | |
|      | JPMCHASE TEXAS | |
|      | 20170501MMQFMP9H001307 | |
|      | 20170501B1QGC01R053928 | |
|      | 05011519FTO3 | |
| 5/01 | Wire Transfer Debit | 8,000.00- |
|      | Perdido Supply & Trading | |
|      | 11 Greenway Plaza | |
|      | Suite 2950 | |
|      | Houston, Texas 77046 | |
|      | JPMCHASE TEXAS | |
|      | 20170501MMQFMP9H001309 | |
|      | 20170501B1QGC01R053959 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000837

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date  5/31/17      Page    3
Account Number   *******8665

COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | 05011519FT03 | |
| 5/10 | From DDA *8665,To DDA *8630 | 66,222.13- |
| 5/12 | P-CARD PMT IBERIA | 1,533.45- |
| | CCD   GULF COAST ASPHALT CB | |
| 5/15 | From DDA *8665,To DDA *8630 | 8,047.95- |
| 5/16 | From DDA *8665,To DDA *8681,A/P | 4,000.00- |
| 5/22 | From DDA *8665,To DDA *8681 | 1,000.00- |
| 5/22 | From DDA *8665,To DDA *8681,AT&T | 2,200.00- |
| 5/23 | From DDA *8665,To DDA *8681 | 22,000.00- |
| 5/23 | From DDA *8665,To DDA *8630,P/R 5/26/17 | 73,641.75- |
| 5/23 | From DDA *8665,To DDA *8681,A/P | 148,094.36- |
| 5/24 | From DDA *8665,To DDA *8681 | 600.00- |
| 5/24 | From DDA *8665,To DDA *8681,A/P | 1,325.00- |
| 5/24 | From DDA *8665,To DDA *8681,Arc | 139,655.00- |
| 5/30 | From DDA *8665,To DDA *8681 | 2,854.60- |
| 5/30 | From DDA *8665,To DDA *8681 | 15,739.72- |
| 5/31 | From DDA *8665,To DDA *8681 | 1,023.58- |

## Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 5/01 | 149,846.74 | 5/16 | 70,043.21 | 5/24 | 157,453.76 |
| 5/10 | 83,624.61 | 5/18 | 131,881.85 | 5/30 | 138,859.44 |
| 5/12 | 82,091.16 | 5/22 | 131,110.55 | 5/31 | 137,835.86 |
| 5/15 | 74,043.21 | 5/23 | 137,374.44 | | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.
Debtor000088

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                         Date  6/30/17      Page    1
                                         Account Number   *******8665
     GULF COAST ASPHALT COMPANY LLC
     ASPHALT SALES ACCOUNT
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

```
-------------------------- CHECKING ACCOUNT --------------------------------

COMMERCIAL CHECKING ANALYSIS                                              0
Account Number              *******8665   Statement Dates  6/01/17 thru 7/02/17
Previous Balance             137,835.86   Days this Statement Period     32
     6 Deposits/Credits      476,359.32   Average Ledger            56,137.20
    23 Checks/Debits         608,190.89   Average Collected         46,303.45
Service Charge                      .00
Interest Paid                       .00
Current Balance               6,004.29
```

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 6/06 | Remote DDA Deposit | 14,700.00 |
| 6/07 | Remote DDA Deposit | 100,000.00 |
| 6/21 | Remote DDA Deposit | 50,000.00 |
| 6/21 | Wire Transfer Credit | 161,659.32 |
|      | BNP PARIBAS U.S.A - NEW YORK B | |
|      | NEW YORK,NY | |
|      | UNITED STATES OF AMERICA | |
|      | INV. 14277 - IC | |
|      | 20170621B1Q8201C002980 | |
|      | 20170621MMQFMP9H000482 | |
|      | 06211455FT01 | |
| 6/22 | Remote DDA Deposit | 75,000.00 |
| 6/28 | Deposit | 75,000.00 |

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 6/01 | Wire Transfer Debit | 7,500.00- |
|      | John D Tomaszewski | |



Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT
CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                    $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                             $ _____

## TOTAL                             $ _____

## SUBTRACT—

CHECKS OUTSTANDING                   $ _____

## BALANCE                           $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your check register all automatic transactions, such as charges and interest earned, shown on the front of this statement.

---



Member FDIC

### In Case of Errors or Questions About Your Electronic Transfers
### TELEPHONE US AT: 1-800-682-3231 OR
### WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299



EQUAL HOUSING LENDER

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**

Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge." Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account. On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract. We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating). "New Balance" means the total outstanding balance of your account (less any closing date which includes principal. If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account. If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting. Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, please give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC                    Date  6/30/17     Page    2
ASPHALT SALES ACCOUNT                             Account Number   *******8665
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
|  | Houston, Texas 77098 | |
|  | JPMCHASE TEXAS | |
|  | 20170601MMQFMP9H000308 | |
|  | 20170601B1QGC01R023289 | |
|  | 06011004FT01 | |
| 6/01 | Wire Transfer Debit | 8,000.00- |
|  | Perdido Supply & Trading | |
|  | ██████████ | |
|  | 11 Greenway Plaza | |
|  | Suite 2950 | |
|  | Houston, Texas 77046 | |
|  | JPMCHASE TEXAS | |
|  | 20170601MMQFMP9H000306 | |
|  | 20170601B1QGC01R023237 | |
|  | 06011004FT01 | |
| 6/01 | From DDA *8665,To DDA *8681 | 62,939.28- |
| 6/02 | From DDA *8665,To DDA *8681,A/P | 2,425.00- |
| 6/02 | From DDA *8665,To DDA *8681,Iberia CC | 5,480.54- |
| 6/02 | From DDA *8665,To DDA *6873 | 10,690.99- |
| 6/05 | DIRECT DBT   AL-DEPT OF REV | 50.00- |
|  | CCD   GULF COAST ASPHALT COM | |
| 6/08 | From DDA *8665,To DDA *8630,401k | 8,047.95- |
| 6/08 | From DDA *8665,To DDA *6873 | 9,206.15- |
| 6/09 | From DDA *8665,To DDA *8681 | 66,137.15- |
| 6/12 | From DDA *8665,To DDA *8681,J Brass | 14,700.00- |
| 6/14 | Wire Transfer Debit | 2,621.69- |
|  | Jason B Goldstein, Amy Goldste | |
|  | ██████████████████ | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                            Date  6/30/17    Page    3
GULF COAST ASPHALT COMPANY LLC              Account Number   *******8665
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
|      | IBERIABANK | |
|      | 20170614MMQFMP9H000892 | |
|      | 20170614MMQFMP9H000550 | |
|      | 06141504FTO1 | |
| 6/14 | P-CARD PMT IBERIA | 5,480.54- |
|      | CCD   GULF COAST ASPHALT CB | |
| 6/16 | From DDA *8665,To DDA *8681,A/P | 2,309.12- |
| 6/21 | From DDA *8665,To DDA *8630,P/R | 19,630.04- |
| 6/21 | From DDA *8665,To DDA *8630,P/R | 46,000.00- |
| 6/22 | From DDA *8665,To DDA *8681,A/P | 60,537.13- |
| 6/23 | From DDA *8665,To DDA *8630,401k | 7,972.95- |
| 6/23 | From DDA *8665,To DDA *8681,Arc | 139,605.00- |
| 6/26 | From DDA *8665,To DDA *8681,Amex | 50,000.00- |
| 6/27 | Chargeback | 75,000.00- |
| 6/29 | From DDA *8665,To DDA *8681,A/P | 1,857.36- |
| 6/30 | From DDA *8665,To DDA *8681 | 2,000.00- |

## Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 6/01 | 59,396.58 | 6/09 | 72,058.80 | 6/23 | 59,861.65 |
| 6/02 | 40,800.05 | 6/12 | 57,358.80 | 6/26 | 9,861.65 |
| 6/05 | 40,750.05 | 6/14 | 49,256.57 | 6/27 | 65,138.35- |
| 6/06 | 55,450.05 | 6/16 | 46,947.45 | 6/28 | 9,861.65 |
| 6/07 | 155,450.05 | 6/21 | 192,976.73 | 6/29 | 8,004.29 |
| 6/08 | 138,195.95 | 6/22 | 207,439.60 | 6/30 | 6,004.29 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

 TO PLO R
GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
009289   HOUSTON TX 77056

Date  7/31/17      Page      1
Account Number    *******8665

 Change in terms: Effective September 1, 2017, deposit accounts with no transaction activity and a zero balance for 30 consecutive days may be closed.

---------------------------- CHECKING ACCOUNT -------------------------------

**COMMERCIAL CHECKING ANALYSIS**                                                                   0
Account Number              *******8665   Statement Dates   7/03/17 thru 7/31/17
Previous Balance               6,004.29   Days this Statement Period        29
    2 Deposits/Credits       385,063.15   Average Ledger             97,522.09
   14 Checks/Debits          387,360.33   Average Collected          97,522.09
Service Charge                      .00
Interest Paid                       .00
Current Balance                3,707.11

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 7/05 | Wire Transfer Credit<br>ARTHUR J BRASS<br><br>20170705K4QLEO1C000597<br>20170705MMQFMP9H000669<br>07051548FT01 | 100,000.00 |
| 7/10 | Wire Transfer Credit<br>INVERSIONES TITANIO, S.R.L.<br>AV.L+PE DE VEGA NO.29, EDIF. N<br>CENTRO PISO 14, SUITE 1405<br>SANTO DOMINGO, REPUBLICA DOMIN<br>BANCO DOMINICANO DEL PROGRESO<br>FX ACCOUNT<br>SANTO DOMINGO, DOMINICAN REP.<br>/RFB/PAGO DE FLETE SEGUN FACTU<br><br>20170710B6B7001C007665<br>20170710MMQFMP9H000589<br>07101444FT01 | 285,063.15 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

005215

Debtor000043

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT
CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                       $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                                $ _____

## TOTAL                                $ _____

## SUBTRACT—

CHECKS OUTSTANDING                      $ _____

## BALANCE                              $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your check register all automatic transactions, such as charges and interest earned, shown on the front of this statement.

---


Member
**FDIC**

**In Case of Errors or Questions About Your Electronic Transfers**
**TELEPHONE US AT: 1-800-682-3231 OR**
**WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299**


EQUAL HOUSING
**LENDER**

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement  on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly.  If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**

Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits.  This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle.  This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge."  Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account.  On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract.  We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating).  "New Balance" means the total outstanding balance of your Account including principal.  If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account.  If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting.  Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible.  We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, please give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about.  You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# iBERIABANK

Date  7/31/17      Page      2
Account Number   *******8665

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056



COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 7/03 | Wire Transfer Debit<br>John D Tomaszewski | 540.00- |
|      | JPMCHASE TEXAS<br>20170703MMQFMP9H000643<br>20170703B1QGC01R042352<br>07031215FT01 | |
| 7/03 | Wire Transfer Debit<br>James David Hubenak | 665.00- |
|      | BK AMER NYC<br>20170703MMQFMP9H000638<br>20170703B6B7HU3R009560<br>07031215FT01 | |
| 7/05 | From DDA *8665,To DDA *8630,P/<br>R | 84,191.12- |
| 7/06 | Wire Transfer Debit<br>David Cutting | 1,200.00- |
|      | JPMCHASE TEXAS<br>20170706MMQFMP9H000027<br>20170706B1QGC01R008921<br>07060839FT01 | |
| 7/06 | Wire Transfer Debit<br>John D Tomaszewski | 7,500.00- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

005217

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date  7/31/17    Page    3
Account Number  *******8665



COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | JPMCHASE TEXAS<br>20170706MMQFMP9H000024<br>20170706B1QGC01R008884<br>07060838FT01 | |
| 7/06 | Wire Transfer Debit<br>Perdido Supply & Trading | 8,000.00- |
| | 11 Greenway Plaza<br>Suite 2950<br>Houston, Texas 77046<br>JPMCHASE TEXAS<br>20170706MMQFMP9H000018<br>20170706B1QGC01R008748<br>07060836FT01 | |
| 7/18 | From DDA *8665,To DDA *8681,A/P | 1,797.96- |
| 7/19 | From DDA *8665,To DDA *8681,A/P | 59,963.80- |
| 7/19 | From DDA *8665,To DDA *8630,Payroll | 68,292.73- |
| 7/19 | From DDA *8665,To DDA *8681,Arc | 139,605.00- |
| 7/27 | DIRECT DBT   AL-DEPT OF REV<br>CCD   GULF COAST ASPHALT COM | 50.00- |
| 7/27 | From DDA *8665,To DDA *8681 | 5,000.00- |
| 7/27 | From DDA *8665,To DDA *8630,401k | 7,972.95- |
| 7/31 | Wire Transfer Debit<br>FURNITURE BASIX LLP | 2,581.77- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

005218

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                        Date  7/31/17     Page     4
                                        Account Number   *******8665
GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056
```

 COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
|      | 1022 WURT ROAD | |
|      | HOUSTON, TX 77055 | |
|      | BRANCH BKING & TRU | |
|      | 20170731MMQFMP9H0O1779 | |
|      | 20170731E3QP021C006310 | |
|      | 07311610FT03 | |

### Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 7/03 | 4,799.29 | 7/10 | 288,971.32 | 7/27 | 6,288.88 |
| 7/05 | 20,608.17 | 7/18 | 287,173.36 | 7/31 | 3,707.11 |
| 7/06 | 3,908.17 | 7/19 | 19,311.83 | | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                              Date  8/31/17     Page    1
                                              Account Number    *******8665
     GULF COAST ASPHALT COMPANY LLC
     ASPHALT SALES ACCOUNT
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

-------------------------- **CHECKING ACCOUNT** -------------------------------

**COMMERCIAL CHECKING ANALYSIS**                                              1

```
Account Number              *******8665   Statement Dates   8/01/17 thru  8/31/17
Previous Balance              3,707.11    Days this Statement Period          31
    8 Deposits/Credits    3,350,508.48    Average Ledger              759,214.82
   24 Checks/Debits       1,464,553.64    Average Collected           759,099.97
Service Charge                     .00
Interest Paid                      .00
Current Balance           1,889,661.95
```

## Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 8/01 | Transfer Credit | 15,000.00 |
| 8/03 | Wire Transfer Credit | 15,000.00 |
|      | ARTHUR J BRASS | |
|      | 20170803K4QLE01C000078 | |
|      | 20170803MMQFMP9H000207 | |
|      | 08031054FT03 | |
| 8/04 | Wire Transfer Credit | 139,605.00 |
|      | VITOL INC NY OP | |
|      | 2925 RICHMOND AVE, 11TH FLOOR | |
|      | HOUSTON TX 77098- | |
|      | D1855791 O INV.P1743683 Y INV. | |
|      | 20170804B1QGC06C011750 | |
|      | 20170804MMQFMP9H000731 | |
|      | 08041632FT03 | |
| 8/04 | Wire Transfer Credit | 139,605.00 |
|      | VITOL INC NY OP | |
|      | 2925 RICHMOND AVE, 11TH FLOOR | |
|      | HOUSTON TX 77098- | |
|      | D1855791 O INV.P1743686 Y INV. | |
|      | 20170804B1QGC08C024918 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                    $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                              $ _____

## TOTAL                              $ _____

## SUBTRACT—

CHECKS OUTSTANDING                    $ _____

## BALANCE                            $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your check register all automatic transactions, such as charges and interest earned, shown on the front of this statement.



Member FDIC

### In Case of Errors or Questions About Your Electronic Transfers
### TELEPHONE US AT: 1-800-682-3231 OR
### WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299



EQUAL HOUSING LENDER

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**

Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge." Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your advances. On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract. We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating). "New Balance" means the total outstanding balance of your account (plus any closing date which includes principal. If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account. If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting. Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In the letter, please give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                        Date  8/31/17     Page     2
    GULF COAST ASPHALT COMPANY LLC      Account Number   *******8665
    ASPHALT SALES ACCOUNT
    1990 POST OAK BLVD SUITE 2400
    HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
|      | 20170804MMQFMP9H000732 |  |
|      | 08041632FTO3 |  |
| 8/16 | Wire Transfer Credit | 1,512,082.31 |
|      | SEMMATERIALS MEXICO S DE RL CV |  |
|      | PRIVADA UNIVERSIDAD 3CARRETERA |  |
|      | DERAL PUEBLA ATLIXCO |  |
|      | MX/PUEBLA PUEBLA CP 72820 |  |
|      | BBVA BANCOMER S.A., INSTITUCIO |  |
|      | AV PASEO DE LA REFORMA 510 PIS |  |
|      | COL JUAREZ DEL CUAUHTEMOC |  |
|      | MEXICO DF MEXICO 06600- |  |
|      | 20170816B1QGC08C014431 |  |
|      | 20170816MMQFMP9H000218 |  |
|      | 08161051FTO3 |  |
| 8/24 | Remote DDA Deposit | 356.59 |
| 8/25 | Remote DDA Deposit | 1,068.00 |
| 8/25 | Wire Transfer Credit | 1,527,791.58 |
|      | RAIFFEISEN BANK INTERNATIONAL |  |
|      | AM STADTPARK 9 |  |
|      | VIENNA, AUSTRIA 1030 |  |
|      | 14383 IBEAUS44 |  |
|      | 20170825B6B7HU3R005824 |  |
|      | 20170825MMQFMP9H000304 |  |
|      | 08251036FTO3 |  |

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 8/01 | Wire Transfer Debit | 7,500.00- |
|      | John D Tomaszewski |  |
|      | JPMCHASE TEXAS |  |
|      | 20170801MMQFMP9H000099 |  |
|      | 20170801B1QGC01R014414 |  |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                          Date  8/31/17     Page     3
    GULF COAST ASPHALT COMPANY LLC        Account Number    *******8665
    ASPHALT SALES ACCOUNT
    1990 POST OAK BLVD SUITE 2400
    HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665  (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
|      | 08010909FT03 | |
| 8/01 | Wire Transfer Debit | 8,000.00- |
|      | Perdido Supply & Trading | |
|      | 11 Greenway Plaza | |
|      | Suite 2950 | |
|      | Houston, Texas 77046 | |
|      | JPMCHASE TEXAS | |
|      | 20170801MMQFMP9H0001O1 | |
|      | 20170801B1QGC01R014436 | |
|      | 08010910FT03 | |
| 8/03 | From DDA *8665,To DDA *8681 | 15,000.00- |
| 8/04 | Wire Transfer Debit | 15,000.00- |
|      | Arthur J Brass | |
|      | IBC LAREDO | |
|      | 20170804MMQFMP9H001567 | |
|      | 20170804K4QLE01C001391 | |
|      | 08041638FT03 | |
| 8/04 | Payment    ATT | 4,147.00- |
|      | WEB | |
| 8/04 | From DDA *8665,To DDA *8681 | 165,000.00- |
| 8/07 | Wire Transfer Debit | 15,000.00- |
|      | Arthur J Brass | |
|      | IBC LAREDO | |
|      | 20170807MMQFMP9H000146 | |
|      | 20170807K4QLE01C000156 | |
|      | 08070943FT03 | |
| 8/08 | From DDA *8665,To DDA *8681,He | 29,722.73- |
|      | alth & Life Ins | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000052

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date  8/31/17    Page    4
Account Number   *******8665

COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 8/10 | Wire Transfer Debit<br>Arthur J Brass<br><br>IBC LAREDO<br>20170810MMQFMP9H001028<br>20170810K4QLE01C000987<br>08101606FT03 | 5,000.00- |
| 8/16 | Wire Transfer Debit<br>GENERAL OIL CO., INC.<br><br>REGIONS BANK<br>K LAZCANO<br>INVOICE 2017-<br>00077<br>20170816MMQFMP9H001221<br>20170816F2QCZ00C004347<br>08161705FT03 | 183,000.00- |
| 8/16 | From DDA *8665,To DDA *8681,A/P | 5,000.00- |
| 8/16 | From DDA *8665,To DDA *6873 | 10,000.00- |
| 8/16 | From DDA *8665,To DDA *8630,P/R 8-18-17 | 79,025.00- |
| 8/18 | From DDA *8665,To DDA *8681 | 500.00- |
| 8/21 | From DDA *8665,To DDA *8630 | 94.83- |
| 8/21 | From DDA *8665,To DDA *8630 | 6,787.69- |
| 8/22 | From DDA *8665,To DDA *8681,A/P | 2,103.33- |
| 8/22 | Checking Withdrawal | 45,000.00- |
| 8/22 | From DDA *8665,To DDA *8681,A/P | 199,037.22- |
| 8/23 | Wire Transfer Debit<br>A.J. Brass | 10,000.00- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000053

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                        Date  8/31/17    Page      5
GULF COAST ASPHALT COMPANY LLC          Account Number   *******8665
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | ▮▮▮▮▮▮ | |
| | IBC Bank | |
| | K LAZCANO/A TOWNSEND | |
| | TRANSFER | |
| | 20170823MMQFMP9H000274 | |
| | 20170823K4QLE01C000228 | |
| | 08231043FT03 | |
| 8/23 | Wire Transfer Debit | 582,737.02- |
| | Byer Builderss | |
| | ▮▮▮▮▮▮ | |
| | Wells Fargo | |
| | K LAZCANO | |
| | TRANSFER | |
| | 20170823MMQFMP9H000310 | |
| | 20170823I1B7033R006732 | |
| | 08231059FT03 | |
| 8/24 | Payment      ATT | 2,481.47- |
| | CCD   TemporaryAccountName | |
| 8/24 | From DDA *8665,To DDA *8630,P/ | 74,174.60- |
| | R 9-1-17 | |
| 8/28 | Wire Transfer Debit | 242.75- |
| | James David Hubenak | |
| | ▮▮▮▮▮▮ | |
| | BK AMER NYC | |
| | 20170828MMQFMP9H000281 | |
| | 20170828B6B7HU2R004550 | |
| | 08281109FT03 | |

## Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 8/01 | 3,207.11 | 8/04 | 98,270.11 | 8/08 | 53,547.38 |
| 8/03 | 3,207.11 | 8/07 | 83,270.11 | 8/10 | 48,547.38 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                            Date  8/31/17    Page    6
        GULF COAST ASPHALT COMPANY LLC      Account Number   *******8665
        ASPHALT SALES ACCOUNT
        1990 POST OAK BLVD SUITE 2400
        HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 8/16 | 1,283,604.69 | 8/22 | 1,030,081.62 | 8/25 | 1,889,904.70 |
| 8/18 | 1,283,104.69 | 8/23 | 437,344.60 | 8/28 | 1,889,661.95 |
| 8/21 | 1,276,222.17 | 8/24 | 361,045.12 | | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

# iBERIABANK

Account Number    *******8665

Page 7





08/22/17    $45000.00

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                              Date  9/29/17     Page    1
      GULF COAST ASPHALT COMPANY LLC          Account Number   *******8665
      ASPHALT SALES ACCOUNT
      1990 POST OAK BLVD SUITE 2400
      HOUSTON TX 77056
```

```
-------------------------- CHECKING ACCOUNT ------------------------------
```

```
COMMERCIAL CHECKING ANALYSIS                                            0
Account Number              *******8665   Statement Dates  9/01/17 thru 10/01/17
Previous Balance          1,889,661.95    Days this Statement Period      31
     5 Deposits/Credits      458,684.32   Average Ledger          464,666.38
    25 Checks/Debits       2,327,946.10   Average Collected       464,423.34
Service Charge                     .00
Interest Paid                      .00
Current Balance             20,400.17
```

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 9/05 | Wire Transfer Credit | 41,687.50 |
|      | SEMMATERIALS MEXICO S DE RL CV | |
|      | PRIVADA UNIVERSIDAD 3CARRETERA | |
|      | DERAL PUEBLA ATLIXCO | |
|      | MX/PUEBLA PUEBLA CP 72820 | |
|      | BBVA BANCOMER S.A., INSTITUCIO | |
|      | AV PASEO DE LA REFORMA 510 PIS | |
|      | COL JUAREZ DEL CUAUHTEMOC | |
|      | MEXICO DF MEXICO 06600- | |
|      | 20170905B1QGC02C006344 | |
|      | 20170905MMQFMP9H000405 | |
|      | 09051245FT03 | |
| 9/07 | Wire Transfer Credit | 11,870.00 |
|      | THE TICKET EXPERIENCE LLC | |
|      | DBA EVENTELLECT MASTER BILLING | |
|      | 3311 WEST ALABAMA,SUITE 200 | |
|      | HOUSTON, TX | |
|      | 20170907B6B7HU3R012951 | |
|      | 20170907MMQFMP9H000690 | |
|      | 09071637FT03 | |
| 9/21 | Wire Transfer Credit | 47,592.58 |
|      | GULF COAST ASPHALT COMPANY LLC | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000057

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE YOUR BANK STATEMENT

**CHECKS OUTSTANDING-NOT CHARGED TO ACCOUNT**

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                    $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                              $ _____

## TOTAL                              $ _____

## SUBTRACT—

CHECKS OUTSTANDING                    $ _____

## BALANCE                            $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your check register all automatic transactions, such as charges and interest earned, shown on the front of this statement.



**Member FDIC**

### In Case of Errors or Questions About Your Electronic Transfers
**TELEPHONE US AT: 1-800-682-3231 OR**
**WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299**



**EQUAL HOUSING LENDER**

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**

Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge." Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your advances. On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract. We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating). "New Balance" means the total outstanding balance of your account on your billing cycle closing date which includes principal. If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account. If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting. Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In the letter, please give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                        Date  9/29/17    Page    2
    GULF COAST ASPHALT COMPANY LLC      Account Number   *******8665
    ASPHALT SALES ACCOUNT
    1990 POST OAK BLVD SUITE 2400
    HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| | ████████████ | |
| | 20170921B1Q8021C020185 | |
| | 20170921MMQFMP9H000250 | |
| | 09211117FTO3 | |
| 9/26 | Deposit | 7,534.24 |
| 9/27 | Wire Transfer Credit | 350,000.00 |
| | GULF COAST ASPHALT COMPANY LLC | |
| | 1990 POST OAK BLVD | |
| | 24TH FLOOR | |
| | HOUSTON TX 770563818 | |
| | 20170927B1Q8021C032912 | |
| | 20170927MMQFMP9H000794 | |
| | 09271659FTO3 | |

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 9/01 | Wire Transfer Debit | 7,500.00- |
| | John D Tomaszewski | |
| | ████████████ | |
| | JPMCHASE TEXAS | |
| | 20170901MMQFMP9H000080 | |
| | 20170901B1QGC01R011805 | |
| | 09010824FTO3 | |
| 9/01 | Wire Transfer Debit | 8,000.00- |
| | Perdido Supply & Trading | |
| | ██████ | |
| | 11 Greenway Plaza | |
| | Suite 2950 | |
| | Houston, Texas 77046 | |
| | JPMCHASE TEXAS | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                          Date  9/29/17     Page     3
    GULF COAST ASPHALT COMPANY LLC        Account Number   *******8665
    ASPHALT SALES ACCOUNT
    1990 POST OAK BLVD SUITE 2400
    HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665  (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | 20170901MMQFMP9H000078 | |
| | 20170901B1QGC01R011782 | |
| | 09010824FT03 | |
| 9/06 | From DDA *8665,To DDA *8681 | 51,000.00- |
| 9/07 | Wire Transfer Debit | 10,000.00- |
| | Joyce Mericle Brass | |
| | JPMCHASE TEXAS | |
| | 20170907MMQFMP9H001185 | |
| | 20170907B1QGC01R055289 | |
| | 09071602FT03 | |
| 9/08 | Wire Transfer Debit | 1,690,065.00- |
| | Shell Oil Products US | |
| | 777 Walker Street | |
| | Houston, Texas 77002 | |
| | CITIBANK NYC | |
| | 20170908MMQFMP9H000358 | |
| | 20170908B1Q8021R013286 | |
| | 09081055FT03 | |
| 9/11 | Wire Transfer Debit | 37,000.00- |
| | Arthur J Brass | |
| | IBC LAREDO | |
| | 20170911MMQFMP9H000041 | |
| | 20170911K4QLE01C000184 | |
| | 09110926FT03 | |
| 9/12 | Wire Transfer Debit | 10,000.00- |
| | Arthur J Brass | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                         Date  9/29/17     Page     4
    GULF COAST ASPHALT COMPANY LLC       Account Number   *******8665
    ASPHALT SALES ACCOUNT
    1990 POST OAK BLVD SUITE 2400
    HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS         *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | ▮▮▮▮▮▮▮▮▮▮ | |
| | IBC LAREDO | |
| | 20170912MMQFMP9H000024 | |
| | 20170912K4QLE01C000152 | |
| | 09120901FT03 | |
| 9/12 | From DDA *8665,To DDA *8681 | 3,405.68- |
| 9/12 | From DDA *8665,To DDA *8681,CC payment | 6,520.67- |
| 9/12 | From DDA *8665,To DDA *8630,P/R 9-15-17 | 74,175.00- |
| 9/14 | Wire Transfer Debit Arthur J Brass | 1,750.00- |
| | ▮▮▮▮▮▮▮▮▮▮ | |
| | IBC LAREDO | |
| | 20170914MMQFMP9H000651 | |
| | 20170914K4QLE01C000750 | |
| | 09141417FT03 | |
| 9/15 | From DDA *8665,To DDA *8681,CC | 1,691.80- |
| 9/15 | From DDA *8665,To DDA *8630,P/R | 6,823.83- |
| 9/18 | Wire Transfer Debit Arthur J Brass | 11,500.00- |
| | ▮▮▮▮▮▮▮▮▮▮ | |
| | IBC LAREDO | |
| | 20170918MMQFMP9H000116 | |
| | 20170918K4QLE01C000161 | |
| | 09180942FT03 | |
| 9/19 | From DDA *8665,To DDA *8681,A/P | 66.00- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000061

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
ASPHALT SALES ACCOUNT
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

```
Date  9/29/17   Page    5
Account Number  *******8665
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 9/21 | From DDA *8665,To DDA *8681,Service Charges | 826.55- |
| 9/21 | From DDA *8665,To DDA *8630,401k | 1,018.82- |
| 9/22 | From DDA *8665,To DDA *8681,A/P | 58,000.00- |
| 9/25 | Payment    ATT<br>CCD   TemporaryAccountName | 1,958.48- |
| 9/27 | From DDA *8665,To DDA *8630 | 82,866.72- |
| 9/27 | From DDA *8665,To DDA *8681 | 217,336.05- |
| 9/28 | Wire Transfer Debit<br>Joseph A. Mattingly<br>██████████<br>IBERIABANK<br>20170928MMQFMP9H000130<br>20170928MMQFMP9H000201<br>09280947FTO3 | 45,841.50- |
| 9/28 | From DDA *8665,To DDA *8681 | 500.00- |
| 9/29 | DIRECT DBT   AL-DEPT OF REV<br>CCD   GULF COAST ASPHALT COM | 50.00- |
| 9/29 | DIRECT DBT   AL-DEPT OF REV<br>CCD   GULF COAST ASPHALT COM | 50.00- |

## Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 9/01 | 1,874,161.95 | 9/12 | 45,553.10 | 9/22 | 11,468.68 |
| 9/05 | 1,915,849.45 | 9/14 | 43,803.10 | 9/25 | 9,510.20 |
| 9/06 | 1,864,849.45 | 9/15 | 35,287.47 | 9/26 | 17,044.44 |
| 9/07 | 1,866,719.45 | 9/18 | 23,787.47 | 9/27 | 66,841.67 |
| 9/08 | 176,654.45 | 9/19 | 23,721.47 | 9/28 | 20,500.17 |
| 9/11 | 139,654.45 | 9/21 | 69,468.68 | 9/29 | 20,400.17 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000062

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                          Date 10/31/17      Page    1
                                          Account Number    *******8665
GULF COAST ASPHALT COMPANY LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056
```

```
------------------------ CHECKING ACCOUNT -----------------------------

COMMERCIAL CHECKING ANALYSIS                                            0
Account Number              *******8665   Statement Dates  10/02/17 thru 10/31/17
Previous Balance             20,400.17    Days this Statement Period        30
    6 Deposits/Credits    5,188,971.24    Average Ledger           1,641,968.31
   25 Checks/Debits       1,877,546.85    Average Collected        1,597,186.21
Service Charge                     .00
Interest Paid                      .00
Current Balance           3,331,824.56
```

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
| 10/02 | Wire Transfer Credit | 1,159,580.75 |
| | VALT ASPHALT SARL | |
| | P.O. BOX 384 GENEVA    1211 GEN | |
| | BANK OF AMERICA, N.A. LONDON | |
| | 2 KING EDWARD ST. | |
| | LONDON,GB EC1A 1HQ | |
| | 20171002B6B7HU2RO03665 | |
| | 20171002MMQFMP9H000032 | |
| | 10020536FT03 | |
| 10/06 | Deposit | 335,865.75 |
| 10/10 | Wire Transfer Credit | 1,437,426.08 |
| | INVERSIONES TITANIO, S.R.L. | |
| | AV.L+PE DE VEGA NO.29, EDIF. N | |
| | CENTRO PISO 14, SUITE 1405 | |
| | BANCO DOMINICANO DEL PROGRESO | |
| | FX ACCOUNT | |
| | SANTO DOMINGO, DOMINICAN REP. | |
| | /RFB/PAGO DE FLETE SEGUN FACTU | |
| | 20171010B6B7001C002381 | |
| | 20171010MMQFMP9H000077 | |
| | 10100647FT03 | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000063

# IBERIABANK

## THIS FORM IS PROVIDED TO HELP YOU BALANCE YOUR BANK STATEMENT

| CHECKS OUTSTANDING-NOT CHARGED TO ACCOUNT | | |
|---|---|---|
| No. | $ | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL | | |

Please examine immediately and report if incorrect. If no reply is received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT            $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                    $ _____

## TOTAL                    $ _____

## SUBTRACT—

CHECKS OUTSTANDING          $ _____

## BALANCE                  $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your check register all automatic transactions, such as charges and interest earned, shown on the front of this statement.



**Member FDIC**

### In Case of Errors or Questions About Your Electronic Transfers
TELEPHONE US AT: 1-800-682-3231 OR
WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299



EQUAL HOUSING LENDER

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**

Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance. We then add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the billing cycle. The result is the dollar figure shown on your statement as "Finance Charge." Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account. On the closing date of your billing cycle, we will calculate the amount of your minimum payment due as per your original contract. We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have written to us to dispute that we are currently investigating). "New Balance" means the total outstanding balance of your line of credit closing date which includes principal. If the New Balance is less than or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically deducted from your checking account. If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed to the address shown on the statement, Attn.: Loan Accounting. Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In the letter, please give us the following information:
- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC                  Date 10/31/17      Page      2
1990 POST OAK BLVD SUITE 2400                    Account Number    *******8665
HOUSTON TX 77056

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

**Deposits and Additions**

| Date  | Description | Amount |
|-------|-------------|--------|
| 10/27 | Wire Transfer Credit | 653,329.46 |
|       | VALT ASPHALT SARL | |
|       | P.O. BOX 384 GENEVA   1211 GEN | |
|       | BANK OF AMERICA, N.A. LONDON | |
|       | 2 KING EDWARD ST. | |
|       | LONDON,GB EC1A 1HQ | |
|       | 20171027B6B7HU2R002766 | |
|       | 20171027MMQFMP9H000053 | |
|       | 10270526FTO3 | |
| 10/27 | Wire Transfer Credit | 1,555,936.20 |
|       | GUNVOR SA | |
|       | RUE DU RHONE 80-84 | |
|       | 1204 GENEVE | |
|       | BQE INTL DE COMMERCE   BRED  S | |
|       | SA | |
|       | 1 PLACE LONGEMALLE | |
|       | GENEVA, 1204, CHE | |
|       | INVOICE 14462 | |
|       | 6198.949SHORT TONS OF ASPHALT | |
|       | SHIPPED ON BOARD MV 'IVER BLES | |
|       | IMO9588287 | |
|       | 20171027B1Q8181C000752 | |
|       | 20171027MMQFMP9H000635 | |
|       | 10271234FTO3 | |
| 10/31 | Wire Transfer Credit | 46,833.00 |
|       | THE TICKET EXPERIENCE LLC | |
|       | DBA EVENTELLECT MASTER BILLING | |
|       | 3311 WEST ALABAMA,SUITE 200 | |
|       | HOUSTON, TX | |
|       | 20171031B6B7HU2R015232 | |
|       | 20171031MMQFMP9H000976 | |
|       | 10311427FTO3 | |

**Withdrawals and Deductions**

| Date  | Description | Amount |
|-------|-------------|--------|
| 10/02 | Wire Transfer Debit | 7,500.00- |
|       | John D Tomaszewski | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC                    Date 10/31/17      Page      3
1990 POST OAK BLVD SUITE 2400                     Account Number   *******8665
HOUSTON TX 77056

---

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | ████████████ | |
| | JPMCHASE TEXAS | |
| | 20171002MMQFMP9H000042 | |
| | 20171002B1QGC01R010833 | |
| | 10020802FT03 | |
| 10/02 | Wire Transfer Debit | 11,444.04- |
| | Perdido Supply & Trading | |
| | ████████ | |
| | 11 Greenway Plaza | |
| | Suite 2950 | |
| | Houston, Texas 77046 | |
| | JPMCHASE TEXAS | |
| | 20171002MMQFMP9H000004 | |
| | 20171002B1QGC01R010734 | |
| | 10020801FT03 | |
| 10/02 | Wire Transfer Debit | 33,000.00- |
| | Perdido Supply & Trading | |
| | ████████ | |
| | 11 Greenway Plaza | |
| | Suite 2950 | |
| | Houston, Texas 77046 | |
| | JPMCHASE TEXAS | |
| | 20171002MMQFMP9H000064 | |
| | 20171002B1QGC01R010960 | |
| | 10020803FT03 | |
| 10/02 | Wire Transfer Debit | 107,137.23- |
| | Shell Oil Products US | |
| | ████████ | |
| | 777 Walker Street | |
| | Houston, Texas 77002 | |

---

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

Date 10/31/17     Page     4
Account Number     *******8665

GULF COAST ASPHALT COMPANY LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | CITIBANK NYC | |
| | 20171002MMQFMP9H000023 | |
| | 20171002B1Q8021R007740 | |
| | 10020802FTO3 | |
| 10/02 | From DDA *8665,To DDA *8681 | 208,504.25- |
| 10/04 | From DDA *8665,To DDA *8681,Nicolas, C Expenses | 1,015.40- |
| 10/04 | From DDA *8665,To DDA *8681,YPO | 6,500.00- |
| 10/04 | From DDA *8665,To DDA *8681,Bloomberg | 7,083.10- |
| 10/04 | From DDA *8665,To DDA *8681,A/P | 63,486.58- |
| 10/04 | From DDA *8665,To DDA *8630,Payroll 10/13/17 | 79,092.41- |
| 10/06 | Wire Transfer Debit | 1,000.83- |
| | John D Tomaszewski | |
| | JPMCHASE TEXAS | |
| | 20171006MMQFMP9H000877 | |
| | 20171006B1QGC01R039149 | |
| | 10061336FTO3 | |
| 10/06 | Wire Transfer Debit | 100,000.00- |
| | SANDRA BRASS | |
| | WELLS FARGO NA | |
| | 20171006MMQFMP9H001161 | |
| | 20171006I1B7031R016145 | |
| | 10061457FTO3 | |
| 10/06 | From DDA *8665,To DDA *8681,Iberia CC | 2,921.97- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                              Date 10/31/17    Page    5
     GULF COAST ASPHALT COMPANY LLC           Account Number   *******8665
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 10/06 | From DDA *8665,To DDA *8673,Clark A/R | 335,865.75- |
| 10/10 | Wire Transfer Debit<br>Joseph A. Mattingly<br><br>IBERIABANK<br>20171010MMQFMP9H001782<br>20171010MMQFMP9H000931<br>10101651FTO3 | 49,998.57- |
| 10/11 | Wire Transfer Debit<br>Kraton Polymers U.S. LLC<br><br>15710 John F. Kennedy Blvd<br>Suite 300<br>Houston, Texas 77032<br>BK AMER NYC<br>20171011MMQFMP9H000558<br>20171011B6B7HU4R007707<br>10111301FTO3 | 49,207.18- |
| 10/11 | From DDA *8665,To DDA *8681 | 25,000.00- |
| 10/13 | Wire Transfer Debit<br>A J Brass<br><br>IBC Bank<br>TRANSFER<br>20171013MMQFMP9H000523<br>20171013K4QLE01C000473<br>10131153FTO3 | 150,000.00- |
| 10/18 | From DDA *8665,To DDA *8630,P/R 10/27 & 11/10/17 | 136,820.25- |
| 10/19 | Wire Transfer Debit<br>SANDRA BRASS | 100,000.00- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                          Date 10/31/17     Page     6
     GULF COAST ASPHALT COMPANY LLC       Account Number   *******8665
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS        *******8665  (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | WELLS FARGO NA<br>20171019MMQFMP9H000519<br>20171019I1B7032R009388<br>10191209FT03 | |
| 10/19 | Wire Transfer Debit<br>Joyce Mericle Brass | 100,000.00- |
| | JPMCHASE TEXAS<br>20171019MMQFMP9H000521<br>20171019B1QGC01R029340<br>10191209FT03 | |
| 10/24 | Payment     ATT<br>CCD   TemporaryAccountName | 1,773.97- |
| 10/26 | Wire Transfer Debit<br>Arthur J Brass | 2,000.00- |
| | IBC LAREDO<br>20171026MMQFMP9H000314<br>20171026K4QLE01C000223<br>10261026FT03 | |
| 10/26 | From DDA *8665,To DDA *8681 | 20,000.00- |
| 10/30 | From DDA *8665,To DDA *8681,A/<br>P | 278,195.32- |

### Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 10/02 | 812,395.40 | 10/06 | 551,295.11 | 10/11 | 1,864,515.44 |
| 10/04 | 655,217.91 | 10/10 | 1,938,722.62 | 10/13 | 1,714,515.44 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                              Date 10/31/17    Page     7
    GULF COAST ASPHALT COMPANY LLC           Account Number    *******8665
    1990 POST OAK BLVD SUITE 2400
    HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 10/18 | 1,577,695.19 | 10/26 | 1,353,921.22 | 10/31 | 3,331,824.56 |
| 10/19 | 1,377,695.19 | 10/27 | 3,563,186.88 | | |
| 10/24 | 1,375,921.22 | 10/30 | 3,284,991.56 | | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000370

STATEMENT OF ACCOUNT

# iBERIABANK

```
                                          Date 11/30/17     Page    1
     GULF COAST ASPHALT COMPANY LLC       Account Number   *******8665
     1990 POST OAK BLVD SUITE 2400
     HOUSTON TX 77056
```

```
--------------------------- CHECKING ACCOUNT -------------------------------

COMMERCIAL CHECKING ANALYSIS                                              0
Account Number          *******8665   Statement Dates  11/01/17 thru 11/30/17
Previous Balance        3,331,824.56   Days this Statement Period        30
   4 Deposits/Credits   5,234,457.70   Average Ledger          4,013,370.06
  31 Checks/Debits      5,842,617.06   Average Collected       4,013,370.06
Service Charge                  .00
Interest Paid                   .00
Current Balance         2,723,665.20
```

### Deposits and Additions

```
Date     Description                          Amount
11/02    Wire Transfer Credit             1,480,307.15
         GUNVOR SA
         RUE DU RHONE 80-84
         1204 GENEVE
         BQE INTL DE COMMERCE   BRED  S
         SA
         1 PLACE LONGEMALLE
         GENEVA, 1204, CHE
         INV. 14461 - 6042 SHORT TONS O
         SHIPPED ON BOARD MV 'DA HUA SH
         IMO9779757
         20171102B1Q8181C000742
         20171102MMQFMP9H000774
         11021535FT03
11/06    Wire Transfer Credit             2,047,556.55
         CHEV PRODUCTS CO. -INTL. LOGIS
         6001 BOLLINGER CANYON ROAD
         BUILDING E 2ND FLOOR SAN RAMON
         CALIFORNIA 94583
         IV:14477
         20171106B1Q8021C012635
```

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

# IBERIABANK

### THIS FORM IS PROVIDED TO HELP YOU BALANCE
### YOUR BANK STATEMENT

CHECKS OUTSTANDING-NOT
CHARGED TO ACCOUNT

| No. | $ | |
|-----|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL** | | |

Please examine immediately and report if incorrect. If no reply is
received within 30 days the account will be considered correct.

BANK BALANCE SHOWN
ON THIS STATEMENT                    $ _____

## ADD

DEPOSITS NOT SHOWN
ON THIS STATEMENT
(IF ANY)                             $ _____

## TOTAL                             $ _____

## SUBTRACT—

CHECKS OUTSTANDING                   $ _____

## BALANCE                           $ _____

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE
AFTER DEDUCTING SERVICE CHARGE
(IF ANY) SHOWN ON THIS STATEMENT.

## NOTE

Please make sure you have entered in your
check register all automatic transactions,
such as charges and interest earned, shown
on the front of this statement.

---



**Member**
**FDIC**

**In Case of Errors or Questions About Your Electronic Transfers**
**TELEPHONE US AT: 1-800-682-3231 OR**
**WRITE US AT: P. O. BOX 7299, Little Rock, AR 72217-7299**



EQUAL HOUSING
**LENDER**

As soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt.
We must hear from you no later than 60 days after we sent you the **FIRST** statement on which the problem appeared.

1) Tell us your name and account number.
2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3) Tell us the dollar amount of the suspected error.
We will investigate your complaint and will correct any error promptly.  If we take more than ten business days to do this, we will credit your account for the amount you think is in error, so that you will have
use of the money during the time it takes us to complete our investigation. This Regulation E error resolution notice is only applicable to consumer accounts. A consumer account is defined as an account
used primarily for personal, family and household purposes.

**LINE OF CREDIT ACCOUNT INFORMATION**
Refer to the Line of Credit section of this statement. We figure the finance charge on your account by applying the periodic rate to the "Average Daily Balance" of your account (including current transactions).
To get the "Average Daily Balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits.  This gives us the daily balance. We then add up
all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle.  This gives us the "Average Daily Balance." We then multiply this Average Daily Balance by the daily
periodic rate that has been established for your Account (shown on your statement along with the corresponding annual percentage rate) and then we multiply the product by the number of days in the
billing cycle. The result is the dollar figure shown on your statement as "Finance Charge."  Finance Charges for advances on your line will begin to accrue on the date such advances are posted to your account
and will continue until the date your account is paid in full. There is no grace period that would allow you to avoid a finance charge on your account.  On the closing date of your billing cycle, we will calculate
the amount of your minimum payment due as per your original contract.  We figure this minimum payment by calculating a percentage of the New Balance of your account (less any amount you have writ-
ten to us to dispute that we are currently investigating).  "New Balance" means the total outstanding balance of your account on your billing cycle closing date which includes principal.  If the New Balance is less than
or equal to the minimum payment required on your account, your minimum payment will be the entire New Balance (less any disputed amount), plus finance charges and other fees. If you have elected to
make equal or level payments on your Account, your minimum payment will be calculated accordingly. The amount of your minimum payment is disclosed to you on this statement and will be automatically
deducted from your checking account.  If you wish to make payments in addition to those which are automatically deducted from your checking account, you may do so at any time. Payments may be mailed
to the address shown on the statement, Attn.: Loan Accounting.  Additional payments which are mailed to that address will be credited to your account as of the date of receipt. Payment made at any branch
office will be credited promptly to your account, but in no event later than 5 days after receipt.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**
If you think your bill is wrong, or if you need more information about a transaction on your statement, write us on a separate sheet at the address shown on the face of this statement as soon as possible.  We
must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In the letter, please give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item that you are not sure about.  You do not have to pay any amount
  in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as
  delinquent or take any action to collect the amount you question.

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date 11/30/17      Page     2
Account Number    *******8665

---

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Deposits and Additions

| Date | Description | Amount |
|------|-------------|--------|
|      | 2017110 6MMQFMP9H000080 | |
|      | 11060704FTO3 | |
| 11/10 | Wire Transfer Credit | 273,000.00 |
|      | INVERSIONES TITANIO, S.R.L. | |
|      | AV.L+PE DE VEGA NO.29, EDIF. N | |
|      | CENTRO PISO 14, SUITE 1405 | |
|      | BANCO DOMINICANO DEL PROGRESO | |
|      | FX ACCOUNT | |
|      | SANTO DOMINGO, DOMINICAN REP. | |
|      | /INV/PAGO DE FLETE SEGUN //FAC | |
|      | 20171110B6B7001C001668 | |
|      | 20171110MMQFMP9H000100 | |
|      | 11100742FTO3 | |
| 11/21 | Wire Transfer Credit | 1,433,594.00 |
|      | INVERSIONES TITANIO, S.R.L. | |
|      | AV.L+PE DE VEGA NO.29, EDIF. N | |
|      | CENTRO PISO 14, SUITE 1405 | |
|      | BANCO DOMINICANO DEL PROGRESO | |
|      | FX ACCOUNT | |
|      | SANTO DOMINGO, DOMINICAN REP. | |
|      | /INV/PAGO FACTURA NO. 14492 | |
|      | 20171121B6B7001C005156 | |
|      | 20171121MMQFMP9H000283 | |
|      | 11211001FTO3 | |

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 11/01 | Wire Transfer Debit | 3,000.00- |
|      | Arthur J Brass | |
|      | IBC LAREDO | |
|      | 20171101MMQFMP9H000741 | |

---

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date 11/30/17      Page      3
Account Number   *******8665

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
|      | 20171101K4QLE01C000357 | |
|      | 11011132FT03 | |
| 11/01 | Wire Transfer Debit | 7,500.00- |
|      | John D Tomaszewski | |
|      | ███ r | |
|      | ████ | |
|      | JPMCHASE TEXAS | |
|      | 20171101MMQFMP9H000380 | |
|      | 20171101B1QGC01R023628 | |
|      | 11011019FT03 | |
| 11/01 | Wire Transfer Debit | 8,000.00- |
|      | Perdido Supply & Trading | |
|      | ████ | |
|      | 11 Greenway Plaza | |
|      | Suite 2950 | |
|      | Houston, Texas 77046 | |
|      | JPMCHASE TEXAS | |
|      | 20171101MMQFMP9H000383 | |
|      | 20171101B1QGC01R023666 | |
|      | 11011019FT03 | |
| 11/01 | Wire Transfer Debit | 25,000.00- |
|      | Perdido Supply & Trading | |
|      | ████ | |
|      | 11 Greenway Plaza | |
|      | Suite 2950 | |
|      | Houston, Texas 77046 | |
|      | JPMCHASE TEXAS | |
|      | 20171101MMQFMP9H001051 | |
|      | 20171101B1QGC01R039313 | |
|      | 11011230FT03 | |
| 11/01 | Wire Transfer Debit | 47,223.02- |
|      | Kraton Polymers U.S. LLC | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000574

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date 11/30/17      Page     4
Account Number    *******8665

COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | ████████████ | |
| | 15710 John F. Kennedy Blvd | |
| | Suite 300 | |
| | Houston, Texas 77032 | |
| | BK AMER NYC | |
| | 20171101MMQFMP9H002135 | |
| | 20171101B6B7HU4R014172 | |
| | 11011556FT03 | |
| 11/01 | From DDA *8665,To DDA *8681 | 42,579.77- |
| 11/02 | Wire Transfer Debit | 8,700.86- |
| | Perdido Supply & Trading | |
| | ██████████ | |
| | 11 Greenway Plaza | |
| | Suite 2950 | |
| | Houston, Texas 77046 | |
| | JPMCHASE TEXAS | |
| | 20171102MMQFMP9H000269 | |
| | 20171102B1QGC01R022585 | |
| | 11021044FT03 | |
| 11/02 | Wire Transfer Debit | 50,000.00- |
| | Arthur J Brass | |
| | ████████████████ | |
| | IBC LAREDO | |
| | 20171102MMQFMP9H000267 | |
| | 20171102K4QLE01C000212 | |
| | 11021043FT03 | |
| 11/02 | From DDA *8665,To DDA *8681 | 10,000.00- |
| 11/03 | Wire Transfer Debit | 590.08- |
| | John D Tomaszewski | |
| | ██████████ | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

STATEMENT OF ACCOUNT

# iBERIABANK

GULF COAST ASPHALT COMPANY LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date 11/30/17      Page      5
Account Number    *******8665

---

COMMERCIAL CHECKING ANALYSIS        *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| | JPMCHASE TEXAS<br>20171103MMQFMP9H000438<br>20171103B1QGC01R019964<br>11031037FTO3 | |
| 11/03 | Wire Transfer Debit<br>Jason B Goldstein, Amy Goldste | 6,314.46- |
| | IBERIABANK<br>20171103MMQFMP9H000436<br>20171103MMQFMP9H000337<br>11031037FTO3 | |
| 11/03 | From DDA *8665,To DDA *8681 | 22,000.00- |
| 11/03 | From DDA *8665,To DDA *8681 | 155,370.97- |
| 11/06 | DIRECT DBT   AL-DEPT OF REV<br>CCD    GULF COAST ASPHALT COM | 50.00- |
| 11/07 | Wire Transfer Debit<br>SANDRA BRASS | 100,000.00- |
| | WELLS FARGO NA<br>20171107MMQFMP9H001152<br>20171107I1B7031R014296<br>11071517FTO3 | |
| 11/07 | Wire Transfer Debit<br>GENERAL OIL CO, INC | 330,000.00- |
| | 1230 AVE OF THE AMERICAS<br>NEW YORK, NEW YORK 10020 | |

---

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000676

STATEMENT OF ACCOUNT

# IBERIABANK

|  |  |
|---|---|
|  | Date 11/30/17      Page      6 |
| GULF COAST ASPHALT COMPANY LLC | Account Number   *******8665 |
| 1990 POST OAK BLVD SUITE 2400 |  |
| HOUSTON TX 77056 |  |

COMMERCIAL CHECKING ANALYSIS        *******8665  (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|---|---|---|
|  | REGIONS BK | |
|  | 20171107MMQFMP9H001134 | |
|  | 20171107F2QCZ00C003512 | |
|  | 11071510FT03 | |
| 11/10 | Wire Transfer Debit | 20,520.00- |
|  | Joseph A. Mattingly | |
|  | IBERIABANK | |
|  | 20171110MMQFMP9H000805 | |
|  | 20171110MMQFMP9H000538 | |
|  | 11101243FT03 | |
| 11/10 | Wire Transfer Debit | 100,000.00- |
|  | Arthur J Brass | |
|  | IBC LAREDO | |
|  | 20171110MMQFMP9H000035 | |
|  | 20171110K4QLE01C000146 | |
|  | 11100801FT03 | |
| 11/10 | Wire Transfer Debit | 251,136.26- |
|  | ASPHALTOS TRADE SA | |
|  | PANAMA CITY | |
|  | REPUBLIC OF PANAMA | |
|  | WELLSFARGO NY INTL | |
|  | 20171110MMQFMP9H000226 | |
|  | 20171110B6B7001C001853 | |
|  | 11100935FT03 | |
| 11/10 | From DDA *8665,To DDA *8630,40 | 914.34- |
|  | 1k | |
| 11/10 | From DDA *8665,To DDA *8681,A/ | 189,932.51- |
|  | P | |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000677

STATEMENT OF ACCOUNT

# IBERIABANK

GULF COAST ASPHALT COMPANY LLC
1990 POST OAK BLVD SUITE 2400
HOUSTON TX 77056

Date 11/30/17      Page     7
Account Number   *******8665

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

### Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 11/17 | Wire Transfer Debit<br>Arthur J Brass<br><br>IBC LAREDO<br>20171117MMQFMP9H001114<br>20171117K4QLE01C000657<br>11171257FT03 | 18,000.00- |
| 11/17 | Wire Transfer Debit<br>VITOL INC<br><br>2925 RICHMOND AVE<br>11TH FLOOR<br>HOUSTON, TX<br>JPMCHASE<br>20171117MMQFMP9H000266<br>20171117B1QGC01R015810<br>11170944FT03 | 4,000,000.00- |
| 11/17 | From DDA *8665,To DDA *8681,A/P | 9,753.05- |
| 11/20 | From DDA *8665,To DDA *8681,A/P | 1,650.84- |
| 11/21 | Wire Transfer Debit<br>CLEARLAKE SHIPPING PTE LTD<br><br>12 MARINA BLVD<br>35-02 MARINA BAY TOWER<br>SINGAPORE 018982 SINGAPORE<br>WELLS FARGO NA<br>20171121MMQFMP9H001152<br>20171121I1B7033R014770<br>11211418FT03 | 298,346.21- |
| 11/21 | From DDA *8665,To DDA *8630,P/R | 93,683.64- |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.

Debtor000078

STATEMENT OF ACCOUNT

# IBERIABANK

```
                                          Date 11/30/17    Page    8
      GULF COAST ASPHALT COMPANY LLC      Account Number   *******8665
      1990 POST OAK BLVD SUITE 2400
      HOUSTON TX 77056
```

COMMERCIAL CHECKING ANALYSIS          *******8665   (Continued)

## Withdrawals and Deductions

| Date | Description | Amount |
|------|-------------|--------|
| 11/24 | Payment     ATT | 1,851.05- |
|       | CCD   TemporaryAccountName | |
| 11/27 | Wire Transfer Debit | 25,000.00- |
|       | Arthur J Brass | |
|       | IBC LAREDO | |
|       | 20171127MMQFMP9H001812 | |
|       | 20171127K4QLE01C000973 | |
|       | 11271656FT03 | |
| 11/30 | Wire Transfer Debit | 7,500.00- |
|       | John D Tomaszewski | |
|       | JPMCHASE TEXAS | |
|       | 20171130MMQFMP9H001640 | |
|       | 20171130B1QGC01R060218 | |
|       | 11301434FT03 | |
| 11/30 | Wire Transfer Debit | 8,000.00- |
|       | Perdido Supply & Trading | |
|       | 11 Greenway Plaza | |
|       | Suite 2950 | |
|       | Houston, Texas 77046 | |
|       | JPMCHASE TEXAS | |
|       | 20171130MMQFMP9H001636 | |
|       | 20171130B1QGC01R060179 | |
|       | 11301433FT03 | |

## Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 11/01 | 3,198,521.77 | 11/02 | 4,610,128.06 | 11/03 | 4,425,852.55 |

Please examine this statement upon receipt and report at once if you find any difference.
If no error is reported in 30 days, the account will be considered correct. All items are credited subject to final payment.